CI764

Jill M. Sessions
Bossier Parish Clerk of Court
**1181386**
Recorded On: 12/11/2017 12:02 PM

M2701

W. A. LUCKY, III

VERSUS

BARBARA MARIE CAREY CARR

NUMBER: 127,573; SECTION F

26TH JUDICIAL DISTRICT COURT

BOSSIER PARISH, LOUISIANA

### NOTICE OF LIS PENDENS

NOW, through undersigned counsel, comes W. A. LUCKY, III, who hereby files this notice in accordance with Louisiana Code of Civil Procedure articles 3751, *et seq.* and represents:

1.  The persons and entities against whom and which this notice is effective are:

A.  Barbara Marie Carey Carr, who is also known as Barbara Marie Carey Lollar. Barbara Marie Carey Carr, also known as Barbara Marie Carey Lollar, is referred to hereinafter as "Barbara Carr/Lollar."

B.  Ronald William Lollar, who is domiciled in Bossier Parish, Louisiana. Ronald William Lollar is referred to hereinafter as "Ronald."

C.  Magnolia Island Plantation, L.L.C, a Louisiana limited liability company, which has its registered office in Caddo Parish, Louisiana. Magnolia Island Plantation, L.L.C is referred to hereinafter as "Magnolia."

2. The name of the Court in which the action as to which this notice is filed in pending is the Twenty-Sixth Judicial District Court for Bossier Parish, Louisiana.

3. The title of the action as to which this notice is filed is W. A. Lucky, III versus Barbara Marie Carey Carr.

4. As used in this notice of Lis Pendens, the "353.145 Acre Tract" means the following described immovable property, to wit:

BEING DESCRIBED AS A 365.135 ACRE  (MORE OR LESS) TRACT OF LAND IN SECTION 19, SECTION 20 AND SECTION 29, TOWNSHIP 17 NORTH, RANGE 12 WEST,  BOSSIER PARISH, LOUISIANA AND MORE PARTICULARLY DESCRIBED AS FOLLOWS:

Commence at the south quarter corner of said section 20 which is monumented with a concrete monument;
Thence proceed North 00° 09' 05" East along the east line of the southwest quarter of said Section 20 for a distance of 1464.33 feet to the Point of Beginning of the tract herein described which is monumented with a ¾" iron rod;
Thence proceed South  62° 29' 42" West for a distance of 428.94 feet;
Thence proceed South 61° 10' 42" West for a distance of 115.61 feet;
Thence proceed South 81° 54' 53" West for a distance of 471.62 feet;
Thence proceed South 04° 31' 33" East for a distance of 75.70 feet;
Thence proceed South 17° 34' 30" East for a distance of 95.15 feet;
Thence proceed South 48° 07' 35" West for a distance of 101.48 feet;
Thence proceed South 01° 42' 50" West for a distance of 702.23 feet;
Thence proceed South 28° 36' 24" West for a distance of 466.19 feet to the north right of way line of Sligo Road (LA Highway No. 612) and a 3/4 "iron rod;

**118**                                  **654**

NON-CERTIFIED COPY

Exhibit E

Thence proceed North 87° 23' 53" West along said right-of-way line for a distance of 247.88 feet to the center line of Flat River;

Thence proceed North 32° 36' 01" East along said centerline for a distance of 332.70 feet;

Thence proceed North 34° 57' 31" East along said centerline for a distance of 147.14 feet;

Thence proceed North 07° 04' 02" East along said centerline for a distance of 146.17 feet;

Thence proceed North 14° 57' 03" West along said centerline for a distance of 205.32 feet;

Thence proceed North 39° 53' 26" West along said centerline for a distance of 244.73 feet;

Thence proceed North 76° 26' 13" West along said centerline for a distance of 324.67 feet;

Thence proceed North 84° 31' 20" West along said centerline for a distance of 134.99 feet;

Thence proceed South 80° 14' 35" West along said centerline for a distance of 309.37 feet;

Thence proceed South 68° 49' 51" West along said centerline for a distance of 340.47 feet;

Thence proceed South 80° 47' 53" West along said centerline for a distance of 370.00 feet;

Thence proceed South 82° 51' 53" West along said centerline for a distance of 851.25 feet;

Thence proceed North 88° 00' 54" West along said centerline for a distance of 360.70 feet;

Thence proceed South 81° 45' 57" West along said centerline for a distance of 343.85 feet;

Thence proceed South 76° 15' 45" West along said centerline for a distance of 201.20 feet;

Thence proceed North 26° 16' 01" West along said centerline for a distance of 2695.16 feet to the centerline of Flat River;

Thence proceed North 01° 14' 51" West along said centerline for a distance of 154.01 feet;

Thence proceed North 11° 50' 29" East along said centerline for a distance of 375.12 feet;

Thence proceed North 16° 49' 19" West along said centerline for a distance of 407.46 feet;

Thence proceed North 21° 35' 49" West along said centerline for a distance of 462.34 feet;

Thence proceed North 11° 40' 47" East along said centerline for a distance of 232.17 feet;

Thence proceed North 36° 28' 45" East along said centerline for a distance of 301.66 feet;

Thence proceed North 73° 51' 54" East along said centerline for a distance of 404.69 feet;

Thence proceed North 44° 46' 19" East along said centerline for a distance of 247.24 feet;

Thence proceed North 25° 01' 49" East along said centerline for a distance of 250.51 feet;

Thence proceed North 11° 44' 59" East along said centerline for a distance of 277.13 feet to the North line of said Section 19;

Thence proceed South 88° 47' 36" East along the north line of said Section 19 for a distance of 916.66 feet to a ¾" iron rod;

Thence proceed South 48° 21' 57" East along said north line for a distance of 158.35 feet to a ¾" iron rod;

Thence proceed South 89° 13' 15" East along said north line for a distance

119          2          655

NON-CERTIFIED COPY

Exhibit E

of 31.37 feet to the northwest corner of the northeast quarter of the northeast quarter of said Section 19 which is monumented with a ¾" iron rod;

Thence proceed South 89° 24' 15" East along the south line of the northeast quarter of the northeast quarter of said Section 19 for a distance of 1320.00 feet to the east line of said Section 19 and a ¾" iron rod;

Thence proceed South 00° 11' 53" West along the east line of said Section 19 for a distance of 1321.91 feet to the east quarter corner of said Section 19 which is monumented with a ¾" iron rod;

Thence proceed South 89° 40' 10" East along the north line of the southwest quarter of said Section 20 for a distance of 2670.01 feet to the center quarter corner of said Section 20 which is monumented with a ¾" iron rod;

Thence proceed South 00° 09' 05" West along the east line of the southwest quarter of said Section 20 or a distance of 1154.29 feet to the Point of Beginning of the tract herein described containing 365.135 acres, more or less.

**LESS AND EXCEPT:**

A 9.990 acre tract (more or less) conveyed in Instrument No. 506056 and a 2.000 acre tract (more or less) conveyed in Instrument No. 497459 of the Conveyance Records of Bossier Parish, Louisiana.

5. After the 353.145 Acre Tract was acquired by Barbara Carr/Lollar in her own name and ostensibly for herself, but actually as representative, agent, and/or mandatary for petitioner W. A. Lucky, III, Barbara Carr/Lollar executed a the Cash Sale Deed to Hummer and Son Honey Farm, LLC conveying a certain 85.00 acre (more or less) tract out of the 353.145 Acre Tract to Hummer and Son Honey Farm, LLC as set forth in the Cash Sale Deed executed by Barbara Carr/Lollar on December 2, 2004, and recorded in the conveyance records of Bossier Parish, Louisiana on December 2, 2004, under Instrument No. 821131 at Conveyance Book 1325, page 82. The 353.145 Acre Tract LESS AND EXCEPT the property described in the Cash Sale Deed from Barbara Marie Carey Carr, as Seller, to Hummer and Son Honey Farm , L.L.C., as Purchaser dated December 2, 2004, and filed of record at Instrument No. 821131 of the Bossier Parish Conveyance Records, is referred to herein as "Lot 2 Carr Subdivision," and is identified as Lot 2 on the Plat of Survey prepared by French Engineering, Inc., dated January 27, 2005, and recorded in Conveyance Book 1207, page 738, under Instrument No. 834511 of the conveyance records of Bossier Parish, Louisiana, being an approximate 280.135 acre tract.

6. The certain 85.00 acre (more or less) tract conveyed to Hummer and Son Honey Farm, LLC as described in the preceding paragraph 7 is depicted as also Lot 1 of Carr Subdivision as per the Plat of Survey recorded in the conveyance records of Bossier Parish, Louisiana on May 16, 2005, under Instrument No. 834511 at Conveyance Book 1207, page 738.

7. After the 353.145 Acre Tract was acquired by Barbara Carr/Lollar under her name and ostensibly for herself, but actually as representative, agent, and/or mandatary for petitioner W. A. Lucky, III, and after the aforementioned 85.00 acre (more or less) tract was conveyed to Hummer and Son Honey Farm, LLC as described in the preceding paragraph 5, Barbara Carr/Lollar, under her name and ostensibly for herself, executed instruments described by the following:

    A.    Paid-Up Oil, Gas and Liquid Hydrocarbons Lease dated July 17, 2007, as further described in the Memorandum of Oil, Gas and Mineral Lease recorded in the conveyance records of Bossier Parish, Louisiana on October 12, 2007, under Instrument No. 912085 at Conveyance Book 1420, page 335;

    B.    Mineral Deed to Phyllis Ann Bishop signed August 22, 2008, and recorded in the conveyance records of Bossier Parish, Louisiana on August 22, 2008, under Instrument No. 940557 at Conveyance Book 1465, page 429;

NON-CERTIFIED COPY

Exhibit E

C.  An extension of the aforementioned Paid-Up Oil, Gas and Liquid Hydrocarbons Lease described in subparagraph 8.A. hereof, as described in the Notice of Extension to Oil & Gas Leases recorded by Encana Oil & Gas (USA) Inc. in the conveyance records of Bossier Parish, Louisiana on July 28, 2010, under Instrument No. 999140 at Conveyance Book 1554, page 529;

D.  A Mineral Deed to Oswald S. Binford and Loretta L. Katz, husband and wife, signed on November 22, 2010, and recorded in the conveyance records of Bossier Parish, Louisiana on November 23, 2010, under Instrument No. 1008430 at Conveyance Book 1564, page 443, ostensibly transferring an undivided one-tenth interest in and to the minerals in, on and under the 353.145 Acre Tract less the portion thereof referred to above as Lot 1 of Carr Subdivision; and

E.  An Amendment and Extension of Oil, Gas and Mineral Lease executed on April 27, 2012, and recorded in the conveyance records of Bossier Parish, Louisiana on May 23, 2012, under Instrument No. 1045318 at Conveyance Book 1605, page 787, amending and extending the Paid-Up Oil, Gas and Liquid Hydrocarbons Lease described in subparagraph 8.A. hereof.

8.  In Louisiana: (A) mineral rights are real rights; (B) a mineral right is an incorporeal immovable; (C) the executive right is a mineral right; and (D) a mineral lease may be granted by a person having an executive interest in the mineral rights on the property leased.

9.  In the action, W. A. Lucky, III claims that Barbara Carr/Lollar, acting as agent for petitioner W. A. Lucky, III, acquired the 353.145 Acre Tract in her own name and ostensibly for herself, but actually as representative, agent, and/or mandatary for petitioner W. A. Lucky, III.

10.  An object of the aforementioned and above captioned action is to obtain a judgment in favor of petitioner W. A. Lucky, III and against Barbara Carr/Lollar for damages, including damages under Code Title 15 of Book III, Title XV of the Louisiana Civil Code, Representation and Mandate, Louisiana Civil Code articles 2985 through 3034, including specifically, but not limited to Louisiana Civil Code article 3004, which reads, in pertinent part: "The mandatary is bound to deliver to the principal everything he received by virtue of the mandate, including things he received unduly." The damages for which petitioner W. A. Lucky, III seeks a judgment against Barbara Carr/Lollar include the damages further described in paragraph 11 of this notice.

11.  Petitioner W. A. Lucky, III, gives notice that his damages include, but are not limited to:

A.  all amounts previously paid to and received by Barbara Carr/Lollar on account of any and all sales, conveyances, transfers, leases, mineral leases, oil, gas and mineral leases, and other instruments affecting the 353.145 Acre Tract or any part thereof;

B.  all amounts previously paid to and received by Barbara Carr/Lollar on account of any and all of the instruments described in paragraph 8 of this notice of lis pendens and any and all of the instruments described in the Memorandum of Oil, Gas and Mineral Lease, Notice of Extension to Oil & Gas Lease, and Amendment and Extension of Oil, Gas and Mineral Lease described in paragraph 8 of this notice of lis pendens; and

C.  all amounts that may hereafter be paid or payable to Barbara Carr/Lollar on account of (1) any and all sales, conveyances, transfers, leases, mineral leases, oil, gas and mineral leases, and other instruments affecting the 353.145 Acre Tract or any part thereof; (2) without limiting the foregoing, any and all of the instruments

Exhibit E

described in paragraph 8 of this notice of lis pendens; and/or (c) without limiting the foregoing, any and all of the instruments described in the Memorandum of Oil, Gas and Mineral Lease, Notice of Extension to Oil & Gas Lease, and Amendment and Extension of Oil, Gas and Mineral Lease described in paragraph 8 of this notice of lis pendens.

12. On November 2, 2017, Barbara Carr/Lollar and Ronald executed a document titled "Credit Sale Deed with Vendor's Lien and Special Mortgage," which was recorded in the conveyance and mortgage records of Bossier Parish, Louisiana, under Instrument No. 1179265, at Conveyance Book 1761, page 551, and Mortgage Book 2692, page 882.

13. On November 2, 2017, Ronald and Magnolia executed a document titled "Exchange Deed, with Assumption of Mortgage," which was recorded in the conveyance and mortgage records of Bossier Parish, Louisiana, under Instrument No. 1179266, at Conveyance Book 1761, page 557, and Mortgage Book 2692, page 888.

14. On November 2, 2017, Ronald and Barbara Carr/Lollar executed a document titled "Declaration Regarding Reservation of Fruits and Revenues," which was recorded in the conveyance and mortgage records of Bossier Parish, Louisiana, under Instrument No. 1179267, at Conveyance Book 1761, page 563, and Mortgage Book 2692, page 894.

15. Each of the documents titled "Credit Sale Deed with Vendor's Lien and Special Mortgage" and "Exchange Deed, with Assumption of Mortgage" ostensibly affect Lot 2 Carr Subdivision, and the aforementioned document titled "Declaration Regarding Reservation of Fruits and Revenues" purports to affect the membership interest in Magnolia and the natural and civil fruits arising from the ownership thereof.

16. Additional objects of the aforementioned and above captioned action set forth in the supplemental petition filed therein are:

A.   to obtain a judgment in favor of petitioner W. A. Lucky, III and against Barbara Marie Carey Lollar f/k/a Barbara Marie Carey Carr, Ronald William Lollar, and Magnolia Island Plantation, L.L.C., jointly, severally, and in solido, declaring that the ostensible transfer of Lot 2 Carr Subdivision by the aforementioned "Credit Sale Deed with Vendor's Lien and Special Mortgage" is a simulation that is null, void, and of no effect whatsoever, and/or is revoked and, therefore, is null, void, and of no effect whatsoever, and/or is an act of fraud and is, therefore, rescinded and is null, void, and of no effect whatsoever;

C.   to obtain a judgment in favor of petitioner W. A. Lucky, III and against Barbara Marie Carey Lollar f/k/a Barbara Marie Carey Carr, Ronald William Lollar, and Magnolia Island Plantation, L.L.C., jointly, severally, and in solido, declaring that the ostensible transfer of Lot 2 Carr Subdivision by the aforementioned "Exchange Deed, with Assumption of Mortgage" is a simulation that is null, void, and of no effect whatsoever, and/or is revoked and, therefore, is null, void, and of no effect whatsoever, and/or is an act of fraud and is, therefore, rescinded and is null, void, and of no effect whatsoever;

D.   to obtain a judgment in favor of petitioner W. A. Lucky, III and against Barbara Marie Carey Lollar f/k/a Barbara Marie Carey Carr, Ronald William Lollar, and Magnolia Island Plantation, L.L.C., jointly, severally, and in solido, declaring that the aforesaid "Declaration Regarding Reservation of Fruits and Revenues" is a simulation that is null, void, and of no effect whatsoever, and/or is revoked and, therefore, is null, void, and of no effect whatsoever, and/or is an act of fraud and is, therefore, rescinded and is null, void, and of no effect whatsoever.

Exhibit E

AYRES, SHELTON, WILLIAMS, BENSON &
PAINE, LLC

By: _____
     Curtis R. Shelton
La. Bar Roll No. 17137
Suite 1400, Regions Tower
333 Texas Street (71101)
P. O. Box 1764
Shreveport, LA 71166-1764
Telephone: (318) 227-3500
Direct Dial: (318) 227-3306
Direct Facsimile (318) 227-3806
Cell Phone: (318) 470-9010
E-mail: curtisshelton@arklatexlaw.com

ATTORNEYS FOR W. A. LUCKY, III

NON-CERTIFIED COPY

Exhibit E