UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MAGNOLIA ISLAND PLANTATION, L.L.C. and BARBARA MARIE CAREY LOLLAR<br><br>Plaintiffs<br><br>VS.<br><br>LUCKY FAMILY, L.L.C., W.A. LUCKY, III, And BOSSIER PARISH SHERIFF JULIAN C. WHITTINGTON, in his official capacity<br><br>Defendants | CIVIL ACTION NO: 5:18-cv-01526<br><br><br><br>DISTRICT JUDGE ELIZABETH FOOTE<br><br><br><br>MAGISTRATE JUDGE KAREN HAYES |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF BOSSIER PARISH SHERIFF DEFENDANTS

NOW INTO COURT, through undersigned counsel, comes JULIAN C. WHITTINGON, Sheriff of Bossier Parish (hereinafter "Bossier Sheriff"), who in response to the Complaint to Annul Sheriff's Sale and for Other Relief (Record Doc. 1) of MAGNOLIA ISLAND PLANTATION, L.L.C. and BARBARA MARIE CAREY LOLLAR (hereinafter "Plaintiffs"), respectfully show:

1.

The allegations of Paragraph 1 are denied as written.

2.

Paragraph 2 requires no response from the Bossier Sheriff. If a response is deemed necessary and appropriate, it is admitted that Magnolia Island Plantation, L.L.C. and Barbara Marie Carey Lollar are the plaintiffs in this matter. The remainder of Paragraph 2 is denied for lack of sufficient information to justify a belief therein.

3.

Paragraph 3 requires no response from the Bossier Sheriff. If a response is deemed necessary and appropriate, it is admitted that Lucky Family, L.L.C., W.A. Lucky, III and Julian C. Whittington are named defendants in this matter. The remainder of Paragraph 3 is denied for lack of sufficient information to justify a belief therein.

4.

The allegations of Paragraph 4 are statements of law which require no response from the Bossier Sheriff. If a response is required, the allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 5 are statements of law which require no response from the Bossier Sheriff. If a response is required, the allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

6.

Paragraph 6 requires no response from the Bossier Sheriff. If a response is deemed necessary and appropriate, the allegations of Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of Paragraph 8 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13.

The 2018 Lis Pendens referenced as Exhibit F in the Complaint speaks for itself and is the best evidence of its content.

14.

The allegations of Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17.

The Notice of Seizure referenced as Exhibit G in the Complaint speaks for itself and is the best evidence of its content.

18.

The allegations of Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of Paragraph 19 are denied as written.

20.

The Garland Appraisement Sheet referenced as Exhibit H in the Complaint speaks for itself and is the best evidence of its content. The remaining allegations of Paragraph 20 are denied for lack of sufficient information to justify a belief therein.

21.

The Dean Appraisement Sheet referenced as Exhibit I in the Complaint speaks for itself and is the best evidence of its content.

22.

The allegations of Paragraph 22 are statements of law which require no response from the Bossier Sheriff.

23.

The allegations of Paragraph 23 are denied as written.

24.

The appraisal report and appraisement sheet referenced as Exhibit J in the Complaint speak for themselves and are the best evidence of their content. The remaining allegations of Paragraph 24 are denied for lack of sufficient information to justify a belief therein.

25.

The allegations of Paragraph 25 are denied.

26.

Paragraph 26 requires no response from the Bossier Sheriff. If a response is deemed necessary and appropriate, the allegations of Paragraph 26 are denied as written.

27.

Paragraph 27 requires no response from the Bossier Sheriff. If a response is deemed necessary and appropriate, the allegations of Paragraph 27 are denied for lack of sufficient information to justify a belief therein.

28.

Paragraph 28 requires no response from the Bossier Sheriff.

29.

The allegations of Paragraph 29 are denied as written.

30.

The allegations of Paragraph 30 are denied for lack of sufficient information to justify a belief therein.

31.

The allegations of Paragraph 31 are denied for lack of sufficient information to justify a belief therein.

32.

The allegations of Paragraph 32 are denied for lack of sufficient information to justify a belief therein.

33.

Paragraph 33 requires no response from the Bossier Sheriff. If a response is deemed necessary and appropriate, the allegations of Paragraph 33 are denied for lack of sufficient information to justify a belief therein.

34.

The allegations of Paragraph 34 are denied as written.

35.

Paragraph 35 contains legal conclusions that require no response from the Bossier Sheriff. If a response is deemed necessary and appropriate, the allegations of Paragraph 35 are denied as written.

36.

Paragraph 36 contains legal conclusions which require no response from the Bossier Sheriff. The remaining allegations of Paragraph 36 are denied.

37.

Paragraph 37 requires no response from the Bossier Sheriff.

38.

The allegations of Paragraph 38 are denied.

39.

The allegations of Paragraph 39 are denied.

40.

The allegations of Paragraph 40 are denied.

41.

The allegations of Paragraph 41 are denied.

42.

The allegations of Paragraph 42 are denied.

43.

The allegations of Paragraph 43 are denied.

44.

The allegations of Paragraph 44 are denied.

45.

The allegations of Paragraph 45 are denied.

46.

Paragraph 46 requires no response from the Bossier Sheriff. If a response is deemed necessary and appropriate, the allegations of Paragraph 46 are denied as written.

47.

Paragraph 35 requires no response from the Bossier Sheriff.

## **AFFIRMATIVE DEFENSES**

48.

All actions of Bossier Sheriff Defendants were taken while acting within the scope of their discretionary authority and were based upon a good faith belief in the correctness and legality of such actions and were further based on the existence of reasonable grounds for that belief at the time and in light of all circumstances. Accordingly, Bossier Sheriff is entitled to qualified immunity.

49.

Further answering, the Bossier Sheriff shows Plaintiffs' damages were caused solely by the fault or negligence of a third party or parties, for whom the Bossier Sheriff has no responsibility.

50.

In the event that fault is found on any of the applicable federal or state law claims, which fault is specifically denied, then any award to Plaintiffs should be reduced in accordance with the principles of comparative fault and/or contributory negligence for the fault of the Plaintiffs and any third parties over whom the Bossier Sheriff had no control.

51.

Bossier Sheriff pleads all limitations of liability, interest and costs set forth in all applicable federal and state statutes including but not limited to La. R.S. 13:5101, 13:5105 and 13:5112.

52.

Bossier Sheriff further pleads the limitation of liability for public bodies pursuant to La. R.S. 9:2798.1

WHEREFORE, JULIAN C. WHITTINGON, Sheriff of Bossier Parish, PRAYS that this answer be deemed good and sufficient and that after due proceedings are had, there be judgment in favor of Bossier Sheriff rejecting the demands of Plaintiffs, dismissing their suit with prejudice at the Plaintiffs' cost.

BOSSIER SHERIFF FURTHER PRAYS for all orders and decrees necessary in the premises and for full, general and equitable relief.

Respectfully submitted by:

LANGLEY, PARKS, HORTON & MAXWELL

By:  S / Glenn L. Langley
    Glenn L. Langley, Bar Roll No. 8019
    Julianna P. Parks, Bar Roll No. 30658

401 Market Street, Suite 1100
Shreveport, Louisiana 71101
(318) 383-6422 Telephone
(318) 383-6405 Telefax

*Attorney for Julian C. Whittington,*
*Sheriff of Bossier Parish*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Answer and Affirmative Defenses has been served on each party by placing same in the United States Mail, postage prepaid, addressed as follows:

    Randall S. Davidson                    **Counsel for Plaintiffs**
    Davidson Summers, APLC
    330 Marshall Street, Suite 1114
    Shreveport, Louisiana 71101
    rsdav@davidsonsummers.com

on this 21st day of January, 2019 at Shreveport, Louisiana.

                                                  _____S / Glenn L. Langley_____
                                                  OF COUNSEL