**RECEIVED**

FEB 0 1 2019

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY _____



## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

MAGNOLIA ISLAND PLANTATION,          CIVIL ACTION NO. 5:18-CV-1526
L.L.C.; AND BARBARA MARIE CAREY
LOLLAR                               DISTRICT JUDGE: ELIZABETH E. FOOTE

V.                                   MAGISTRATE JUDGE: KAREN L. HAYES

LUCKY FAMILY, L.L.C.;
W.A.LUCKY, III;
BOSSIER PARISH SHERIFF JULIAN C.      JURY TRIAL DEMAND
WHITTINGTON, in his official capacity

## ANSWER AND COUNTERCLAIM OF LUCKY FAMILY, L.L.C.
## TO COMPLAINT FILED BY MAGNOLIA ISLAND PLANTATION, L.L.C.
## AND BARBARA MARIE CAREY LOLLAR

NOW INTO COURT, through undersigned counsel, comes Lucky Family, L.L.C., a

Louisiana limited liability company (hereafter "Lucky Family") and respectfully makes for

answer to the complaint filed by Magnolia Island Plantation, L.L.C. (hereafter "Magnolia") and

Barbara Marie Carey Lollar (hereafter "Barbara Lollar") as follows:

1.

The allegations of Paragraph 1 of the Complaint, requires no answer, but to the extent an

answer may be required, Lucky Family denies the allegations.  Further answering, Magnolia has

no property interest on which to base a claim under the various authorities recited in this

paragraph. As to the allegations pertaining to annulment of the Sheriff Sale, Lucky Family states

that the appraisal procedures were in strict conformity with Louisiana State law and that there is

no federal law applicable to Louisiana appraisal procedures pertaining to judicial sales. Further

answering, Lucky Family is a holder in due course and took its interest in the Note free of all the claims and defenses against the Note.

2.

Lucky Family admits the allegations of this paragraph.

3.

Lucky Family admits the allegations of this paragraph, except that it is denied that the Sheriff is a political subdivision of Bossier Parish.

4.

Lucky Family does not dispute the jurisdiction of the Court.

5.

Lucky Family does not dispute the venue of the Court.

6.

Lucky Family admits there was a sheriff sale in Bossier Parish, administered by the Sheriff on October 24, 2018, but denies all other allegations of this paragraph, if any were made.

7.

Lucky Family admits the allegations of this paragraph, except that the Judgment was not "entered" but was rendered on December 19, 2017, and signed and filed on January 5, 2018.

8.

Lucky Family admits that Ronald William Lollar made the promissory note, Exhibit B, which is the best evidence of its contents. Otherwise, the allegations of paragraph 8 are denied.

9.

It is admitted that on November 2, 2017, Lollar and Ronald William Lollar executed the document titled "Credit Sale Deed with Vendor's Lien and Special Mortgage," which is the best evidence of its contents and which was recorded in the conveyance and mortgage records of Bossier Parish, Louisiana, and secures the payment of the Note. Otherwise, the allegations of paragraph 9 are denied.

10.

It is admitted that on November 2, 2017, Ronald William Lollar and Magnolia executed the document titled "Exchange Deed, with Assumption of Mortgage," which is the best evidence of its contents and which was recorded in the conveyance and mortgage records of Bossier Parish, Louisiana. Otherwise, the allegations of paragraph 9 are denied.

11.

It is admitted that the notice of lis pendens referred to as the 2017 Lis Pendens, which is the best evidence of its contents, was filed on December 11, 2017, in the mortgage records of Bossier Parish, Louisiana. Otherwise, Lucky Family denies the allegations of Paragraph 11 of the Complaint. Further answering, Lucky Family states that allegations of Paragraph 11 state no claim against Lucky Family because (a) they have no bearing on Lucky Family's ownership of the Note; and (b) Lucky Family is a holder in due course of the Note, and, therefore, not subject to any claims and defenses against the Note.

12.

It is admitted that the Judgment in Lucky I was rendered on December 19, 2017, and signed and filed on January 5, 2018, and that the 2017 Lis Pendens was recorded on December 11, 2017. Lucky Family denies the other allegations of Paragraph 12 of the Complaint. Further answering, Lucky Family states that allegations of Paragraph 12 state no claim against Lucky Family because (a) they have no bearing on Lucky Family's ownership of the Note; and (b) Lucky Family is a holder in due course of the Note, and, therefore, not subject to any claims and defenses against the Note.

13.

It is admitted that the notice of lis pendens referred to as the 2018 Lis Pendens, which is the best evidence of its contents, was filed on February 20, 2018, in the mortgage records of Bossier Parish, Louisiana Lucky Family denies the other allegations of Paragraph 13 of the Complaint. Further answering, Lucky Family states that allegations of Paragraph 13 state no claim against Lucky Family because (a) they have no bearing on Lucky Family's ownership of the Note; and (b) Lucky Family is a holder in due course of the Note, and, therefore, not subject to any claims and defenses against the Note.

14.

Lucky Family denies the allegations of Paragraph 14 of the Complaint.

15.

It is admitted that on May 31, 2018, Lucky filed an *Ex Parte Motion for Production of Property and Alternative Motion for Contempt*, which is the best evidence of its contents, in

Lucky I, and that a Writ of Fi Fa was issued. Otherwise, the allegations of paragraph 15 are denied.

16.

It is admitted that there was a hearing on July 5, 2018, on the aforementioned *Ex Parte Motion for Production of Property and Alternative Motion for Contempt*, which was not a hearing on "the improper issuance of the Writ" as alleged. It is admitted that the 26th Judicial District Court ruled that the Note be seized as requested and that counsel for Barbara Lollar delivered the Note to the Sheriff. Any other allegations of Paragraph 16 of the Complaint are denied.

17.

It is admitted that the Notice of Seizure, which is the best evidence of its contents, was issued to and served upon Lollar. Otherwise, the allegations of paragraph 17 are denied for lack of sufficient information.

18.

The allegations of Paragraph 18 of the Complaint are denied as written, Further answering, Lucky Family states that both Complainants' counsel, J. Davis Powell, who is also the registered agent for service of process for Magnolia, attended the sheriff sale conducted on October 24, 2018 which is proof that both Complainants received and had *actual* notice of the October 24, 2018 sheriff sale. Further, when their counsel, J. Davis Powell, was served with notices regarding the looming sheriff sale, the effect of that was the same as if each of the Complainants had themselves been served, and, in any case, met any notice requirements set

forth in *Mennonite*. Further answering, Lucky Family shows that both Complainants also were provided notice by publication. Further answering, Lucky Family states that Magnolia was not entitled to notice of the sheriff sale, as Magnolia had no property interest in the Note.

19.

Lucky Family denies the allegations of Paragraph 19 of the Complaint for lack of knowledge thereof. Further answering, Lucky Family states that allegations of Paragraph 19 state no claim against Lucky Family because (a) they have no bearing on Lucky Family's ownership of the Note; and (b) Lucky Family is a holder in due course of the Note, and, therefore, not subject to any claims and defenses against the Note.

20.

It is admitted that Mr. Chad Garland appraised the Note as having a value of $173,000 as set forth on the Appraisement Sheet. The Appraisement Sheet is the written appraisal by Mr. Garland and was received by the Sheriff. Lucky Family denies any other allegations of Paragraph 20 of the Complaint for lack of knowledge thereof. Further answering, Lucky Family states that allegations of Paragraph 20 state no claim against Lucky Family because (a) they have no bearing on Lucky Family's ownership of the Note; and (b) Lucky Family is a holder in due course of the Note, and, therefore, not subject to any claims and defenses against the Note.

21.

Lucky Family denies the allegations of Paragraph 21 of the Complaint for lack of knowledge thereof. Further answering, Lucky Family states that allegations of Paragraph 21 state no claim against Lucky Family because (a) they have no bearing on Lucky Family's ownership

of the Note; and (b) Lucky Family is a holder in due course of the Note, and, therefore, not subject to any claims and defenses against the Note.

22.

It is admitted that La. R.S. 13:4365(B) reads as quoted. Lucky Family otherwise denies the allegations of Paragraph 22 of the Complaint. Further answering, Lucky Family states that allegations of Paragraph 22 state no claim against Lucky Family because (a) they have no bearing on Lucky Family's ownership of the Note; and (b) Lucky Family is a holder in due course of the Note, and, therefore, not subject to any claims and defenses against the Note.

23.

It is admitted that the Sheriff appointed Mr. Patrick Lacour as third appraiser. Lucky Family denies the other allegations of Paragraph 23 of the Complaint. Further answering, Lucky Family states that allegations of Paragraph 23 state no claim against Lucky Family because (a) they have no bearing on Lucky Family's ownership of the Note; and (b) Lucky Family is a holder in due course of the Note, and, therefore, not subject to any claims and defenses arising from the Note. Further answering, Louisiana law does not prohibit a party from referring an expert appraiser to the Sheriff.

24.

It is admitted that Mr. Lacour appraised the note at a value of $157,009.22. The documents that are Exhibit J are the best evidence of theor own content and consist of more than one page. For lack of knowledge, Lucky Family denies any other allegations of Paragraph 24 of the Complaint. Further answering, Lucky Family states that allegations of Paragraph 24 state no

7

claim against Lucky Family because (a) they have no bearing on Lucky Family's ownership of the Note; and (b) Lucky Family is a holder in due course of the Note, and, therefore, not subject to any claims and defenses against the Note.

25.

Lucky Family denies the allegations of Paragraph 25 of the Complaint. Further answering, Lucky Family states that allegations of Paragraph 25 state no claim against Lucky Family because (a) they have no bearing on Lucky Family's ownership of the Note; and (b) Lucky Family is a holder in due course of the Note, and, therefore, not subject to any claims and defenses against the Note.

26.

It is admitted that the Sheriff's Return (Proces Verbal of Sale) is the best evidence of its own contents. Otherwise, Lucky Family denies the allegations of Paragraph 26 of the Complaint. Further answering, Lucky Family states that allegations of Paragraph 26 state no claim against Lucky Family because (a) they have no bearing on Lucky Family's ownership of the Note; and (b) Lucky Family is a holder in due course of the Note, and, therefore, not subject to any claims and defenses against the Note. Further answering, all of the claims of the Complainants regarding the inadequacy of the appraisal process are belied by the fact that there were a number of persons in attendance at the public auction of the Note conducted by the Sheriff, that there was competitive bidding, and that the maximum bid was $105,000.00. If the Note were actually substantially more valuable as the complainants allege, then someone would have bid more for the Note.

27.

Lucky Family categorically denies that William A. Lucky, III is a member of Lucky Family, L.L.C. and categorically denies that William A. Lucky, III is a "beneficiary" (whatever that is) of Lucky Family, L.C.C.  Further, Lucky Family states that William A.  Lucky, III has no connection to Lucky Family, L.L.C. Lucky Family denies the other allegations of this Paragraph of the Complaint, and further answering, states that it is a holder in due course of the note and, therefore, not subject to any claims or defenses against the Note. Further answering, Lucky Family states that the allegations that the Note was sold at the Sheriff Sale for a 94% discount of its face value is poorly disguised attempt to make an end run around the requirements of Louisiana Civil Code Article 2695, the relevant portions of which state "Lesion can be claimed only by the seller . . . ." and "It cannot be alleged in a sale made by order of the court." As Magnolia was not the "seller" of the note, it cannot bring a claim for inadequacy of price, i.e., lesion beyond moiety. As the sale was ordered by a court, neither Magnolia, nor Barbara Lollar can bring an action for inadequacy of price, i.e., lesion beyond moiety. Further, Lucky Family reiterates its statements in Paragraph 26 that the sale was open to the public and were the Note more valuable, someone would have bid more for it.

28.

The allegations of Paragraph 28 require no response, but to the extent one may be required, the answers set forth above are incorporated by reference.

29.

The allegations of Paragraph are denied as written, Further answering, Lucky Family states that these allegations state no claim as to Lucky Family because: (a) it is a holder in due course of the Note; and (b) Barbara Lollar elected to appeal the judgment devolutively (and not suspensively) and therefore her only remedy, should the Louisiana courts ultimately reverse the judgment, is to pursue Lucky for the proceeds received by him from the sheriff sale. See *Adle v. Anty*, 5 La.Ann. 631 (La. Sept.1850); *Ouachita National Bank v. Shell Beach Const. Co.*, 98 So.160 (La. 10/22/23); *Jefferson v. Gamm*, 90 So. 682 (La. 1/4/21); *Smith v. Landis*, 211 F.2d 166 (U.S.C.A. 5th 3/12/54); Louisiana Code of Civil Procedure Article 2252, Comment (d).

30.

The allegations of Paragraph 30 require no answer, but to the extent an answer may be required, same are denied.  Further answering, Lucky Family states that these claims cannot lawfully be asserted against it inasmuch as it is a holder in due course of the note.

31.

The allegations of Paragraph 31 require no answer by Lucky Family as they state no claim against Lucky Family, but to the extent an answer may be required, same are denied. Further answering, Lucky Family states that these claims cannot lawfully be asserted against it inasmuch as it is a holder in due course of the note.

32.

The allegations of Paragraph 32 require no answer, but to the extent one may be required, same are denied.  Further answering, Lucky Family states that these claims cannot lawfully be

asserted against it inasmuch as it is a holder in due course of the note. Further answering, Lucky Family states that Magnolia has no property interest in the Note and, therefore, no due process rights arising from the manner in which the Note was sold.

33.

The allegations of Paragraph 33 require no answer, but to the extent one may be required, same are denied.  Further answering, Lucky Family states that these claims cannot lawfully be asserted against it inasmuch as it is a holder in due course of the note. Further answering, Lucky Family states that this allegation is nonsensical when it states that because "Magnolia was the owner of the Property and payor under the Note, *and had a reasonably ascertainable interest in the Note*". Magnolia's ownership of the land does not equate to a property interest in the Note (which was the only thing sold at the Sheriff's Sale), and thus Magnolia had no right as to any sale of the Note.

34.

For reasons previously stated the allegations of this paragraph are denied. Further answering, Magnolia had no legal entitlement to such a notice, inasmuch as no due process (notice and an opportunity to be hand) was owed to Magnolia as a predicate to the Sheriff's Sale.

35.

The allegations of Paragraph 35 are denied. Further answering, Magnolia's position was not changed one iota by the Sheriff's Sale; the only change effected as to Magnolia as a result of the sale was a change of person (obligee) to whom it was/is obligated to make payments. Thus,

11

Magnolia had no due process right to notice of the sheriff sale, but as stated above, it was, in fact, provided notice and did, in fact, have actual knowledge of the sale of the Note.

36.

The allegations of Paragraph 36 are denied.  Further Answering, Magnolia was entitled to no notice, but if any such notice was required, it was given and Magnolia certainly had prior knowledge of the Sheriff Sale. Further answering, Lucky Family states that millions of promissory notes are assigned in America every date and the makers of and obligors of these notes neither receive nor are entitled to receive notice prior to the assignment. In Louisiana, the Louisiana Civil Code makes specific provision for those cases in which the maker (or obligor) make a payment to the assignor of the note without realizing the note has been assigned to another, i.e., is without *prior* knowledge of assignment. See Louisiana Civil Code Article 2643 and 2644.

37.

This paragraph requires no answer, but to the extent that an answer may be required, the answers set forth above are incorporated by reference.

38.

The allegations of Paragraph 38 require no answer, but to the extent one may be required, same are denied.  Further answering, Lucky Family states that these claims cannot lawfully be asserted against it inasmuch as it is a holder in due course of the note. Further answering, Lucky Family states that the claims set forth in this Paragraph are purely matters of Louisiana State Law, and that the process for lawful appraisals in sheriff sales (which is set out in detail in L. R.

S. 13:4363-13:4365) was properly followed by the Sheriff's office in its conduct of the sale of the Note. There being no federal laws affecting the appraisal process, compliance with the cited statutes was adequate.

39.

The allegations of Paragraph 39 require no answer, but to the extent one may be required, same are denied.  Further answering, Lucky Family states that these claims cannot lawfully be asserted against it inasmuch as it is a holder in due course of the note. Further answering, Lucky Family states that the claims set forth in this Paragraph are purely matters of Louisiana State Law, and that the process for appraisals in sheriff sales (which is set out in detail in L. R. S. 13:4363-13:4365) was properly followed by the Sheriff's office in its conduct of the sale of the Note.

40.

The allegations of Paragraph 40 require no answer, but to the extent one may be required, same are denied.  Further answering, Lucky Family states that these claims cannot lawfully be asserted against it inasmuch as it is a holder in due course of the note. Further answering, Lucky Family states that the claims set forth in this Paragraph are purely matters of Louisiana State Law, and that the process for appraisals in sheriff sales (which is set out in detail in L. R. S. 13:4363-13:4365) was properly followed by the Sheriff's office in its conduct of the sale of the Note.

41.

The allegation of Paragraph 41 requires no answer, but to the extent one may be required, same are denied.  Further answering, Lucky Family states that these claims cannot lawfully be answered against it inasmuch as it is a holder in due course of the note.  Further answering, insofar as the claim of Barbara Lollar set forth in this Paragraph, she has only herself to blame as she could have, under Louisiana Law, filed a suspensive appeal of the judgment which would have delayed or prevented execution on the judgment.  Further answering, insofar as the claim of Magnolia set forth in this Paragraph, it has no due process right or State law right supporting this claim, nor was Magnolia damaged by the sale of the Note.  Further answering, Lucky Family states that the Complainants, as set forth above, have no right to make a claim of lesion as to the Sheriff Sale of the Note.

42.

The allegations of Paragraph 42 are denied.  Further answering, Lucky Family states that these claims cannot lawfully be asserted against it inasmuch as it is a holder in due course of the note. Further answering, Lucky Family states that "unjust enrichment" is a state law remedy provided by Louisiana Civil Code Article 2298, and that one making a claim under this Article has a double burden of proof: (a) an impoverishment of the claimant and (b) an enrichment to the person against whom the claim is directed.  Magnolia cannot meet the requirements of 2298, as its position was in no way changed by the Sheriff's sale of the Note; it owed the same amount on the Note after the sale as it owed before the sale.  Therefore, the sale of the Note did not impoverish Magnolia. Further, in pertinent part, 2298 explicitly bars a claim "in which the

14

enrichment results from a valid juridical act *or the law.*" A sheriff sale, being the ultimate act of the law, this claim is barred by a facial reading of 2298.

43.

The allegations of Paragraph 43 require no answer, but to the extent one may be required, same are denied.  Further answering, Lucky Family states that these claims cannot lawfully be asserted against it inasmuch as it is a holder in due course of the note.

44.

The allegations of Paragraph 44 require no answer, but to the extent one may be required, same are denied.  Further answering, Lucky Family states that these claims cannot lawfully be asserted against it inasmuch as it is a holder in due course of the note. Insofar as Magnolia is concerned, the amount for which the Note was sold is of no moment.  Magnolia owed the same amount regardless. Insofar as Barbara Lollar is concerned, as set forth above, if she wished to prevent the outcome giving rise to these allegations she had only to file a suspensive appeal of the judgment which she chose not to do. Further answering, the claim set forth in this Paragraph constitutes a not very well disguised attempt to do an end run around Louisiana's bar to lesion claims pertaining to sales effected in a judicial sale. Article 2589 of the Louisiana Civil Code states in pertinent part: "It [meaning lesion] cannot be alleged in a sale made by order of the court."

45.

The allegations of this paragraph do not require a response, but to the extent that they may, they are denied. Further, there is no such things as "Constitutional rights *under* 42 U.S.C. § 1983". All Constitutional rights arise from the Constitution, not 42 U.S.C. § 1983.

46.

Such allegations of fact and law as are made in this Paragraph are denied. Further answering, Lucky Family states that in the event any installment was prepaid by Magnolia, which Lucky Family denies, then:

A) Magnolia was aware through its member, Ronald Lollar, that the Note was seized by the Sheriff on July 5, 2018, and if the prepayment was made after that date, it should have been made to the Sheriff (which it wasn't); and

B) In any event, any prepayment on the Note must, according to the terms of the Note itself, "be applied to the installments due under the note in *inverse order of maturity*", i.e., applied to the last of the scheduled installments, not the first of the scheduled installments. Further answering, Lucky Family states that there is no provision in Louisiana law which permits a Court to "suspend" an obligor's performance, other than Article 2562 of the Louisiana Civil Code which is not applicable here. Courts cannot re-make parties' contracts.

47.

The allegations of Paragraph 47 require no answer but to the extent same may be required, the allegations are denied.

## COUNTERCLAIM BY LUCKY FAMILY, L.L.C. AGAINST
## BARBARA MARIE CAREY LOLLAR

1.

Made defendant in this counterclaim is Barbara Marie Carey Lollar.

2.

Jurisdiction and venue for this counterclaim is proper in this Court as it is pendant to the matters raised by the Plaintiffs in their Complaint filed in these premises.

3.

As set forth in the Complaint filed by Magnolia Island Plantation, L.L.C. (hereafter "Magnolia") and Barbara Marie Carey Lollar (hereafter "Barbara Lollar"), a promissory note for $1,730,000 payable to Barbara Lollar made by her husband, Ronald Lollar, and subsequently assumed by Magnolia (see Exhibits B, C, and D attached to Barbara Lollar's and Magnolia's Complaint) was seized and sold at Sheriff Sale by the Bossier Parish Sheriff pursuant to a Writ of Fi. Fa. directed to him in Suit 127,573, Bossier Parish (See Judgment attached as Exhibit A to the original Complaint).

4.

Barbara Lollar and Magnolia have alleged that a prepayment was made on the Note by Magnolia to Barbara Lollar. If that, in fact, took place, and if that payment were made after the date the Sheriff seized the Note, July 5, 2018, it should have been made to the Sheriff, instead of Barbara Lollar, in which case, the payment would have been applied to the Writ following the

17

Sheriff Sale. The Sheriff would have announced the credit on the Note at the Sheriff Sale and this would have put Lucky Family on notice that the Note was subject to a prepayment credit. If, however, the prepayment was made prior to seizure of the Note, then Barbara Lollar was under a duty to give notice to the Court and the Sheriff of the prepayment on the Note which she could have done either by bringing it to the Sheriff's attention or informing the Appraiser she appointed. Either way, the value of the Note acquired by Lucky Family was ostensibly correlatively diminished by any amount that Barbara Lollar received as a prepayment on the Note, and Lucky Family is entitled to receive judgment against Barbara Lollar in that amount due to her failure to give notice. Further, because Lucky Family has the rights of a holder in due course of the Note, it is not required to give any credit thereon for any payment that was not actually made to it.

5.

Lucky Family has a claim that it intends to bring in this Court against Ronald Lollar and Magnolia under the Note and the Credit Sale Deed, but as this claim is premature at this time, Lucky Family is reserving all of its rights to bring this claim against Ronald Lollar and Magnolia in a future filing.

WHEREFORE, Lucky Family, L.L.C. prays:

A) That this Answer be deemed good and sufficient and that all demands of Barbara Marie Carey Lollar and Magnolia Island Plantation, L.L.C. be denied at their cost; and

B) That there be judgment in favor of Lucky Family, L.L.C. and against Barbara Marie

Carey Lollar in the amount of any prepayment made to her on the Note, legal interest

thereon, and for all costs of Court.

The Touchstone Law Firm

By: _____

David M Touchstone
Louisiana Bar Number12874
2708 Village Lane
Bossier City, Louisiana 71112
Phone: 318.752.8080
Facsimile: 318.752.8426

*Certificate on Next Page*

19

## CERTIFICATE

I hereby certify that I emailed a copy of this Answer and Counterclaim of Lucky Family,

L.L.C. to Complaint filed by Magnolia Island Plantation, L.L.C. and Barbara Marie Carey Lollar

to the following Counselors for Petitioners:

>   Randall S. Davidson, at rsdav@davidsonsummers.com;
>   J. Davis Powell at dpowell@davidsonsummers.com;
>   Andrew D. Martin at dmartin@davidsonsummers.com; and
>   Harold R. Bicknell at  hbicknell@davidsonsummers.com

and mailed a copy to them, with sufficient postage affixed thereto addressed to 330 Marshall

Street, Suite 1114, Shreveport, Louisiana, 71101, and emailed a copy to Curtis R. Shelton at

CurtisShelton@arklatexlaw.com and mailed a copy to him, with sufficient postage affixed

thereto to Post Office Box 1764, Shreveport, Louisiana 71166-1764 on this _31st_ day of January,

2019.

David M. Touchstone,
Counsel for Lucky Family, L.L.C.