**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| MAGNOLIA ISLAND PLANTATION, LLC, ET AL. | CIVIL ACTION NO. 18-1526 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LUCKY FAMILY, LLC, ET AL. | MAGISTRATE JUDGE KAREN HAYES |

**MEMORANDUM RULING**

Before the Court is a "Motion to Suspend Payments Due Under Promissory Note or, in the Alternative, to Deposit with the Court" (hereinafter referred to as "Motion") filed by Plaintiffs – Magnolia Island Plantation, LLC ("Magnolia") and Barbara Marie Carey Lollar ("Mrs. Lollar"). Record Document 57. Defendant, Lucky Family, LLC, opposes the Motion. See Record Document 61. For the reasons set forth below, Plaintiffs' motion is hereby **DENIED**.

**I.     BACKGROUND**

The facts of this matter are detailed and complex, thus for purposes of the instant motion, the Court will only provide a brief summation of the pertinent facts. The current matter is centered around the seizure and sheriff's sale of a promissory note ("Note") owned by Mrs. Lollar. Record Document 51 at 3. The Note was executed November 2, 2017 by Ronald Lollar ("Mr. Lollar") in favor of Mrs. Lollar for $1,730,000.00 at the rate of 4% per annum, to be paid in four consecutive installments of $100,046.00 and a fifth and final balloon payment equal to remaining the principal and interest due. See id. at 5. The Note was secured by immovable property conveyed from Mrs. Lollar to Mr. Lollar. See id.

The same day the Note was executed Mr. Lollar conveyed the property to Magnolia, who thereby assumed the obligations under the Note and the Mortgage. See id. at 6.

Plaintiffs allege that the sheriff's sale of the Note is a nullity, and that the return of the Note to Mrs. Lollar is "proper under the law in the current circumstances." Record Document 57-1 at 1. Defendant, Lucky Family LLC, contends it purchased the Note at a valid sheriff's sale and is therefore the rightful owner of the Note. See Record Document 61-1 at 9.

In this Motion, Plaintiffs seek to suspend payment of the Note, of which the next installment is due November 1, 2019.[1] See Record Document 57. In the alternative, Plaintiffs seek to deposit the installment into the Court's registry pursuant to Federal Rule of Civil Procedure 67. See id. Defendant contends the Motion is a preliminary injunction because Plaintiffs seek to prohibit Lucky Family LLC from taking any action to collect the Note. See Record Document 61-1 at 12. Defendant argues Plaintiffs cannot meet the preliminary injunction standard, and, therefore, a preliminary injunction should be denied. See id. In addition, Defendant contends deposit of the installment of the Note into the Court's registry is an impermissible use of depositing funds pursuant to Rule 67. See id. at 14.

II. **LAW AND ANALYSIS**

At the outset the Court notes that Plaintiffs cite to no legal authority or authorization from the Federal Rules of Civil Procedure for their Motion to Suspend Payments. Thus, the Court agrees with Defendant that this request is a preliminary injunction as it seeks

---

[1] The Court notes Plaintiffs waited to file this motion until October 18, 2019, only two weeks before the latest installment is due, despite knowing payment was due on November 1, 2019 at the outset of this litigation. See Record Document 57.

to suspend the enforceability of the Note. Therefore, the Court will analyze the motion under the rules governing preliminary injunctions.

### A. Preliminary Injunction

A party seeking a preliminary injunction must prove four things:

> (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest.

Planned Parenthood of Gulf Coast, Inc. v. Gee, 862 F.3d 445, 457 (5th Cir. 2017). "A preliminary injunction is an extraordinary remedy which courts grant only if the movant has clearly carried the burden as to all four elements." Guy Carpenter & Co., Inc. v. Provenzale, 334 F.3d 459, 464 (5th Cir. 2003); see also House the Homeless, Inc. v. Widnall, 94 F.3d 176, 180 (5th Cir. 1996) ("We have frequently cautioned that '[a] preliminary injunction is an extraordinary remedy,' and '[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule.'")

Plaintiffs fail to establish any of the four elements required to grant a preliminary injunction. Although Plaintiffs mention "there is a potential for harm if the installment payment due on November 1, 2019 is required to be made," the Plaintiffs fail to identify what that potential harm is. Record Document 57-1 at 2. Furthermore, "irreparable injury" as required for a preliminary injunction is only found "where there is no adequate remedy at law, such as monetary damages." Janvey v. Alguire, 647 F.3d 585, 600 (5th Cir. 2011). The Court finds Plaintiffs have failed to prove "irreparable injury," much less demonstrate any "potential harm" for making payments on the Note. Further, the Court finds Plaintiffs have failed to establish any of the other elements required for granting a preliminary

injunction, therefore the Court **DENIES** Plaintiffs' request for a preliminary injunction suspending payment of the Note.

### B. Rule 67: Depositing Funds into the Court's Registry

Federal Rule of Civil Procedure 67 provides in pertinent part:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party ... may deposit with the court all or part of the money or thing, whether or not that party claims any of it.

Fed. R. Civ. P. 67(a).

Rule 67's purpose is "to relieve the depositor of responsibility for the money or thing in dispute while the parties litigate their differences with respect to the res." In re Craig's Stores of Texas, Inc., 402 F.3d 522, 530 (5th Cir. 2005). The availability of the rule in a particular case is a matter committed to the sound discretion of the trial court. See Cajun Elec. Power Co-op., Inc. v. Riley Stoker Corp., 901 F.2d 441, 445 (5th Cir. 1990).

The Court finds relief pursuant to Rule 67 inappropriate and inapplicable to this current matter. First, the validity of the Note is not in dispute by either party. See Berry v. Chase Home Finance, LLC, No. 09-116, 2010 WL 582550 (S.D. Tex. Feb. 12, 2010) (denying Rule 67 relief where the underlying contracts' validity was not in dispute). Rather, the parties contest the ownership of the Note. Therefore, the main purpose of Rule 67, or depositing money "in dispute," is not at issue. Further, granting this Rule 67 relief would allow Plaintiffs to avoid payment on an indisputably owed obligation, which many courts have found contrary to the purpose of Rule 67. See Dinkins v. General Aniline & Film Corp., 214 F. Supp. 281, 283 (S.D.N.Y. 1963); see also Berry, 2010 WL 582550, at *2. Given the discretionary nature of Rule 67 and because this Court finds

Rule 67 relief inapplicable to the current matter, the Court **DENIES** Plaintiffs' request to deposit the next installment due under the Note with the Court under Rule 67.

### III. CONCLUSION

Based on the foregoing reasons, Plaintiffs' Motion to Suspend Payments Due Under Promissory Note or, in the Alternative, to Deposit with the Court (Record Document 57) is **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this the 29th day of October, 2019.

                                                  _____
                                                  S. MAURICE HICKS, JR., CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT