UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MAGNOLIA ISLAND PLANTATION, LLC, ET AL. | CIVIL ACTION NO. 18-1526 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LUCKY FAMILY, LLC, ET AL. | MAGISTRATE JUDGE KAREN HAYES |

**MEMORANDUM ORDER**

Before the Court is a Motion for Reconsideration (Record Document 66) filed by Plaintiffs – Magnolia Island Plantation, LLC and Barbara Marie Carey Lollar (collectively "Plaintiffs") – of the Court's Order (Record Document 64) issued on October 30, 2019. The Order denied Plaintiffs' request to deposit an installment payment due on a promissory note ("Note") in the Court's registry. Id. For the reasons set forth below, Plaintiffs' motion is hereby **DENIED**.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration *per se*. See Cormier v. Turnkey Cleaning Servs., LLC, 295 F. Supp. 3d 717, 719 (W.D. La. 2017). Nevertheless, motions to reconsider court orders have been construed as falling under Rule 54(b), Rule 59(e), or Rule 60(b) of the Federal Rules of Civil Procedure. See Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc., 921 F. Supp, 2d 548, 564 (E.D. La. 2013). When a motion for reconsideration concerns an interlocutory order, as is the case here, such a motion falls under Rule 54(b). The same standards that govern Rule 59(e) to alter or amend final judgments apply to Rule 54(b). See id. at 565. A motion to alter or amend under Rule 59(e) may only be granted on the following grounds: "(1) to correct manifest errors of law or fact upon which judgment is

based; (2) the availability of new evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law." In re Self, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).

Motions for reconsideration are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Id. Furthermore, "when there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." Southern Snow Mfg. Co., Inc., 921 F. Supp. 2d at 566. Reconsideration, therefore, is "an extraordinary remedy that should be used sparingly." Templet, 367 F.3d at 479.

In the instant matter, Plaintiffs' primary argument is that because ownership of the Note is in dispute, the installment payment due November 1, 2019 should be placed in the Court's registry. See Record Document 66-1. Furthermore, Plaintiffs assert depositing the funds with the Court serves Rule 67's true purpose. See id. at 2, 4. Plaintiffs also attempt to distinguish cases relied upon by this Court in the October 30, 2019 Order. See id. at 3–5. However, the Court finds these arguments unpersuasive.

Here, the validity of the Note is not in dispute, rather Plaintiffs assert the Sheriff's Sale that sold the Note to Lucky Family, LLC is invalid. See id. at 2. This distinction is significant. Because the underlying obligation is not contested, the Court will not permit the use of Rule 67 to let Plaintiffs avoid payment of an existing contractual obligation. Additionally, the Court will not allow Plaintiffs to disregard the installment obligation simply

because they assert the Sheriff's Sale is invalid. The ownership dispute will be addressed at trial, but until then, Plaintiffs are not relieved of satisfying their existing obligations.

Furthermore, granting deposit pursuant to Rule 67 is a matter of pure discretion for the district court. See <u>Cajun Elec. Power Co-op., Inc. v. Riley Stoker Corp.</u>, 901 F.2d 441, 445 (5th Cir. 1990) ("Whether Rule 67 relief should be available in any particular case is a matter committed to the sound discretion of the district court."); <u>see also</u> <u>Gambel v. Tullis</u>, No. 17-3098, 2017 WL 9287496, at *2 (E.D. La. Oct. 23, 2017) ("Whether relief under Rule 67 is available is in the discretion of the district court.") Thus, because Plaintiffs have failed to demonstrate "manifest errors of law or fact or to present newly discovered evidence," the Court **DENIES** Plaintiffs' Motion for Reconsideration.

Therefore, based on the foregoing reasons,

**IT IS ORDERED** that the Motion for Reconsideration (Record Document 66) filed by Plaintiffs Magnolia Island Plantation, LLC and Barbara Marie Carey Lollar is hereby **DENIED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this the 1st day of November, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT