UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| MAGNOLIA ISLAND PLANTATION L.L.C. and BARBARA MARIE CAREY LOLLAR | § § § § | CIVIL ACTION NO: 5:18-cv-01526 |
| Plaintiffs | § § | |
| VS | § § | CHIEF JUDGE S. MAURICE HICKS, JR. |
| LUCKY FAMILY, L.L.C., W.A. LUCKY, III, and BOSSIER PARISH SHERIFF JULIAN C. WHITTINGTON | § § § § § | |
| Defendants | § § | MAGISTRATE JUDGE KAREN HAYES JURY TRIAL DEMAND |

**AFFIRMATIVE DEFENSES AND ANSWER OF
BARBARA MARIE CAREY LOLLAR
TO COUNTERCLAIM FILED BY W.A. LUCKY, III**

NOW INTO COURT, through undersigned counsel, comes Barbara Marie Carey Lollar (hereafter "Mrs. Lollar") who responds to the counterclaim [Rec. Doc. 70] of W.A. Lucky, III (hereinafter "Mr. Lucky"), referred to hereinafter as the "Counterclaim," as follows:

**A.     Affirmative Defenses to Counterclaim by W. A. Lucky, III:**

1.

Mrs. Lollar asserts that the claims of Mr. Lucky are barred or precluded, in whole or in part, by the defenses of waiver, estoppel and unclean hands. Without limitation, Mr. Lucky sought to have the promissory note (the "Note") at issue in Mrs. Lollar's Amended Complaint seized and sold based solely upon a monetary judgment against Mrs. Lollar in the matter of *W.A. Lucky, III*

*vs. Barbara Marie Carey Carr*, No. 127,573, Section F ("Lucky I Judgment" [Rec. Doc. 1-2]). Lucky sought the seizure and sale of the Note so that it may occur during the pendency of the devolutive appeal of the Lucky I Judgment. The Lucky I Judgment has now been reversed by the Louisiana Second Circuit Court of Appeal on January 16, 2019 (See Rec. Doc. 11-1 for the Appellate reversal, and Rec. Doc. 30-1 for denial of Mr, Lucky's writ to the Louisiana Supreme Court.

Mrs. Lollar's Amended Complaint [Rec. Doc. 51] in this matter presents allegations that the sale of the Promissory Note was invalid and null due to a number of procedural issues and other improprieties with the seizure, appraisal and sale and as set forth more fully therein. Among these are the fact that Mr. Lucky utilized judicial process to cloud title to the Note's collateral and sow doubt regarding the effectiveness of the Note itself. Prior to seeking seizure of the Note, Mr. Lucky filed suit in state court during the pendency of the appeal claiming that the transactions which created the Note were null and of no effect. (See petition in "Lucky II" at Rec Doc. 71-2) Mr. Lucky also filed two (2) improper Lis Pendens against the immovable property which served as the collateral for the Note. (see lis pendens at Rec Docs 51-7 and 51-8). Mr. Lucky thereafter improperly influenced a third appraisal of the Note prior to Sheriff's Sale in order to heavily discount the Note's value based on his own actions in filing the lis pendens and Lucky II. (See Rec. Doc. 51-13) Further facts regarding Mr. Lucky's attempts to devalue the Note are set forth more fully in Mrs. Lollar's Amended Complaint in this matter at Rec. Doc. 51.

The alleged purchaser of the Promissory Note at the Sheriff's Sale was none other than Lucky Family, L.L.C., in which Mr. Lucky was shown to be a member at the time of the Sheriff's Sale according to the records of the Louisiana Secretary of State, and also being his family L.L.C. which Mr. Lucky exerts authority over. (see printout from La. Secretary of State's website filed

in this matter as Rec Doc. 11-2). Mr. Lucky's actions intended to have the Promissory Note sold to his family LLC for a severely discounted value during the pendency of the appeal of the Lucky I Judgment. Thereafter, Mr. Lucky dismissed the claims in Lucky II and cancelled both lis pendens filings which he had utilized to devalue the Note for sale.

2.

Mrs. Lollar asserts that any claims or damages alleged by Mr. Lucky are the result, whether in whole or in part, of Mr. Lucky's own fault, negligence or failure to mitigate the same. Mrs. Lollar also asserts in particular that the consideration purportedly paid by Lucky Family, L.L.C. was completely inadequate and the sale is void or voidable as a result. Further, Mrs. Lollar asserts that the Sheriff's Sale of her Note is void or voidable based on the failures of the Sheriff and his office to follow the law in conducting the seizure, appraisal process and sale.

3.

Mrs. Lollar asserts that the claims alleged in her Amended Complaint were made in good faith.

4.

Mrs. Lollar shows that the Judgment upon which the seizure and sale of the Note at issue was based has been reversed by the Louisiana Second Circuit Court of Appeal on January 16, 2019, with writ denied by the Louisiana Supreme Court on April 8, 2019, and that the Sheriff's Sale of the Note is void or voidable as a result with Mrs. Lollar being entitled to restitution of her Note.

5.

Mrs. Lollar asserts the affirmative defense that there is no basis for Mr. Lucky's claim for attorney's fees under 42 U.S.C. § 1988. A party is not entitled to attorney's fees under 42 U.S.C.

§ 1988 simply by virtue of the fact that they are defendants in a suit in which 42 U.S.C. § 1983 is asserted.

6.

Mrs. Lollar reserves the right to assert additional affirmative or other defenses should further defenses be identified during the course of this matter.

### B. Answer to Counterclaim by W.A. Lucky, III.:

1.

Mrs. Lollar admits she has been named as a defendant in the Counterclaim by Mr. Lucky.

2.

Mrs. Lollar represents that the Amended and Restated Complaint [Rec. Doc. 51] presents the claims pursued by Mrs. Lollar. The remainder of Mr. Lucky, 's allegations at paragraph 2 of his Counterclaim are legal conclusions regarding 42 U.S.C. § 1988 which do not require an answer. To the extent an answer is required, Mrs. Lollar denies that 42 U.S.C. § 1988 affords Mr. Lucky the relief sought and that Mr. Lucky cannot recover under 42 U.S.C. § 1988 simply by virtue of Mrs. Lollar's action being partially filed under 42 U.S.C. § 1983.

3.

The claim in paragraph 3 regarding the desires of counterclaimant Mr. Lucky requires no answer. The remaining allegations regarding Mr. Lucky's entitlement to attorney's fees is denied.

4.

Mrs. Lollar reserves her right to amend and/or supplement the foregoing affirmative defenses and answers should additional information become available.

WHEREFORE, Barbara Marie Carey Lollar prays that her Affirmative Defenses and Answer to W. A. Lucky, III's Counterclaim be deemed good and sufficient and after due proceedings are had, that the demands of W. A. Lucky, III presented in his Counterclaim be denied at his cost and that there be judgment rendered in favor of Barbara Marie Carey Lollar on all claims asserted. Barbara Marie Carey Lollar also prays for all general and equitable relief to which she is entitled.

        Respectfully submitted by,

          /s/ J. Davis Powell
        Randall S. Davidson, LSBA No. 4715, TA
        J. Davis Powell, LSBA 33631
        Andrew D. Martin, LSBA 34947
        Harold R. Bicknell III, LSBA 36801
        DAVIDSON SUMMERS, APLC
        330 Marshall Street, Suite 1114
        Shreveport, Louisiana 71101
        Ph: (318) 424-4342 | (318) 226-0168
        E:    rsdav@davidsonsummers.com
              dpowell@davidsonsummers.com
              dmartin@davidsonsummers.com
              hbicknell@davidsonsummers.com
        ***Counsel for Barbara Marie Carey Lollar***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF filing system and notice of the same will be sent by operation of the court's electronic noticing system to all counsel of record.

Shreveport, Louisiana, this 11th day of December 2019.

        /s/    J. Davis Powell
              Counsel