UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| MAGNOLIA ISLAND PLANTATION L.L.C. and BARBARA MARIE CAREY LOLLAR | § § § § | CIVIL ACTION NO: 5:18-cv-01526 |
| Plaintiffs | § § | |
| VS | § § | CHIEF JUDGE S. MAURICE HICKS, JR. |
| LUCKY FAMILY, L.L.C., W.A. LUCKY, III, and BOSSIER PARISH SHERIFF JULIAN C. WHITTINGTON | § § § § § | |
| Defendants | § § | MAGISTRATE JUDGE KAREN HAYES JURY TRIAL DEMAND |

**AFFIRMATIVE DEFENSES AND ANSWER OF
MAGNOLIA ISLAND PLANTATION, L.L.C.
TO COUNTERCLAIM FILED BY W.A. LUCKY, III**

NOW INTO COURT, through undersigned counsel, comes Magnolia Island Plantation, L.L.C. (hereinafter "Magnolia") who responds to the counterclaim of W. A. Lucky, III [Rec. Doc. 70], (hereinafter "Mr. Lucky"), referred to hereinafter as the "Counterclaim," as follows:

A.  **Affirmative Defenses to Counterclaim by W.A. Lucky, III:**

1.

Magnolia asserts that the claims of Lucky are barred or precluded, in whole or in part, by the defenses of waiver, estoppel and unclean hands. Magnolia is the payor of the subject promissory note in this suit (the "Note") which Mr. Lucky sought to seize and sell. Magnolia is also the owner of immovable property which serves as collateral to the Note. Lucky sought to have the Promissory Note at issue in Magnolia's Amended Complaint seized and sold based solely upon

a monetary judgment against Barbara Marie Carey Lollar (hereinafter "Mrs. Lollar") in the matter of *W.A. Lucky, III vs Barbara Marie Carey Carr*, No. 127,573, Section F ("Lucky I Judgment" [Rec. Doc. 1-2]). Lucky sought the seizure and sale of the Note so that it may occur during the pendency of the appeal of the Lucky I Judgment. The Lucky I Judgment has now been reversed by the Louisiana Second Circuit Court of Appeal on January 16, 2019 (See Rec. Doc. 11-1 for the Appellate reversal, and Rec. Doc. 30-1 for denial of Mr. Lucky's writ to the Louisiana Supreme Court.

Magnolia's Amended Complaint in this matter presents allegations that the sale of the Promissory Note was invalid and null due to a number of procedural issues and other improprieties with the sale and as set forth more fully at Rec. Doc. 51. Mr. Lucky utilized judicial process to cloud title to Magnolia's property (the Note's collateral) and sow doubt regarding the effectiveness of the Note itself. Mr. Lucky previously filed suit in state court during the pendency of the appeal claiming that the transactions which created the Promissory Note were null and of no effect and that Magnolia did not really own the collateral property. (See petition in "Lucky II" at Rec Doc. 71-2) Mr. Lucky also filed two (2) improper Lis Pendens against the immovable property which served as the collateral for the Note. (see lis pendens at Rec Docs 51-7 and 51-8). Regarding the sale of the Note, Mr. Lucky thereafter improperly influenced a third appraisal of the Note prior to Sheriff's Sale in order to heavily discount the Note's value based on his own actions in filing the lis pendens and Lucky II. (See Rec. Doc. 51-13) Further facts regarding Lucky's attempts to devalue the Note are set forth more fully in the Amended Complaint in this matter at Rec. Doc. 51.

The alleged purchaser of the Promissory Note at the Sheriff's Sale was none other than Lucky Family, L.L.C., in which Mr. Lucky was shown to be a member at the time of the Sheriff's Sale according to the records of the Louisiana Secretary of State, and also being his family L.L.C. which Mr. Lucky exerts authority over. (see printout from La. Secretary of State's website filed in this matter as Rec Doc. 11-2). Mr. Lucky's actions intended to have the Promissory Note sold to his family LLC for a severely discounted value during the pendency of the appeal of the Lucky I Judgment. Thereafter, Mr. Lucky dismissed the claims in Lucky II and cancelled both lis pendens filings which he had utilized to devalue the Note for sale. Magnolia is now being pursued by Lucky Family, L.L.C. for the Note's full value despite the abuses of process by Mr. Lucky and Lucky Family, L.L.C.

2.

Magnolia asserts that any claims or damages alleged by Lucky are the result, whether in whole or in part, of Lucky's own fault, negligence or failure to mitigate the same. Magnolia also asserts in particular that the consideration purportedly paid by Lucky Family, L.L.C. was completely inadequate and the sale is void as a result. Further, Magnolia asserts that the Sheriff's Sale of the Note is void or voidable based on the failures of the Sheriff and his office to follow the law in conducting the seizure, appraisal process and sale, including failing to provide Constitutionally sufficient notice to Magnolia.

3.

Magnolia asserts that the claims alleged in its Amended Complaint were made in good faith.

4.

Magnolia shows that the Judgment upon which the seizure and sale of the Note at issue was based has been reversed by the Louisiana Second Circuit Court of Appeal on January 16, 2019, with writ denied by the Louisiana Supreme Court on April 8, 2019, and that the Sheriff's Sale of the Note is void or voidable as a result.

5.

Magnolia asserts the affirmative defense that there is no basis for Mr. Lucky's claim for attorney's fees under 42 U.S.C. § 1988.  A party is not entitled to attorney's fees under 42 U.S.C. § 1988 simply by virtue of the fact that they are defendants in a suit in which 42 U.S.C. § 1983 is asserted.

6.

Magnolia reserves its right to assert additional affirmative or other defenses should further defenses be identified during the course of this matter.

B. <u>**Answer to Counterclaim by W.A. Lucky, III**</u>

1.

Magnolia admits it has been named as a defendant in the Counterclaim by Mr. Lucky.

2.

Magnolia represents that the Amended and Restated Complaint [Rec. Doc. 51] presents the claims pursued by Magnolia. The remainder of Mr. Lucky, 's allegations at paragraph 2 of his Counterclaim are legal conclusions regarding 42 U.S.C. § 1988 which do not require an answer. To the extent an answer is required, Magnolia denies that 42 U.S.C. § 1988 affords Mr. Lucky the

relief sought and that Mr. Lucky cannot recover under 42 U.S.C. § 1988 simply by virtue of this action being partially filed under 42 U.S.C. § 1983.

3.

The claim in paragraph 3 regarding the desires of counterclaimant Lucky requires no answer. The remaining allegations regarding Mr. Lucky's entitlement to attorney's fees is denied.

4.

Magnolia reserves their right to amend and/or supplement the foregoing affirmative defenses and answers should additional information become available.

WHEREFORE, Magnolia Island Plantation, L.L.C. prays that its Affirmative Defenses and Answer to W. A. Lucky, III's Counterclaim be deemed good and sufficient and after due proceedings are had, that the demands of W.A. Lucky, III presented in his Counterclaim be denied at his cost and that there be judgment rendered in favor of Magnolia on all claims asserted. Magnolia Island Plantation, L.L.C. also prays for all general and equitable relief to which it is entitled.

Respectfully submitted by,

___/s/ J. Davis Powell_____
Randall S. Davidson, LSBA No. 4715, TA
J. Davis Powell, LSBA 33631
Andrew D. Martin, LSBA 34947
Harold R. Bicknell III, LSBA 36801
DAVIDSON SUMMERS, APLC
330 Marshall Street, Suite 1114
Shreveport, Louisiana 71101
Ph: (318) 424-4342 | (318) 226-0168
E:    rsdav@davidsonsummers.com
      dpowell@davidsonsummers.com
      dmartin@davidsonsummers.com
      hbicknell@davidsonsummers.com
*Counsel for Magnolia Island Plantation, L.L.C.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF filing system and notice of the same will be sent by operation of the court's electronic noticing system to all counsel of record.

Shreveport, Louisiana, this 11th day of December 2019.

/s/     J. Davis Powell