UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MAGNOLIA ISLAND PLANTATION,      CIVIL ACTION NO. 5:18-CV-1526
L.L.C.; AND BARBARA MARIE CAREY
LOLLAR      DISTRICT JUDGE: S. MAURICE HICKS, JR.

V.      MAGISTRATE JUDGE: KAREN L. HAYES

LUCKY FAMILY, L.L.C., ET AL.      JURY TRIAL DEMANDED

**RULE 56 MOTION FILED BY LUCKY FAMILY, L.L.C. AGAINST
RONALD LOLLAR AND MAGNOLIA ISLAND PLANTATION, L.L.C. FOR
*SUMMARY JUDGMENT ON PROMISSORY NOTE***

NOW INTO COURT, through undersigned counsel, comes LUCKY FAMILY, L.L.C.
(hereafter "Lucky Family"), appearing in its capacity as Counterclaimant which, with respect,
represents to this Court:

1.

Lucky Family in its capacity as Defendant has this date filed a Rule 56 Motion for
Summary Judgment seeking to have the Court dismiss all claims filed against it by Barbara
Marie Carey Lollar (hereafter "Mrs. Lollar") and Magnolia Island Plantation, L.L.C. (hereafter
"Magnolia").

2.

This motion is a *second* motion filed by Lucky Family seeking a money judgment
pursuant to its counterclaim against the counterclaim defendant, Magnolia, and the third party
defendant, Ronald William Lollar (hereafter "Mr. Lollar").

3.

Prior to having a judgment rendered against her in Louisiana state court in Suit Number 127573, Bossier Parish (hereafter "Lucky–Carr I"), Mrs. Lollar transferred approximately 280 acres in Bossier Parish to her husband, Mr. Lollar in a Credit Sale Deed secured by a Vendor's Privilege and Special Mortgage (hereafter "Credit Sale Deed"). To memorialize the credit obligation, Mr. Lollar made a promissory note (the "Note") to Mrs. Lollar's order. The Note bears Mr. Lollar's true signature.

4.

On the same day, Mr. Lollar executed an Exchange Deed With Assumption, by which he transferred the 280 acres to Magnolia and Magnolia *assumed* the obligation to pay the Note.

5.

When a money judgment was rendered against Mrs. Lollar in Lucky-Carr I, William A. Lucky, III (hereafter "Mr. Lucky") obtained a writ of Fieri Facias instructing the Bossier Parish Sheriff to begin seizing and selling Mrs. Lollar's property in order to satisfy the judgment. At a hearing, in Lucky-Carr I, the Court ordered Mrs. Lollar to surrender the Note to the Bossier Parish Sheriff.

6.

In due course, the Note was advertised for sale by the Sheriff, appraised according to law, and was offered at a Sheriff's sale (public auction) for sale to the highest bidder on October 24, 2018.

7.

At the October 24, 2018 sheriff's sale, Lucky Family, LLC purchased the Note for $105,000, which was more than two-thirds of the appraised value. The Sheriff granted Lucky Family a judicial bill of sale transferring Mrs. Lollar's interest in the Note to Lucky Family.

8.

Lucky Family took possession of the Note from the Sheriff on or about October 25, 2018 and has remained in possession of the Note at all times since October 25, 2018.

9.

On October 24, 2018, Lucky Family, through undersigned counsel, sent letters by certified mail to Mr. Lollar and Magnolia notifying both Mr. Lollar and Magnolia (through its Registered Agent, J. Davis Powell) that payment of the first annual payment, due on  November 1, 2018, was to be made to the new holder of the Note, Lucky Family.

10.

According to its terms, the Note is payable in five consecutive annual installments, the first four being for $100,046.00, the first of which became due on November 1, 2018, and the final installment being due on November 1, 2022 in the amount of the balance due.

11.

When the first installment came due and was not paid, Lucky Family sent a second round of letters by certified mail demanding performance by both of the obligors, Mr. Lollar and Magnolia, according to the provisions of the Note and Credit Sale Deed.

12.

When payment was not made in the allotted time after an Event of Default (as described in the Note and Credit Sale) Lucky Family followed the procedure described in those documents by which the holder of the Note was to accelerate the balance of the Note and sent a third round of certified letters to Magnolia and Mr. Lollar, informing them that the Note had been accelerated, demanding payment in full.

13.

Lucky Family did, in fact, serve written notice by certified mail on both Magnolia and Mr. Lollar that it had accelerated the balance due on the Note.  Neither of said persons, nor any other person has ever paid anything to Lucky Family on the Note.

14.

Mr. Lollar and Magnolia have informed Lucky Family that Magnolia paid a series of eight checks to the prior holder of the Note, Mrs. Lollar, as "prepayments" which, according to them, satisfied the annual installment which was due to be paid on November 1, 2018.  The checks themselves bear no notations as to how they were to be imputed, nor have these parties provided any other evidence in discovery as to the imputation of these eight payments on the Note.

15.

The Note itself bears this statement: "If the Note is prepaid in part, the prepayment amount will be applied to the installments due under the note *in inverse order of maturity*." Thus, according to the Note itself, to the extent that these prepayments *might have been* asserted against Lucky Family, they would have been imputed to the last installment, i.e., the installment

due November 1, 2022, and cannot be considered as having satisfied the payment due for November 1, 2018.

16.

Further, Lucky Family acquired the Note in such a manner that it holds the Note with the same rights as a holder in due course.  Inasmuch as Lucky Family had no notice of these alleged prepayments at the time it became holder, they cannot constitute discharges of any part of the obligations set forth in the Note as to Lucky Family.

17.

When the second scheduled annual installment came due on the Note on November 1, 2019, and without waiving its previous acceleration of the Note, Lucky Family sent another round of written demands by certified mail to Mr. Lollar and Magnolia demanding performance, on December 3, 2019.  When no payment was made pursuant to the second set of written demands, Lucky Family wrote Mr. Lollar and Magnolia, again by certified mail, on December 23, 2019 accelerating the balance on the Note.

18.

Lucky Family is entitled to a judgment on the Note against Mr. Lollar and Magnolia, in solido, for $1,730,000.00, with interest thereon at the rate of 4% per annum from November 2, 2017, until paid in full, with attorney fees of 5% on $1,730,000, and all costs of suit.

19.

The judgment should recognize Lucky Family's rights of mortgage and vendor's privilege on the property described on the credit sale deed as giving Lucky Family rights to be paid in preference and priority out of the sale of said property before all other persons.

Wherefore, Lucky Family, L.L.C. moves the Court for entry of a judgment in favor of Lucky Family, L.L.C. and, in solido, against Ronald Lollar and Magnolia Island Plantation, L.L.C., a Louisiana limited liability company, in the amount of $1,730,000.00, with interest thereon at the rate of 4% per annum from November 2, 2017, until paid in full, with attorney fees of 5% on $1,730,000.00, and all costs of suit, with the judgment recognizing a mortgage and vendor's privilege in favor of Lucky Family, L.L.C., affecting the land described on the Credit Sale Deed, recorded under Registry No. 1179265 in the Conveyance Records of Bossier Parish, giving Lucky Family, L.L.C. a preference and priority on all proceeds of the sale of said land before all other persons.

Respectfully submitted,
**The Touchstone Law Firm**

By:  /s/ David M. Touchstone
David M. Touchstone
Louisiana Bar Number 12874
2708 Village Lane
Bossier City, Louisiana 71112
Phone: (318) 752-8080
Facsimile: (318) 752-8426
Email: dmtouchstone@firstcommercetitle.com

COUNSEL FOR LUCKY FAMILY, L.L.C.

## CERTIFICATE

I HEREBY CERTIFY that, on December 23, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants by operation of the Court's electronic filing system.

/s/ David M. Touchstone
OF COUNSEL