UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MAGNOLIA ISLAND PLANTATION, L.L.C.; AND BARBARA MARIE CAREY LOLLAR | CIVIL ACTION NO. 5:18-CV-1526 |
| | DISTRICT JUDGE: S. MAURICE HICKS, JR. |
| V. | MAGISTRATE JUDGE: KAREN L. HAYES |
| LUCKY FAMILY, L.L.C., ET AL. | JURY TRIAL DEMANDED |

## RULE 56 MOTION FILED BY LUCKY FAMILY, L.L.C. AGAINST BARBARA LOLLAR AND MAGNOLIA ISLAND PLANTATION, L.L.C. FOR *DISMISSAL OF PLAINTIFFS' CLAIMS*

NOW INTO COURT, comes LUCKY FAMILY, L.L.C. (hereafter "Lucky Family"), appearing in its capacity as Defendant and, with respect, represents to this Court as follows:

1.

Made defendants in this motion are the original Plaintiffs in this action, Barbara Marie Carey Lollar (hereafter "Mrs. Lollar") and Magnolia Island Plantation, L.L.C., a Louisiana limited liability company (hereafter "Magnolia").

2.

William A. Lucky III (hereafter "Mr. Lucky"), in a case which commenced in 2008, filed a legal action against Mrs. Lollar in Bossier Parish state district court in Suit No. 127573 (hereafter Lucky-Carr I) for breach of fiduciary duties.

3.

On November 2, 2017, after trial in Lucky-Carr I was completed, but prior to rendition of Judge Self's opinion finding against Mrs. Lollar, she sold a tract of land to her husband, Ronald

Lollar, by credit sale deed, said act being filed for record in Bossier Parish, on November 3, 2017, under Registry Number 1179265 (hereafter the "Credit Sale Deed").

4.

As the consideration given by Mr. Lollar to Mrs. Lollar for the Credit Sale Deed, same recited a down payment of $70,000.00 and a promissory note for $1,730,000.00 (hereafter the "Note").

5.

On December 19, 2017, Judge Self signed the opinion containing his ruling in Lucky-Carr I, finding for Mr. Lucky and against Mrs. Lollar, holding her liable to Mr. Lucky for the sum of $1,799,450.52. This ruling was formalized in a final judgment which was signed by Judge Self on January 5, 2018.

6.

Mrs. Lollar filed an appeal to the Second Circuit Court of Appeal by *devolutive* appeal.

7.

After Judge Self signed the final judgment and while the matter was on appeal, Mr. Lucky obtained issuance of a Writ of Fieri Facias from the Bossier Parish Clerk of Court directed to Sheriff Julian Whittington to begin seizing and selling Mrs. Lollar's property in satisfaction of the Judgment.

8.

During that same time frame, Mr. Lucky filed two motions in Lucky-Carr I fixing hearings before Judge Self requiring Mrs. Lollar to appear in Judge Self's Court for:

    a)    A judgment debtor examination; and

    b)    To bring the Note with her to Court.

9.

At the said hearing, Judge Self ordered Mrs. Lollar to turn the Note over to the Sheriff. Mrs. Lollar complied with Judge Self's order, and, thus, a seizure of the Note was effected.

10.

The Sheriff fixed a date for a public sale of the Note and served notice of same on Mrs. Lollar; she has acknowledged service of this notice which set the sheriff sale of the Note for October 24, 2018.

11.

The Sheriff also served both Mr. Lucky and Mrs. Lollar with Notices to appoint appraisers.

12.

Mr. Lucky appointed Chad Garland, CPA, and Mrs. Lucky appointed John Dean, CPA. These two gentlemen submitted their written appraisals to the Sheriff. Because there was more than a 10% difference in their respective valuations of the Note, the Sheriff appointed a third appraiser, Patrick LaCour, who also submitted an appraisal, and whose appraisal of $157,009.22 fixed the minimum bid for the first offering of the Note at the Sheriff Sale.

13.

In due course, the Sheriff conducted the Sheriff Sale on October 24, 2018, at which Lucky Family was the high bidder for the Note, bidding and paying $105,000 for the Note.

14.

Lucky Family paid the Sheriff the price to purchase the Note on or about October 24, 2018 and received both a judicial bill of sale for the Note and the original Note itself. Lucky

Family has been in physical possession of the Note at all times since on or about October 24, 2018.

15.

Subsequent to the October 24, 2018 sheriff sale, specifically on January 16, 2019, the Louisiana Second Circuit Court of Appeal issued its opinion in Lucky-Carr I reversing the judgment that had been granted to Mr. Lucky in that case and which had served as the basis of the Sheriff Sale.

16.

Although the appraisal process was performed in compliance with Louisiana statutory law, Mrs. Lollar has complained that the process which was followed by the Sheriff violated her Fourteenth Amendment procedural due process rights.

17.

She has, likewise, complained that the following actions violated her Fourteenth Amendment procedural due process rights:

a) Issuance of the Writ of Fieri Facias without prior notice to her;

b) Being compelled to appear at a post judgment hearing for the purposes of;

  1) responding to a judgment debtor examination; and

  2) producing the Note in open court.

18.

Mrs. Lollar has alleged, that based on these alleged violations of her Constitutional rights, she is entitled to a judgment by this Court annulling the October 24, 2018 sheriff sale and ordering the return of the Note to her.

19.

She has also claimed damages against Mr. Lucky for these alleged violations pursuant to 42 U.S. C. 1983. Her complaint is somewhat murky as to Lucky Family, but it appears in places that she is also claiming 1983 damages against Lucky Family for these alleged violations.

20.

For reasons explained in Lucky Family's memorandum, the alleged violations of Mrs. Lollar's Constitutional rights do not rise to the protection of the Constitution, and, thus, both her claim of annulment of the sheriff sale and her claim for damages against Lucky Family under Section 1983 must be rejected and her complaint dismissed.

21.

Magnolia has claimed in this action that it had a Fourteenth Amendment procedural due process right to notice of the sheriff sale date and that it did not receive the notice that was due to it.

22.

Based on this alleged violation of a due process right, Magnolia has also claimed that it is entitled to annulment of the sale and to 42 U.S.C. 1983 damages.

23.

In addition to claiming 1983 damages against Mr. Lucky, at places in the pleadings, it appears that Magnolia is also claiming 1983 damages against Lucky Family.

24.

For reasons explained in its memorandum of authorities and on the basis of its exhibits, Lucky Family has demonstrated that there was no violation of a due process right held by Magnolia, because:

    A)    Magnolia had no "property" right in the Note; and

    B)    Even if Magnolia had a property right in the Note, it received actual Notice from the Sheriff when its Registered Agent, J. Davis Powell, received notice from the Bossier Parish Sheriff, in his capacity as legal counsel for Mrs. Lollar, setting the sale date.

25.

Mrs. Lollar and Magnolia have each claimed that Mr. Lucky is a "member" of Lucky Family and that Mr. Lucky has a "beneficial interest" in Lucky Family. But as Lucky Family's memorandum and filings show and prove, beyond doubt, Mr. Lucky has no interest in Lucky Family whatsoever.

26.

Mrs. Lollar and Magnolia have also made claims against Mr. Lucky and Lucky Family under Louisiana law pursuant to R.S. 13:4363-13:4365 (regarding appraisals for sheriff sale), Civil Code Article 2315 (for abuse of process), and unjust enrichment.

27.

Lucky Family has demonstrated in its filings and in its memorandum of authorities, there is no genuine dispute of material fact in this case, and that based on the material facts, the claims of Mrs. Lollar and Magnolia lack merit.

28.

As set forth in detail in Lucky Family's memorandum, Mrs. Lollar made demand on Mr. Lucky in November and December, 2019 to be paid the funds realized by Mr. Lucky from the October 24, 2018 sheriff sale, as well as the court costs generated in Lucky-Carr I. Mr. Lucky did, in fact, pay those funds to Mrs. Lollar pursuant to her written demands.

29.

As set forth in Lucky Family's memorandum, the fact that Mrs. Lollar demanded and was paid by Mr. Lucky the proceeds of the sheriff sale had the effect of constituting, pursuant to the rule established in Civil Code Article 1853, and other law, a judicial confession by Mrs. Lollar that the sheriff sale was legally correct. Thus, on this basis alone, all of Mrs. Lollar's claims in this case have been terminated.

30.

Lucky Family has had to engage the services of undersigned counsel in this case to defend itself from the Plaintiffs' unmeritorious 42 U.S.C. 1983 claims. As such, if the Court grants judgment dismissing Plaintiffs' claims in this action, Lucky Family is entitled to recover its reasonable attorney fees under 42 U.S.C. 1988 against Mrs. Lollar and Magnolia.

WHEREFORE, Lucky Family, L.L.C. moves the Court under Rule 56, and any other appropriate law, for entry of judgment against Barbara Marie Carey Lollar and Magnolia Island Plantation, L.L.C., a Louisiana limited liability company, dismissing all claims filed by them against Lucky Family, L.L.C. in this action, casting them to pay all costs of court, and that the Court cast them in judgment to Lucky Family, LLC for Lucky Family, LLC's attorney fees in this case.

    Respectfully submitted,
    **The Touchstone Law Firm**

By: /s/ David M. Touchstone_____
    David M. Touchstone
    Louisiana Bar Number 12874
    2708 Village Lane
    Bossier City, Louisiana 71112
    Phone: (318) 752-8080
    Facsimile: (318) 752-8426
    Email: dmtouchstone@firstcommercetitle.com

COUNSEL FOR LUCKY FAMILY, L.L.C.

## **CERTIFICATE**

I HEREBY CERTIFY that, on December 23, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants by operation of the Court's electronic filing system.

/s/ David M. Touchstone  
OF COUNSEL
