UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| MAGNOLIA ISLAND PLANTATION L.L.C. and BARBARA MARIE CAREY LOLLAR | § § § § | CIVIL ACTION NO. 5:18-cv-01526 |
| Plaintiffs | § § § | |
| VS | § § | CHIEF JUDGE S. MAURICE HICKS, JR. |
| LUCKY FAMILY, L.L.C., W.A. LUCKY, III, and BOSSIER PARISH SHERIFF JULIAN C. WHITTINGTON | § § § § § | |
| Defendants | § § | MAGISTRATE JUDGE KAREN HAYES JURY TRIAL DEMAND |

---

**AFFIRMATIVE DEFENSES AND ANSWER OF
BARBARA MARIE CAREY LOLLAR
TO COUNTERCLAIM FILED BY LUCKY FAMILY, L.L.C.**

---

NOW INTO COURT, through undersigned counsel, comes Barbara Marie Carey Lollar (hereinafter "Mrs. Lollar") who responds to the counterclaim [Rec. Doc. 73] of Lucky Family, L.L.C., referred to hereinafter as the "Counterclaim," as follows:

A.  **Affirmative Defenses to Counterclaim by Lucky Family, L.L.C.:**

1.

Mrs. Lollar asserts that the claims of Lucky Family, L.L.C. are barred or precluded, in whole or in part, by the defenses of waiver, estoppel and unclean hands. Without limitation, W.A. Lucky, III (hereinafter "Mr. Lucky") sought to have the promissory note (the "Note") at issue in Mrs. Lollar's Amended Complaint seized and sold based solely upon a monetary judgment in Lucky I ("Lucky I Judgment" at Rec. Doc 51-4). Mr. Lucky sought the seizure and sale of the Note so that it may occur during the pendency of the devolutive appeal of the Lucky I Judgment.

The Lucky I Judgment has now been reversed by the Louisiana Second Circuit Court of Appeal on January 16, 2019 (See Rec. Doc. 51-5 for the Appellate reversal, and Rec. Doc. 51-6 for denial of Mr. Lucky's writ to the Louisiana Supreme Court.)

Mrs. Lollar's Amended and Restated Complaint [Rec. Doc. 51] in this matter presents allegations that the sale of the Note was invalid and null due to a number of procedural issues and other improprieties with the seizure, appraisal and sale and as set forth more fully therein. Among these are the fact that Mr. Lucky utilized judicial process to cloud title to the Note's collateral and sow doubt regarding the effectiveness of the Note itself. Prior to seeking seizure of the Note, Mr. Lucky filed suit in state court during the pendency of the appeal claiming that the transactions which created the Note were Null and of no effect. (See petition in "Lucky II" at Rec. Doc. 71-2). Mr. Lucky also filed two (2) improper lis pendens against the immovable property which served as the collateral for the Note. (see lis pendens at Rec. Docs 51-7 and 51-8). Mr. Lucky thereafter improperly influenced a third appraisal of the Note prior to Sheriff's Sale in order to heavily discount the Note's value based on his own actions in filing the lis pendens and Lucky II. (See Rec. Doc. 51-13). Further facts regarding Mr. Lucky's attempts to devalue the Note are set forth more fully in Mrs. Lollar's Amended Complaint in this matter at Rec. Doc. 51.

The alleged purchaser of the Promissory Note at the Sheriff's Sale was none other than Lucky Family, L.L.C., Mr. Lucky's family L.L.C. and in which Mr. Lucky was shown to be a member at the time of the Sheriff's Sale according to the records of the Louisiana Secretary of State, and also being his family L.L.C. which Mr. Lucky exerts authority over. (see printout from La. Secretary of State's website filed in this matter as Rec. Doc. 11-2). Mr. Lucky's actions intended to have the Note sold to his family LLC for a severely discounted value during the

pendency of the appeal of the Lucky I Judgment. Thereafter, Mr. Lucky dismissed the claims in Lucky II and cancelled both lis pendens filings which he had utilized to devalue the Note for sale.

2.

Mrs. Lollar asserts the defense that her actions in receiving any payments made in relation to the Note were at all times proper and in good faith.

3.

Mrs. Lollar asserts that any damages alleged by Lucky Family, L.L.C. are the result, whether in whole or in part, of Lucky Family, L.L.C.'s own fault, negligence or failure to mitigate the same.

4.

Mrs. Lollar asserts the defense that Lucky Family, L.L.C. is not a true third-party purchaser or a holder in due course of the Note. Mrs. Lollar asserts in particular that the consideration purportedly paid by Lucky Family, L.L.C. for the Note was completely inadequate and the sale is void or voidable as a result. Mrs. Lollar asserts that the judgment upon which the seizure and sale of the Note at issue was based has been reversed and that the Sheriff's sale is void or voidable as a result and that she is entitled to restitution of the Note itself in accordance with the law.

5.

Mrs. Lollar asserts the defense that should the Sheriff's Sale of the Promissory Note be found proper and not nullified in any manner, and that Lucky Family, L.L.C. is found to be a true third party purchaser and holder in due course of the Promissory Note, all of which Mrs. Lollar denies, then Lucky Family, L.L.C. purchased the Promissory Note "as is", without warranty and subject to any installations which had been paid at the time of its purchase.

6.

Mrs. Lollar asserts the affirmative defense that there is no basis for Lucky Family L.L.C.'s claim for attorney's fees under 42 U.S.C. § 1988. A party is not entitled to attorney's fees under 42 U.S.C. § 1988 simply by virtue of the fact that they are defendants in a suit in which 42 U.S.C. § 1983 is asserted against other parties.

7.

Mrs. Lollar reserves the right to assert additional affirmative or other defenses should further defenses be identified during the course of this matter.

    **B.**    **Answer to Counterclaim by Lucky Family L.L.C.**

1.

Mrs. Lollar admits she has been named as a defendant in the Counterclaim by Lucky Family, L.L.C.

2.

Mrs. Lollar does not dispute Lucky Family, L.L.C.'s assertions of venue and jurisdiction for its Counterclaim as asserted against Mrs. Lollar for claims unrelated to the collection of the Note from its payor, however Mrs. Lollar is aware that Lucky Family, L.L.C.'s counterclaim is subject to a pending Motion to Dismiss for Forum Non Conveniens.

3. (a)[1]

The allegations in 3 (a) are legal conclusions regarding 42 U.S.C. § 1988 which do not require an answer. To the extent an answer is required, Mrs. Lollar denies that Lucky Family,

---

[1] Lucky Family, L.L.C. has repeated the number range 3-4 on their allegations. In order to match our answers to their numbered paragraphs we are indicating them with the designations (a) and (b).

L.L.C. is afforded the relief it seeks under the law asserted simply by virtue of this action being partially filed under 42 U.S.C. § 1983.

4.(a)

Mrs. Lollar denies paragraph 4(a).

3. (b)

Mrs. Lollar answers that the Exhibits A, B, C and D referenced by Lucky Family, L.L.C. in paragraph 3 (b) of its Counterclaim are the best evidence of their contents. Answering further, the Note referenced in Lucky Family, L.L.C.'s Counterclaim at paragraph 3 (b) was seized and sold at a Sheriff's Sale based solely upon a monetary judgment in Lucky I which is now reversed. Mrs. Lollar's Amended Complaint in this matter presents allegation that the sale of the Note was invalid and null for the reasons set forth therein. Mrs. Lollar otherwise denies the allegations in paragraph 3 of the Counterclaim to the extent that they are inconsistent with the foregoing.

4. (b)

Mrs. Lollar answers that the first payment due under the Note was made to Mrs. Lollar by Magnolia Island Plantation, L.L.C. on time and in accordance with the terms of the Note. Mrs. Lollar accepted such payments in good faith. Mrs. Lollar denies the remaining allegations in paragraph 4 (b) of the Counterclaim.

5.

Paragraph No. 5, as written, appears to incorporate Lucky Family, L.L.C.'s "counterclaim" from Rec. Doc. 26 as it would apply "against Ronald Lollar and Magnolia" and therefore paragraph No. 5 is not directed as an allegation against Mrs. Lollar and therefore no response is required. To the extent a response is required, Mrs. Lollar denies the allegations of paragraph 5.

6.

Mrs. Lollar reserves her right to amend and/or supplement her affirmative defenses and answers in this matter as may be necessary or as additional information becomes available.

WHEREFORE, Barbara Marie Carey Lollar prays that her Affirmative Defenses and Answer be deemed good and sufficient and after due proceedings are had, the demands of Lucky Family, L.L.C. presented in its Counterclaim be denied at its cost and that there be judgment rendered in favor of Barbara Marie Carey Lollar on all claims asserted.

Barbara Marie Carey Lollar also prays for all general and equitable relief to which she is entitled.

Respectfully submitted by,

/s/ J. Davis Powell
Randall S. Davidson, LSBA No. 4715, TA
J. Davis Powell, LSBA 33631
Andrew D. Martin, LSBA 34947
Harold R. Bicknell III, LSBA 36801
DAVIDSON SUMMERS, APLC
330 Marshall Street, Suite 1114
Shreveport, Louisiana 71101
Ph: (318) 424-4342 | (318) 226-0168
E:  rsdav@davidsonsummers.com
    dpowell@davidsonsummers.com
    dmartin@davidsonsummers.com
    hbicknell@davidsonsummers.com
***Counsel for Barbara Marie Carey Lollar***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF filing system and notice of the same will be sent by operation of the court's electronic noticing system to all counsel of record.

Shreveport, Louisiana, this 24th day of December.

/s/ J. Davis Powell
Counsel