UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| MAGNOLIA ISLAND PLANTATION | § | CIVIL ACTION NO. 5:18-cv-01526 |
| L.L.C. and BARBARA MARIE CAREY | § | |
| LOLLAR | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| VS | § | CHIEF JUDGE S. MAURICE HICKS, JR. |
| | § | |
| LUCKY FAMILY, L.L.C., W.A. LUCKY, | § | |
| III, and BOSSIER PARISH SHERIFF | § | |
| JULIAN C. WHITTINGTON | § | |
| | § | |
| | § | MAGISTRATE JUDGE KAREN HAYES |
| Defendants | § | JURY TRIAL DEMAND |

---

**AFFIRMATIVE DEFENSES AND ANSWER OF
RONALD WILLIAM LOLLAR
TO COUNTERCLAIM FILED BY LUCKY FAMILY, L.L.C.**

---

NOW INTO COURT, through undersigned counsel, comes Ronald William Lollar (hereinafter "Mr. Lollar") who responds to the counterclaim [Rec. Doc. 73] of Lucky Family, L.L.C., referred to hereinafter as the "Counterclaim," as follows:

**A.** **Affirmative Defenses to Counterclaim by Lucky Family, L.L.C.:**

1.

Mr. Lollar asserts that the claims of Lucky Family, L.L.C. are barred or precluded, in whole or in part, by the defenses of waiver, estoppel and unclean hands. Without limitation, W.A. Lucky, III (hereinafter "Mr. Lucky") sought to have the promissory note (the "Note") at issue in Magnolia's Amended Complaint seized and sold based solely upon a monetary judgment against Barbara Marie Carey Lollar (hereinafter "Mrs. Lollar") in the matter of *W.A. Lucky, III vs. Barbara Marie Carey Carr*, No. 127,573, Section F ("Lucky I Judgment" at Rec. Doc 51-4). Mr. Lucky

sought the seizure and sale of the Note so that it may occur during the pendency of the devolutive appeal of the Lucky I Judgment. The Lucky I Judgment has now been reversed by the Louisiana Second Circuit Court of Appeal on January 16, 2019 (See Rec. Doc. 51-5 for the Appellate reversal, and Rec. Doc. 51-6 for denial of Mr. Lucky's writ to the Louisiana Supreme Court.)

The Plaintiffs' Amended and Restated Complaint [Rec. Doc. 51] in this matter presents allegations that the sale of the Note was invalid and null due to a number of procedural issues and other improprieties with the seizure, appraisal and sale and as set forth more fully therein. Among these are the fact that Mr. Lucky utilized judicial process to cloud title to the Note's collateral and sow doubt regarding the effectiveness of the Note itself. Prior to seeking seizure of the Note, Mr. Lucky filed suit in state court during the pendency of the appeal claiming that the transactions which created the Note were Null and of no effect. (See petition in "Lucky II" at Rec. Doc. 71-2). Mr. Lucky also filed two (2) improper Lis Pendens against the immovable property which served as the collateral for the Note. (see lis pendens at Rec. Docs 51-7 and 51-8). Mr. Lucky thereafter improperly influenced a third appraisal of the Note prior to Sheriff's Sale in order to heavily discount the Note's value based on his own actions in filing the lis pendens and Lucky II. (See Rec. Doc. 51-13). Further facts regarding Mr. Lucky's attempts to devalue the Note are set forth more fully in the Plaintiffs' Amended Complaint in this matter at Rec. Doc. 51.

The alleged purchaser of the Note at the Sheriff's Sale was none other than Lucky Family, L.L.C., in which Mr. Lucky was shown to be a member at the time of the Sheriff's Sale according to the records of the Louisiana Secretary of State, and also being his family L.L.C. which Mr. Lucky exerts authority over. Mr. Lucky's actions intended to have the Note sold to his family LLC for a severely discounted value during the pendency of the appeal of the Lucky I Judgment. Thereafter, Mr. Lucky dismissed the claims in Lucky II and cancelled both lis pendens filings

which he had utilized to devalue the Note for sale.  Mr. Lollar is now being pursued, in conjunction

with Magnolia, by Lucky Family, L.L.C. for the Note's full value despite the abuses of process by

Mr. Lucky and Lucky Family, L.L.C.

2.

Mr. Lollar asserts the defense that the obligations under the Note were properly assumed

by Magnolia and that said assumption was consented to by Barbara Lollar, the Note's payee, all

of which is known to Lucky Family, L.L.C.

3.

Mr. Lollar asserts that any damages alleged by Lucky Family, L.L.C. are the result, whether

in whole or in part, of Lucky Family, L.L.C.'s own fault, negligence or failure to mitigate the same.

4.

Mr. Lollar asserts the defense that Lucky Family, L.L.C. is not a true third-party purchaser

or holder in due course of the Note. Mr. Lollar asserts in particular that the consideration

purportedly paid by Lucky Family, L.L.C. for the Note was completely inadequate and the sale is

void or voidable as a result.  Further, Mr. Lollar asserts that the Sheriff's sale of the Note is void

or voidable based on the failures of the Sheriff and his office to follow the law in conducting the

seizure, appraisal and sale.  Mr. Lollar asserts that the Judgment upon which the seizure and sale

of the Note at issue was based has been reversed and that the Sheriff's sale is void or voidable as

a result.

5.

Mr. Lollar asserts the defense that should the Sheriff's Sale of the Promissory Note be

found proper and not nullified in any manner, and that Lucky Family, L.L.C. is found to be a true

third-party purchaser and holder in due course of the Note, all of which is denied, then Lucky

Family, L.L.C. purchased the Promissory Note "as is", without warranty and subject to any instalment payments which had been paid at the time of its purchase.

6.

Mr. Lollar asserts the affirmative defense that he has been brought in as a counter-defendant by Lucky Family, L.L.C. and therefore is not subject to a claim for attorney's fees or damages under 42 U.S.C. § 1988.  Further, there is no basis for Lucky Family L.L.C.'s claim for attorney's fees under 42 U.S.C. § 1988 as a party is not entitled to attorney's fees under 42 U.S.C. § 1988 simply by virtue of the fact that they are defendants in a suit in which 42 U.S.C. § 1983 is asserted against other parties.

7.

Mr. Lollar asserts the defense that he acted lawfully, reasonably and in good faith at all times relevant to the litigation.

8.

Mr. Lollar has filed a *Motion to Dismiss for Forum Non Conveniens* (Rec. Doc. 34) in regards to Lucky Family, L.L.C.'s claims in its previous counterclaim at Rec. Doc. 26.  To the extent Lucky Family, L.L.C.'s current counterclaim has successfully incorporated any of its prior counterclaim as against Mr. Lollar, the same is subject to the pending motion to dismiss.

9.

Mr. Lollar reserves the right to assert additional affirmative or other defenses should further defenses be identified during the course of this matter.

**B.**     <u>**Answer to Counterclaim by Lucky Family L.L.C.**</u>

Mr. Lollar was not named as a defendant in Lucky Family, L.L.C.'s Counterclaim at Rec. Doc. 73, and therefore no answer is required from him.  However, paragraph No. 5 of the Counterclaim, as written, appears to incorporate Lucky Family, L.L.C.'s prior "counterclaim" from Rec. Doc. 26 as it would apply "against Ronald Lollar and Magnolia", but without citation to any specific paragraphs therein. Therefore, Lucky Family, L.L.C.'s counterclaim is vague in this regard and should be re-stated so that Mr. Lollar may be on notice as to which allegations from Rec. Doc. 26 Lucky Family, L.L.C. seeks to incorporate.  However, to the extent Lucky Family, L.L.C.'s seeks to incorporate any and all allegations against Mr. Lollar from Rec. Doc. 26, Mr. Lollar would incorporate his answers and affirmative defenses in Rec. Doc. 35, and subject to his motion to dismiss at Rec. Doc. 34 which is currently pending.  The allegations of paragraph No. 5 are otherwise denied.

Mr. Lollar reserves his right to amend and/or supplement his affirmative defenses and answers as necessary or as additional information becomes available.

WHEREFORE, Ronald William Lollar prays that this Affirmative Defenses and Answer be deemed good and sufficient and after due proceedings are had, the demands of Lucky Family, L.L.C. presented in its Counterclaim be denied at its cost and that there be judgment rendered in favor of Ronald William Lollar on all claims asserted.

Ronald William Lollar also prays for all general and equitable relief to which he is entitled.

Respectfully submitted by,

_____/s/ J. Davis Powell_____
Randall S. Davidson, LSBA No. 4715, TA
J. Davis Powell, LSBA 33631
Andrew D. Martin, LSBA 34947
Harold R. Bicknell III, LSBA 36801
DAVIDSON SUMMERS, APLC
330 Marshall Street, Suite 1114
Shreveport, Louisiana 71101
Ph: (318) 424-4342 | (318) 226-0168
E:      rsdav@davidsonsummers.com
        dpowell@davidsonsummers.com
        dmartin@davidsonsummers.com
        hbicknell@davidsonsummers.com
*Counsel for Ronald William Lollar*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF filing system and notice of the same will be sent by operation of the court's electronic noticing system to all counsel of record.

Shreveport, Louisiana, this 24th day of December.

_____/s/ J. Davis Powell_____
                Counsel