UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MAGNOLIA ISLAND PLANTATION, L.L.C. and BARBARA MARIE CAREY LOLLAR<br><br>Plaintiffs<br><br>VS.<br><br>LUCKY FAMILY, L.L.C., W.A. LUCKY, III, And BOSSIER PARISH SHERIFF JULIAN C. WHITTINGTON, in his official capacity<br><br>Defendants | CIVIL ACTION NO: 5:18-cv-01526<br><br><br><br>DISTRICT JUDGE MAURICE HICKS<br><br><br><br>MAGISTRATE JUDGE KAREN HAYES |

## AMENDED AND CORRECTED STATEMENT OF UNDISPUTED FACTS

NOW INTO COURT, through undersigned counsel, comes Defendant, Bossier Parish Sheriff Julian C. Whittington, in his official capacity (hereinafter "Sheriff Whittington"), who asserts that the following facts are not in dispute and that based on the same he is entitled to summary judgment:

1.

On June 8, 2018, when Sheriff Whittington was served with a Writ of Fieri Facias (hereinafter "the Writ of Fifa") by Jill M. Sessions, Clerk of Court for the Parish of Bossier, State of Louisiana, ordering him to seize and sell the property of Barbara Marie Carey Lollar (hereinafter "Lollar") to satisfy a judgment rendered against her in favor of Lucky. See Exhibit 1.

2.

On July 5, 2018, the trial court ordered counsel for Plaintiffs to deliver to Sheriff Whittington's office (hereinafter the "BSO") the Promissory Note made payable to Lollar

dated November 2, 2017 and signed by Ronald William Lollar as "Maker" (hereinafter "the Note"). See Exhibit 2. Also on July 5, 2018, Kimberly Flournoy, working in the Civil Division of the BSO (hereinafter "Flournoy"), issued a letter to Lucky, as debtor listed in the Writ of Fifa, through counsel Curtis Shelton (hereinafter "Shelton"), advising that the Writ of Fifa and the Note were received, and stating that a $1500.00 deposit would be required before proceeding. See Exhibit 3.

3.

On September 5, 2018, Flournoy received a letter from Shelton enclosing a check for the $1500.00 deposit and asking that the sale of the Note pursuant to the Writ of Fifa be set for October 24, 2018, or alternatively, October 17, 2018. Exhibit 4. The letter provided that the notice of seizure and to appoint appraiser could be served through judgment debtor Lollar's counsel and provided the address. See id. As was typical procedure with all sheriff's sales conducted by BSO, Flournoy corresponded with Shelton, as the judgment creditor's attorney, to obtain the information necessary to proceed with the seizure and sale of the note, including the seized property description and service information for the required notices. Exhibits 5 and 6, pp. 12 & 65.

4.

A Notice of Seizure and Notice to Appoint Appraiser were served upon counsel for the judgment debtor, Lollar on September 12, 2018. Exhibit 7. A Notice to Appoint Appraiser was also served upon Shelton as the seizing creditor's counsel. Exhibit 8.

5.

In preparing for the sale, Flournoy knew that if the appraisals varied greatly BSO would be required to appoint a third appraiser to appraise the Note and that she would

need to line this up ahead of time due to the very short time frame in which this would need to be done. Exhibit 9. In attempting to line up a third appraiser to appraise the Note in the event a third appraisal was needed, Flournoy consulted with her supervisor in the Civil Department of BSO, Jean Horne, and they both consulted with legal counsel for the BSO Civil Department, James Southerland. Exhibit 6, pp. 17-18. Neither Horne nor Southerland had previously handled the seizure and sale of a note and they did not know of any appraisers who would be able to perform a third appraisal of the note should it become necessary. Exhibit 6.

6.

Because Flournoy was unable to locate an appraiser qualified to perform the third appraisal, Flournoy emailed Shelton on September 17, 2018 to request a recommendation for an appraiser with the experience and qualification necessary to appraise the Note.  Exhibit 9. On October 12, 2018, Shelton emailed Flournoy to provide the name, contact information and a curriculum vitae for an appraiser named Patrick LaCour (hereinafter "LaCour") whom he had located who had the same credentials as both the creditor's and the debtor's appraiser and would be willing to perform the appraisal in the time frame needed. Exhibit 10.

7.

Notice of the October 24, 2018 sale date was published in the Bossier Press-Tribune on September 26, 2018, in accordance with the statutory requirements. Rec. Doc. 51-15.

8.

Lollar's counsel appointed John Dean to appraise the note and he valued it at $1,478,048.68. Rec. Doc. 51-12. Lucky III's counsel appointed Chad Garland who appraised the note at $173,000.00. Rec. Doc. 51-11. Due to the difference in the appraisal values, Sheriff Whittington was then required under La. R.S. 13:4365 to appoint a third appraiser whose decision would be final. LaCour was appointed by Sheriff Whittington and LaCour provided a letter to him on October 22, 2018 appraising the note for $157,009.22. Rec. Doc. 51-14.

9.

The Sheriff's Sale took place on October 24, 2018 and the property was sold to the highest bidder, Lucky Family, LLC, for $105,00.00. Rec. Doc. 51-15.

10.

Sheriff Whittington followed all applicable statues and did nothing that would violate the constitutional rights of Plaintiffs. Further, at all times, Sheriff Whittington complied with clearly established law.

Respectfully submitted by:

LANGLEY, PARKS & MAXWELL, LLC

By:  S / Julianna P. Parks
   Glenn L. Langley, Bar Roll No. 8019
   Julianna P. Parks, Bar Roll No. 30658

401 Market Street, Suite 1100
Shreveport, Louisiana 71101
(318) 383-6422 Telephone
(318) 383-6405 Telefax

**Attorney for Julian C. Whittington,
Sheriff of Bossier Parish**