**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| MAGNOLIA ISLAND PLANTATION, L.L.C., ET. AL. | CIVIL ACTION NO. 18-1526 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LUCKY FAMILY, L.L.C., ET. AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM RULING**

Before the Court are two motions filed by Plaintiffs Magnolia Island Plantation, L.L.C. ("Magnolia") and Ronald William Lollar ("Mr. Lollar"). The first motion filed by Magnolia is a Motion to Dismiss Defendant Lucky Family, L.L.C.'s ("Lucky Family" or "Defendant") counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). See Record Document 29. The second motion is an identical Motion to Dismiss filed by Mr. Lollar.[1] See Record Document 34. Lucky Family opposes both motions. See Record Documents 32 & 37. For the following reasons, Magnolia's Motion to Dismiss is **DENIED** and Mr. Lollar's Motion to Dismiss is also **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

The facts of this matter are detailed and complex, thus for purposes of the instant motion, the Court will only provide a brief summation of the pertinent facts. The current matter is centered around the seizure and sheriff's sale of a promissory note ("Note") owned by Barbara Marie Carey Lollar ("Mrs. Lollar"). See Record Document 51 at 3. The Note was executed November 2, 2017 by Mr. Lollar in favor of Mrs. Lollar for $1,730,000.00 at the rate of 4% per annum, to be paid in four consecutive installments of

---

[1] Because both Motions to Dismiss are identical in the relief sought, they will be analyzed together.

$100,046.00 and a fifth and final balloon payment equal to the remaining principal and interest due. See id. at 5. The Note was secured by immovable property conveyed from Mrs. Lollar to Mr. Lollar. See id. The same day the Note was executed Mr. Lollar conveyed the property to Magnolia, who thereby assumed the obligations under the Note and the Mortgage. See id. at 6.

The sheriff's sale of the Note was in satisfaction of a money judgment obtained by W.A. Lucky ("Lucky") against Mrs. Lollar in the 26th Judicial District Court of Louisiana. See id. at 6–7. The judgment was entered on January 5, 2018. See id. The judgment was later reversed by the Louisiana Second Circuit Court of Appeal on January 16, 2019. See id. at 7; see also Lucky v. Carr, 52, 434 (La. App. 2 Cir. 1/16/19), 264 So. 3d 693, *writ denied*, 2019-0261 (La. 4/8/19), 267 So. 3d 616. Prior to the reversal of the judgment on June 8, 2018, a writ of *fieri facias* was issued authorizing the Sheriff to sell the Note. See Record Document 51 at 11. The Note was subsequently sold on October 24, 2019 to Lucky Family for $105,000.00. See Record Document 70 at 30.

Plaintiffs allege that the sheriff's sale of the Note is a nullity for several reasons. Namely, Plaintiffs assert that the Sheriff failed to give proper notice of the sale, improperly appraised the note, and failed to comply with due process of law requirements under the Fourteenth Amendment of the Constitution. See Record Document 51 at 17–21. Lucky Family, however, contends it purchased the Note at a valid sheriff's sale and is therefore the rightful owner of the Note. See Record Document 70 at 31. Furthermore, Lucky Family counterclaimed asserting Plaintiffs defaulted on the Note, and, thus owed Lucky Family the principal sum due on the Note. See Record Document 26 at 27.

In response, Magnolia and Mr. Lollar filed the instant Motions to Dismiss Lucky Family's counterclaim asserting the Note's forum selection clause requires any dispute regarding the Note to be litigated in state court in Caddo Parish. See Record Documents 29-1 & 34-1. Defendant, however, contends the forum selection clause in the Note is permissive and does not establish state court in Caddo Parish as the exclusive forum. See Record Document 32-1 at 9–10. In its reply, Plaintiffs contend the Note's forum selection clause is unambiguous and clearly requires litigation in state court in Caddo Parish. See Record Document 33 at 3–6.

**LAW AND ANALYSIS**

I.  **Legal Standard**

Plaintiffs' motion is styled as a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for *forum non conveniens*. See Record Document 29. However, Lucky Family asserts Rule 12(b)(6) is the incorrect procedural mechanism to enforce a forum selection clause. See Record Document 32-1 at 7. Rather, Lucky Family asserts Plaintiffs' Motion must be analyzed under 28 U.S.C. § 1404(a) utilizing the doctrine of *forum non conveniens*. See id. at 8.

The Supreme Court clarified the proper mechanism for enforcing forum selection clauses in Atlantic Marine Construction Co., Inc. v. U.S. District Court for the W. District of Texas, 571 U.S. 49, 134 S.Ct. 568 (2013). Atlantic Marine's disputed forum selection clause concerned a transfer to another United States District Court. There, the Court held the proper mechanism for enforcement of the forum selection clause was under 28 U.S.C. § 1404(a). See id. at 59. The Court also clarified the proper mechanism of enforcement for a forum selection clause that calls for litigation in a domestic state court or foreign

court is through a motion to dismiss on grounds of *forum non conveniens*. See id. at 60. However, these procedural mechanisms only apply where the forum selection clause is mandatory and enforceable. See Weber v. PACT XXP Tech., AG, 811 F.3d 758, 766 (5th Cir. 2016). Here, because the forum selection clause in the Note potentially calls for litigation in a domestic state court, the proper procedural mechanism is a motion to dismiss on grounds of *forum non conveniens*.

Typically, a court applying a *forum non conveniens* analysis must decide whether there is an adequate alternative forum and, if so, decide which forum is best-suited for the litigation by considering a variety of private and public-interest factors, while giving deference to plaintiff's choice of forum. See Barnett v. DynCorp Int'l, L.L.C., 831 F.3d 296, 300 (5th Cir. 2016). However, a forum selection clause simplifies this analysis in two ways. First, "the plaintiff's choice of forum merits no weight," because, by agreeing via contract to litigate in a specific forum, "the plaintiff has effectively exercised its 'venue privilege' before a dispute arises." Atl. Marine, 571 U.S. at 63. Second, the court will only consider the public-interest factors because the private-interest factors "weigh entirely in favor of the preselected forum." Id. at 64. Therefore, "in all but the most unusual cases," the forum selection clause will be upheld. Id. at 66.

**II.     Analysis**

The Court must first determine whether the forum selection clause at issue is mandatory or permissive. Only mandatory and enforceable forum section clauses justify transfer or dismissal. See Weber, 811 F.3d at 768. A permissive forum selection clause "authorizes jurisdiction or venue in a selected forum but does not prohibit litigation elsewhere." See Bentley v. Mut. Benefits Corp., 237 F. Supp. 2d 699, 701 (S.D. Miss.

2002). By contrast, a mandatory forum selection clause has "express language limiting the action to the courts of a specific locale." Id. A forum selection clause is mandatory only if it "contains clear language specifying that litigation *must* occur in the specified forum." Weber, 811 F.3d at 768.

The disputed forum selection clause reads: "The exclusive venue for collection of the Note or for any dispute arising with respect to the Note shall be Caddo Parish, Louisiana, and Maker and Payee consent to venue and jurisdiction in such forum for such purposes." Record Document 51-1. The Fifth Circuit was presented with a similar forum selection clause in Alliance Health Group v. Bridging Health Options, which read: "exclusive venue for any litigation related hereto shall occur in Harrison County, Mississippi." 553 F.3d 397, 399 (5th Cir. 2008). There, the court found the venue provision was permissive because both Harrison County had both a federal and state court house, allowing for litigation in either the federal or state court. See id. at 400.

Here, the forum selection clause calls for litigation in Caddo Parish, which has both a federal and a state court house. This clause does not contain the type of clear and compulsory language identifying state court in Caddo Parish as the only valid forum. Rather, the clause "allow[s] but do[es] not require litigation" in state court. Waste Mgmt. of Louisiana v. Jefferson Parish, 594 F. App'x 820, 821 (5th Cir. 2014). The case law is clear that a forum selection clause is mandatory only if there is one interpretation of the clause. See Bentley, 237 F. Supp. 2d at 701. Therefore, because this clause could be interpreted to require litigation in either state or federal court in Caddo Parish, the disputed forum selection clause is permissive.

Plaintiffs' attempts to distinguish the disputed forum selection clause from <u>Alliance Health</u> is unpersuasive. First, Plaintiffs assert the Note's forum selection clause "explicitly designates a single forum for dispute resolution," while the <u>Alliance Health</u> clause "implicitly references a set of possible courts." Record Document 33 at 4. More specifically, Plaintiffs argue that the use of the singular form of "forum" and "the" clearly demonstrate only one permissible forum. <u>Id.</u> But this argument is without merit because while the disputed clause may implicitly refer to one forum it fails to clearly demonstrate *which forum* in Caddo Parish is proper. This ambiguity is present regardless of whether the singular or plural form is used. Thus, the clause does not explicitly designate a single forum.

Plaintiffs also assert that because the Note's forum selection clause does not have a preposition before "Caddo Parish," the clause is not limited to a certain geographic area, unlike the clause in <u>Alliance Health</u>. Record Document 33 at 5. This argument is also without merit. The disputed clause is focused on a place, Caddo Parish, Louisiana, not a court. This is made clear by the absence of the words "state courts" or even "courts" from the clause. The clause is limited to a certain geographic area, and therefore, allows for litigation in either the state or federal court house in Caddo Parish.

Finally, Plaintiffs assert that the clause is clearly limited to state court because the Note's forum selection clause identifies both venue and jurisdiction. <u>See</u> Record Document 33 at 5. Plaintiffs contend that because the First Judicial District Court is the only court that "has jurisdiction coextensive with the borders of Caddo Parish," then the clause could only be referring to state court. Record Document 33 at 6; <u>see also</u> La. R.S. 13:477(1). The United States District Court for the Western District of Louisiana also has

jurisdiction over Caddo Parish. See 28 U.S.C. § 98(c). It is of no matter that this Court also has jurisdiction over other parishes. The clause makes no requirement that the forum's jurisdiction must be limited solely to Caddo Parish. Therefore, this argument is unpersuasive.

Furthermore, Plaintiffs chose to file the instant suit about the sale of the Note in federal court. Plaintiffs cannot then turn around and seek to dismiss Defendant's counterclaim regarding payment of the Note on grounds of a forum selection clause. If the forum selection clause truly is mandatory, as Plaintiffs vigorously assert, then they are also bound by the same clause and their claims must also be dismissed. Plaintiffs may not pick and choose the enforceability of this forum selection clause to their benefit.

The disputed forum selection clause is permissive because it "allow[s] but do[es] not require litigation in a designated forum." Waste Mgmt. of Louisiana, 594 F. App'x at 821. As such, the Fifth Circuit has made clear that district courts need not transfer or dismiss cases involving permissive clauses. See id. Thus, this Court declines to dismiss this case, and Magnolia and Mr. Lollar's Motions to Dismiss are **DENIED**.

## CONCLUSION

Based on the foregoing reasons, Magnolia's Motion to Dismiss (Record Document 29) is **DENIED** and Mr. Lollar's Motion to Dismiss (Record Document 34) is also **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this the 21st day of January, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT