UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MAGNOLIA ISLAND PLANTATION,          CIVIL ACTION NO. 5:18-CV-1526
ET AL.

VERSUS                               DISTRICT JUDGE:
                                     HON. S. MAURICE HICKS, JR.

LUCKY FAMILY, L.L.C., ET AL.         MAGISTRATE JUDGE:
                                     HON. KAREN L. HAYES

## ANSWER TO FIRST AMENDED AND RESTATED COMPLAINT, DEFENSES, AND COUNTERCLAIM

NOW INTO COURT, through undersigned counsel, comes Bossier Parish Sheriff Julian C. Whittington, in his official capacity (hereinafter "Defendant"),who answers the "First Amended and Restated Amended Complaint to Annul Sheriff's Sale and for Other Relief," Rec. Doc. 51, referred to hereinafter as the "Amended Complaint," as follows:

### AFFIRMATIVE DEFENSES

#### First Defense

The Amended Complaint fails to state a federal law or state law claim against the defendants upon which relief can be granted.

#### Second Defense

Plaintiffs' Amended Complaint is vague and fails to state plaintiffs' claims against the defendants with necessary specificity.

#### Third Defense

Defendant is entitled to qualified immunity. *See White v. Pauly*, 137 S.Ct. 548, 551 (2017); *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011); *Malley v. Briggs*, 475 U.S. 335 (1986); *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011).

**Fourth Defense**

Defendant denies that he breached any duty to plaintiffs, if any such duty was owed, or in any way was at fault or that any actions or non-actions on defendants' part caused or contributed to any event or injury complained of by plaintiffs.

**Fifth Defense**

To the extent plaintiffs have suffered any damages relating to the claims alleged in the Amended Complaint (which are disputed), plaintiffs should be denied any relief for failure to mitigate their damages.

**Sixth Defense**

At all relevant times relating to plaintiffs' claims alleged in the Amended Complaint (which are disputed), defendants' conduct was innocent, in good faith and justified by legitimate purposes. Defendants acted lawfully, reasonably, and in good faith at all times relevant to this litigation.

**Seventh Defense**

Plaintiffs do not have a constitutionally protected property right that has been taken or damaged by the defendants.

**Eighth Defense**

Defendants have not violated any constitutional or statutory right of plaintiffs.

**Ninth Defense**

Defendant's investigation of the claims asserted in the Amended Complaint is continuing, and Defendant reserves the right to assert additional affirmative defenses, third-party claims, and counterclaims that may now exist or in the future may be available based on discovery and further factual investigation of this case.

**Tenth Defense**

Defendant is entitled to recover all costs of this action, including reasonable attorneys' fees, pursuant to 42 U.S.C.A § 1988.

**ANSWER**

AND NOW further answering, Defendant denies each and every allegation contained in plaintiffs' Amended Complaint, except as admitted below:

1. The allegations of paragraph 1 of the Amended Complaint are denied.

2. To the extent a response is required, the allegations of paragraph 2 of the Amended Complaint are admitted.

3. It is admitted that the Defendant as sheriff is defined as a political subdivision under Louisiana Revised Statutes 13:5102. However, it is denied that the sheriff is defined as a political subdivision of Bossier Parish. The remaining allegations of paragraph 3 of the Amended Complaint are admitted.

4. The allegations of paragraph 4 of the Amended Complaint are admitted.

5. The allegations of paragraph 5 of the Amended Complaint are admitted.

6. It is admitted that Defendant conducted a sheriff's sale on October 24, 2018, at the Bossier Parish Courthouse. It is admitted that the sale was of the Note under an executory judgment of the State Court, from which no suspensive appeal had been taken. It is admitted that the aforementioned judgment was later reversed on appeal. It is admitted that Mr. Lucky filed two notices of lis pendens. It is admitted that Mr. Lucky filed "W. A. Lucky, III vs. Barbara Marie Carey Lollar, et al.," number 155,382; Section A ("Lucky II") in the State Court seeking a judgment that the *Credit Sale Deed with Vendor's Lien and Special Mortgage*, and the *Exchange Deed, with Assumption of Mortgage*, and

3

the ostensible transfers of the property described therein were null, void, and of no effect. Otherwise, the allegations of paragraph 6 of the Amended Complaint are either not allegations of fact that require an answer or are denied.

7. Defendant admits that Mr. Lollar made the Note, Exhibit A, which is the best evidence of its contents and, on its face, is payable to Ms. Lollar or her order in the principal amount of $1,730,000.00 in installments and a balloon payment. It is admitted that a copy of the Note is attached as Exhibit A to the Amended Complaint. Defendant denies the allegations of paragraph 7 of the Amended Complaint to the extent that they are inconsistent with the foregoing.

8. It is admitted that on November 2, 2017, Ms. Lollar and Mr. Lollar executed the *Credit Sale Deed with Vendor's Lien and Special Mortgage*, a copy of which is attached as Exhibit B to the Amended Complaint, which is the best evidence of its contents and which was recorded in the conveyance and mortgage records of Bossier Parish, Louisiana, and which secures the payment of the Note. Otherwise, the allegations of paragraph 8 of the Amended Complaint are denied.

9. The allegations of paragraph 9 of the Amended Complaint are denied for lack of sufficient information to form a belief as to the truthfulness thereof.

10. It is admitted that on November 2, 2017, Mr. Lollar and Magnolia executed the *Exchange Deed, with Assumption of Mortgage*, a copy of which is attached as Exhibit C to the Amended Complaint, which is the best evidence of its contents and which was recorded in the conveyance and mortgage records of Bossier Parish, Louisiana. It is admitted that the *Exchange Deed, with Assumption of Mortgage* on its face conveyed the

property described therein to Magnolia. Otherwise, the allegations of paragraph 10 of the Amended Complaint are denied.

11.     It is admitted that Mr. Lucky filed the original petition in the lawsuit referred to as Lucky I on September 10, 2008. It is admitted that a trial was held on beginning on August 28, 2017. That trial was concluded on August 30, 2017, and a briefing schedule was established such that the case would be deemed submitted for a decision on November 3, 2017. Otherwise, the allegations of paragraph 11 of the Amended Complaint are denied.  Further answering, the cited exhibits are the best evidence of their content.

12.  The allegations of paragraph 12 are denied for lack of information sufficient to justify belief therein.

13.  It is admitted that the *Notice of Lis Pendens*, a copy of which is attached as Exhibit E to the Amended Complaint and which is referred to as the 2017 Lis Pendens, was filed on December 11, 2017, in the mortgage records of Bossier Parish, Louisiana. It is admitted that the 2017 Lis Pendens is the best evidence of its contents. Otherwise, the allegations of paragraph 13 of the Amended Complaint are denied.

14. It is admitted that the *Judgment* in Lucky I was rendered on December 19, 2017, and signed and filed on January 5, 2018, and that the 2017 Lis Pendens was recorded on December 11, 2017. Otherwise, the allegations of paragraph 14 of the Amended Complaint are denied for lack of information sufficient to justify belief therein.

15.  It is admitted that, after the *Judgment* was signed in Lucky I, Mr. Lucky filed Lucky II seeking a judgment that the *Credit Sale Deed with Vendor's Lien and Special Mortgage*, and the *Exchange Deed, with Assumption of Mortgage*, and the ostensible

transfers of the property described therein were null, void, and of no effect. Otherwise, the allegations of paragraph 15 are denied.

16. It is admitted that the notice of lis pendens, a copy of which is attached as Exhibit F to the Amended Complaint and which is referred to as the 2018 Lis Pendens, was filed on February 20, 2018, in the mortgage records of Bossier Parish, Louisiana. It is admitted that the 2018 Lis Pendens is the best evidence of its contents. Otherwise, the allegations of paragraph 16 of the Amended Complaint are denied.

17.  It is admitted that Mr. Lucky dismissed his claims in Lucky II after the *Judgment* in Lucky I had been reversed. It is admitted that both the reversal of the State Court's *Judgment* in Lucky I and the dismissal of Mr. Lucky's claims in Lucky II were after the Note had been sold at the sheriff's sale.

18. The allegations of paragraph 18 of the Amended Complaint are denied for lack of information sufficient to justify belief therein.

19. It is admitted that on May 31, 2018, Mr. Lucky filed an *Ex Parte Motion for Production of Property and Alternative Motion for Contempt*, which is the best evidence of its contents, in Lucky I, and that a writ of fieri facias was issued to enforce the *Judgment* that had been rendered in Mr. Lucky's favor and which was lawfully subject to being enforced by execution. It is admitted that Mr. Lucky prayed for an order directing Ms. Lollar to deliver the Note to the Bossier Parish sheriff. It is admitted that a devolutive appeal was then pending. Otherwise, the allegations of paragraph 19 of the Amended Complaint are denied.

20.     The allegations of paragraph 20 of the Amended Complaint are admitted.

21.     It is admitted that Mr. Lucky also filed a M*otion to Examine Judgment Debtor and for Discovery Concerning Judgment Debtor* on May 31, 2018. It is admitted that Mr. Lucky requested the issuance of a writ of fieri facias in the aforementioned motion and the production of certain documents listed therein.

22.     It is admitted that the State Court signed the order on the *Motion to Examine Judgment Debtor and for Discovery Concerning Judgment Debtor* without a contradictory hearing.

23.     It is admitted that Mr. Lucky requested a subpoena duces tecum for the original Note to be produced in court on July 5, 2019, which was served on Ms. Lollar through her attorney, and that the hearing set by the State Court on the issue whether the Note could be seized was still pending. Otherwise, the allegations of paragraph 23 are denied.

24.  The allegations of paragraph 24 are denied.

25.  It is admitted that there was a hearing on July 5, 2018, on the aforementioned *Ex Parte Motion for Production of Property and Alternative Motion for Contempt*, and that Ms. Lollar's attorneys brought the Note to court. It is admitted that the State Court ruled that the Note be seized as requested by Mr. Lucky, and that counsel for Ms. Lollar delivered the Note to the Sheriff. Any other allegations of paragraph 25 of the Amended Complaint are denied.

26.     Paragraph 26 contains legal conclusions that do not require a response from Defendant. To the extent a response is required, the legal conclusions in Paragraph 26 are denied. The other allegations of Paragraph 26 are denied for lack of information sufficient to justify belief therein.

27.     The allegations of paragraph 27 are denied.

28. It is admitted that the Notice of Seizure, which is attached to the Amended Complaint as Exhibit H, was issued and served upon Ms. Lollar by the Sheriff and that the Notice of Seizure is the best evidence of its contents. Any other allegations of paragraph 28 of the Amended Complaint are denied.

29. It is admitted that the Sheriff served notice on Mr. Lucky and Ms. Lollar as required by law. Any allegations of Paragraph 29 of the Amended Complaint to the contrary are denied. The Sheriff acted in full compliance with the law. Mr. Powell attended the sheriff sale conducted on October 24, 2018. Both Ms. Lollar (through her attorney Mr. Powell) and Magnolia (through its registered agent Mr. Powell) received and had *actual* notice of the October 24, 2018, sheriff sale. Magnolia was not entitled to notice of the sheriff sale because (a) Magnolia had no property interest in the Note, and (b) Louisiana Revised Statutes 13:4363 did not require Magnolia to be served.

30. It is admitted that the Notice of Seizure, which is attached to the Amended Complaint as Exhibit H, was issued and served upon Ms. Lollar by the Sheriff and notified Ms. Lollar to appoint an appraiser by October 19, 2018 and that it is the best evidence of its contents.

31. It is admitted that Mr. Chad Garland was appointed to appraise the Note for Mr. Lucky, and he appraised the Note as having a value of $173,000 as set forth on the Appraisement Sheet which is Exhibit I to the Amended Complaint. It is denied that no written appraisal was kept on file by the Sheriff for Mr. Garland's appraisal amount. The Appraisement Sheet, Exhibit I to the Amended Complaint, is a written appraisal by Mr.

Garland and was received by the Sheriff. Any other allegations of paragraph 31 of the Amended Complaint to the contrary are denied.

32. It is admitted that Ms. Lollar appointed John Dean to appraise the Note for her, and he appraised the Note as having a value of $1,478,048.68 as set forth on the Appraisement Sheet which is Exhibit J to the Amended Complaint and which is a single two-page document.

33. It is admitted that Louisiana Revised Statutes 13:4365(B) reads as quoted. It is admitted that because the difference in value between the appraisals by Mr. Garland and Mr. Dean mathematically exceeded two hundred and fifty thousand dollars, and the value assigned by Mr. Garland was not at least ninety percent of the value assigned by Mr. Dean, Louisiana Revised Statutes 13:4365(B) required that Defendant appoint a third appraiser whose decision the law provides shall be final. Any allegations of paragraph 33 of the Amended Complaint to the contrary are denied

34. It is admitted that the Sheriff in fact appointed Mr. Patrick Lacour as the third appraiser in accordance with Louisiana Revised Statutes 13:4365(B). Any other allegations of paragraph 34 of the Amended Complaint are denied.

35.    It is admitted that Mr. Lucky's counsel wrote the letter, Exhibit K, to Mr. Lacour on October 10, 2018, and that it was not then known whether a third appraiser would be appointed.

36.    It is admitted that the letter, Exhibit K, is the best evidence of its contents. Otherwise, the allegations of paragraph 36 of the Amended Complaint are denied.

37.    It is admitted that the letter, Exhibit K, is the best evidence of its contents. Otherwise, the allegations of paragraph 37 of the Amended Complaint are denied.

9

38.     It is admitted that the letter, Exhibit K, is the best evidence of its contents. Otherwise, the allegations of paragraph 38 of the Amended Complaint are denied.

39. It is admitted that Mr. Lacour appraised the note at a value of $157,009.22. The documents that are Exhibit L, consisting of a letter, a worksheet, a curriculum vitae, and a two-page appraisement sheet, are the best evidence of their own contents. Any allegations of paragraph 39 to the contrary are denied.

40.   The allegations of paragraph 40 of the Amended Complaint are denied.

41. Defendant denies the allegations of Paragraph 41 of the Amended Complaint.

42.  It is admitted that Mr. Garland and Mr. Lacour considered such facts as they deemed relevant in rendering their respective appraisals. It is admitted that Mr. Lucky has dismissed his claims in Lucky II and has cancelled the notices of lis pendens. Otherwise, the allegations of paragraph 42 are denied.

43.  The allegations of paragraph 43 are denied.

44.  It is admitted that on October 22, 2018, just two days before the sheriff's sale, Mr. Powell, plaintiffs' counsel who is also the registered agent for service of process for Magnolia, filed a Petition for Preliminary Injunctive Relief with the State Court in Lucky I. It is admitted that that effort failed, and the State Court judge determined that the Petition for Preliminary Injunctive Relief was moot. Otherwise the allegations of Paragraph 44 are denied.

45. It is admitted that the Note was offered at the sheriff's sale with a minimum bid of two-third of the third and final appraisal, and that Lucky Family, L.L.C. made the highest bid of $105,000.00, thereby purchasing the Note. Any other allegations of paragraph 45 of the Amended Complaint are denied.

46. The allegations of paragraph 46 of the Amended Complaint are denied for lack of information upon which to form a belief as to the truthfulness thereof.

47. The allegations of paragraph 47 are denied.

48.  The allegations of paragraph 48 of the Amended Complaint are denied.

49. The allegations of paragraph 49 of the Amended Complaint are denied.

50. The allegations of paragraph 50 of the Amended Complaint require no further response, but to the extent one may be required, the answers set forth above are incorporated by reference.

51.  It is admitted that Louisiana Revised Statutes 13:4365(B) provides for the appointment of a third appraiser. It is denied that the statute requires an "independent" appraiser to be appointed. It is denied that Defendant allowed his role to be fulfilled by Mr. Lucky. The remaining allegations of paragraph 51 of the Amended Complaint are denied.

52.  It is denied that Defendant allowed Mr. Lucky to select the third appraiser. It is denied that Mr. Lucky is a "preferred party." It is denied that Louisiana Revised Statutes 13:4365(B) is to address "discrepancies" between the appraisals by the appraisers. It is denied that Mr. Lacour's appraisal is "biased and tainted." Further answering, paragraph 52 of the Amended Complaint is not supported by the law or the facts.

53.  The allegations of paragraph 53 of the Amended Complaint are denied. Further answering, paragraph 53 of the Amended Complaint is not supported by the law or the facts.

54.  The allegations of paragraph 54 of the Amended Complaint are denied.

55.  It is admitted that the Note was purchased by Lucky Family, L.L.C. Otherwise, the allegations of paragraph 55 of the Amended Complaint are denied.

56.  The allegations of paragraph 56 of the Amended Complaint are denied.

57.  The allegations of paragraph 57 of the Amended Complaint are denied.

58.  The allegations of paragraph 58 of the Amended Complaint are denied.

59.  To the extent this paragraph 59 alleges the Sheriff's sale was manipulated, the allegations are denied for lack of information sufficient to justify belief therein. The remaining allegations of paragraph 59 of the Amended Complaint are denied.

60. The allegations of paragraph 60 of the Amended Complaint require no further response, but to the extent one may be required, the answers set forth above are incorporated by reference.

61.  The allegations of paragraph 61 of the Amended Complaint are denied.

62.  The allegations of paragraph 62 of the Amended Complaint are denied for lack of information sufficient to justify belief therein.

63.  The allegations of paragraph 63 of the Amended Complaint are denied for lack of information sufficient to justify belief therein.

64.  Defendant admits that the Note was seized and sold in accordance with law. Otherwise, the allegations of paragraph 64 of the Amended Complaint are denied for lack of information sufficient to justify belief therein.

65.  The allegations of paragraph 65 of the Amended Complaint are denied. The allegations above in answer to paragraph 14 are hereby incorporated in answer to paragraph 65 of the Amended Complaint.

66. The allegations of paragraph 66 of the Amended Complaint are denied. Notice was served on Ms. Lollar through her attorney, Mr. Powell, who was also Magnolia's registered agent and who was present at the sheriff's sale.

67.  The allegations of paragraph 67 of the Amended Complaint are denied.

68.  The allegations of paragraph 68 of the Amended Complaint are denied. Further answering, paragraph 68 of the Amended Complaint is simply not supported by the law or the facts.

69.  The allegations of paragraph 69 of the Amended Complaint are denied. Further answering, paragraph 69 of the Amended Complaint is simply not supported by the law or the facts.

70.  The allegations in paragraph 70 of the Amended Complaint are denied.

71.  The allegations of paragraph 71 of the Amended Complaint require no answer but to the extent same may be required, the allegations are denied.

AND NOW, for his counterclaim, Bossier Parish Sheriff Julian C. Whittington, in his official capacity ("Counterclaimant"), respectfully represents:

1.    Made defendants on this counterclaim are Barbara Marie Carey Lollar and Magnolia Island Plantation, L.L.C.

2.    Barbara Marie Carey Lollar and Magnolia Island Plantation, L.L.C. have filed this action against Counterclaimant under 42 U.S.C. §§ 1983.  42 U.S.C. § 1988 provides that, in any action or proceeding to enforce a provision of section 1983, the Court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

3.      Counterclaimant desires and is entitled to be awarded attorney's fees upon prevailing in this action.

WHEREFORE, BOSSIER PARISH SHERIFF JULIAN C. WHITTINGTON, IN HIS OFFICIAL CAPACITY PRAYS:

I.      That the above and foregoing answer be deemed good and sufficient, and after due proceedings, there be judgment rendered in defendants' favor and against plaintiffs, dismissing plaintiffs' claims, with prejudice, and at plaintiffs' costs;

II.     That defendant, as counterclaimant, recover all costs of this action, including reasonable attorney's fees pursuant to 42 U.S.C. §1988;

III.    That defendant, as counterclaimant, recover judicial interest; and

IV.     For all other and further relief as this Court may deem appropriate.


LANGLEY PARKS, LLC



By: S / Julianna P. Parks
    Glenn L. Langley, Bar Roll No. 8019
    Julianna P. Parks, Bar Roll No. 30658
401 Market Street, Suite 1100
Shreveport, Louisiana 71101
(318) 383-6422 Telephone
(318) 383-6405 Telefax

**Attorney for Julian C. Whittington,
Sheriff of Bossier Parish**

14