JEAN HORNE                                               11/20/2019

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| MAGNOLIA ISLAND PLANTATION, LLC, AND BARBARA MARIE CAREY LOLLAR | CIVIL ACTION NO. 5:18-CV-1526 |
| VERSUS | DISTRICT JUDGE: S. MAURICE HICKS, JR. |
| LUCKY FAMILY, LLC, ET AL. | MAGISTRATE JUDGE: KAREN L. HAYES |

DEPOSITION OF JEAN HORNE
November 20, 2019

Reported By:
Donna B. Crenshaw, CCR, CSR

1  earlier when you testified that Exhibit 9 to the
2  Miller deposition that Mr. Powell showed you was not
3  normal, you meant that you -- explain to me what you
4  meant by that.
5      A.   I don't -- I've never seen this.
6      Q.   Okay.  But you also testified that it's not
7  normal for the sheriff's office to seize a promissory
8  note; correct?
9      A.   That's correct.
10          MS. PARKS:  Okay.  That's all I have.
11          EXAMINATION
12 BY MR. POWELL:
13     Q.   I have a few follow-up.  Mr. Touchstone asked
14 you that if I was to send, as the debtor's counsel,
15 information to Mr. Lacour, the sheriff's office
16 wouldn't have any issue with that.  And I may be not
17 saying it exactly, but my question is, I've reviewed
18 this -- there all the documents provided by the
19 sheriff's office.  I believe I've reviewed the record.
20 At no point do I show that the sheriff's office
21 contacted the debtor or debtor's counsel informing
22 them of Mr. Lacour's identity.
23          Are you aware of any communication to debtor
24 or debtor's counsel that would inform us of
25 Mr. Lacour's identity prior to him making the

JEAN HORNE 11/20/2019

49

```
 1  appraisal?
 2       A.   I am not.
 3       Q.   Okay.  Was there any communication to
 4  debtor's counsel regarding Mr. Lacour?
 5       A.   I do not know.
 6       Q.   Who would know that?  Would it be Kim
 7  Flournoy?
 8       A.   Yes.
 9       Q.   If there was communication with debtor or
10  debtor's counsel, the sheriff's office could provide
11  that in this matter; correct?
12       A.   It's part of what's on record.
13       Q.   If it's -- if there was communication with
14  the debtor or debtor's counsel regarding Mr. Lacour's
15  identity prior to his appraisal, the sheriff's office
16  could provide evidence of that?
17       A.   If there was.
18            MR. SHELTON:  I'm -- she was asked and
19  answered that.  Okay.  Go ahead.  If there was.  Okay.
20  If there was evidence.
21            THE WITNESS:  If.
22  BY MR. POWELL:
23       Q.   Yeah.  They could provide that.  Okay.  We've
24  discussed how this was a -- I believe y'all used the
25  term "unusual."  I may have said that wrong, but this
```