UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MAGNOLIA ISLAND PLANTATION, L.L.C.; AND BARBARA MARIE CAREY LOLLAR | CIVIL ACTION NO. 5:18-CV-1526 |
| | DISTRICT JUDGE: ELIZABETH E. FOOTE |
| V. | MAGISTRATE JUDGE: KAREN L. HAYES |
| LUCKY FAMILY, L.L.C., ET AL. | JURY TRIAL DEMANDED |

**LUCKY FAMILY, L.L.C.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION**

NOW COMES, through undersigned counsel, Lucky Family, L.L.C. which responds to the interrogatories and requests for production propounded by Magnolia Island Plantation, L.L.C., as follows:

**INTERROGATORIES**

Interrogatory No. 1:

Identify each current or past member of Lucky Family.

**Answer to Interrogatory No. 1:**

The current members of Lucky Family, L.L.C. are the following:

1) Mrs. Vickie Talley Lucky, 151 Lucky Lane, Bossier City, LA 71112;

2) Ms. Jennifer Joyce Lucky, 144 Lucky Lane, Bossier City, LA 71112;

3) Mr. William A. Lucky, IV, 5810 Caspiana Lane, Bossier City, LA 71112; and

4) Ms. Heidi Lucky Hamm, 5824 Bluebonnet Drive, Bossier City, LA 71112.

The past member of Lucky Family, L.L.C. prior to donation of his interests to Vickie Talley Lucky on November 22, 2000, was:

1) Mr. W. A. Lucky, III, 151 Lucky Lane, Bossier City, LA 71112.

EXHIBIT 10
Opposition to W.A. Lucky III's Rule 56 Motion

Interrogatory No. 2:

Identify any person or persons who are not members of Lucky Family but have a financial or beneficial interest in Lucky Family.

**Answer to Interrogatory No. 2:**

Respondent is unaware of the existence of any such person.

Interrogatory No. 3:

Identify the current and former managers of Lucky Family.

**Answer to Interrogatory No. 3:**

The current Manager of Lucky Family is Mrs. Vickie Talley Lucky, 151 Lucky Lane, Bossier City, LA 71112.

William A. Lucky, III and Vickie Talley Lucky were the only managers of the Company, until William A. Lucky, III transferred his remaining interest in the Company on November 22, 2000.

Interrogatory No. 4:

Describe any familial relationship between the members identified in response to Interrogatory No. 1 and W. A. Lucky, III.

**Answer to Interrogatory No. 4:**

W.A. Lucky, III is the husband of Vickie Talley Lucky, and the father of Jennifer Joyce Lucky, Heidi Lucky Hamm, and William A. Lucky, IV.

EXHIBIT 10
Opposition to W.A. Lucky III's Rule 56 Motion

Interrogatory No. 5:

Identify and describe all communications between any manager or member of Lucky Family, its representatives or legal counsel, and W. A. Lucky, III, his representatives or legal counsel, which relate, refer, or pertain to Lucky I, Lucky II, the Note, the Sheriff Sale, and/or the Property, including the identification of when, and with whom such communications occurred, as well as identifying any documents reflecting such communications.

**Answer to Interrogatory No. 5:**

The only communications by Lucky Family, L.L.C. with W.A. Lucky, III, or his agents before the purchase of the Note were discussions between Vickie Lucky and W.A. Lucky, III. The specifics of those discussions are privileged under the marital privilege. The only communication by Lucky Family, L.L.C. with W.A. Lucky, III, or his agents, after the purchase of the Note were with Lucky Family's legal counsel, David M. Touchstone and Dylan D. Touchstone; the specifics of those communications are protected by work product privilege. The only communications by any representatives of Lucky Family, L.L.C. (other than Vickie Lucky) with W.A. Lucky, III, or any of his representatives, are those that were undertaken by Lucky Family, L.L.C.'s legal counsel, David M. Touchstone and Dylan D. Touchstone, with other persons in defense of this case and preparation for trial. These communications are privileged as work product.

EXHIBIT 10
Opposition to W.A. Lucky III's Rule 56 Motion

Interrogatory No. 6:

Identify and describe any communications between any manager or member of Lucky Family and the Sheriff, his representatives or legal counsel, which relate, refer, or pertain to Lucky I, Lucky II, the Note, the Sheriff Sale, and/or the Property, including the identification of when, and with whom such communications occurred, as well as identifying any documents reflecting such communications.

**Answer to Interrogatory No. 6:**

The only communication of Lucky Family, L.L.C. or its representatives with any representative of the Sheriff occurred when Vickie Lucky presented the funds used to purchase the Note at the Sheriff Sale. Vickie Lucky presented the funds to a sheriff's deputy, whose identity she cannot recall.

Interrogatory No. 7:

Describe how Lucky Family became aware that the Sheriff Sale would include the Note, including the identification of any documents which made Lucky Family aware that the Note would be sold at the Sheriff Sale.

**Answer to Interrogatory No. 7:**

Respondent does not know the exact circumstances through which Lucky Family became aware the Note would be sold at Sheriff Sale. Vickie Lucky was involved throughout the litigation of Lucky I and Lucky II and as best she can recall was made aware of that fact either by her husband or one of her husband's lawyers in those two suits. As to which documents provoked an awareness of the Note being sold, Respondent can identify only the Promissory Note and Credit Sale Deed with Vendor's Privilege which have been previously disclosed under Rule 26.

EXHIBIT 10
Opposition to W.A. Lucky III's Rule 56 Motion

Interrogatory No. 8:

Identify all instances where Lucky Family has made a purchase from a sheriff's sale, including the identification of each particular sheriff's sale (for example: date, parish or county, State, location) and the identification of the item purchased at each sheriff sale.

**Answer to Interrogatory No. 8:**

Respondent is unaware of any other instances in which Lucky Family has made a purchase at a sheriff's sale.

Interrogatory No. 9:

Identify all negotiable instruments and/or promissory notes currently owned by Lucky Family, including a description of the particular instrument, its principal amount, terms of repayment and its date of acquisition by Lucky Family.

**Answer to Interrogatory No. 9:**

Respondent objects to Interrogatory No. 9 because the information requested by Interrogatory No. 9 is outside the scope of discoverable information described under FRCP Rule 26 (b)(1). The existence and minutia of promissory notes held by Lucky Family, L.L.C., other than the one central to this dispute, are not "relevant to any party's claim or defense."

However, Respondent does herein identify a Promissory Note held by Lucky Family which is relevant to the parties, as its original payee was Coyote Land Company, L.L.C. an entity with W.A. Lucky, III as its sole member. The Maker of the Note was H & H Operating, L.L.C. The Note was made for the principal amount of $386,689.11, with an interest rate of 6%, payable in one installment on June 26, 2019. Ownership of the Note was transferred by act of assignment from Coyote Land Company, L.L.C. to Lucky Family, L.L.C. as reimbursement for financing a

EXHIBIT 10
Opposition to W.A. Lucky III's Rule 56 Motion

real estate transaction. All relevant documents are produced, and the transaction more fully explained, in Respondent's Response to Request for Production No. 18

Interrogatory No. 10:

Identify all due diligence and/or preparation undertaken by Lucky Family, or performed on Lucky Family's behalf, in regards to the Note and/or Sheriff's Sale prior to Lucky Family's purported purchase of the Note at the Sheriff Sale.

**Answer to Interrogatory No. 10:**

The extent of preparation taken by Vickie Lucky was to contact legal counsel David M. Touchstone to have him evaluate the potential purchase of the Note. David M. Touchstone would go on to purchase the Note on behalf of Lucky Family, L.L.C. Any communications David M. Touchstone had with Vickie Lucky regarding the purchase of the note is confidential under attorney-client privilege. The specifics of any discussion between David M. Touchstone and other parties regarding any legal issues concerning the Note fall under the work product privilege.

Interrogatory No. 11:

Identify all information or documents relied upon in making your decision to attempt to purchase the Note at Sheriff Sale.

**Answer to Interrogatory No. 11:**

The documents relied upon in making the decision to purchase the Note consist of the Note itself, and the Credit Sale Deed with Vendor's Privilege. Further, Vickie Lucky utilized her general knowledge regarding land values in the area.

EXHIBIT 10
Opposition to W.A. Lucky III's Rule 56 Motion

Interrogatory No. 12:

Identify all persons whom you intend to call as witnesses at the trial of any hearing or any trial of the merits of this case, and for each please provide a summary of the facts to which the witness is expected to testify, whether the witness will be called as an expert, and the source of the person's knowledge.

**Answer to Interrogatory No. 12:**

1. Ms. Barbara Marie Carey Lollar, 6225 Tributary Court, Bossier City, LA 71112; Plaintiff has discoverable information about the facts and events alleged in the complaint, the documents listed below, and the facts and events surrounding those documents.

2. Mr. Ronald William Lollar, 6225 Tributary Court, Bossier City, LA 71112; has discoverable information about the facts and events alleged in the complaint, the documents listed below, and the facts and events surrounding those documents.

3. Mr. W. A. Lucky, III, 151 Lucky Lane, Bossier City, LA 71112, (318) 549-0271; has discoverable information about the facts and events alleged in the complaint, the documents listed below, and the facts and events surrounding those documents.

4. Mrs. Vickie Talley Lucky, 151 Lucky Lane, Bossier City, LA 71112, (318) 549-0271; has discoverable information about the facts and events alleged in the complaint, the documents listed below, and the facts and events surrounding those documents. Further, she is a Manager and an officer of Lucky Family, L.L.C. and has discoverable information about the ownership and financial operations of Lucky Family, LLC.

5. Ms. Jennifer Joyce Lucky, 144 Lucky Lane, Bossier City, LA 71112, is an officer of Lucky Family, L.L.C. and has discoverable information about the ownership and financial operations of Lucky Family, LLC.

6. Mr. William A. Lucky, IV, 5810 Caspiana Lane, Bossier City, LA 71112, is an officer of Lucky Family, L.L.C. and has discoverable information about the ownership and financial operations of Lucky Family, LLC.

7. Ms. Heidi Lucky Hamm, 5824 Bluebonnet Drive, Bossier City, LA 71112, is an officer of Lucky Family, L.L.C. and has discoverable information about the ownership and financial operations of Lucky Family, LLC.

EXHIBIT 10
Opposition to W.A. Lucky III's Rule 56 Motion

8. Mr. Lewis DeMoss, CPA, 3776 Youree Drive, Shreveport, LA 71105, (318) 869-2727, has discoverable information regarding the K-1 records of Lucky Family, L.L.C., as well as its constituent Members.

9. Deputy Kimberly D. Flournoy, Bossier Parish Sheriff's Office, Civil Department, P.O. Box 850, Benton, LA 71006 (318) 865-2032; has discoverable information about the events occurring in the sheriff's sale proceedings, and communications concerning same.

10. Mr. Chad M. Garland, 900 Pierremont Road, Suite 120, Shreveport, LA 71106, (318) 220-4416; has discoverable information about his appraisal of the promissory note described below.

11. Mr. John W. Dean, 333 Texas Street, Suite 1525, Shreveport, LA 71101, (318) 429-1525; has discoverable information about his appraisal of the promissory note described below.

12. Mr. Patrick Lacour, 3820A Bayou Rapides Rd., Alexandria, LA 71303, (318) 769-9711; has discoverable information about his appraisal of the promissory note described below.

13. Ms. Ivy E. M. Johnson 330 Marshall Street, Ste. 1114, Shreveport LA 71101, is believed to have discoverable information about (a) the formation of Magnolia Island Plantation, L.L.C.; (b) Ms. Barbara Marie Carey Lollar, Mr. Ronald William Lollar, and Magnolia Island Plantation's execution of the Articles of Organization of Magnolia Island Plantation, L.L.C., along with the other documents executed to form same; (c) the Credit Sale Deed with Vendor's Privilege and Special Mortgage, Instrument No. 1179265; (d) the promissory note from Purchaser [Ronald William Lollar] to Seller [Barbara Marie Carey Carr Lollar, formerly Barbara Marie Carey Carr] in the principal amount of One Million Seven Hundred Thirty Thousand and No/100ths Dollars ($1,730,000.00) plus interest thereon at the rate of four percent (4.0%) per annum until paid, payable in four (4) consecutive annual installments of $100,046.00, the first such installment being due and payable on November 1, 2018, and a final BALLOON PAYMENT equal to all remaining principal and interest then due hereunder, due and payable on November 1, 2022; (e) the Exchange Deed with Assumption of Mortgage, Instrument No.1179266; (f) the Declaration Regarding Separation of Fruits and Revenues, Instrument No. 1179267; and (g) the Cash Sale Deed, Instrument No. 1182808.

14. Mr. J. Davis Powell, 330 Marshall Street, Ste. 1114, Shreveport, LA 71101, (318) 424-4342, is believed to have discoverable information about (a) the formation of Magnolia Island Plantation, L.L.C.; (b) Ms. Barbara Marie Carey Lollar, Mr. Ronald William Lollar, and Magnolia Island Plantation's execution of the Articles of Organization of Magnolia Island Plantation, L.L.C., along with the other documents executed to form same; (c) the Credit Sale Deed with Vendor's Lien and Special Mortgage, Instrument No. 1179265; (d) the promissory note from

-8-

EXHIBIT 10
Opposition to W.A. Lucky III's Rule 56 Motion

Purchaser [Ronald William Lollar] to Seller [Barbara Marie Carey Carr Lollar, formerly Barbara Marie Carey Carr] in the principal amount of One Million Seven Hundred Thirty Thousand and No/100ths Dollars ($1,730,000.00) plus interest thereon at the rate of four percent (4.0%) per annum until paid, payable in four (4) consecutive annual installments of $100,046.00, the first such installment being due and payable on November 1, 2018, and a final BALLOON PAYMENT equal to all remaining principal and interest then due hereunder, due and payable on November 1, 2022; (e) the Exchange Deed with Assumption of Mortgage, Instrument No.1179266; (f) the Declaration Regarding Separation of Fruits and Revenues, Instrument No. 1179267; and (g) the Cash Sale Deed, Instrument No. 1182808.

15. Nicholas O'Connor (Address and Telephone Unknown) – Witness to one or more of (a) the Credit Sale Deed with Vendor's Lien and Special Mortgage, Instrument No. 1179265; (b) the Exchange Deed with Assumption of Mortgage, Instrument No.1179266; (c) the Declaration Regarding Separation of Fruits and Revenues, Instrument No. 1179267; and (d) the Cash Sale Deed, Instrument No. 1182808.

16. Veronica M. Ogle (Address and Telephone Unknown) – Witness to one or more of (a) the Credit Sale Deed with Vendor's Lien and Special Mortgage, Instrument No. 1179265; (b) the Exchange Deed with Assumption of Mortgage, Instrument No.1179266; (c) the Declaration Regarding Separation of Fruits and Revenues, Instrument No. 1179267; and (d) the Cash Sale Deed, Instrument No. 1182808.

17. Madelyn Bryan (Address and Telephone Unknown) – Witness to one or more of (a) the Credit Sale Deed with Vendor's Lien and Special Mortgage, Instrument No. 1179265; (b) the Exchange Deed with Assumption of Mortgage, Instrument No.1179266; (c) the Declaration Regarding Separation of Fruits and Revenues, Instrument No. 1179267; and (d) the Cash Sale Deed, Instrument No. 1182808.

18. Lori Wright (Address and Telephone Unknown) – Witness to one or more of (a) the Credit Sale Deed with Vendor's Lien and Special Mortgage, Instrument No. 1179265; (b) the Exchange Deed with Assumption of Mortgage, Instrument No.1179266; (c) the Declaration Regarding Separation of Fruits and Revenues, Instrument No. 1179267; and (d) the Cash Sale Deed, Instrument No. 1182808.

19. Bradley W. Drigger, 2103 Wakefield Avenue, Bossier City, LA 71111, (318) 455-9013; notary public to Cash Sale Deed, Instrument No. 1182808.

Interrogatory No. 13:

What is the basis for your asserted defense that you are a holder in due course of the Note?

EXHIBIT 10
Opposition to W.A. Lucky III's Rule 56 Motion

**Answer to Interrogatory No. 13:**

Lucky Family, L.L.C. took the instrument (i) for value, (ii) in good faith, (iii) without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series, (iv) without notice that the instrument contains an unauthorized signature or has been altered, (v) without notice of any claim to the instrument described in R.S. 10:3-306, and (vi) without notice that any party has a defense or claim in recoupment described in R.S. 10:3-305(a).

Interrogatory No. 14:

With respect to any payment by Lucky Family, L.L.C. in order to obtain the Note at the Sheriff Sale, please identify to whom such payment was made and in what manner was the payment made (for example: check, money order, electronic transfer, wire transfer, certified check, cashier's check etc...) identifying each document that proves such payment was made.

**Answer to Interrogatory No. 14:**

Payment was made by Lucky Family, L.L.C. to Bossier Parish Sheriff Department by way of a Cashier's Check in the amount of $105,000. The Cashier's Check was purchased via check drawn from the Lucky Family, L.L.C. business account, and signed by Vickie Lucky. A copy of both the Cashier's Check and the Lucky Family, L.L.C. check have been produced in the attached documents.

EXHIBIT 10
Opposition to W.A. Lucky III's Rule 56 Motion

## REQUESTS FOR PRODUCTION

Request for Production No. 1:

Produce all documents reflecting the current and previous membership of Lucky Family.

**Response to Request for Production No. 1**

In addition to all those documents previously disclosed under Rule 26, Respondent produces the following: 1) Initial Minute Book for Lucky Family, L.L.C. containing Certificate, Articles of Organization, Operating Agreement, Application for Taxpayer Identification, Unanimous Consent of Members, and Capital Contribution; 2) Affidavit of Correction; 3) Declaration of Lewis Demoss; 4) Declaration of Vickie Talley Lucky; and 5) Declaration of William A. Lucky III.

Request for Production No. 2:

Produce all documents that show any non-member financial or beneficial interest in Lucky Family.

**Response to Request for Production No. 2**

Respondent is not aware of the existence of any such documents.

Request for Production No. 3:

Produce all documents identified in your response to Interrogatory No. 5.

**Response to Request for Production No. 3**

Respondent identified no such documents in the response to Interrogatory No. 5, and explained that (a) the only communication by Lucky Family, L.L.C. with W.A. Lucky, III, or his agents, after the purchase of the Note were with Lucky Family's legal counsel, David M.

EXHIBIT 10
Opposition to W.A. Lucky III's Rule 56 Motion

Touchstone and Dylan D. Touchstone; the specifics of those communications are protected by work product privilege; and (b) the only communications by any representatives of Lucky Family, L.L.C. (other than Vickie Lucky) with W.A. Lucky, III, or any of his representatives, are those that were undertaken by Lucky Family, L.L.C.'s legal counsel, David M. Touchstone and Dylan D. Touchstone, with other persons in defense of this case and preparation for trial; these communications are likewise privileged as work product.

Request for Production No. 4:

Produce all documents identified in your response to Interrogatory No. 6.

**Response to Request for Production No. 4**

Respondent knows of, and therefore identified, no such documents. If there are any e-mails of counsel that contain a communications by or to legal counsel and which relate, refer, or pertain to Lucky I, Lucky II, the Note, the Sheriff Sale, and/or the Property, such fall under the work product privilege.

Request for Production No. 5:

Produce all documents identified in your response to Interrogatory No. 7.

**Response to Request for Production No. 5**

The only documents identified by Respondent are the Promissory Note and Credit Sale Deed with Vendor's Privilege which have been disclosed to all parties.

Request for Production No. 6:

Produce all documents identified in your response to Interrogatory No. 9.

EXHIBIT 10
Opposition to W.A. Lucky III's Rule 56 Motion

**Response to Request for Production No. 6**

Respondent objects to this Request for Production on the grounds previously stated in Response to Interrogatory No. 9.

Respondent does produce the following: 1) Promissory Note from H & H Operating, L.L.C. to Coyote Land Company, L.L.C. in the principal amount of $386,689.11; and 2) Assignment of Mortgage Note from Coyote Land Company, L.L.C. to Lucky Family, L.L.C. See attached documents for the rest of the documents comprising the transaction.

Request for Production No. 7:

Produce all documents identified in your response to Interrogatory No. 11.

**Response to Request for Production No. 7**

The only documents identified by Respondent are the Promissory Note and Credit Sale Deed with Vendor's Privilege which have been disclosed to all parties. Further, Vickie Lucky relied on her general knowledge of real estate values in the area. Any information relayed by counsel for Lucky Family, L.L.C. to Vickie Lucky regarding potential purchase of the Note falls under the attorney-client privilege.

Request for Production No. 8:

Produce all documents that relate, refer, or pertain to any communications between Lucky Family and W.A. Lucky, III, or his representatives or legal counsel, which relate, refer, or pertain to Lucky I, Lucky II, the Note, the Sheriff Sale, and/or the Property.

EXHIBIT 10
Opposition to W.A. Lucky III's Rule 56 Motion

**Response to Request for Production No. 8**

Respondent is not aware of documents that contain any communications between Lucky Family and W.A. Lucky, III, or his representatives or legal counsel.

Request for Production No. 9:

Produce all documents that relate, refer, or pertain to any communications between Lucky Family and the Sheriff, his employees, or legal counsel, which relate, refer, or pertain to Lucky I, Lucky II, the Note, the Sheriff Sale, and/or the Property.

**Response to Request for Production No. 9**

Respondent is unaware of the existence of any such documents, aside from the cashier's check given in payment to the Sheriff's Deputy, as identified in Response to Interrogatory No. 14.

Request for Production No. 10:

Produce all documents that relate, refer, or pertain to any communications between Lucky Family and any non-party to the above captioned lawsuit, which relate, refer, or pertain to Lucky I, Lucky II, the Note, the Sheriff Sale, and/or the Property.

**Response to Request for Production No. 10**

Respondent knows of no such documents which have not been previously disclosed.

Request for Production No. 11:

Produce all documents which you intend to offer as evidence in this lawsuit and/or intend to utilize in questioning any person in relation to this lawsuit.

EXHIBIT 10
Opposition to W.A. Lucky III's Rule 56 Motion

**Response to Request for Production No. 11**

In addition to all those documents previously disclosed under Rule 26, Respondent has attached: 1) Checks of Magnolia for claimed Prepayments on the Note; 2) Note Valuation of John W. Dean 3) Offer for Oil and Gas Lease on the Property; 4) Lease Offer Revocation. Lucky Family, L.L.C. reserves its right to amend this Response as new evidence becomes available, considering the discovery process is not yet complete.

Respondent designates the documents described in the response to request for production number 1 and in response to these interrogatories and requests for production.

Respondent may offer any of such documents into evidence but has not made a determination whether respondent definitely intends to offer all of the documents into evidence.

Request for Production No. 12:

Produce all documents by which Lucky Family, L.L.C. was formed and capitalized, including, but not limited to, any articles of organization or formation as well as any amendments of the documents.

**Response to Request for Production No. 12**

See attached documents.

Request for Production No. 13:

Produce all documents by which Lucky Family, L.L.C. has been operated since its formation, including but not limited to any operating agreement or any amendment thereof, as well as all resolutions and minutes.

**Response to Request for Production No. 13**

See attached documents

15

EXHIBIT 10
Opposition to W.A. Lucky III's Rule 56 Motion

Request for Production No. 14:

Produce all documents by which any manager has been elected appointed, hired, designated, or engaged for Lucky Family, L.L.C. since its formation.

**Response to Request for Production No. 14**

See attached documents

Request for Production No. 15:

Produce all documents by which any agent has been elected appointed, hired, designated, or engaged for Lucky Family, L.L.C. since its formation

**Response to Request for Production No. 15**

In addition to previously disclosed documents, Respondent has attached: Notice of Change of Registered Agent filed with Louisiana Secretary of State.

Request for Production No. 16:

Produce all documents which contain the name of any member of Lucky Family, L.L.C.

**Response to Request for Production No. 16**

Respondent objects to this Request for Production on the grounds that the burden or expense of the proposed discovery outweighs its likely benefit. The scope of this request is too broad and vague for Respondent to ever possibly satisfy; neither can Respondent separate the Request into categories so as to object to some and respond to others. To comply with the Request as written would require turning over anything and everything up to the third-grade report cards of the Lucky children.

EXHIBIT 10
Opposition to W.A. Lucky III's Rule 56 Motion

Request for Production No. 17:

Produce all documents which support your contention that Lucky Family, L.L.C. is a holder in due course of the Note.

**Response to Request for Production No. 17**

See attached documents.

Request for Production No. 18:

Produce all documents related to transactions and/or distributions from Lucky Family to W. A. Lucky, III or any entity owned, managed or represented by W. A. Lucky, III, including all journal entries and bank records which reflect the same.

**Response to Request for Production No. 18**

Respondent produces the following documents which constitute the entirety of a real property transaction involving Lucky Family, L.L.C., and Coyote Land Company, L.L.C., an entity whose sole member is W.A. Lucky, III, along with two third parties:

1) Promissory Note made by Coyote Land Company, L.L.C. in favor of Lucky Family, L.L.C., for the principal amount of $982,000, with an interest rate of 3%.;

2) Cashier's Check (Remitter: Lucky Family, L.L.C) payable to Coyote Land Company, L.L.C. in the amount of $982,222.14;

3) Cash Sale Deed recorded in the Caddo Parish Conveyance Records as Instrument No. 2688668, for sale of the Property from Hatfield Development Company, L.L.C.;

17

EXHIBIT 10
Opposition to W.A. Lucky III's Rule 56 Motion

4) Mortgage recorded in the Caddo Parish Mortgage Records as Instrument No. 2688670, ss security for the Note made by Coyote Land Company, L.L.C. in favor of Lucky Family, L.L.C.;

5) Cashier's Check (Remitter: Coyote Land Company, L.L.C.) in the amount of $982,222.44 payable to First Commerce Title for purchase of the Property;

6) Credit Sale Deed recorded in the Caddo Parish Conveyance Records as Instrument No. 2734037 for sale of the Property from Coyote Land Company, L.L.C. to H & H Operating. L.L.C.;

7) Promissory Note made by H & H Operating in favor of Payee Coyote Land Company, L.L.C. in the principal amount of 386,689.11 with an interest rate of 6%, paraphed to Credit Sale Deed No. 2734037;

8) Check from Coyote Land Company, L.L.C. made payable to Lucky Family, L.L.C. in the amount of $634,937.32, including $28,708.86 in interest;

9) Assignment of Mortgage Note recorded in the Caddo Parish Conveyance Records as Instrument No. 2734040 whereby Coyote Land Company, L.L.C. transfers ownership of the Note listed above as Item 7 to Lucky Family, L.L.C.

10) Request for Cancellation filed by Lucky Family, L.L.C. in the Mortgage Records of Caddo Parish.

Request for Production No. 19:

Produce all documents or forms related to the opening of any bank accounts in the name of Lucky Family.

EXHIBIT 10
Opposition to W.A. Lucky III's Rule 56 Motion

**Response to Request for Production No. 19**

Respondent objects to the Request insofar as it seeks production of bank account records unrelated to the matter at hand. Respondent does produce the following: Correspondence from liaison at Business First Bank which includes screenshot from date checking account was opened. This account was the source of funds for purchase of the Note.

Request for Production No. 20:

Produce all documents which you or anyone acting on your behalf has provided to any expert and/or appraiser in regards to the Note, the Sheriff Sale, or this lawsuit.

**Response to Request for Production No. 20**

Respondent is unaware of the existence of any such documents.

Request for Production No. 21:

Produce all documents which you obtain or have obtained from any other party to the above captioned lawsuit or which you obtain or have obtained from any person or entity through any subpoena or other such means in connection with the above captioned lawsuit.

**Response to Request for Production No. 21**

Respondent is unaware of the existence of any such documents, aside from those already disclosed under Rule 26 or attached hereto in response to the other Requests propounded by Magnolia.

EXHIBIT 10
Opposition to W.A. Lucky III's Rule 56 Motion

Respectfully submitted,

The Touchstone Law Firm

_____
David M. Touchstone
Louisiana Bar Number 12874
2708 Village Lane
Bossier City, Louisiana 71112
Phone: (318) 752-8080
Facsimile: (318) 752-8426
Email: dmtouchstone@firstcommercetitle.com

Counsel for Lucky Family, L.L.C.

## CERTIFICATE

I hereby certify that I mailed a copy of the foregoing, by posting same in the U.S. mail by first class mail, with sufficient postage affixed thereto, addressed to counsel for the Plaintiffs, Mr. James Davis Powell, at 330 Market St., Suite 1114, Shreveport, Louisiana 71101 on this 11th day of July 2019. I also served the foregoing on counsel for Plaintiffs through electronic mail, by sending a digital copy to dpowell@davidsonsummers.com.

_____
David M. Touchstone

EXHIBIT 10
Opposition to W.A. Lucky III's Rule 56 Motion