WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| MAGNOLIA ISLAND PLANTATION L.L.C. and BARBARA MARIE CAREY LOLLAR<br>        Plaintiffs<br>VS<br><br>LUCKY FAMILY, L.L.C., W.A. LUCKY, III, and BOSSIER PARISH SHERIFF JULIAN C. WHITTINGTON<br>        Defendants | § § § § § § § § § § § § | CIVIL ACTION NO: 5:18-cv-01526<br><br><br>CHIEF JUDGE S. MAURICE HICKS, JR.<br><br><br><br>MAGISTRATE JUDGE KAREN HAYES<br>Jury Trial Demanded |

**REPLY MEMORANDUM BY BARBARA LOLLAR TO SHERIFF'S *OPPOSITION TO BARBARA MARIE CAREY LOLLAR'S MOTION FOR PARTIAL SUMMARY JUDGMENT***

In accordance with the signed Order at Rec. Doc. 120, Barbara Marie Carey Lollar ("Mrs. Lollar") files this reply to the Sheriff's *Opposition to Barbara Marie Carey Lollar's Motion for Partial Summary Judgment* at Rec. Doc. 104 ("Sheriff's Opposition"). The Sheriff's Opposition is a one-page document which simply adopts W.A. Lucky, III's ("Mr. Lucky") Opposition filed at Rec. Doc. 102. The Sheriff's Opposition states that "Sheriff Whittington concludes that all evidence and legal arguments that would have been presented by him have been covered by the said Opposition." The Sheriff goes on to adopt and assert "all arguments of W.A. Lucky, III in its Memorandum in Opposition to Barbara Marie Carey Lollar's Partial Motion for Summary Judgment (Doc. 102) as if copied in its entirety." At Rec. Doc. 108, the Sheriff also adopted Mr. Lucky's statement of material facts in dispute previously filed at Rec. Doc. 98-1.

Mrs. Lollar's Motion for Partial Summary Judgment delineated two grounds for relief: first, that the sheriff's sale at issue in this case was not executed in accordance with statutory

requirements, requiring an annulment of the sale,[1] and, second, that Mrs. Lollar is entitled to restitution of the promissory note (the "Note") seized under the now-reversed judgment in Lucky I.[2] Due to the Sheriff's generic adoption of Mr. Lucky's Opposition ("…all arguments of W.A. Lucky, III…"), we are only left to assume to what extent the arguments in Lucky's Opposition are properly transferable to the Sheriff's own case.[3]

Mrs. Lollar has filed a Reply (at Rec. Doc. 115) to Mr. Lucky's Opposition (Rec. Doc. 102).[4] In that Reply Mrs. Lollar points out that Mr. Lucky's Opposition did not present evidence that the Sheriff actually appointed Patrick LaCour as a third appraiser in accordance with La. R.S. 13:4365. While it is not necessary to re-state Mrs. Lollar's arguments to Mr. Lucky's Opposition, we must note the issues with the Sheriff's adoption of Mr. Lucky's arguments in relation to the facts and the deposition testimony of its own employees.

1. <u>The Sheriff has admitted that Mr. Lucky and his counsel selected Mr. Patrick Lacour to appraise the Note, and that there was no agreement between Lacour and the Sheriff.</u>

Sheriff employee, David Miller, acknowledged in his deposition that it is the Sheriff's office who chooses a third appraiser, but then testified that didn't happen in our matter, acknowledging that the judgment creditor chose the third appraiser.[5] When later asked if the Sheriff's office hired Mr. Lacour, Mr. Miller stated that there was no contract between them and

---

[1] **Rec. Doc. 80**, p. 2-3

[2] **Rec. Doc. 80**, p.3-4

[3] Federal courts have found that the allowance for adoption by reference can only be permitted to the extent one can readily apply the proponent's arguments to the adopter's case. *United States v. Straker,* 800 F.3d 570, 594 (D.C. Cir. 2015); The Court in *Straker* went on to state that purely legal arguments are more easily adopted than fact specific arguments where adoption by reference may be inappropriate.

[4] Mrs. Lollar's filing at Rec. Doc. 115 was cited for "Notice of Deficient Document" (Doc. 117). Pursuant to the Court's request, Mrs. Lollar has filed a Motion for Leave to File Supplemental Memorandum (Doc. 121) with consent from the parties to which the same memorandum at Doc. 115 is attached for filing.

[5] See **Exhibit 1 attached hereto** at 31:8-13 for an excerpt from deposition of Chief David Miller.

he was unaware of any correspondence in the Sheriff's files that showed the Sheriff requested Lacour to serve as the third appraiser.[6]

2. <u>Mr. Lacour stated he received all the information he relied upon from Mr. Shelton.</u>

When Mr. Lacour was asked where he received the information he relied upon in making an appraisal of the Note, he said it was from Mr. Curtis Shelton (counsel for Mr. Lucky).[7]  When asked if he received information from anywhere else, Lacour responded "No".[8]  When asked if he did independent research beyond Mr. Shelton's letter and attachments, Lacour responded "No".[9]

3. <u>The Sheriff's office has testified that the process was not normal.</u>

Sheriff's employee Jean Horne testified that the letter and attachments Mr. Shelton sent to Mr. Lacour was "not normal in our procedure."[10]  Chief David Miller stated in his deposition that it was not for the Sheriff's office to provide the appraiser with opinions on the value of the property or to tell a Sheriff's appraiser what they should or should not consider in their appraisal.[11]  Yet this is what Mr. Lucky and his counsel did through the undisputed communications between Curtis Shelton and Patrick Lacour.[12]  In addition to derogatory commentary about Mrs. Lollar, Mr.

---

[6] *Id*. at **Exhibit 1 attached hereto**, at 37:14-25 and 38:1-9.

[7] **Rec. Doc. 80-2**, Exhibit A, p. 53:9-16 of deposition of Patrick Henry Lacour.

[8] *Id*. at 53:17-19.

[9] *Id*. at 53:20-22.

[10] **Rec. Doc. 80-3**, Exhibit B, p. 26: 2-10, deposition of Bossier Sheriff's employee Jean Horne.

[11] See **Exhibit 1 attached hereto** at 82:9-24 for excerpts from the deposition of Chief David Miller.  Chief Miller testified that it was not the role of the Sheriff's office to provide opinions on the value of the property, or to tell the appraiser what he should, or should not, consider.

[12] See **Rec. Doc. 102** at p. 5, Mr. Lucky's states that the October 10, 2018 letter from Mr. Shelton to Patrick Lacour provided information "***Mr. Shelton thought*** to be relevant" (emphasis added); See also **Rec. Doc. 84-12 through 84-15** for a copy of the October 10, 2018 correspondence including all attachments supplied by Mr. Shelton.  At p. 6 of the letter, Mr. Shelton suggests what should be considered regarding the value of the collateral property supporting the Note.

Shelton's letter outlines allegations made by Mr. Lucky in his petition in Lucky II, wherein he claimed the transactions creating the Note were all nullities.[13] In the next paragraph of that letter, Mr. Shelton suggests that Patrick Lacour, a CPA, should evaluate the merits of Lucky II by virtue of its petition ("I believe that you can evaluate the merits of the lawsuit filed as Lucky-Carr II when you look over the petition")[14] Mr. Lacour, as a CPA, was not qualified to pass judgment on Mrs. Lollar based on mere petition allegations, but he did so by relying only on the selective documents from Mr. Shelton.[15] This coaching of the appraiser is exactly what David Miller testified that the Sheriff's office is not to do and why Jean Horne found it abnormal.

4. The Sheriff's office has recognized its duty in regards to third appraisals.

David Miller states in his deposition that "If [the creditor and debtor) submit and there's a greater difference than 10 percent between the two appraisals, then a *referee appraisal* as to be gotten."[16] Sheriff employee Jean Horne recognized the same in her deposition but instead of referring to it as a "referee appraisal", Mrs. Horne stated the need for a "third-party appraisal".[17] Not only does the Sheriff's office recognize that it had a duty in this matter, the testimony of its employees recognize that the statutorily required third appraisal is that of a "referee" appraisal, by a "third-party". The Sheriff cannot appoint a referee appraiser by giving the judgment creditor exclusive access to obtain an additional appraisal.

---

[13] *Id*. at p. 5-6 of the October 10, 2018 letter.

[14] *Id*. at p. 6 of the October 10, 2018 letter.

[15] **Rec. Doc. 71-5**, Exhibit 4 at p. 63 of the deposition of Patrick Lacour. Mr. Lacour testified that he had not seen, or sought out, responsive pleadings or other documents filed by the defendants in Lucky II.

[16] See **Exhibit 1 attached hereto** at p. 14: 21-25 and p. 15: 1-5 for excerpts from the deposition of Chief David Miller (emphasis added).

[17] See **Exhibit 2 attached hereto** at p. 19:18-22 for the deposition of Sheriff's employee Jean Horne.

Conclusion:

There are no facts presented by the Sheriff, or within its adoption of Mr. Lucky's Opposition, that the Sheriff appointed a third appraiser in this matter. Instead, the facts of what occurred are contrary to the process which the Sheriff's employees have testified should have taken place. If there are facts supportive of an actual appointment by the Sheriff, it would be for the Sheriff to bring those forth in opposition. They cannot and for that reason Mrs. Lollar is entitled to summary judgment finding that the Sheriff's office has failed its duty in this matter.

Respectfully submitted by,

    /s/ J. Davis Powell
Randall S. Davidson, LSBA No. 4715, TA
J. Davis Powell, LSBA 33631
Andrew D. Martin, LSBA 34947
Harold R. Bicknell III, LSBA 36801
DAVIDSON SUMMERS, APLC
330 Marshall Street, Suite 1114
Shreveport, Louisiana 71101
Ph: (318) 424-4342 | (318) 226-0168
E:    rsdav@davidsonsummers.com
       dpowell@davidsonsummers.com
       dmartin@davidsonsummers.com
       hbicknell@davidsonsummers.com
***Counsel for Barbara Lollar***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF filing system, and notice of the same will be sent to counsel of record by operation of the court's electronic noticing system. Shreveport, Louisiana, on this 3rd day of February, 2020.

    /s/ J. Davis Powell
    OF COUNSEL