UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MAGNOLIA ISLAND PLANTATION, L.L.C. and BARBARA MARIE CAREY LOLLAR<br><br>Plaintiffs<br><br>VS.<br><br>LUCKY FAMILY, L.L.C., W.A. LUCKY, III, And BOSSIER PARISH SHERIFF JULIAN C. WHITTINGTON, in his official capacity<br><br>Defendants | CIVIL ACTION NO: 5:18-cv-01526<br><br><br><br><br>DISTRICT JUDGE MAURICE HICKS<br><br><br><br>MAGISTRATE JUDGE KAREN HAYES |

### AFFIDAVIT OF KIM FLOURNOY

**STATE OF LOUISIANA**

**PARISH OF BOSSIER**

BEFORE ME, the undersigned Notary Public, personally appeared KIM FLOURNOY who, after first being duly sworn, did depose and state as follows:

1.

This affidavit is based on my personal knowledge.

2.

I have been employed by Julian C. Whittington, Sheriff of Bossier Parish, (hereinafter "the Sheriff") since February 16, 2007.

EXHIBIT B

3.

From May 11, 2016 to June 5, 2019 I was employed in the civil department where I handled sheriff's sales.

4.

In September of 2018, I was preparing for the sheriff's sale of a promissory note in the suit titled *W.A. Lucky, III v. Barbara Marie Carey Carr,* Suit No. 08-127573.

5.

Both parties in the suit were noticed of their right to submit an appraisal of the seized property, the promissory note, in preparation for the sheriff's sale.

6.

The appraisals were due by October 19, 2018 for the Sheriff's sale that would take place on October 24, 2018.

7.

I was instructed that if there was great discrepancy between the two appraisals, the Sheriff would be required to appoint a third appraiser and obtain a third appraisal in time for the Sheriff's sale which would be only five days later.

8.

I then consulted with my supervisor Jean Horne, and we both consulted with legal counsel for the Sheriff regarding sheriff's sales, James Southerland.

EXHIBIT B

9.

James Southerland advised that he would look into the matter and see if he could recommend the appropriate appraiser to appraise the subject promissory note should the Sheriff be required to appoint a third appraiser.

10.

Shortly after, James Southerland contacted me and advised that after looking into the matter he was unable to locate the appropriate appraiser for me to contact to obtain a third appraisal on behalf of the Sheriff should one be required.

11.

James Southerland mentioned that I could contact Curtis Shelton, who he said he knew to be an experienced business attorney, and ask him to provide recommendations for a qualified appraiser that the Sheriff's office could appoint should a third appraisal become necessary.

12.

I was advised to contact Curtis Shelton for a recommendation solely based on my conversations with James Southerland and Jean Horne, and not due to any policy, procedure or custom of the Sheriff's office.

13.

It was the custom of the Sheriff's office for me to consult with my supervisor and legal counsel with any questions that I had in conducting the preparations for a sheriff's sale.

EXHIBIT B

14.

I contacted Curtis Shelton for a recommendation and he provided me with the name of Patrick LaCour.

15.

I spoke with Patrick LaCour regarding performing the appraisal and to coordinate his appointment with the Sheriff's office to sign the Appraisement Sheet and provide the appraisal in accordance with his appointment by the Sheriff.

16.

His appointment is evidenced by the Appraisement sheet which was signed by both Patrick LaCour and myself (Rec. Doc. 84-16, pp. 18-19 of 32), Exhibit A hereto.

_____
KIM FLOURNOY

DONE AND SIGNED on this 3rd day of February, 2020.

_____
NOTARY PUBLIC

MARY A. KERRY, NOTARY PUBLIC
NOTARY ID # 62368
BOSSIER PARISH, LOUISIANA
MY COMMISSION IS FOR LIFE

EXHIBIT B

4