UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MAGNOLIA ISLAND PLANTATION, L.L.C. and BARBARA MARIE CAREY LOLLAR<br><br>Plaintiffs<br><br>VS.<br><br>LUCKY FAMILY, L.L.C., W.A. LUCKY, III, And BOSSIER PARISH SHERIFF JULIAN C. WHITTINGTON, in his official capacity<br><br>Defendants | CIVIL ACTION NO: 5:18-cv-01526<br><br><br><br>CHIEF JUDGE MAURICE HICKS<br><br><br><br>MAGISTRATE JUDGE KAREN HAYES |

**REVISED STATEMENT OF UNDISPUTED FACTS**

NOW INTO COURT, through undersigned counsel, comes Defendant, Bossier Parish Sheriff Julian C. Whittington, in his official capacity (hereinafter "Sheriff Whittington"), who asserts that the following facts are not in dispute and that based on the same he is entitled to summary judgment:

1.

On June 8, 2018, Sheriff Whittington was served with a Writ of Fieri Facias (hereinafter "the Writ of Fifa") by Jill M. Sessions, Clerk of Court for the Parish of Bossier, State of Louisiana, ordering him to seize and sell the property of Barbara Marie Carey Lollar (hereinafter "Lollar") to satisfy a judgment rendered against her in favor of Lucky. Rec. Doc. 96, Exhibit 1. *(Revised only to correct typo and update citation.)*

2.

On July 5, 2018, the trial court ordered counsel for Plaintiffs to deliver to Sheriff Whittington's office (hereinafter the "BSO") the Promissory Note made payable to Lollar dated

November 2, 2017 and signed by Ronald William Lollar as "Maker" (hereinafter "the Note"). See Rec. Doc. 96, Exhibit 2. Also on July 5, 2018, Kimberly Flournoy, working in the Civil Division of the BSO (hereinafter "Flournoy"), issued a letter to Lucky, as debtor listed in the Writ of Fifa, through counsel Curtis Shelton (hereinafter "Shelton"), advising that the Writ of Fifa and the Note were received, and stating that a $1500.00 deposit would be required before proceeding. See Rec. Doc. 96, Exhibit 3. *(Revised only to update citations.)*

3.

Flournoy received a letter from Shelton dated September 5, 2018, enclosing a check for the $1500.00 deposit and asking that the sale of the Note pursuant to the Writ of Fifa be set for October 24, 2018, or alternatively, October 17, 2018. Rec. Doc. 96, Exhibit 4. The letter provided that the notice of seizure and to appoint appraiser could be served through judgment debtor Lollar's counsel and provided the address. See id. Flournoy corresponded with Shelton, as the judgment creditor's attorney, to obtain the information necessary to proceed with the seizure and sale of the note, including the seized property description and service information for the required notices. Rec. Doc. 96, Exhibits 4 and 5, pp. 12 & 65. *(Revised.)*

4.

A Notice of Seizure and Notice to Appoint Appraiser were served upon counsel for the judgment debtor, Lollar on September 12, 2018. Rec. Doc. 96, Exhibit 7. A Notice to Appoint Appraiser was also served upon Shelton as the seizing creditor's counsel. Rec. Doc. 96, Exhibit 8. *(Revised only to update citations.)*

5.

In preparing for the sale, Flournoy was advised by her supervisor in the Civil Department of the Sheriff's office, Jean Horne, and legal counsel for the Sheriff's office, James Southerland,

that if the appraisals varied greatly BSO would be required to appoint a third appraiser to appraise the Note and that she would need to line this up ahead of time due to the very short time frame in which this would need to be done. Exhibits A and B; Rec. Doc. 96, Exhibit 9. In attempting to line up a third appraiser to appraise the Note in the event a third appraisal was needed, Flournoy consulted with Jean Horne and James Southerland. Exhibits A & B; Rec. Doc. 96, Exhibit 6, pp. 17-18. Neither Horne nor Southerland remembered previously handling the seizure and sale of a note and they did know of any appraisers who would be able to perform a third appraisal of the note should it become necessary. Exhibits A & B; Rec. Doc. 96, Exhibit 6. *(Revised).*

6.

Because Flournoy was not able to obtain a recommendation of an appraiser qualified to perform the third appraisal by consulting with Jean Horne and James Southerland, upon James Southerland's suggestion and approval, Flournoy emailed Shelton on September 17, 2018 to request a recommendation for an appraiser with the experience and qualification necessary to appraise the Note. Exhibits A & B; Rec. Doc. 96, Exhibit 9. On October 12, 2018, Shelton emailed Flournoy to provide the name, contact information and a curriculum vitae for an appraiser named Patrick Lacour (hereinafter "Lacour") whom he had located who had the same credentials as both the creditor's and the debtor's appraiser and would be willing to perform the appraisal in the time frame needed. Rec. Doc. 96, Exhibit 10. *(Revised.)*

7.

Notice of the October 24, 2018 sale date was published in the Bossier Press-Tribune on September 26, 2018, in accordance with the statutory requirements. Rec. Doc. 51-15.

8.

Lollar's counsel appointed John Dean to appraise the note and he valued it at $1,478,048.68. Rec. Doc. 51-12. Lucky III's counsel appointed Chad Garland who appraised the note at $173,000.00. Rec. Doc. 51-11. Due to the difference in the appraisal values, Sheriff Whittington was then required under La. R.S. 13:4365 to appoint a third appraiser whose decision would be final. Lacour was appointed by Sheriff Whittington and Lacour provided a letter to him on October 22, 2018 appraising the note for $157,009.22. Exhibit B and Exhibit A thereto; Rec. Doc. 51-14. Lacour's appointment is evidenced as follows:

1. The Sheriff's employees consulted with independent legal counsel, James Southerland, in locating a third appraiser.[1]

2. The Sheriff's employees knew that they were free to reject any appraiser recommendation made by Curtis Shelton.[2]

3. The Appraisement Sheet signed by Kim Flournoy for the Sheriff and by Patrick Lacour began "We, the undersigned, having been appointed to appraise the property advertised for sale by the Sheriff," and was signed by Lacour in two places on a line over "3. Third (sheriff) Appraiser."[3]

4. Patrick Lacour wrote the sheriff a letter on October 22, 2018 reading: "I appreciate this opportunity to serve you . . . Should you have any questions with respect to the issues we have discussed, we encourage you to call me."[4]

5. The Sheriff signed an *Ex Parte Motion to Fix Appraiser's Fees*[5] filed on October 19, 2018, which affirmatively stated: "The Sheriff will appoint a third appraiser" and "The Sheriff intends that any appraiser he appoint [sic] be a person who is qualified by education, skill or experience to appraise the Promissory Note." By that motion, the Sheriff took action under Louisiana Revised Statutes 13:4366 to enable him to pay his appraiser in excess of $50.

6. After the Sheriff signed the Ex Parte Motion to Fix Appraiser's Fees, the State Court signed the order on it reading:

---

[1] Exhibit A; see also Rec. Doc. 102, Exhibit 71: *Deposition of David Lee Miller,* 32:1-8; 52: 14-53:1; Exhibit 72: *Deposition of Jeane Horne,* 14:2-15:11; 17:15-18:25; 46:9-47:7.
[2] Rec. Doc. 102, Exhibit 34: *Deposition of David Lee Miller*, 61:2-7; Rec. Doc. 84-11, p.28 of 36.
[3] Exhibit B, attachment thereto "Exhibit A", *Appraisement Sheet*; Rec. Doc. 84-16, pp. 18-19 of 32.
[4] Exhibit B, attachment thereto "Exhibit A", October 22, 2018 letter ; Rec. Doc. 102, Exhibit 73.
[5] Rec. Doc. 102, Exhibit 74; pp. 2-3 paragraphs 7 & 8.

> IT IS HEREBY ORDERED THAT, in accordance with Louisiana Revised Statutes 13:4366 Paragraph A(2), the Sheriff be and is hereby authorized to pay a fee calculated on an hourly rate basis of up to $225.00 per hour to any appraiser appointed by the Sheriff herein . . .

Order.[6]

7. Mr. Lacour addressed the invoice for his services directly to the Sheriff.[7]

8. Mr. Lacour's invoice for his services was paid directly to the Sheriff.[8]

*(Revised.)*

9.

The Sheriff's Sale took place on October 24, 2018 and the property was sold to the highest bidder, Lucky Family, LLC, for $105,00.00. Rec. Doc. 51-15.

10.

Sheriff Whittington followed all applicable statues and did nothing that would violate the constitutional rights of Plaintiffs. Further, at all times, Sheriff Whittington complied with clearly established law.

---

[6] Rec. Doc. 102, Exhibit 74, p. 6 (emphasis added).
[7] Rec. Doc. 102, Exhibit 38, Rec. Doc. 84-16, p. 15 of 32; Exhibit 41, Rec. Doc. 84-16, p. 22 of 32.
[8] Rec. Doc. 102, Exhibit 42, Rec. Doc. 84-16, pp. 23-24 of 32.

Respectfully submitted by:

LANGLEY PARKS, LLC

By:    S / Julianna P. Parks
     Glenn L. Langley, Bar Roll No. 8019
     Julianna P. Parks, Bar Roll No. 30658

401 Market Street, Suite 1100
Shreveport, Louisiana 71101
(318) 383-6422 Telephone
(318) 383-6405 Telefax

***Attorneys for Julian C. Whittington,
Sheriff of Bossier Parish***