UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MAGNOLIA ISLAND PLANTATION, L.L.C.; AND BARBARA MARIE CAREY LOLLAR | CIVIL ACTION NO. 5:18-CV-1526 |
| | DISTRICT JUDGE: HON. ELIZABETH E. FOOTE |
| V. | MAGISTRATE JUDGE: HON. KAREN L. HAYES |
| LUCKY FAMILY, L.L.C., ET AL. | JURY TRIAL DEMANDED |

**RESPONSE TO MOTION TO CONTINUE
DEADLINES WITHOUT DATE**

NOW INTO COURT, through undersigned counsel, comes W.A. LUCKY, III ("Mr. Lucky"), who responds to the *Motion to Continue Deadlines Without Date*, Rec. Doc. 124, filed by plaintiffs Barbara Marie Carey Lollar and Magnolia Island Plantation, L.L.C. as follows:

1. Mr. Lucky submits that, as set forth hereinafter, the *Motion to Continue Deadlines Without Date* is a matter committed to the Court's discretion and Mr. Lucky defers to the Court's consideration and management of its docket, workload, and resources.

2. The *Motion to Continue Deadlines Without Date* correctly represents that the filing of the summary judgment pleadings has just concluded. This is the result of the filing of unopposed motions for extension which were granted. Rec. Docs. 76, 77, 90, 91, 111 & 120.

3. The *Motion to Continue Deadlines Without Date*, Rec. Doc. 124, correctly represents that the summary judgment papers constitute hundreds of pages (which include argument and other materials).

4. It is also correct that the Court's decisions on the motions for summary judgment will significantly impact the trial itself. In fact, without being presumptuous, it is Mr. Lucky's belief that this entire action will be disposed of on the pending motions and there will be judgment dismissing the plaintiffs' claims and in favor of defendant, Lucky Family, L.L.C., on its counter claims.

5. Mr. Lucky acknowledges that, if summary judgment is granted on some, but not all, claims, such could narrow the exhibits that may be necessary for trial or whether and what motions in limine may need to be filed.

6. However, the completion of discovery and the parties' filing of their respective summary judgment papers have already placed the parties in a position to prepare for a trial of any claim that might remain. In other words, the extensive summary judgment practice in this case should serve to streamline any trial preparation.

7. When Plaintiffs' request was originally submitted, it was not clear to Mr. Lucky whether plaintiffs' request might present a possibility that any expired deadlines would be re-opened. Plaintiffs' request now presented by the *Motion to Continue Deadlines Without Date* appears expressly to negate that possibility. The proposed Order on the *Motion to Continue Deadlines Without Date* would provide: "IT IS ORDERED that all deadlines in the Court's July 30, 2019 Scheduling Order (Rec. Doc. 52) ***not expired*** as of this date are hereby CONTINUED WITHOUT DATE." Rec. Doc. 124-1. (Emphasis added). The express recognition that any expired deadlines are not proposed to be re-opened mitigates one of Mr. Lucky's concerns.

8. Mr. Lucky's remaining concern is that this case be resolved expeditiously, and it is set for a jury trial. Mr. Lucky would like not to incur any substantial delay in a resolution of this case if anything remains of it for a trial by jury. The Court will be in the best position to determine whether any claim, if any, that might remain may be rescheduled for trial within a reasonable time.

9. That being said, the Court would obviously be aware of its own docket, workload, and resources, and Mr. Lucky certainly defers to the Court's consideration and management of its docket, workload, and resources.

10. The following information is presented so that the Court may have the status of this case in a succinct format.

## Status of the Case

**Passed/Closed Deadlines and Dates**

11. The following deadlines have passed and/or are closed:

> Joinder of Parties and Amendment of Pleadings
>
> Exchange Witness Lists
>
> Plaintiff's Expert Reports
>
> Defendant's Expert Reports
>
> Discovery Completion and Discovery Motions
>
> Completion of Expert Depositions
>
> Dispositive Motions
>
> Daubert/Expert Testimony Motions

**Remaining Deadlines and Dates**

12. As of the filing of the *Motion to Continue Deadlines Without Date*, the following deadlines and dates remained under the Amended Scheduling Order, Rec. Doc. 52:

| | |
|---|---|
| February 7, 2020 & February 14, 2020 | Exchange of Proposed Pretrial Order and Exhibits. |
| February 21, 2020 | Conference to Prepare Pretrial Order. |
| February 28, 2020 | Motions in Limine |
| March 6, 2020 | Joint Pretrial Order |
| March 13, 2020 9:00 am | Pretrial Conference |

   March 20, 2020    Taking Trial Depositions

   April 3, 2020     Trial Submissions for Jury

   April 6, 2020     Non-Jury Trial Submissions (If jury trial right is waived)

   April 13, 2020
   9:00 a.m.      Jury Trial (2-3 days allocated)

**Pending Motions for Summary Judgment**

 13. As stated by plaintiffs in the *Motion to Continue Deadlines Without Date,* all parties have filed motions for summary judgment. The pending motions and the responses and replies thereto may be summarized as follows:

 A. Plaintiff Barbara Lollar's Motion for Partial Summary Judgment:

   Rec. Docs. 80 – 80-7: *Barbara Lollar's Motion for Partial Summary Judgment* and supporting documents

   Rec. Docs. 97 – 97.2: [Lucky Family, L.L.C.'s] *Opposition to Barbara Marie Carey Lollar's Motion for Partial Summary Judgment* and supporting documents

   Rec. Docs. 98, 98-1, 98-2, 98-4 – 98-11, and 102: [W.A. Lucky, III's] *Opposition to Barbara Marie Carey Lollar's Motion for Partial Summary Judgment* and supporting documents

   Rec. Docs. 104 & 108: *Bossier Sheriff Whittington's Opposition to Barbara Marie Carey Lollar's Motion for Partial Summary Judgment* and supporting document

   Rec. Doc. 116: *Barbara Marie Lollar's Reply Memorandum to Lucky Family, L.L.C.'s Opposition to Barbara Marie Carey Lollar's Motion for Partial Summary Judgment*

5

       Rec. Doc. 122: *Reply by Memorandum by Barbara Lollar to Sheriff's Opposition to Barbara Marie Carey Lollar's Motion for Partial Summary Judgment*

       Rec. Doc. 126: [Barbara Lollar's] *Corrective Document (Supplemental Reply Memorandum in Support of Barbara Lollar's Motion for Partial Summary Judgment)*

B.   Motion for Summary Judgment on Lucky Family, L.L.C.'s counter claim on the Promissory Note

       Rec. Docs. 82 – 82-11: *Rule 56 Motion Filed by Lucky Family, L.L.C. Against Ronald Lollar and Magnolia Island Plantation, L.L.C. for Summary Judgment on Promissory Note* and supporting documents

       Rec. Docs. 107 – 107-7: [Ronald William Lollar and Magnolia Island Plantation, L.L.C's] *Opposition to Rule 56 Motion Filed by Lucky Family, L.L.C. Against Ronald Lollar and Magnolia Island Plantation, L.L.C. for Summary Judgment on Promissory Note* and supporting documents

       Rec. Doc. 113: *Lucky Family, L.L.C.'S Memorandum of Authorities in Response to the Memorandum Filed by Ronald Lollar and Magnolia Island Plantation [Document No. 107] in Opposition to Lucky Family, L.L.C.'s Rule 56 Motion for Summary Judgment on Promissory Note*

C.   Defendant Lucky Family, L.L.C.'s Motion for Summary Judgment on Plaintiffs' Claims

       Rec. Docs. 83 – 83-11: *Rule 56 Motion Filed by Lucky Family, L.L.C. Against Barbara Lollar and Magnolia Island Plantation, L.L.C. for Dismissal of Plaintiffs' Claims* and supporting documents

       Rec. Docs. 105 – 105-8: *Memorandum Filed by Barbara Marie Lollar and Magnolia Island Plantation in Opposition of Lucky Family, L.L.C.'s Rule 56 Motion for Dismissal of Plaintiffs' Claims* and supporting documents

    Rec. Doc. 112: *Memorandum of Authorities by Lucky Family, L.L.C. in Reply to Memorandum Filed at 105 by Barbara Marie Carey Lollar and Magnolia Island Plantation, L.L.C. in Opposition of Lucky Family, LLC's Rule 56 Motion for Dismissal of Plaintiffs' Claims*

D. Defendant W. A. Lucky, III's Motion for Summary Judgment on Plaintiffs' Claims

    Rec. Docs. 84 – 84-22: [W.A. Lucky, III's] *Motion for Summary Judgment* and supporting documents

    Rec. Docs. 119 - 119-11: *Memorandum Filed by Barbara Marie Lollar and Magnolia Island Plantation in Opposition to W.A. Lucky, III's Motion for Summary Judgment*[1] and supporting documents

    Rec. Doc. 114: *W. A. Lucky, III's Reply Memorandum in Support of Motion for Summary Judgment*[2]

E. Defendant Julian C. Whittington, Sheriff's Motion for Summary Judgment on Plaintiffs' Claims

    Rec. Docs. 96 – 96-15: [Julian C. Whittington, Sheriff's] *Amended and Corrected Motion for Summary Judgment* and supporting documents

    Rec. Docs. 103 – 103-2: [Barbara Marie Carey Lollar, Ronald William Lollar, and Magnolia Island Plantation, L.L.C.'s] *Memorandum in Opposition to Sheriff's Motion for Summary Judgment* and supporting documents

---

[1] These documents were originally filed at Rec. Docs. 106-106-11. However, by Record Documents 110 to 110-13 Barbara Marie Lollar and Magnolia Island Plantation, L.L.C. sought, and thereafter obtained, leave of Court to amend that filing and refiled these documents as Rec. Docs. 119 - 119-11.

[2] Because the deadline for this reply memorandum was before the Court granted leave as requested by Barbara Marie Lollar and Magnolia Island Plantation, L.L.C. by Record Documents 110 to 110-13, this reply memorandum refers to the documents filed as Record Documents 110 to 110-13 instead of the documents thereafter filed as Record Documents 119 - 119-11.

> Rec. Doc. 123: *Reply to Memorandum in Opposition to Sheriff's Motion for Summary Judgment*

WHEREFORE, W.A. LUCKY, III prays that the foregoing be deemed sufficient.

Respectfully submitted,

AYRES, SHELTON, WILLIAMS,
BENSON & PAINE, LLC

By: /s/ Curtis R. Shelton
      Curtis R. Shelton
La. Bar Roll No. 17137
333 Texas Street, Suite 1400 (71101)
P. O. Box 1764
Shreveport, LA 71166
Telephone: (318) 227-3500
Facsimile: (318) 227-3980
Email: curtisshelton@arklatexlaw.com

ATTORNEYS FOR W. A. LUCKY, III
