UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MAGNOLIA ISLAND PLANTATION, L.L.C.; AND BARBARA MARIE CAREY LOLLAR | CIVIL ACTION NO. 5:18-CV-1526 |
| | CHIEF JUDGE: S. MAURICE HICKS, JR. |
| V. | MAGISTRATE : KAREN L. HAYES |
| LUCKY FAMILY, L.L.C., ET AL. | JURY TRIAL DEMANDED |

**RESPONSE AND PARTIAL OPPOSITION TO MOTION TO STRIKE
AND ALTERNATIVE MOTION FOR LEAVE TO SUPPLEMENT**

NOW INTO COURT, through undersigned counsel, comes W.A. LUCKY, III ("Mr. Lucky"), who responds to the *Motion to Strike and Alternative Motion for Leave to Supplement*, Rec. Doc. 132, filed by plaintiffs Barbara Marie Carey Lollar and Magnolia Island Plantation, L.L.C. as follows:

1. Plaintiffs have acknowledged that the substance of the Sheriff's *Revised Statement of Undisputed Facts*, Rec. Doc. 123-4, is already contained either in the Sheriff's previous filing[1] or in Mr. Lucky's prior *Memorandum in Opposition to Barbara Marie Carey Lollar's Partial Motion for Summary Judgment* at Rec. Doc. 102, pp. 2-3.[2]

---

[1] See *Motion to Strike and Alternative Motion for Leave to Supplement*, Rec. Doc. 132, p. 1 referencing "Claims 1-7 and 9-10."

[2] At page 2 of plaintiffs' *Memorandum in Support of Motion to Strike and Alternative Motion for Leave to Supplement*, Rec. Doc. 132-1, they write: "Given that the fact claims appear to track a set of arguments in a memorandum filed by W.A. Lucky, Plaintiffs adopt by reference all arguments they previously made against Lucky's arguments on these points." (Footnote omitted).

2. Therefore, Mr. Lucky believes that the Court can give appropriate consideration to the Sheriff's *Revised Statement of Undisputed Facts*, Rec. Doc. 123-4, the substance of which, as acknowledged by plaintiffs, is already contained in the summary judgment papers.

3. Nevertheless, Mr. Lucky partially opposes the filing of *Plaintiffs' Supplemental Statement of Contested Facts in Opposition to Sheriff's Motion ("Plaintiffs' Supplemental Statement")*, Rec. Doc. 132-2. This is because the *Plaintiffs' Supplemental Statement* does not contain only a "separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried." LR56.2. *Plaintiffs' Supplemental Statement* mostly consists of argument which renders it more in the nature of a surreply.

4. Local Rule LR7.4.1 would appear to require a certificate that plaintiffs attempted to obtain consent to the alternative motion for leave to supplement from all parties having an interest to oppose and a certificate to that effect. Mr. Lucky has an interest because *Plaintiffs' Supplemental Statement* consists mostly of argument related to Mr. Lucky's prior *Memorandum in Opposition to Barbara Marie Carey Lollar's Partial Motion for Summary Judgment* at Rec. Doc. 102, pp. 2-3.[3]

5. Mr. Lucky does not object to the allowance of that part of *Plaintiffs' Supplemental Statement*, Rec. Doc. 132-2, which constitutes a "separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried." LR56.2.

6. Plaintiffs begin the separate numbered paragraphs at pages 2 and 3 of *Plaintiffs' Supplemental Statement*, Rec. Doc. 132-2, as follows:

> 1. It is uncontested that the Sheriff's employees had communications with Mr. Southerland. . . .
>
> 2. This claim is contested. . . .

---

[3] *See* footnote 2, *supra*.

   3. The contents of the appraisment [sic] sheet are not contested. . . .

   4. The contents of Mr. LaCour's letter of October 22, 201,8 thanking the Sheriff for "this opportunity to serve you," are not contested. . . .

   5. The contents of the Ex Parte Motion to Fix Appraiser's Fee of October 19, 2018 are not contested. . . .

   6. The contents of the Bossier Parish court's order are not contested. . . .

   7. It is not contested that Mr. Lacour addressed his invoice to the Sheriff. . . .

   8. It is not contested that the Sheriff paid Mr. Lacour after the appraisal; . . . .

The opening phrase in each instance is followed by argument.

   7. In addition, the content of *Plaintiffs' Supplemental Statement*, Rec. Doc. 132-2, at pages 4 through 6 consists entirely of argument.

   8. Mr. Lucky submits that the part of *Plaintiffs' Supplemental Statement*, Rec. Doc. 132-2, that is argument, as distinguished from a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried, should be disregarded.

   9. In conclusion, Mr. Lucky does not object to the allowance and consideration of the first statement in each of the separate numbered paragraphs at pages 2 and 3 of *Plaintiffs' Supplemental Statement*, Rec. Doc. 132-2. However, it is respectfully submitted that the remaining content of *Plaintiffs' Supplemental Statement of Contested Facts in Opposition to Sheriff's Motion* should not be allowed or should be disregarded.

  WHEREFORE, W.A. LUCKY, III prays that the foregoing be deemed sufficient.

Respectfully submitted,

AYRES, SHELTON, WILLIAMS,
BENSON & PAINE, LLC

By: /s/ Curtis R. Shelton
      Curtis R. Shelton
La. Bar Roll No. 17137
333 Texas Street, Suite 1400 (71101)
P. O. Box 1764
Shreveport, LA 71166
Telephone: (318) 227-3500
Facsimile: (318) 227-3980
Email: curtisshelton@arklatexlaw.com

ATTORNEYS FOR W. A. LUCKY, III