UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| MAGNOLIA ISLAND PLANTATION, L.L.C. and BARBARA MARIE CAREY LOLLAR | § § § § § § § § § § § § § | CIVIL ACTION NO: 5:18-cv-01526 |
| Plaintiffs | | |
| VS. | | CHIEF JUDGE S. MAURICE HICKS, JR. |
| LUCKY FAMILY, L.L.C., W.A. LUCKY, III, And BOSSIER PARISH SHERIFF JULIAN C. WHITTINGTON, in his official capacity | | |
| | | MAGISTRATE JUDGE KAREN HAYES |
| Defendants | | |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' "MOTION TO STRIKE AND ALTERNATIVE MOTION FOR LEAVE TO SUPPLEMENT," AND IN SUPPORT OF THE SHERIFF'S MOTION FOR LEAVE TO FILE REVISED STATEMENT OF UNDISPUTED FACTS**

NOW INTO COURT, through undersigned counsel, comes defendant, BOSSIER PARISH SHERIFF JULIAN C. WHITTINGTON (hereinafter "the Sheriff"), who responds to the Motion to Strike and Alternative Motion for Leave to Supplement (Rec. Doc. 132) (hereinafter "Motion"), filed by plaintiffs, BARBARA MARIE CAREY LOLLAR and MAGNOLIA ISLAND PLANTATION, LLC (hereinafter "Plaintiffs"), as follows:

**I.    Introduction.**

Plaintiffs allege in their Motion that the Sheriff's "Revised Statement of Undisputed Facts" (Doc. 123-4) (hereinafter the "Revised Statement"), filed with the Sheriff's Reply to Plaintiffs' Opposition to the Sheriff's Motion for Summary Judgment (hereinafter the "Reply")(Rec. Doc. 123), "impermissibly alters" the Sheriff's earlier "Amended and Corrected Statement of Undisputed Facts" (Rec. Doc. 96-2). However, Plaintiffs fail to provide any authority for their statement that such revision is "impermissible" or that leave of court was required to file

the Revised Statement in response to Plaintiffs' Opposition to the Sheriff's Motion for Summary Judgment (hereinafter the "Opposition")(Rec. Doc. 103). Plaintiffs' Motion makes an argument but cites no court rules or law to support their contention that the revision was impermissible. In fact, there is no local rule that prohibits the Sheriff from supporting his Reply by pointing to additional evidence already in the record to support the previous statement of facts, as was done in this case. Although in some jurisdictions the local rules address the question, the undersigned is unaware of any rule or jurisprudence addressing the issue in this Court. Additionally, the Sheriff's Revised Statement is appropriate because it is offered specifically in response and to rebut arguments made by Plaintiffs in their Opposition, which is the purpose of a Reply.

Further, as Plaintiffs acknowledge in their Motion, they have already responded to each and every statement that they allege is new in the Sheriff's Revised Statement in other filings with the Court. Plaintiffs are using this Motion as a sur-reply to once again assert the same arguments in an attempt to get the last word, a privilege given to the moving party by the Court's Notice of Motion Setting (Rec. Doc. 134). Regardless, out of an abundance of caution, the Sheriff has filed herewith a Motion for Leave of Court to file the Revised Statement (Rec. Doc. 138).

**II.    Facts.**

The Sheriff filed the Reply (Rec. Doc. 123) and the accompanying Revised Statement on February 3, 2020 (Rec. Doc. 123-4), addressing the arguments Plaintiffs made in their Opposition (Rec. Doc. 103). Paragraphs 1 through 7 and 9 through 10 of the Revised Statement do not alter the facts or introduce new facts, but rather clarify the facts previously asserted in the original statement in response to Plaintiffs Opposition (Rec. Doc. 96-2). The paragraphs where the wording was revised are clearly marked "revised". In the remaining paragraph of which Plaintiffs complain, Paragraph 8, the Sheriff did not add any new facts but

simply expanded upon the previously stated fact – that the Sheriff appointed LaCour as the third appraiser – by pointing to additional evidence already in the record to further support this fact. All of the evidence cited in support of the fact was already filed into the record with other pleadings, as evidenced by the citation to the location in the record of each item of evidence.  Plaintiffs' proposed supplemental response (Rec. Doc. 132-2) that Plaintiffs seek to file through this Motion does not offer any evidence that contradicts that identified in the Sheriff's Revised Statement but rather provides only further argument in support of its previously asserted position that no appraiser was appointed.

**III.   Law and Argument.**

Plaintiffs have failed to cite, and undersigned counsel has been unable to locate, any rule which prohibited the Sheriff from filing the Revised Statement. Additionally, undersigned counsel is unaware of any rule that required the Sheriff to seek leave of Court before filing the Revised Statement. Although some courts have local rules that could provide guidance on the subject, undersigned counsel is unaware of any applicable rule in this Court. Plaintiffs' Motion to Strike is without support and should be denied.

Additionally, Plaintiffs' argument that they were not given an opportunity to oppose such a filing is incorrect. Plaintiffs have thoroughly responded to every allegation in pleadings in this Court and have been given ample opportunity to make such arguments. They have thoroughly briefed and have identified all facts they allege support their argument that no appraiser was appointed by the Sheriff.

If this Court determines that leave of Court is required for the Sheriff to file the Revised Statement, the Sheriff asks that this Court grant the Motion for Leave filed herewith (Rec. Doc. 138) and grant the Sheriff leave to file the Revised Statement. This Revised Statement was

amended only to cite to further factual support already filed with the Court that supports the Sheriff's prior statement of the fact that he did, in fact, appoint an appraiser. Therefore, the Sheriff avers that leave to file the Revised Statement should be granted.

Finally, the Sheriff opposes Plaintiffs' Motion for Leave to Supplement and asks that this Motion be denied, as it does not simply deny the fact, as is appropriate for a statement of contested facts, or even offer additional evidence to disprove the fact, but rather includes extensive argument regarding the effect of the fact. The Sheriff avers that the arguments are inappropriate for a Statement of Contested Facts and should therefore not be allowed.

### IV. Conclusion

For the reasons stated herein, the Sheriff prays that the Court will deny Plaintiffs' Motion (Rec. Doc. 132) and disallow Plaintiffs' Supplemental Statement (Rec. Doc. 132-2). The Sheriff further prays that the Court grant the Sheriff's Motion for leave to file the Revised Statement (Rec. Doc. 138).

Respectfully submitted by:

LANGLEY & PARKS, LLC

By:   S / Julianna P. Parks
    Glenn L. Langley, Bar Roll No. 8019
    Julianna P. Parks, Bar Roll No. 30658

401 Market Street, Suite 1100
Shreveport, Louisiana 71101
(318) 383-6422 Telephone
(318) 383-6405 Telefax

***Attorney for Julian C. Whittington,***
***Sheriff of Bossier Parish***