UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| MAGNOLIA ISLAND PLANTATION L.L.C. and BARBARA MARIE CAREY LOLLAR<br>　　　Plaintiffs<br><br>VS<br><br>LUCKY FAMILY, L.L.C., W.A. LUCKY, III, and BOSSIER PARISH SHERIFF JULIAN C. WHITTINGTON<br>　　　Defendants | §§§§§§§§§§§§ | CIVIL ACTION NO: 5:18-cv-01526<br><br><br><br><br>CHIEF JUDGE S. MAURICE HICKS, JR.<br><br><br><br><br>MAGISTRATE JUDGE KAREN HAYES<br>Jury Trial Demanded |

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AND ALTERNATIVE MOTION FOR LEAVE TO SUPPLEMENT

　　The Sheriff's *Opposition* to Plaintiffs' *Motion to Strike*[1] suggests that a movant can add fact allegations to a motion for summary judgment after the non-movant has already opposed, based on the absence of a specific prohibition of this practice in the Local Rules. A consequence of this argument is that the non-movant would thereafter be deemed to have admitted all of the new fact allegations. Local Rule 56.2. Movants could unilaterally establish "uncontested" facts simply by waiting to make them until after the non-movant has opposed. This cannot be the case, as it would undermine the entire point of the provisions of Local Rule 56, which require the parties to put all of their cards on the table in a logical sequence – movant and then non-movant.[2]

---

[1] **Rec. Doc. 139** and **132**, respectively. The Revised Statement was filed at **123-4**.
[2] Contrary to p. 2 of **Rec. Doc. 139,** where the Sheriff argues that no local rule prohibits him from adding to a 56.1 statement after the other party has already filed an opposition.

1

Plaintiffs have, indeed, argued against the substance added in the amended statement of undisputed facts when that material was presented in a memorandum by W.A. Lucky III.[3] However, the Revised Statement was the first time the Sheriff has alleged similar claims as uncontested facts in support of his separate motion for summary judgment. Plaintiffs are not attempting to make a mountain of a molehill, but do believe that they should address the additions to the Sheriff's statement out of an abundance of caution. The intent of the Plaintiffs is not to prevent the Sheriff from making *arguments* in his reply; instead, Plaintiffs are focused on the Sheriff's decision to add putative *fact claims* to a Rule 56.1 statement, which non-movants are duty-bound to address under the rules. To the extent there is any possibility that the alterations to the Sheriff's statement of fact can be held against Plaintiffs, they now pray for these changes to be either struck or for the Court to grant leave for the filing of the proposed *Supplemental Statement of Contested Facts*.

Respectfully submitted by,

    /s/ Andrew D. Martin_____
Randall S. Davidson, LSBA No. 4715, TA
J. Davis Powell, LSBA 33631
Andrew D. Martin, LSBA 34947
Harold R. Bicknell III, LSBA 36801
DAVIDSON SUMMERS, APLC
330 Marshall Street, Suite 1114
Shreveport, Louisiana 71101
Ph: (318) 424-4342 | (318) 226-0168
E:    rsdav@davidsonsummers.com
       dpowell@davidsonsummers.com
       dmartin@davidsonsummers.com
       hbicknell@davidsonsummers.com
***Counsel for Barbara Marie Carey Lollar.***

---

[3] Rec. Doc. 126, p. 3-5, responding to Rec. Doc. 102, p. 2-3.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF filing system, and notice of the same will be sent to all counsel of record by operation of the court's electronic noticing system.

Shreveport, Louisiana, on this 12th day of March, 2020.

*s/ Andrew D. Martin*
OF COUNSEL
