UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MAGNOLIA ISLAND PLANTATION, L.L.C.; AND BARBARA MARIE CAREY LOLLAR | CIVIL ACTION NO. 5:18-CV-1526 |
| | DISTRICT JUDGE: ELIZABETH E. FOOTE |
| V. | MAGISTRATE JUDGE: KAREN L. HAYES |
| LUCKY FAMILY, L.L.C., ET AL. | JURY TRIAL DEMANDED |

**OPPOSITION TO MOTION TO CORRECT SCHEDULING ORDER**

NOW INTO COURT, through undersigned counsel, comes defendant W.A. LUCKY, III, who opposes Barbara Marie Carey Lollar and Magnolia Island Plantation, LLC's *Motion to Correct Scheduling Order*, Doc. No. 146, and respectfully represents:

1. Defendant W.A. Lucky, III and defendant Lucky Family, L.L.C. have filed *Daubert* motions challenging the relevance of expert opinion testimony of John W. Dean. Rec. Docs. 143 & 144.

2. Those *Daubert* motions will be rendered moot if the Court grants summary judgment dismissing the plaintiffs' actions to annul and rescind the October 24, 2018 Sheriff's Sale of the Promissory Note. This was set out in each defendant's *Daubert Motion to Exclude Opinions of John W. Dean*). Rec. Docs. 143 ¶ 1 & 144 ¶ 1. However, the existing scheduling order provided that *Daubert* motions be filed by March 20, 2020.

3. Further, Plaintiffs state that the issues presented by the *Daubert* motions, Rec. Docs. 143 & 144, could be raised by defendants by motions in limine, the deadline for which is September 16, 2020. *Memorandum in Support of Motion to Correct Scheduling Order*, Doc. No. 146-1, pp. 2-3. Plaintiffs argue:

> The Scheduling Order sets a deadline of September 16, 2020 for motions in limine. To the extent any of the arguments advanced in **Rec. Doc.** 143 or 144 are the sorts of evidentiary objections suitable for a motion in limine, as opposed to a *Daubert* motion, Plaintiffs do not preemptively object to their re-use in a separate motion in limine on a later date. The purpose of the present motion is simply to ensure that the intent of the Court as to deadlines, as evidenced in **Rec. Doc.** 130, is given effect.

*Memorandum in Support of Motion to Correct Scheduling Order*, Doc. No. 146-1, pp. 2-3.

    4.    Contrary to plaintiffs' argument, if defendant chose to filed motions titled as motions in limine instead of as *Daubert* motions, defendant would not be required to file a "separate motion in limine **on a later date**." Defendant could file a "separate motion in limine" **now**. Despite plaintiffs' argument, defendant could have filed a "separate motion in limine" on the date the *Daubert* motion was filed. As plaintiffs plainly acknowledge that the issues are presented by the *Daubert* motions may nevertheless be considered, plaintiffs' argument is self-defeating.

    4.    Further, the March 2, 2020, *Scheduling Order*, Rec. Doc, 137, does not appear to have been in error when it is considered in context.

    5.    On February 11, 2020, the Court signed an *Order*, Rec. Doc. 130, upsetting the then-pending trial date. That *Order* was granted on the plaintiffs' *Motion to Continue Deadlines Without Date*, Rec. Doc. 124. The basis of plaintiffs' *Motion to Continue Deadlines Without Date* was that:

2.

> The defendants have collectively filed four motions for summary judgment. Mrs. Lollar has filed her own motion for partial summary judgment. The motions present serious legal questions regarding complex sets of fact allegations. The parties drafted hundreds of pages of argument and included dozens of exhibits in the course of briefing the motions, which concluded just this week.

3.

The Court's decisions on the motions for summary judgment will significantly impact the trial preparation process for all parties. If the Court granted any of these motions, several or all of the claims in the case would be completely resolved. The universe of disputed legal arguments and fact claims is wide, encompassing everything from the proper procedure for a Sheriff's sale to Constitutional due process issues. By narrowing or clarifying the scope of triable issues, the Court will enable the parties to more thoroughly detail the competing arguments at trial. The resolution of these claims before trial would substantially streamline trial preparation, promote judicial economy by narrowing the scope of the litigation, and aid in the efficient management of the case.

*Motion to Continue Deadlines Without Date*, Rec. Doc. 124, ¶¶ 2-3 (footnotes omitted).

6. It is respectfully submitted that the *Order*, Rec. Doc. 130, was recognition that the pending motions for summary judgment might result in all or many of the claims made in this action being dismissed.

7. As of the February 11, 2020, date on which the Court signed the *Order*, Rec. Doc. 130, upsetting the then-pending trial date, the following deadlines, among others, had expired:

A. the previously established January 6, 2020, *Daubert* Motions deadline; and

B. the previously established February 6, 2020, deadline for plaintiffs to provide a draft of the pretrial order with a list of the plaintiffs' witnesses and exhibits, and the plaintiffs' exhibits.[1]

8. Following a scheduling conference on February 28, 2020, the Court signed a new *Scheduling Order*, Rec. Doc, 137, on March 2, 2020.

---

[1] This is acknowledged in passing by the plaintiffs in paragraph 8 of their *Motion to Correct Scheduling Order*, Doc. No. 146, by the phrase "save the February 7, 2020 deadline for the exchange of pre-trial order drafts."

3

9. The March 2, 2020, *Scheduling Order*, Rec. Doc, 137, set new dates for the trial, the pretrial order, the pretrial conference. It also set new dates for *Daubert* Motions, the exchange of the proposed pretrial order and the exhibits, the conference to prepare the pretrial order, motions in limine, trial depositions, and jury trial submissions.

10. Among the dates reset by the March 2, 2020, *Scheduling Order*, new dates were set for both the previously established and passed January 6, 2020, *Daubert* Motions deadline and the previously established and passed February 6, 2020, deadline for plaintiffs to provide a draft of the pretrial order.

11. The resetting of these previously passed dates made sense to defendant considering that, if *any* of plaintiffs' claims remain after the pending motions for summary judgment are decided, the rescheduled trial will be substantially different than it would have been before any summary judgment might be granted.

12. Defendant's understanding is that the dates for *Daubert* Motions and the draft of the pretrial order (including exchanges of witness and exhibits lists and documents) are set based upon the trial date, and the purpose of these dates is for (a) the Court to be able to consider matters that it believes should be disposed of ahead of a trial date; and (b) the case to be managed in a manner that works for the trial date.

13. Defendant does not believe that the *Order*, Rec. Doc. 130, upsetting the then-pending trial date, was intended to prevent the Court from setting a new deadline for *Daubert* motions or for the plaintiffs to provide a draft of the pretrial order, etc. In fact, defendant believes that it made good sense for a new *Daubert* motion date to be set after nearly all of the summary judgment pleadings had been filed. There had been motions and orders extending the deadlines for summary judgment pleadings. *See* Rec. Docs. 76, 77, 90, 91, 111, 120.

14. Defendant believes that the Court's March 2, 2020, *Scheduling Order*, Rec. Doc, 137, was consistent in setting of a new date for both the previously passed date of the draft of the pretrial order (including exchanges of witness and exhibits lists and documents) and the previously passed date for *Daubert* motions.

15. The issue of the relevance of Mr. Dean's opinion testimony is properly presented by the *Daubert* motions, and defendant believes that the Court **and the plaintiffs** are actually better served by having been provided notice sooner rather than later of the defendants' position that Mr. Dean's opinion testimony is not relevant.

16. The defendant Sheriff has communicated his similar position on the plaintiffs' *Motion to Correct Scheduling Order*, Doc. No. 146, as follows: "It is our position that it is best to dispose of as many issues as possible ahead of trial. We believe this was likely the Court's reason for re-setting the deadline."

WHEREFORE, W. A. Lucky, III PRAYS that Barbara Marie Carey Lollar and Magnolia Island Plantation, LLC's *Motion to Correct Scheduling Order*, Doc. No. 146, be denied.

AYRES, SHELTON, WILLIAMS,
BENSON & PAINE, LLC

By: /s/ Curtis R. Shelton
      Curtis R. Shelton
La. Bar Roll No. 17137
333 Texas Street, Suite 1400 (71101)
P. O. Box 1764
Shreveport, LA 71166
Telephone: (318) 227-3500
Facsimile: (318) 227-3980
Email: curtisshelton@arklatexlaw.com

WIENER, WEISS & MADISON
A Professional Corporation
   R. Joseph Naus, #17074
   Marjorie Frazier, #32991
330 Marshall Street, Suite 1000 (71101)
P. O. Box 21990
Shreveport, LA 71120-1990
Telephone: (318) 226-9100
Facsimile: (318) 424-5128
E-mail: rjnaus@wwmlaw.com
E-mail mfrazier@wwmlaw.com

ATTORNEYS FOR W. A. LUCKY, III