UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MAGNOLIA ISLAND    CIVIL ACTION NO. 18-1526
PLANTATION, LLC, ET AL.

VERSUS             JUDGE S. MAURICE HICKS, JR.

LUCKY FAMILY, LLC, ET AL.    MAGISTRATE JUDGE HAYES

**MEMORANDUM RULING**

Before the Court is a Motion to Strike and Alternative Motion for Leave to Supplement (hereinafter referred to as "Motion") filed by Plaintiffs—Magnolia Island Plantation, LLC and Barbara Marie Carey Lollar. Record Document 132. For the reasons set forth below, Plaintiffs' Motion to Strike is hereby **DENIED**; however, Plaintiffs' Motion for Leave to Supplement is hereby **GRANTED**.

**I.    BACKGROUND**

For purposes of the instant motion, a detailed discussion of the facts of this matter is unnecessary. Plaintiffs move to strike Sheriff Julian Whittington's "Revised Statement of Undisputed Facts" (Record Document 123-4) in support of his Motion for Summary Judgment (Record Documents 79, 92, 94, & 96). Sheriff Whittington first improperly included his Statement of Undisputed Facts within the supporting memorandum for summary judgment. See Record Document 79. He corrected this error in his "Amended and Corrected Motion for Summary Judgment." See Record Document 92-2. Sheriff Whittington then amended his memorandum for summary judgment in order to correct typographical errors and add exhibit labels. See Record Documents 94-4 & 96-2.

Throughout these first three versions, Sheriff Whittington's Statement of Undisputed Facts remained substantively the same. See id.

Plaintiffs contested the Sheriff's factual allegations on January 21, 2020. See Record Document 103-1. Two weeks later, Sheriff Whittington filed the Revised Statement of Undisputed Facts at issue. See Record Document 123-4. Although the edits made are largely cosmetic, Paragraph 8 now includes additional statements in support of the Sheriff's appointment of the third appraiser. See id. Plaintiffs assert they have not had an opportunity to contest these new allegations and have filed the instant motion to secure that opportunity. See Record Document 132. Contrarily, Defendants argue that because the Sheriff's additions mirror facts alleged in Mr. Lucky's own Memorandum in Support of Summary Judgment—a point initially brought up by Plaintiffs in the instant Motion—no need exists to strike, or alternatively supplement. See Record Document 133.

## II.   LAW AND ANALYSIS

### A. Motion to Strike

Rule 12(f) authorizes a court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are disfavored and infrequently granted. Cargo v. Kansas City Southern Ry. Co., 2011 WL 1234567 at *1 (W.D. La. Apr. 1, 2011) (citing Augustus v. Board of Public Instruction of Escambia County, Florida, 306 F.2d 862, 868 (5th Cir. 1962)). Granting a motion to strike is a drastic remedy to be resorted to only for the purpose of justice and only when the pleading to be stricken has no possible relation to the controversy. See id.

The additions to Sheriff Whittington's Revised Statement of Undisputed Facts do not warrant striking. They relate directly to the matter at issue in both he and Plaintiffs' summary judgment motions. Although these revisions do essentially reiterate factual allegations presented in Mr. Lucky's Memorandum, because each Defendant has filed a separate Motion for Summary Judgment, reliant on different aspects of law, Sheriff Whittington is entitled to present his own, independent summary judgment materials. As such, Plaintiffs' Motion to Strike is **DENIED**.

### B. Motion for Leave to Supplement

Plaintiffs' request in the alternative for leave to supplement their earlier Statement of Contested Facts in Opposition to Sheriff's Motion (Record Document 103-1) is grounded in fairness principles. Plaintiffs assert they should be allowed to respond to Sheriff Whittington's new allegations, while also expressing concern that if not allowed to contest these statements, they will be deemed admitted. See Record Document 132-1. Plaintiffs also include their proposed Supplemental Statement of Contested Facts in their Motion. See Record Document 132-2. Defendants, examining Plaintiffs' proposed supplemental statement, take issue with several inclusions that they feel are conclusory in nature. See Record Document 133.

The Court agrees with Plaintiffs that they should be allowed to contest the new factual allegations brought by Sheriff Whittington. There is nothing to suggest that Defendants will be at all prejudiced by Plaintiffs' Supplemental Statement of Contested Facts, whereas Plaintiffs would be unable to argue against the Sheriff's allegations in their summary judgment motion against him. The Court will rely on the specific evidence included in each party's summary judgment materials when evaluating these motions

separately, and as such, Plaintiffs must be afforded the opportunity to contest Sheriff Whittington's statements. Further, the Court will disregard any evidence it finds unsuitable for the summary judgment stage, such as conclusory statements, when evaluating these motions. As such, Plaintiffs' Motion for Leave to Supplement is **GRANTED**.

### III.    CONCLUSION

Based on the foregoing reasons, Plaintiffs' Motion to Strike is hereby **DENIED**. Plaintiffs' Motion for Leave to Supplement is hereby **GRANTED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this the 30th day of September 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT