UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MAGNOLIA ISLAND  CIVIL ACTION NO. 18-1526
PLANTATION, LLC, ET AL.

VERSUS  JUDGE S. MAURICE HICKS, JR.

LUCKY FAMILY, LLC, ET AL.  MAGISTRATE JUDGE HAYES

**MEMORANDUM RULING**

Before the Court are identical Daubert motions to exclude the testimony of Plaintiffs' expert, John W. Dean ("Dean"), filed by Defendants W. A. Lucky III ("Mr. Lucky") and Lucky Family, LLC. See Record Documents 143 & 144. Plaintiffs oppose both motions. See Record Document 149. Mr. Lucky has also filed a reply to Plaintiffs' opposition. See Record Document 150. For the reasons set forth below, both motions are hereby **DENIED**.

### I. EXPERT TESTIMONY OF JOHN W. DEAN

Dean's proposed testimony seeks to provide his opinion on the appraisals conducted by Chad Garland ("Garland") and Patrick Lacour ("Lacour"). See Record Document 143-2. In his Rule 26 report, Dean takes issue with the methodology used by Lacour in reaching his valuation, particularly the 95% yield calculation he utilized, which Dean believes to be "clearly outside the bounds of reasonableness." See id. at 5. It is through the use of this 95% yield calculation that Lacour reached his valuation of $157,009.22. See id. at 4. Dean states in his report that he agrees with Lacour's "general methodology," but he believes Lacour's application of that methodology to be

"significantly flawed.[1] See id. at 4. Dean reiterates his belief that the proper appraisal value of the Note is much closer to its face value and revises his initial valuation to a new amount of $1,378,439.33. See id. at 3. Dean briefly touches on Garland's appraisal, stating Garland's one-page report violates industry standards as it contains no support or description of the analysis he conducted to arrive at his valuation. See id. at 5.

## II.   DAUBERT STANDARD

Federal Rule of Evidence 702 states that "a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion of otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Rule 702's standard arises from the seminal case of Daubert v. Merrell Dow Pharmaceuticals, Inc., in which the Supreme Court established the role of trial courts as gatekeepers for expert testimony, permitting such testimony only if it is both reliable and relevant. See 509 U.S. 579, 589, 113 S. Ct. 2786, 2795 (1993).

In determining the reliability of proposed testimony, the Court stated a non-exhaustive list of factors to consider, including: (1) whether the technique or theory has been tested, (2) whether the technique or theory has been subject to peer review and

---

[1] Dean clarifies this statement in an affidavit attached to Plaintiffs' opposition memorandum. See Record Document 149-1. He states that his agreement with Lacour's general methodology is limited to his use of workbook formats to apply discounts to a base yield; it is not meant to indicate an agreement with Lacour's inputs or his final valuation. See id. at ¶3.

publication, (3) the known or potential rate of error when applied, (4) the existence and maintenance of standards and controls, and (5) general acceptance of the technique or theory in the scientific community. See id. at 593-94. As for the relevancy prong, the Court stressed the question is one of "fit," asking whether the expert testimony in question is well-suited to the issues of a particular case such that it will help the jury in deciding issues or in understanding evidence that is outside the average juror's ability to understand absent such help. Id. at 591-92.

Although the trial court must fulfill its gatekeeping function by ensuring the reliability and relevancy of all expert testimony, the court is "not intended to serve as a replacement for the adversary system." U.S. v. 14.38 Acres of Land, 80 F.3d 1074, 1078 (5th Cir. 1996). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596. Importantly, the burden of satisfying Rule 702 falls upon the proponent of an expert's testimony to prove it is admissible by a preponderance of the evidence. See Moore v. Ashland Chem., Inc., 151 F.3d 269, 276 (5th Cir. 1998).

### III. APPLICATION

Defendants argue for exclusion of Dean's expert testimony exclusively on relevancy grounds. See Record Document 143-1. They argue: (1) Louisiana law does not support an attack on an appraisal based on allegations that the appraisal does not adequately reflect the valuation of the property; (2) the statutory scheme for appraisals is designed to prevent subsequent attacks on their accuracy; and (3) Dean makes no argument that the Lacour appraisal was not "true and just," as required by statute. See

id. at 1. Defendants also believe any attack on Garland's appraisal is misplaced, as ultimately the Lacour appraisal was the determinative valuation for the sale. See id. Plaintiffs argue the Daubert motion rests on the mischaracterization of their claims for annulment of the sale, as they do not stem from the low valuation of the appraisal but from the absence of a statutorily valid third appraisal. See Record Document 149 at 2. They further assert Dean's testimony is relevant to other claims against Defendants, such as their due process violation and abuse of process claims, as well as in aid of their calculation of damages. See id. at 3.

The Court agrees with Plaintiffs that Dean's proposed testimony "helps to demonstrate the existence and effect of Mr. Lucky's wrongdoing by cataloguing the various methodological flaws" in the Lacour appraisal. Id. at 9. Because Lacour is argued to have been guided in his analysis by Mr. Lucky's counsel, Dean's testimony is relevant to Plaintiffs' claims.

Defendants are correct that Louisiana law prohibits attacks on appraisals based solely on the valuation reached. See Record Document 143-1 at 8-11 (citing Baumann v. Fields, 332 So.2d 885 (La. App. 2 Cir. 1976). However, the crux of Plaintiffs' claims is the third appraisal itself was invalid irrespective of the valuation reached by Lacour. Plaintiffs' central argument for annulment is the Sheriff failed to appoint a third appraiser, and instead, allowed Mr. Lucky's counsel to do so. Dean's testimony would prove helpful to the trier of fact by discussing the methodology used in this third appraisal and why he believes it to be wrong. Only after this testimony could Plaintiffs link these incorrect valuation decisions to the instructions given by Mr. Lucky's counsel to Lacour. Although

Dean's testimony may embrace the low valuation of Lacour, the Court is satisfied its main purpose is to attack the steps taken in reaching that number.

Similarly, Dean's testimony serves a relevant purpose to Plaintiffs' additional claims. Plaintiffs' abuse of process claims argue the filing of two lis pendens and a new lawsuit by Mr. Lucky were designed to and had the effect of causing them harm. These allegedly malicious actions played a significant role in Lacour's valuation, as the "cloudy title" surrounding the Note affected his yield calculation. Dean's opinion on the wrongful consideration of these legal filings also serves as a link in the causal chain between Mr. Lucky's actions and the eventual losses suffered by Plaintiffs. Relatedly, Dean's testimony could prove helpful in determining damages, specifically the losses suffered by Plaintiffs from Lacour's reliance on Mr. Lucky's counsel's instructions.

As for the Garland appraisal, the Court agrees with Defendants that Dean's testimony on this subject serves mainly as background information and is immaterial to Plaintiffs' claims. Dean's brief commentary on Garland's appraisal is limited to stating Garland's one-page report without supporting evidence or analysis violates industry custom. See Record Document 143-2 at 5. Garland's appraisal is only relevant to the extent it triggered Sheriff Whittington's statutory obligation to appoint a third appraiser, which Dean's proposed testimony does not address.

## IV. CONCLUSION

Examining Dean's proposed expert testimony, it is impossible to ignore its potential value to the trier of fact in evaluating Plaintiffs' claims. The Court finds the testimony is

relevant and both Mr. Lucky's (Record Document 143) and Lucky Family's (Record Document 144) Daubert motions are hereby **DENIED**.

An order consistent with the instant memorandum ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana on this 20th day of November, 2020.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT