UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MAGNOLIA ISLAND PLANTATION, L.L.C., ET AL | CIVIL ACTION NO. 5:18-cv-1526 |
| V. | DISTRICT JUDGE S. MAURICE HICKS |
| LUCKY FAMILY, L.L.C., ET AL | MAG. JUDGE KAYLA D. MCCLUSKY |

**DEFENDANT LUCKY FAMILY L.L.C.'S MEMORANDUM IN OPPOSITION
TO PLAINTIFFS' MOTION FOR LEAVE
TO FILE SECOND AMENDED AND RESTATED COMPLAINT**

NOW INTO COURT, comes Defendant, Lucky Family, L.L.C. (hereinafter "Lucky Family"), who opposes the Motion for Leave to File a Second Amended and Restated Complaint ("Plaintiffs' Motion") and asserts as follows:

### I. BACKGROUND

On November 21, 2018, nearly four years ago, Plaintiffs Magnolia Island Plantation LLC ("Magnolia") and Barbara Marie Carey Lollar ("Lollar") (Magnolia and Lollar being collectively referred to herein as "Plaintiffs") filed an Original Complaint seeking, among other relief, to annul a Sheriff's sale.[1] This Complaint was amended, five months after the original deadline to amend pleadings, nearly one year later.[2] Counterclaims, Motions to Dismiss, Motions to Compel and Motions for Summary Judgment were all filed and considered by this Court.[3] The case was set for trial on three different dates: September 13, 2019, April 23, 2020, and April 26, 2021.[4] Lengthy discovery was conducted, and dispositive motions were filed.[5] Following a ruling from this Court

---

[1] R. 1.
[2] R. 41 and 51.
[3] R. 29, 34, 101 and R. 79,70,81, and R. 82, 83, 84.
[4] R. 41, 50, 154
[5] Id.

1

on the dispositive motions, an appeal was filed with the United States Fifth Circuit Court of Appeals ("Fifth Circuit') on the issue of qualified immunity as to Defendant Sheriff Whittington.[6] On March 21, 2022, the Fifth Circuit reversed this Court's dispositive motion ruling as to Defendant Whittington and remanded for further consideration.[7] A status conference was held on May 10, 2022, and trial of this matter was set for a fourth time for March 13, 2023.[8] Now, nearly four years, or exactly 1,316 days, after the filing of the Original Complaint, and nine months before trial of this matter, Plaintiffs seek this Court's leave to file a Second Amended and Restated Complaint that purports to add a new party and new claims and significantly changes the claims to be tried. This Court should not allow the proposed amendment, and Lucky Family opposes the same.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) governs a party's request for leave to amend a pleading. Under this provision, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The underlying purpose of Rule 15 is to facilitate decisions on the merits rather than on the pleadings or technicalities. Notwithstanding a strong policy permitting amendment, leave to amend "is not to be granted automatically." *Layfield v. Bill Heard Chevrolet, Company*, 607 F.2d 1097, 1099 (5th Cir. 1879) cert. denied 446 U.S. 939, 100 S.Ct. 21, 64 L. Ed. 2d 792 (1980); *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Courts in the Fifth Circuit

---

[6] R. 162
[7] R 170
[8] R.172. During the Status Conference all Defendants objected to the setting of an amendment of pleadings deadline, and Magistrate Judge McClusky said that she would submit the proposed Scheduling Order to the District Judge who entered the Scheduling Order currently in place on May 10, 2022. See. R. 172 and 173.

2

consider five factors in deciding a motion for leave to amend: undue delay, bad faith or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed undue prejudice to the opposing party, and futility of the amendment. *Jones v. Robinson Prop. Group, L.P.,* 427 F.3d 987, 994 (5th Cir. 2005); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.,* 933 F.2d 314, 321 (5th Cir. 1991). Lucky Family submits that all factors weigh in favor of denial of the Plaintiffs' Motion.

### A. Undue Delay, Repeated Failure to Cure Deficiencies and Undue Prejudice to Defendant

As noted above, this case was initiated in November 2018.[9] Plaintiffs were obviously aware of the potential claims, and the underlying facts, when the Original Complaint was drafted. Additionally, Plaintiffs have already been allowed one "out of time" amendment to the Complaint on August 27, 2019.[10] Moreover, prior to the current Scheduling Order, there have been three Scheduling Orders, with only one setting May 17, 2019, as the deadline for amending pleadings and the latter two refusing to extend this deadline.[11] Nearly four years later, after (1) being allowed numerous opportunities to develop their case and to amend (and even being granted one amendment to the Original Complaint outside of the original deadline set by this Court), (2) diligent consideration of a Motion for Summary Judgment by this Court, and (3) consideration and reversal by the Fifth Circuit, Plaintiffs now attempt, post Fifth Circuit ruling, to have a *third* bite at the apple by proposing to amend the Complaint for a second time adding new theories and a new defendant. In doing so, Plaintiffs rely once again, entirely on the questionable allegations – offering nothing more than the same rank allegations against Lucky Family and other defendants.

---

[9] R. 1
[10] R. 41. The Original Deadline to amend pleadings was May 17, 2019. See, R. 22, It was never amended pre-appeal. See, R. 52, R.137 for scheduling orders which did not reopen the deadline to amend pleadings.
[11] Id.

3

These are the exact types of undue delay, dilatory conduct, and repetitive failures to cure pleading deficiencies that are contemplated by the Fifth Circuit when denying motions to amend. This nearly four-year delay in now raising new "amendments," post-ruling, most certainly causes undue prejudice to Lucky Family, as it would be required to reassert pretrial motions for a second time and to engage in new discovery given the nature of the allegations.

Courts are clear that where a plaintiff seeks to amend its complaint (1) years after it first brought a defendant into litigation, (2) after defendant has requested summary judgment and (3) where the plaintiff has provided no good reason for its failure to act sooner, justice does not allow amendment, and the Court would not abuse its discretion in denying the Plaintiffs' Motion. *NL Industrial Inc. v GHR Energy Corp.*, 940 F2d. 957 (5th Cir. 1991). Here the Plaintiffs have offered no justification for seeking to amend the Complaint to add a new defendant or to assert entirely new theories of liability and, if the Court allows the same, Lucky Family will be prejudiced. Indeed, this case is eerily similar to the facts presented in the case of *Mayeux, v. La. Health Serv & Indem. Co.*, 376 F.3d 420 (5th Cir. 2004) where, even though the motion to amend was filed within the scheduling deadline, an "examination of the procedural history" led the Fifth Circuit to "a definite and firm conviction that [defendants' would have suffered undue prejudice" had the amendment been allowed. See also, *Addington v. Farmer's Elevator Mut. Ins. Co.,* 65 F.2d 663 (5th Cir. 1981) (affirming the denial of amendment which was filed one year after commencement of suit, after discovery had been terminated and after the defendant's motion for summary judgment because "the motion to amend, if granted, would in all likelihood, have caused prejudice to the defendant."). Clearly, for identical reasons, the Plaintiffs' Motion should be denied.

### B. The Futility of the Proposed Second Amended Complaint

The Plaintiffs' Motion should also be denied because of the futility of the amendment. The definition of futility adopted by the Fifth Circuit includes circumstances in which a proposed amendment to assert a claim would fail to state a claim upon which relief could be granted under Rule 12(b)(6)." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000). In their Second Amended Complaint, Plaintiffs seek to modify their requests by adding a new defendant and modifying claims in light of the Fifth Circuit's ruling which held that Ms. Lollar was required to allege that Sheriff Whittington – as opposed to his subordinates – violated Plaintiff Lollar's constitutional rights. *Magnolia Island Plantation, L.L.C. v. Whittington*, 29 F.4th 246, 2022 U.S. App. LEXIS 7334. Nearly four years later, and only after the Fifth Circuit's decision do Plaintiffs attempt to amend their pleadings to cure this failure on their part by adding a new defendant Ms. Kimberly Flournoy.[12] Any claim against the proposed Defendant Ms. Flournoy is clearly prescribed. See, *Everhome Mortg. Co. v. Lewis*, 207 So. 3d 646, 2016 La. App. LEXIS 2473, 16-323 (La.App. 5 Cir. 12/07/16) (Actions pursuant to 42 U.S.C. Section 1983 are subject to the same one year prescriptive period contained in La. C.C. art. 3492, unless plaintiff shows an exception established by legislation.) No such exception has been shown here. Indeed, the proposed amendment is the exact type of futile amendment that Courts are directed to deny.

### III. CONCLUSION

After nearly four years of litigation and a prior amendment to the Original Complaint, Plaintiffs have presented nothing other than the same questionable evidence used in prior

---

[12] As evidence that the Plaintiffs have indeed been dilatory in adding the new Defendant, one need only look to this Court's ruling on March 20, 2021, wherein the Court noted that Plaintiffs asserted that Ms. Flournoy was involved, but that they had not named her as a defendant. See, R. 158. What new facts have arisen as to Ms. Flournoy's involvement to which Plaintiffs were not yet privy as of the filing of their First Amended Complaint? Any such claim asserted against Ms. Flournoy now should be prescribed.

pleadings, for Plaintiffs proposed Second Amended Complaint. Further, the factors which courts consider when deciding to allow amendment point towards a denial of the Plaintiffs' motion.

For all of the foregoing reasons set forth herein, the Plaintiffs' Motion for Leave to file a Second Amended Complaint should be denied.

Respectfully submitted,

The Touchstone Law Firm

 /s/ *David M. Touchstone*
David M. Touchstone, LA Bar No. 12874
2708 Village Lane
Bossier City, Louisiana 71112
Phone: (318) 752-8080
Facsimile: (318) 752-8426
Email: dmtouchstone@firstcommercetitle.com

DOWNER, JONES, MARINO & WILHITE, LLC
401 Market Street, Suite 1250
Shreveport, LA 71101
Tel: 318-213-4444
Fax: 318-213-4445

Allison A. Jones, Bar No. 16990

By: /s/ *Allison A. Jones*

ATTORNEYS FOR DEFENDANT LUCKY FAMILY L.L.C

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was this date filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent electronically to all counsel of record by operation of the Court's CM/ECF system.

Thus done and signed in Shreveport, Louisiana, this 28th day of June, 2022.

                                                        */s/ Allison A. Jones*
                                                          OF COUNSEL