UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MAGNOLIA ISLAND PLANTATION,
L.L.C., ET AL.

V.

LUCKY FAMILY, L.L.C., ET AL.

CIVIL ACTION NO. 5:18-CV-1526

DISTRICT JUDGE: S. MAURICE HICKS, JR.

MAG. JUDGE KAYLA D. MCCLUSKY

JURY TRIAL DEMANDED

**DEFENDANT W. A. LUCKY, III'S**
**MOTION IN LIMINE TO EXCLUDE TESTIMONY OF**
**ARTHUR L. SCHWERTZ**

NOW INTO COURT, through undersigned counsel, comes defendant W. A. Lucky, III, who respectfully moves to exclude the opinions of Arthur L. Schwertz contained in Mr. Schwertz's Rule 26 report, for the following reasons and for the reasons set forth in the memorandum in support that accompanies this motion:

1.

One of the issues in this case is whether an appraisal of a promissory note by Patrick Lacour, an appraiser appointed by the Sheriff, artificially diminished the sale price of the note at auction. Plaintiffs have provided a Rule 26 expert report from Arthur L. Schwertz,[1] who purports to be an expert on appraisals. However, Mr. Schwertz did not appraise the promissory note in this case, nor has he ever appraised a promissory note.[2] Moreover, Mr. Schwertz offers no opinion concerning causation, *i.e.*, that had the sheriff or Mr. Lacour done anything that Mr. Schwertz suggests, that Mr. Lacour's ultimate appraisal would have, could have, or should have been be any different.[3] Finally, while the opinions offered by Mr. Schwertz in his Rule 26 report are somewhat

---

[1] Exhibit A.
[2] Schwertz Depo. 54:13-21 (Exhibit B).
[3] Schwertz Depo. 121:25-122:14.

expansive, Mr. Schwertz disclaimed those opinions in his deposition, testifying: "All I am testifying in my opinion is whether I believe the sheriff's office followed the correct procedure in securing a third-party impartial appraiser."[4]

## 2.

As is shown in more detail in the memorandum in support that accompanies this motion, Mr. Schwertz's opinions do not relate at all to the Lacour appraisal itself, but instead solely to Mr. Lacour and his state of mind. Moreover, Mr. Schwertz's opinions simply reiterate what plaintiff's attorneys can offer in argument in this case if supported by proper evidence. Based on well-established and clear jurisprudence, Mr. Schwertz's opinions rendered in his Rule 26 report should be excluded from evidence at the trial of this matter.

## 3.

The opinions offered by Mr. Schwertz in his Rule 26 report are improper and will not aid the jury in any way.

WHEREFORE, defendant W. A. Lucky, III respectfully moves that the opinions of Arthur L. Schwertz contained within his Rule 26 report be excluded from evidence.

---

[4] Schwertz Depo. 122:10-14; *see also* Schwertz Depo. 19:11-14 ("I was simply asked to do – to opine on whether correct procedures were followed in obtaining the appraiser – a third appraiser.") and Schwertz Depo. 110:2-6 ("No, because I was asked . . . I'm testifying to whether correct procedures were followed in selecting the third party appraisal and third-party appraiser.").

AYRES, SHELTON, WILLIAMS,
BENSON & PAINE, LLC


By: /s/ Curtis R. Shelton
       Curtis R. Shelton
La. Bar Roll No. 17137
333 Texas Street, Suite 1400 (71101)
P. O. Box 1764
Shreveport, LA 71166
Telephone: (318) 227-3500
Facsimile: (318) 227-3806
Email: curtisshelton@arklatexlaw.com

WIENER, WEISS & MADISON
A Professional Corporation
   R. Joseph Naus, #17074
    Marjorie Frazier, #32991
330 Marshall Street, Suite 1000 (71101)
P. O. Box 21990
Shreveport, LA 71120-1990
Telephone: (318) 226-9100
Facsimile: (318) 424-5128
E-mail: rjnaus@wwmlaw.com
E-mail mfrazier@wwmlaw.com

ATTORNEYS FOR W. A. LUCKY, III