UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| MAGNOLIA ISLAND PLANTATION | § | CIVIL ACTION NO: 5:18-cv-01526 |
| L.L.C. and BARBARA MARIE CAREY | § | |
| LOLLAR | § | |
|      Plaintiffs | § | |
| | § | |
| VS | § | CHIEF JUDGE S. MAURICE HICKS, JR. |
| | § | |
| LUCKY FAMILY, L.L.C., W.A. LUCKY, | § | |
| III, and BOSSIER PARISH SHERIFF | § | |
| JULIAN C. WHITTINGTON | § | |
| | § | MAGISTRATE JUDGE KAYLA D. |
| | § | McCLUSKY |
| | | |
|      Defendants | § | Jury Trial Demanded |

---

**BARBARA LOLLAR'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

1.

Now into Court, through undersigned counsel, comes plaintiff Barbara Marie Carey Lollar ("Mrs. Lollar"), who respectfully move for partial summary judgment against defendants W.A. Lucky III ("Mr. Lucky"), Lucky Family, L.L.C., and Bossier Parish Sheriff Julian C. Whittington (the "Sheriff") on the following grounds.

2.

After a devolutive appeal, Mrs. Lollar is the prevailing party in a lawsuit filed against her by Mr. Lucky ("Lucky I").

3.

1

During the pendency of the appeal in Lucky I, Mr. Lucky – by and through the Sheriff - seized and purported to sell a single asset belonging to Mrs. Lollar: a promissory note in the amount of $1,730,000.00 payable to Mrs. Lollar (the "Note").

4.

Mrs. Lollar's $1,730,000 Note was purported to be sold by the Sheriff to Lucky Family, L.L.C. for $105,000.

5.

Consistent with Louisiana law, Mr. Lucky and Mrs. Lollar hired their own appraisers to provide valuations of the property to be sold at the Sheriff's sale: the Note.

6.

The parties' respective appraisals differed by more than $250,000.00 and the lower appraisal was not ninety percent of the higher valuation. As a result, La. R.S. 13:4365(B) required the Sheriff to select a third appraiser, whose appraisal would be definitive for the opening bid of the Sheriff's sale.

7.

The Sheriff failed to appoint a third appraiser, in violation of his duty under La. R.S. 13:4365(B).

8.

Because the Sheriff did not appoint a third appraiser, no statutorily-authorized third appraisal was made.

9.

The sale was not conducted in conformance with the required statutory procedure and should be annulled.

2

10.

Accompanying this Motion is a *Memorandum in Support* as well as a *Statement of Material Facts As To Which There Is No Genuine Issue To Be Tried*.

11.

For the foregoing reasons, the undisputed material facts entitle Mrs. Lollar to judgment holding that the Bossier Parish Sheriff failed its duty under La. R.S. 13:4365 to appoint a third appraiser, and further holding that the October 24, 2018 Sheriff's sale of the Note is annulled.

Respectfully submitted by,

_____/s/ Andrew D. Martin_____
Randall S. Davidson, LSBA No. 4715, TA
J. Davis Powell, LSBA 33631
Andrew D. Martin, LSBA 34947
DAVIDSON SUMMERS, APLC
330 Marshall Street, Suite 1114
Shreveport, Louisiana 71101
Ph: (318) 424-4342 | (318) 226-0168
E:      rsdav@davidsonsummers.com
        dpowell@davidsonsummers.com
        dmartin@davidsonsummers.com
*Counsel for Barbara Marie Carey Lollar.*

## CERTIFICATE OF SERVICE

3

I HEREBY CERTIFY that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF filing system, and notice of the same will be sent to all counsel of record by operation of the court's electronic noticing system.

Shreveport, Louisiana, on this 2nd day of November, 2022.

_s/ Andrew D. Martin_
OF COUNSEL
