UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MAGNOLIA ISLAND PLANTATION, L.L.C. and BARBARA MARIE CAREY LOLLAR | DOCKET NO. 5:18-CV-1526 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LUCKY FAMILY, L.L.C., W.A. LUCKY, BOSSIER PARISH SHERIFF JULIAN C. WHITTINGTON, ET AL | MAGISTRATE JUDGE MCCLUSKY |

**DEFENDANT, BOSSIER SHERIFF'S EMPLOYEE KIMBERLY FLOURNOY'S RESPONSES TO REQUESTS FOR ADMISSION, ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

TO:　Magnolia Island Plantation, L.L.C. and
　　　Barbara Marie Carey Lollar
　　　Through their counsel of record
　　　Randall S. Davidson
　　　J. Davis Powell
　　　Andrew D. Martin
　　　DAVIDSON SUMMERS, APLC
　　　330 Marshall Street, Suite 1114
　　　Shreveport, Louisiana 71101

NOW INTO COURT, through undersigned counsel, come, BOSSIER SHERIFF'S EMPLOYEE KIMBERLY FLOURNOY, ("Defendant"), who, for the purpose of responding to the Requests for Admission, First Set of Interrogatories, Requests for Production of Documents by Plaintiffs, Magnolia Island Plantation, L.L.C. and Barbara Marie Carey Lollar, avers as follows:

**GENERAL OBJECTIONS**

Defendant generally objects to the Requests for Admission, Interrogatories and Requests for Production to the extent that these discovery requests seek the disclosure of matters

1

protected by the attorney/client privilege, the work product doctrine, or any other applicable privileges or exemptions from discovery. To the extent that the discovery requests can be construed to seek such privileged or exempt information or materials, Defendant objects and will limit these responses to non-privileged, non-exempt information that is in Defendant's custody, possession and control.

Defendant further objects to the discovery requests insofar as these requests seek information that is beyond the scope of permissible discovery as set forth in Federal Civil Procedure Rules 26, et seq.

Defendant further objects to the discovery requests to the extent these requests seek confidential and proprietary information belonging to Defendant.

Defendant reserves the right to amend these responses should additional information become available.

In specific answers to the requests propounded, Defendant responds as follows:

**REQUEST FOR ADMISSION NO. 1:**

Please admit that You were the Bossier Sheriff's employee tasked with managing the Sheriff's Sale of the Note.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Admitted.

**REQUEST FOR ADMISSION NO. 2:**

Please admit that, other than the Note, no other property of Mrs. Lollar's was seized or sold by the Bossier Parish Sheriff's office in relation to the Writ of Fieri Facias.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Denied, based on Defendant's knowledge.

**REQUEST FOR ADMISSION NO. 3:**

Please admit that You never served the Notice of Seizure on Magnolia.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Admitted.

**REQUEST FOR ADMISSION NO. 4:**

Please admit that You did not contact Mrs. Lollar, or her counsel of record, prior to the Sale of the Note for input regarding the selection of a third appraiser for the Note.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Defendant cannot admit or deny, as Defendant does not specifically recall.

**REQUEST FOR ADMISSION NO. 5:**

Please admit that it was Mr. Curtis Shelton that provided Mr. Lacour with information regarding the Note prior to Mr. Lacour completing his appraisal.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Defendant now knows that Mr. Shelton sent a letter to Mr. Lacour but did not know this at the time.

**INTERROGATORY NO. 1:**

Describe your role with the Bossier Parish Sheriff's office at the time of the Writ of Fieri Facias, as defined above, was issued in this matter. If that role has changed since that time, please describe the change and the dates upon which said change(s) occurred.

**ANSWER TO INTERROGATORY NO. 1:**

Defendant was a Clerk in the Civil Division for the Bossier Parish Sheriff's Office. Her role was processing writs and foreclosures. She is now in the records department.

**INTERROGATORY NO. 2:**

After the issuance of the Writ of Fieri Facias, describe any and all processes, steps, and/or actions taken by You, and the dates of such actions, which occurred leading up to and including the Sale of the Note, and which were in relation to any appraisal of the Note or the preparation and/or execution of the Sheriff's Sale of the Note.

**ANSWER TO INTERROGATORY NO. 2:**

Defendant followed the normal established procedures set forth by the Bossier Parish Sheriff's Office as she was trained, including receiving the writ, advertising the sale, and the appointment of appraisers as prescribed by law.

**INTERROGATORY NO. 3:**

Please identify all individuals which directed you to take any of the actions that you described in response to Interrogatory No. 2.

**ANSWER TO INTERROGATORY NO. 3:**

Defendant was directed by Jean Horne and James Sutherland.

**INTERROGATORY NO. 4:**

Please identify all manuals, guides, policies or other instructive documents or materials that you consulted in order to take any of the actions that you described in response to Interrogatory No. 2.

**ANSWER TO INTERROGATORY NO. 4:**

None. Defendant followed clearly established procedures in compliance with Louisiana Statutory Law and her training.

**INTERROGATORY NO. 5:**

If separate or different than your response to Interrogatory No. 2, please describe any and all processes, steps, and/or actions taken by the Bossier Sheriff's Office, and the dates of such actions, which occurred leading up to and including the Sale of the Note, and which were in relation to any appraisal of the Note or the preparation and/or execution of the Sheriff's Sale of the Note.

**ANSWER TO INTERROGATORY NO. 5:**

See Defendant's Answer to Interrogatory No. 2.

**INTERROGATORY NO. 6:**

Describe the reason for the delay between the receipt of the Note by the Bossier Parish Sheriff's Office on July 5, 2018 and Your issuance of the Notice of Seizure on September 6, 2018.

**ANSWER TO INTERROGATORY NO. 6:**

The reason for the delay is unknown as Defendant did not issue the Notice of Seizure.

**INTERROGATORY NO. 7:**

Describe any and all processes, steps, and/or actions taken by You in regards to the selection of a date for the Sheriff's Sale of the Note.

**ANSWER TO INTERROGATORY NO. 7:**

Defendant did not select the date for the sale.

**INTERROGATORY NO. 8:**

Identify the date when you were aware that a third appraiser would be required in regards to the Sheriff's Sale of the Note.

**ANSWER TO INTERROGATORY NO. 8:**

Defendant believes it was the same date the first two appraisals were received, but does not specifically recall the specific date when she became aware that a third appraiser would be required.

**INTERROGATORY NO. 9:**

Please identify the individual or individuals that tasked You with managing the file for the Sheriff's Sale of the Note.

**ANSWER TO INTERROGATORY NO. 9:**

Defendant was not assigned the task specifically as it was a random assignment.

**INTERROGATORY NO. 10:**

Identify all individuals with whom you consulted in regards to any appraisal of the Note or the preparation and/or execution of the Sheriff's Sale of the Note.

**ANSWER TO INTERROGATORY NO. 10:**

Defendant consulted with Jean Horne, James Sutherland, Curtis Shelton, Patrick Lacour, and possibly others that she cannot recall at this time.

**INTERROGATORY NO. 11:**

Describe all processes, steps, and/or actions taken by you in regards to locating a third appraiser in relation to the Sale of the Note, including the identification of any individual with whom you spoke about locating a third appraiser in this matter.

**ANSWER TO INTERROGATORY NO. 11:**

Defendant discussed the processes, steps and/or actions with counsel.

**INTERROGATORY NO. 12:**

Identify all other instances, cases or matters where You allowed the judgment creditor, or the judgment creditor's attorney, to provide all information to a third appraiser regarding property being sold by the Sheriff's office.

**ANSWER TO INTERROGATORY NO. 12:**

Defendant objects to the form of this Interrogatory, as it mistakes previously established facts in this case.

**INTERROGATORY NO. 13:**

Identify all communications between You and W.A. Lucky, III, his representatives or legal counsel, which relate, refer, or pertain to Lucky I, Lucky II, the Note, the Sale, and/or appraisals of the Note, including the identification of when, and with whom such communications occurred, as well as identifying any documents reflecting such communications.

**ANSWER TO INTERROGATORY NO. 13:**

Defendant did not have any communication with W.A. Lucky, III. Defendant previously identified contacts with Mr. Curtis Shelton.

**INTERROGATORY NO. 14:**

Identify all communications between You and Lucky Family, L.L.C., their representatives, members or legal counsel, which relate, refer, or pertain to Lucky I, Lucky II, the Note, the Sale, and/or appraisals of the Note, including the identification of when, and with whom such communications occurred, as well as identifying any documents reflecting such communications.

**ANSWER TO INTERROGATORY NO. 14:**

See Defendant's answer to Interrogatory No. 13.

**INTERROGATORY NO. 15:**

Identify all matters where Mr. Curtis Shelton has worked on behalf of the Bossier Parish Sheriff's Office in some capacity.

**ANSWER TO INTERROGATORY NO. 15:**

Defendant is not aware of any matters where Mr. Curtis Shelton has worked on behalf of the Bossier Parish Sheriff's Office.

**INTERROGATORY NO. 16:**

If you assert lack of knowledge or information as a reason for failing to admit or deny any of the requests for admission which were served along with these requests, please fully described what you did to make a reasonable inquiry before doing so and fully describe all information that you know and/or learned from such inquiry.

**ANSWER TO INTERROGATORY NO. 16:**

Defendant objects to this Interrogatory. Defendant searched and reviewed the record and all documents available to her.

**INTERROGATORY NO. 17:**

If you denied any of the requests for admission of facts which were served in conjunction with these interrogatories and request for production of documents, describe every fact upon which your denial was based.

**ANSWER TO INTERROGATORY NO. 17:**

Defendant objects to this Interrogatory. See Answer to Interrogatory No. 16.

**INTERROGATORY NO. 18:**

Identify all persons whom you intend to call as witnesses at the trial of any hearing or any trial of the merits of this case, and for each please provide a summary of the facts to which

the witness is expected to testify, whether the witness will be called as an expert, and the source of the person's knowledge.

**ANSWER TO INTERROGATORY NO. 18:**

Defendant has not identified witnesses to be called at trial and reserves the right to supplement this answer.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Produce all documents identified in your response to Interrogatory No. 2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

As to all Requests for Production, Defendant has in her possession no documents of her own. The only documents of which she is aware are those in the record of the foreclosure.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents identified in your response to Interrogatory No. 4.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

See Response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all documents identified in your response to Interrogatory No. 5.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

See Response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all documents which represent the communications identified in your response to Interrogatory No. 13.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

See Response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents which represent the communications identified in your response to Interrogatory No. 14.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

See Response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all documents which represent notices to any entity or person which you provided in relation to Notice of Seizure and Sale of the Note.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

See Response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all documents that relate, refer, or pertain to any communication between You and Mr. Patrick Lacour, or his representatives or legal counsel, which relate, refer, or pertain to Lucky I, Lucky II, the Note, and/or the Sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

See Response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all hand-written notes which created or relied upon in relation to any appraisal of the Note or the preparation and/or execution of the Sheriff's Sale of the Note

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

See Response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents which you intend to offer as evidence in this lawsuit and/or intend to utilize in questioning any person in relation to this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Not known at this time.

Respectfully submitted,

LANGLEY & PARKS, LLC

By: *s/Glenn L. Langley*
   Glenn L. Langley, Bar Roll No. 8019
   Julianna P. Parks, Bar Roll No. 30658

4444 Viking Drive, Suite 100
Bossier City, Louisiana 71111
(318) 383-6422 Telephone
(318) 383-6405 Telefax

***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Responses to Requests for Admission, Answers to Interrogatories and Responses to Requests for Production of Documents have been served by emailing same as follows:

Randall S. Davidson
J. Davis Powell
Andrew D. Martin
DAVIDSON SUMMERS, APLC
330 Marshall Street, Suite 1114
Shreveport, Louisiana 71101
*Counsel for Plaintiffs*

Shreveport, Louisiana, this 3rd day of November 2022.

*s/Glenn L. Langley*
_____
OF COUNSEL