UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| MAGNOLIA ISLAND PLANTATION, L.L.C. and BARBARA MARIE CAREY LOLLAR | § | CIVIL ACTION NO: 5:18-cv-01526 |
| *Plaintiffs* | § § § | |
| VS. | § § | DISTRICT JUDGE ELIZABETH FOOTE |
| LUCKY FAMILY, L.L.C., W.A. LUCKY, III, And BOSSIER PARISH SHERIFF JULIAN C. WHITTINGTON, in his official capacity | § § § § | |
| *Defendants* | § § | MAGISTRATE JUDGE KAREN HAYES |

**RESPONSES TO REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

NOW INTO COURT, through undersigned counsel, comes JULIAN C. WHITTINGON, Sheriff of Bossier Parish (hereinafter "BSO") who, for the purpose of responding to the Requests for Admissions of Fact, Interrogatories and Requests for Production of Documents propounded by BARBARA MARIE CAREY LOLLAR (hereinafter "Barbara Lollar"), avers as follows:

**GENERAL OBJECTIONS**

BSO generally objects to the Requests for Admission to the extent that these discovery requests seek the disclosure of matters protected by the attorney/client privilege, the work product doctrine, or any other applicable privileges or exemptions from discovery. To the extent that the discovery requests can be construed to seek such privileged or exempt information or materials, BSO objects and will limit these responses to non-privileged, non-exempt information that is in BSO's custody, possession and control.

**EXHIBIT G**

BSO further objects to the discovery requests insofar as these requests seek information that is beyond the scope of permissible discovery as set forth in Federal Civil Procedure Rules 26, et seq.

BSO further objects to the discovery requests to the extent these requests seek confidential and proprietary information belonging to BSO Defendants.

BSO reserves the right to amend these responses should additional information become available.

In specific answers to the requests propounded, BSO responds as follows:

## REQUESTS FOR ADMISSION

**Request for Admission No. 1:**

Please admit that the Writ of Fieri Facias did not describe the Note.

**Response to Request for Admission No. 1:**

Denied as written.

**Request for Admission No. 2:**

Please admit that the Writ of Fieri Facias did not contain the seal of the Court.

**Response to Request for Admission No. 2:**

Denied as written.

**Request for Admission No. 3:**

Please admit that you did not take any action to seize any property of Lollar upon receipt of the Writ of Fieri Facias through July 5, 2018.

**Response to Request for Admission No. 3:**

Denied as written.

**EXHIBIT G**

**Interrogatory No. 11:**

Identify all appraisals performed by Patrick Lacour for you in connection with any Sheriff's sales occurring prior to the date of the Sale of the Note, including the date of such sale and the item being sold.

**Response to Interrogatory No. 11:**

The Sheriff's office has no knowledge of any previous appraisals performed by Patrick Lacour in regards to any sales held by the Sheriff's office.

**Interrogatory No. 12:**

Identify all promissory notes and/or negotiable instruments that have been sold by you at Sheriff sale. Include the case number, date of the sale, and the identification of any appraisers which submitted an appraised value for such sale.

**Response to Interrogatory No. 12:**

The Sheriff's office does not maintain records that would reveal this information and has no way of obtaining that information. No one currently in the Sheriff's office recalls any notes being sold by sheriff sale, and there is no record of any appraiser being retained previously for that purpose.

**Interrogatory No. 13:**

Identify all communications between you and W. A. Lucky, III, his representatives or legal counsel, which relate, refer or pertain to Lucky I, Lucky II, the Note, the Sale, and/or appraisals of the Note, including the identification of when and with whom such communication occurred, as well as identifying any documents reflecting such communications.

11

**EXHIBIT G**

**Response to Interrogatory No. 13:**

There is no known conversation that would have occurred between W. A. Lucky, III and the Sheriff's office. However, Sheriff's office personnel did communicate with his attorney, Curtis Shelton.

**Interrogatory No. 14:**

Identify all communications between you and Lucky Family, L.L.C., their representatives, members or legal counsel, which relate, refer or pertain to Lucky I, Lucky II, the Note, the Sale, and/or appraisals of the Note, including the identification of when and with whom such communication occurred, as well as identifying any documents reflecting such communications.

**Response to Interrogatory No. 14:**

The Sheriff's office did not converse with Lucky Family, L.L.C. or their representative, David Touchstone, prior to the sale. At the conclusion of the sale, Lucky Family, L.L.C. was required to produce third party funds in the amount of $105,000.00 by 2:00pm that day. A copy of that check is attached hereto as **Bates Number 028**. They were also to complete a Deed Information Sheet, which provides the Sheriff's office with the following: what name the deed should be recorded, the buyer's mailing address, contact numbers(s), tax identification number, and if the buyer prefers for their deed to be mailed or picked up from the office, a copy of which is attached hereto as **Bates Number 029**.

**Interrogatory No. 15:**

Identify each person who drafted or prepared, or participated in the drafting or preparation of the *Ex Parte Motion to Fix Appraiser's Fee*, a full, true and correct copy of which is attached hereto as Exhibit 1.

**EXHIBIT G**

**Response to Interrogatory No. 15:**

The *Ex Parte Motion to Fix Appraiser's Fee* as drafted by Curtis Shelton. After review, the motion was signed by Sheriff Whittington.

**Interrogatory No. 16:**

Identify each person who drafted or prepared, or participated in the drafting or preparation of the *Motion for Order Authorizing Reduced Sheriff's Commission* and its *Negotiated Agreement for Reduced Sheriff's Commission* attached hereto, a true, full and correct copy of which is attached hereto as Exhibit 2, including the identification of the person(s) that "informed" you that the seizing creditor's appraiser was charging $225.00 per hour regarding any services he provided in relation to the Sale of the Note, as alleged in Paragraph 10.

**Response to Interrogatory No. 16:**

The *Motion for Order Authorizing Reduced Sheriff's Commission* and the *Negotiated Agreement for Reduced Sheriff's Commission* was prepared by Curtis Shelton. After review, the motion was signed by Sheriff Whittington. The seizing creditor's appraiser as Chad Garland. We do not know what he charged for his hourly rate because a bill was never received by the Sheriff's office. The question in regards to the $225.00 per hour fee seems to pertain to the third appraiser that was appointed by the Sheriff, Patrick Lacour. Patrick Lacour was not the creditor's appraiser. There are no documents to support $225.00 per hour, nor is there a written agreement in regard to fees, other than what was approved by the court. A copy of Patrick Lacour's invoice is attached hereto as **Bates Number 030**.

13

**EXHIBIT G**

### Interrogatory No. 21:

Identify all persons whom you intend to call as witnesses at the trial or any hearing in this matter, and for each please provide a summary of the facts to which the witness is expected to testify, whether the witness will be called as an expert, and the source of the person's knowledge.

### Response to Interrogatory No. 21:

At this time, BSO has not determined who it will call as witnesses at trial or any hearing. BSO will provide a witness list in accordance with the Court's scheduling order.

### Interrogatory No. 22:

If you denied any of the requests for admission of facts which were served with these interrogatories and requests for production of documents, describe every fact upon which your denial was based.

### Response to Interrogatory No. 22:

See previous responses to interrogatories.

### REQUESTS FOR PRODUCTION

### Request for Production No. 1:

Produce all documents evidencing your receipt of the Writ of Fieri Facias.

### Response to Request for Production No. 1:

See attached.

### Request for Production No. 2:

Produce all documents identified in your response to Interrogatory No. 2 or which reflect the processes, steps and/or actions taken by you from the time you received the Writ of Fieri Facias until your receipt of the Note.

**EXHIBIT G**

**Response to Request for Production No. 2**

See attached.

**Request for Production No. 3:**

Produce all documents identified in your response to Interrogatory No. 3 or which evidence notice provided by you in relation to the Writ of Fieri Facias.

**Response to Request for Production No. 3:**

See attached.

**Request for Production No. 4:**

Produce all documents identified in your response to Interrogatory No. 7.

**Response to Request for Production No. 4:**

See attached.

**Request for Production No. 5:**

Produce all documents which represent notices from you to any person which you provided in relation to the Notice of Seizure and Sale.

**Response to Request for Production No. 5:**

See attached.

**Request for Production No. 6:**

Produce all documents related to any notice you provided to any person listing the date of the Sale of the Note.

**Response to Request for Production No. 6:**

See attached.

**EXHIBIT G**

**Request for Production No. 7:**

Produce all documents that relate, refer or pertain to any communications between you and Patrick Lacour, or his representative or legal counsel, which relate, refer or pertain to Lucky I, the Note and/or the Sale.

**Response to Request for Production No. 7:**

None.

**Request for Production No. 8:**

Produce all documents identified in Interrogatory No. 11 pertaining to all appraisals performed by Patrick Lacour for any other Sheriff Sale conducted by you.

**Response to Request for Production No. 8:**

None.

**Request for Production No. 9:**

Produce all documents pertaining to all Sheriff Sales conducted by you in which the item sold was a promissory note and/or a negotiable instrument.

**Response to Request for Production No. 9:**

None.

**Request for Production No. 10:**

Produce all documents that relate, refer or pertain to any communication between you and W. A. Lucky, III, or his representative or legal counsel, which relate, refer or pertain to Lucky I, the Note, the Sale and/or appraisals of the Note.

**Response to Request for Production No. 10:**

See attached.

EXHIBIT G

**Request for Production No. 11:**

Produce all documents that relate, refer or pertain to any communication between you and Lucky Family, L.L.C, or their representatives, members or legal counsel, which relate, refer or pertain to Lucky I, the Note, the Sale and/or appraisals of the Note.

**Response to Request for Production No. 11:**

See attached.

**Request for Production No. 12:**

Produce all documents that relate, refer or pertain to the *Motion for Order Authorizing Reduced Sheriff's Commission* and its *Negotiated Agreement for Reduced Sheriff's Commission* attached thereto.

**Response to Request for Production No. 12:**

None.

**Request for Production No. 13:**

Produce all documents that relate, refer or pertain to the *Ex Parte Motion to Fix Appraiser's Fees*, a full, true and correct copy of which is attached hereto as Exhibit 1.

**Response to Request for Production No. 13:**

None.

**Request for Production No. 14:**

Produce a copy of your records which you are required to keep under La. R.S. 13:4357 for time period during your time in office.

**Response to Request for Production No. 14:**

See attached.

19

**EXHIBIT G**

**Request for Production No. 15:**

Produce all documents which support the calculations presented on your *Sheriff's Return*,

a full, true and correct copy of which is attached hereto as Exhibit 3.

**Response to Request for Production No. 15:**

See attached **Bates Numbers 042-057**.

**Request for Production No. 16:**

Produce all documents which you intend to offer as evidence in this lawsuit and/or intend

to utilize in questioning any person in relation to this lawsuit.

**Response to Request for Production No. 16:**

BSO may offer or use any document produced herewith and any document produced by

another party in this proceeding or discovered in this matter as discovery proceeds. This

determination has not been made at this early stage of litigation. BSO will comply with the

Court's scheduling order regarding the exchange of exhibits.

                              Respectfully submitted by:

                              LANGLEY, PARKS & MAXWELL, LLC

                              By:___/s/ Julianna P. Parks_____
                                   Glenn L. Langley, Bar Roll No. 8019
                                   Julianna P. Parks, Bar Roll No. 30658

                              401 Market Street, Suite 1100
                              Shreveport, Louisiana 71101
                              (318) 383-6422 Telephone
                              (318) 383-6405 Telefax

                              ***Attorney for Julian C. Whittington,***
                              ***Sheriff of Bossier Parish***

20

**EXHIBIT G**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Responses to Requests for Admission of Fact, Interrogatories and Requests for production of Documents have been served on each counsel of record via email as follows:

        Harold Ryan Bicknell, III
        Randall Stephen Davidson
        Andrew David Martin
        James Davis Powell
        DAVIDSON SUMMERS
        330 Marshall Street, Suite 1114
        Shreveport, Louisiana 71101
        hbicknell@davidsonsummers.com
        rsdav@davidsonsummers.com
        dmartin@davidsonsummers.com
        dpowell@davidsonsummers.com
        *Counsel for Magnolia Island Plantation, LLC, Barbara*
        *Marie Carey Lollar, and Ronald William Lollar*

        Curtis R. Shelton
        AYRES, SHELTON, WILLIAMS, BENSON & PAINE, LLC
        333 Texas Street, 14th Floor
        Shreveport, Louisiana 71101
        curtisshelton@arklatexlaw.com
        *Counsel for W. A. Lucky, III*

        David M. Touchstone
        TOUCHSTONE LAW FIRM
        2708 Village Lane
        Bossier City, Louisiana 71112
        dmtouchstone@firstcommercetitle.com
        *Counsel for Lucky Family, LLC*

on this 19th day of August, 2019 at Shreveport, Louisiana.

                             /s/ Julianna P. Parks
                             OF COUNSEL

**EXHIBIT G**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| MAGNOLIA ISLAND PLANTATION, L.L.C. and BARBARA MARIE CAREY LOLLAR | § | CIVIL ACTION NO: 5:18-cv-01526 |
| | § | |
| *Plaintiffs* | § | |
| | § | |
| VS. | § | DISTRICT JUDGE ELIZABETH FOOTE |
| | § | |
| LUCKY FAMILY, L.L.C., W.A. LUCKY, III, And BOSSIER PARISH SHERIFF JULIAN C. WHITTINGTON, in his official capacity | § | |
| | § | |
| | § | MAGISTRATE JUDGE KAREN HAYES |
| *Defendants* | § | |

## AMENDED RESPONSES TO REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

NOW INTO COURT, through undersigned counsel, comes JULIAN C. WHITTINGON, Sheriff of Bossier Parish (hereinafter "BSO") who, for the purpose of responding to the Requests for Admissions of Fact, Interrogatories and Requests for Production of Documents propounded by BARBARA MARIE CAREY LOLLAR (hereinafter "Barbara Lollar"), avers as follows:

## GENERAL OBJECTIONS

BSO generally objects to the Requests for Admission to the extent that these discovery requests seek the disclosure of matters protected by the attorney/client privilege, the work product doctrine, or any other applicable privileges or exemptions from discovery. To the extent that the discovery requests can be construed to seek such privileged or exempt information or materials, BSO objects and will limit these responses to non-privileged, non-exempt information that is in BSO's custody, possession and control.

**EXHIBIT G**

BSO further objects to the discovery requests insofar as these requests seek information that is beyond the scope of permissible discovery as set forth in Federal Civil Procedure Rules 26, et seq.

BSO further objects to the discovery requests to the extent these requests seek confidential and proprietary information belonging to BSO Defendants.

BSO reserves the right to amend these responses should additional information become available.

In specific answers to the requests propounded, BSO responds as follows:

## AMENDED RESPONSES TO REQUESTS FOR ADMISSION

**Request for Admission No. 1:**

Please admit that the Writ of Fieri Facias did not describe the Note.

**Response to Request for Admission No. 1:**

It is admitted that there is no specific description of the note on the actual Writ of Fieri Facias.

**Request for Admission No. 2:**

Please admit that the Writ of Fieri Facias did not contain the seal of the Court.

**Response to Request for Admission No. 2:**

Denied.

**Request for Admission No. 3:**

Please admit that you did not take any action to seize any property of Lollar upon receipt of the Writ of Fieri Facias through July 5, 2018.

**Response to Request for Admission No. 3:**

It is admitted that BSO was advised by the attorney who filed the suit not to take any action at that time, and therefore did not.

2

**EXHIBIT G**

a party to produce records as they are usually kept in the ordinary course of business. The only other way to locate such a sale would be by searching the suit records which are public record and are available to Plaintiffs' for searching through the clerk's office.

**Interrogatory No. 13:**

Identify all communications between you and W. A. Lucky, III, his representatives or legal counsel, which relate, refer or pertain to Lucky I, Lucky II, the Note, the Sale, and/or appraisals of the Note, including the identification of when and with whom such communication occurred, as well as identifying any documents reflecting such communications.

**Amended Response to Interrogatory No. 13:**

BSO Defendants do not recall nor do they possess any record of any conversation between W. A. Lucky, III and the Sheriff's office. However, Sheriff's office personnel did communicate with his attorney, Curtis Shelton. BSO cannot recall any specific instance of communication, or the time or date or content of such communication. All written communication has been produced in discovery.

**Interrogatory No. 14:**

Identify all communications between you and Lucky Family, L.L.C., their representatives, members or legal counsel, which relate, refer or pertain to Lucky I, Lucky II, the Note, the Sale, and/or appraisals of the Note, including the identification of when and with whom such communication occurred, as well as identifying any documents reflecting such communications.

**Response to Interrogatory No. 14:**

The Sheriff's office did not converse with Lucky Family, L.L.C. or their representative, David Touchstone, prior to the sale. At the conclusion of the sale, Lucky Family, L.L.C.

13

EXHIBIT G

## REQUESTS FOR PRODUCTION

### Request for Production No. 1:

Produce all documents evidencing your receipt of the Writ of Fieri Facias.

### Response to Request for Production No. 1:

See attached.

### Request for Production No. 2:

Produce all documents identified in your response to Interrogatory No. 2 or which reflect the processes, steps and/or actions taken by you from the time you received the Writ of Fieri Facias until your receipt of the Note.

### Response to Request for Production No. 2

See attached.

### Request for Production No. 3:

Produce all documents identified in your response to Interrogatory No. 3 or which evidence notice provided by you in relation to the Writ of Fieri Facias.

### Response to Request for Production No. 3:

See attached.

### Request for Production No. 4:

Produce all documents identified in your response to Interrogatory No. 7.

### Response to Request for Production No. 4:

See attached.

### Request for Production No. 5:

Produce all documents which represent notices from you to any person which you provided in relation to the Notice of Seizure and Sale.

18

EXHIBIT G

**Response to Request for Production No. 5:**

See attached.

**Request for Production No. 6:**

Produce all documents related to any notice you provided to any person listing the date of the Sale of the Note.

**Response to Request for Production No. 6:**

See attached.

**Request for Production No. 7:**

Produce all documents that relate, refer or pertain to any communications between you and Patrick Lacour, or his representative or legal counsel, which relate, refer or pertain to Lucky I, the Note and/or the Sale.

**Response to Request for Production No. 7:**

None.

**Request for Production No. 8:**

Produce all documents identified in Interrogatory No. 11 pertaining to all appraisals performed by Patrick Lacour for any other Sheriff Sale conducted by you.

**Response to Request for Production No. 8:**

None.

**Request for Production No. 9:**

Produce all documents pertaining to all Sheriff Sales conducted by you in which the item sold was a promissory note and/or a negotiable instrument.

**Response to Request for Production No. 9:**

None.

19

**EXHIBIT G**

**Request for Production No. 10:**

Produce all documents that relate, refer or pertain to any communication between you and W. A. Lucky, III, or his representative or legal counsel, which relate, refer or pertain to Lucky I, the Note, the Sale and/or appraisals of the Note.

**Response to Request for Production No. 10:**

See attached.

**Request for Production No. 11:**

Produce all documents that relate, refer or pertain to any communication between you and Lucky Family, L.L.C, or their representatives, members or legal counsel, which relate, refer or pertain to Lucky I, the Note, the Sale and/or appraisals of the Note.

**Response to Request for Production No. 11:**

See attached.

**Request for Production No. 12:**

Produce all documents that relate, refer or pertain to the *Motion for Order Authorizing Reduced Sheriff's Commission* and its *Negotiated Agreement for Reduced Sheriff's Commission* attached thereto.

**Response to Request for Production No. 12:**

None.

**Request for Production No. 13:**

Produce all documents that relate, refer or pertain to the *Ex Parte Motion to Fix Appraiser's Fees*, a full, true and correct copy of which is attached hereto as Exhibit 1.

**Response to Request for Production No. 13:**

None.

20

**EXHIBIT G**

**Request for Production No. 14:**

Produce a copy of your records which you are required to keep under La. R.S. 13:4357 for time period during your time in office.

**Response to Request for Production No. 14:**

See attached.

**Request for Production No. 15:**

Produce all documents which support the calculations presented on your *Sheriff's Return*, a full, true and correct copy of which is attached hereto as Exhibit 3.

**Response to Request for Production No. 15:**

See attached **Bates Numbers 042-057**.

**Request for Production No. 16:**

Produce all documents which you intend to offer as evidence in this lawsuit and/or intend to utilize in questioning any person in relation to this lawsuit.

**Response to Request for Production No. 16:**

BSO may offer or use any document produced herewith and any document produced by another party in this proceeding or discovered in this matter as discovery proceeds. This determination has not been made at this early stage of litigation. BSO will comply with the Court's scheduling order regarding the exchange of exhibits.

21

**EXHIBIT G**

Respectfully submitted by:

LANGLEY, PARKS & MAXWELL, LLC

By:____/s/ Julianna P. Parks_____
    Glenn L. Langley, Bar Roll No. 8019
    Julianna P. Parks, Bar Roll No. 30658

401 Market Street, Suite 1100
Shreveport, Louisiana 71101
(318) 383-6422 Telephone
(318) 383-6405 Telefax

**_Attorney for Julian C. Whittington,_**
**_Sheriff of Bossier Parish_**

**EXHIBIT G**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Amended Responses to Requests for Admission of Fact, Interrogatories and Requests for production of Documents have been served on each counsel of record via email as follows:

> Harold Ryan Bicknell, III
> Randall Stephen Davidson
> Andrew David Martin
> James Davis Powell
> DAVIDSON SUMMERS
> 330 Marshall Street, Suite 1114
> Shreveport, Louisiana 71101
> hbicknell@davidsonsummers.com
> rsdav@davidsonsummers.com
> dmartin@davidsonsummers.com
> dpowell@davidsonsummers.com
> *Counsel for Magnolia Island Plantation, LLC, Barbara Marie Carey Lollar, and Ronald William Lollar*
>
> Curtis R. Shelton
> AYRES, SHELTON, WILLIAMS, BENSON & PAINE, LLC
> 333 Texas Street, 14th Floor
> Shreveport, Louisiana 71101
> curtisshelton@arklatexlaw.com
> *Counsel for W. A. Lucky, III*
>
> David M. Touchstone
> TOUCHSTONE LAW FIRM
> 2708 Village Lane
> Bossier City, Louisiana 71112
> dmtouchstone@firstcommercetitle.com
> *Counsel for Lucky Family, LLC*

on this 9th day of September, 2019 at Shreveport, Louisiana.

_____/s/ Julianna P. Parks_____
OF COUNSEL

23

**EXHIBIT G**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| MAGNOLIA ISLAND PLANTATION, L.L.C. and BARBARA MARIE CAREY LOLLAR | § § § § § § § § § § § § § § | CIVIL ACTION NO: 5:18-cv-01526 |
| *Plaintiffs* | | |
| VS. | | DISTRICT JUDGE ELIZABETH FOOTE |
| LUCKY FAMILY, L.L.C., W.A. LUCKY, III, And BOSSIER PARISH SHERIFF JULIAN C. WHITTINGTON, in his official capacity | | |
| | | MAGISTRATE JUDGE KAREN HAYES |
| *Defendants* | | |

## SECOND AMENDED RESPONSES TO REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

NOW INTO COURT, through undersigned counsel, comes JULIAN C. WHITTINGTON, Sheriff of Bossier Parish (hereinafter "BSO") who, for the purpose of responding to the Requests for Admissions of Fact, Interrogatories and Requests for Production of Documents propounded by BARBARA MARIE CAREY LOLLAR (hereinafter "Barbara Lollar"), avers as follows:

## GENERAL OBJECTIONS

BSO generally objects to the Requests for Admission to the extent that these discovery requests seek the disclosure of matters protected by the attorney/client privilege, the work product doctrine, or any other applicable privileges or exemptions from discovery. To the extent that the discovery requests can be construed to seek such privileged or exempt information or materials, BSO objects and will limit these responses to non-privileged, non-exempt information that is in BSO's custody, possession and control.

**EXHIBIT G**

BSO further objects to the discovery requests insofar as these requests seek information that is beyond the scope of permissible discovery as set forth in Federal Civil Procedure Rules 26, et seq.

BSO further objects to the discovery requests to the extent these requests seek confidential and proprietary information belonging to BSO Defendants.

BSO reserves the right to amend these responses should additional information become available.

In specific answers to the requests propounded, BSO responds as follows:

## AMENDED RESPONSES TO REQUESTS FOR ADMISSION

**Request for Admission No. 1:**

Please admit that the Writ of Fieri Facias did not describe the Note.

**Response to Request for Admission No. 1:**

It is admitted that there is no specific description of the note on the actual Writ of Fieri Facias.

**Request for Admission No. 2:**

Please admit that the Writ of Fieri Facias did not contain the seal of the Court.

**Response to Request for Admission No. 2:**

Denied.

**Request for Admission No. 3:**

Please admit that you did not take any action to seize any property of Lollar upon receipt of the Writ of Fieri Facias through July 5, 2018.

**Response to Request for Admission No. 3:**

It is admitted that BSO did not take any action at that time, upon the advice of their attorney James Southerland.

2

**EXHIBIT G**

**Interrogatory No. 10:**

Identify and describe all communications between you and Patrick Lacour, his representatives or legal counsel, which relate, refer or pertain to Lucky I, the Note and/or the Sale, including the identification of when and with whom such communication occurred, as well as identifying any document reflecting such communications.

**Response to Interrogatory No. 10:**

The Sheriff's office does not have any record of emails or listed phone calls between our office and Patrick Lacour in its file.

**Interrogatory No. 11:**

Identify all appraisals performed by Patrick Lacour for you in connection with any Sheriff's sales occurring prior to the date of the Sale of the Note, including the date of such sale and the item being sold.

**Response to Interrogatory No. 11:**

The Sheriff's office has no knowledge or record of any previous appraisals performed by Patrick Lacour in regards to any sales held by the Sheriff's office.

**Interrogatory No. 12:**

Identify all promissory notes and/or negotiable instruments that have been sold by you at Sheriff sale. Include the case number, date of the sale, and the identification of any appraisers which submitted an appraised value for such sale.

**Amended Response to Interrogatory No. 12:**

The Sheriff's office does not maintain records searchable for this information. BSO searched the case management software checking the movable sales list for anything identifying promissory notes or negotiable instruments and did not locate any such sales. This system has been in use and would search records from December 5, 2007 to

12

**EXHIBIT G**

present. There is no way to search the previous records by topic and it is only searchable by suit number. No other records are searchable for this information. BSO does maintain seizure books and they are available to counsel to be searched. Federal Rules of Civil Procedure rule 34 allows a party to produce records as they are usually kept in the ordinary course of business. The only other way to locate such a sale would be by searching the suit records which are public record and are available to Plaintiffs' for searching through the clerk's office.

**Interrogatory No. 13:**

Identify all communications between you and W. A. Lucky, III, his representatives or legal counsel, which relate, refer or pertain to Lucky I, Lucky II, the Note, the Sale, and/or appraisals of the Note, including the identification of when and with whom such communication occurred, as well as identifying any documents reflecting such communications.

**Amended Response to Interrogatory No. 13:**

BSO Defendants do not recall nor do they possess any record of any conversation between W. A. Lucky, III and the Sheriff's office. However, Sheriff's office personnel did communicate with his attorney, Curtis Shelton.  BSO cannot recall any specific instance of communication, or the time or date or content of such communication. All written communication regarding this transaction has been produced.

**Interrogatory No. 14:**

Identify all communications between you and Lucky Family, L.L.C., their representatives, members or legal counsel, which relate, refer or pertain to Lucky I, Lucky II, the Note, the Sale, and/or appraisals of the Note, including the identification of when and with whom

13

**EXHIBIT G**

**Interrogatory No. 22:**

If you denied any of the requests for admission of facts which were served with these interrogatories and requests for production of documents, describe every fact upon which your denial was based.

**Response to Interrogatory No. 22:**

See responses to Requests for Admissions.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:**

Produce all documents evidencing your receipt of the Writ of Fieri Facias.

**Response to Request for Production No. 1:**

See attached **Bates Number 001.**

**Request for Production No. 2:**

Produce all documents identified in your response to Interrogatory No. 2 or which reflect the processes, steps and/or actions taken by you from the time you received the Writ of Fieri Facias until your receipt of the Note.

**Response to Request for Production No. 2**

See attached **Bates Number 002.**

**Request for Production No. 3:**

Produce all documents identified in your response to Interrogatory No. 3 or which evidence notice provided by you in relation to the Writ of Fieri Facias.

**Response to Request for Production No. 3:**

See attached **Bates Number 003.**

**Request for Production No. 4:**

Produce all documents identified in your response to Interrogatory No. 7.

18

**EXHIBIT G**

**Response to Request for Production No. 4:**

See attached **Bates Numbers 008-015.**

**Request for Production No. 5:**

Produce all documents which represent notices from you to any person which you provided in relation to the Notice of Seizure and Sale.

**Response to Request for Production No. 5:**

See response to Request for Production No. 4.

**Request for Production No. 6:**

Produce all documents related to any notice you provided to any person listing the date of the Sale of the Note.

**Response to Request for Production No. 6:**

See attached **Bates Numbers 016-027.**

**Request for Production No. 7:**

Produce all documents that relate, refer or pertain to any communications between you and Patrick Lacour, or his representative or legal counsel, which relate, refer or pertain to Lucky I, the Note and/or the Sale.

**Response to Request for Production No. 7:**

None.

**Request for Production No. 8:**

Produce all documents identified in Interrogatory No. 11 pertaining to all appraisals performed by Patrick Lacour for any other Sheriff Sale conducted by you.

**Response to Request for Production No. 8:**

None.

19

**EXHIBIT G**

**Request for Production No. 9:**

Produce all documents pertaining to all Sheriff Sales conducted by you in which the item sold was a promissory note and/or a negotiable instrument.

**Response to Request for Production No. 9:**

None.

**Request for Production No. 10:**

Produce all documents that relate, refer or pertain to any communication between you and W. A. Lucky, III, or his representative or legal counsel, which relate, refer or pertain to Lucky I, the Note, the Sale and/or appraisals of the Note.

**Response to Request for Production No. 10:**

See **Bates Numbers 002, 007-011, 013-022, 025-027, 036 and 038.**

**Request for Production No. 11:**

Produce all documents that relate, refer or pertain to any communication between you and Lucky Family, L.L.C, or their representatives, members or legal counsel, which relate, refer or pertain to Lucky I, the Note, the Sale and/or appraisals of the Note.

**Response to Request for Production No. 11:**

See attached **Bates Numbers 028-029.**

**Request for Production No. 12:**

Produce all documents that relate, refer or pertain to the *Motion for Order Authorizing Reduced Sheriff's Commission* and its *Negotiated Agreement for Reduced Sheriff's Commission* attached thereto.

**Response to Request for Production No. 12:**

None.

20

**EXHIBIT G**

**Request for Production No. 13:**

Produce all documents that relate, refer or pertain to the *Ex Parte Motion to Fix Appraiser's Fees*, a full, true and correct copy of which is attached hereto as Exhibit 1.

**Response to Request for Production No. 13:**

None.

**Request for Production No. 14:**

Produce a copy of your records which you are required to keep under La. R.S. 13:4357 for time period during your time in office.

**Response to Request for Production No. 14:**

See attached **Bates 001-057**.

**Request for Production No. 15:**

Produce all documents which support the calculations presented on your *Sheriff's Return*, a full, true and correct copy of which is attached hereto as Exhibit 3.

**Response to Request for Production No. 15:**

See attached **Bates Numbers 042-057**.

**Request for Production No. 16:**

Produce all documents which you intend to offer as evidence in this lawsuit and/or intend to utilize in questioning any person in relation to this lawsuit.

**Response to Request for Production No. 16:**

BSO may offer or use any document produced herewith and any document produced by another party in this proceeding or discovered in this matter as discovery proceeds. This determination has not been made at this early stage of litigation. BSO will comply with the Court's scheduling order regarding the exchange of exhibits.

21

**EXHIBIT G**

Respectfully submitted by:

LANGLEY, PARKS & MAXWELL, LLC

By:____/s/ Julianna P. Parks_____
    Glenn L. Langley, Bar Roll No. 8019
    Julianna P. Parks, Bar Roll No. 30658

401 Market Street, Suite 1100
Shreveport, Louisiana 71101
(318) 383-6422 Telephone
(318) 383-6405 Telefax

***Attorney for Julian C. Whittington,***
***Sheriff of Bossier Parish***

22

**EXHIBIT G**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Second Amended Responses to Requests for Admission of Fact, Interrogatories and Requests for production of Documents have been served on each counsel of record via email as follows:

Harold Ryan Bicknell, III
Randall Stephen Davidson
Andrew David Martin
James Davis Powell
DAVIDSON SUMMERS
330 Marshall Street, Suite 1114
Shreveport, Louisiana 71101
hbicknell@davidsonsummers.com
rsdav@davidsonsummers.com
dmartin@davidsonsummers.com
dpowell@davidsonsummers.com
***Counsel for Magnolia Island Plantation, LLC, Barbara Marie Carey Lollar, and Ronald William Lollar***

Curtis R. Shelton
AYRES, SHELTON, WILLIAMS, BENSON & PAINE, LLC
333 Texas Street, 14th Floor
Shreveport, Louisiana 71101
curtisshelton@arklatexlaw.com
***Counsel for W. A. Lucky, III***

David M. Touchstone
TOUCHSTONE LAW FIRM
2708 Village Lane
Bossier City, Louisiana 71112
dmtouchstone@firstcommercetitle.com
***Counsel for Lucky Family, LLC***

on this 18th day of September, 2019 at Shreveport, Louisiana.

_____/s/ Julianna P. Parks_____
OF COUNSEL

23

**EXHIBIT G**