D4299350

# WRIT OF FIERI FACIAS

W.A. LUCKY, III                                 TWENTY-SIXTH JUDICIAL DISTRICT
V.S.                                            PARISH OF BOSSIER
BARBARA MARIE CAREY CARR                        STATE OF LOUISIANA
DOCKET NUMBER: C-127573

TO: THE HONORABLE JULIAN WHITTINGTON, Sheriff of the Parish of BOSSIER, Greeting:

WE COMMAND YOU, That by seizure and sale of the property, real and personal, rights and credits of

BARBARA MARIE CAREY CARR LOLLAR
F/K/A BARBARA MARIE CAREY CARR
6225 TRIBUTARY COURT
BOSSIER CITY, LA 71112

in the manner prescribed by law, you cause to be made the sum of

$1,799,450.52

as well as your own charges, to satisfy a judgment lately rendered against the said BARBARA MARIE CAREY
CARR LOLLAR F/K/A BARBARA MARIE CAREY CARR in our said Court, for the Parish of Bossier, in
favor of the said

W.A. LUCKY III

And how you have executed this writ you make return to our said Court, as the law directs.

WITNESS THE HONORABLE JUDGES OF OUR SAID COURT, THIS THE 7th DAY OF JUNE, 2018.

JILL M. SESSIONS, CLERK OF COURT

_Dara E. Halphen_
Deputy Clerk of Twenty-Sixth Judicial
District Court, Bossier Parish, LA

ATTORNEY:
CURTIS R. SHELTON
Ayres, Shelton, Williams,
Benson & Paine, LLC
318-227-3500

EXHIBIT
5

BSO 001

EXHIBIT H

*# 127573*
*Lucky*
*VS.*
*Carr*

6/12/2018 **# 127,573**

Called Curtis Shelton (227-3306) at
11:05 regarding the writ of fifa.
He said to hold off on the writ because
he has issued a subpoena for Barbara
Carr to produce the $1,730,000
promissory note on July 5th, 2018.

He said he may want us to seize the note
on that court date and would be in
contact with us before July 5th.

jbh          *Davis Powell*



EXHIBIT
6

BSO 002
**EXHIBIT H**

**AYRES, SHELTON, WILLIAMS, BENSON & PAINE, LLC**
333 TEXAS STREET, 1400 REGIONS TOWER
SHREVEPORT, LOUISIANA 71101
TELEPHONE: 318-227-3500
FACSIMILE: 318-227-3980

Curtis R. Shelton

Direct: 318-227-3306
curtisshelton@arklatexlaw.com

Mailing address:

Post Office Box 1764
Shreveport, LA 71166

September 5, 2018

HAND DELIVERED

Hon. Julian C. Whittington
Bossier Parish Sheriff
Bossier Parish Sheriff's Office
Benton, LA  71006

Attention:   Ms. Kimberly D. Flournoy
             Civil Division

Re:   W. A. Lucky, III vs. Barbara Marie Carey Carr; number 127,573; Section F; 26th Judicial
      District Court; Bossier Parish, Louisiana

Dear Kim:

        Enclosed please find our check in the amount of $1,500.00 payable to the order of the Bossier
Parish Sheriff's Office. This is the deposit for the execution of the writ of fi.fa. by the seizure and
sale of the original promissory note that is in the sheriff's possession in connection with the above
referenced lawsuit.

        The original note is described as follows: *That certain note dated Nov. 2, 2017 made by Ronald Wilson Lollar payable to Barbara Marie Carey Carr or her order* collat
Original promissory note in the principal amount of One Million Seven Hundred
Thirty Thousand and No/100ths Dollars ($1,730,000.00) plus interest thereon at the
rate of four percent (4.0%) per annum until paid, payable in four (4) consecutive
annual installments of $100,046.00, the first such installment being due and payable
on November 1, 2018, and a final BALLOON PAYMENT equal to all remaining
principal and interest then due hereunder, due and payable on November 1, 2022.



EXHIBIT
8

BSO 010

**EXHIBIT H**

AYRES, SHELTON, WILLIAMS, BENSON & PAINE, LLC

Bossier Parish Sheriff
September 5, 2018
Page 2

The promissory note is movable property. Therefore, it is only necessary for it to be advertised once for sale. If possible, please advertised the sale for October 24, 2018. If that is not possible, then I would ask you to advertise it for October 17, 2018, if that can be done.

The notice of seizure and notice to appoint appraiser can be served on the judgment debtor, Barbara Marie Carey Carr a/k/a/ Barbara Marie Carey Carr Lollar through her attorney of record as follows:

Barbara Marie Carey Carr Lollar
Through:
Mr. J. Davis Powell
Davidson Summers, APLC
330 Marshall Street, Suite 1114
Shreveport, LA 71101.

The notice to appoint appraiser can be served on the plaintiff, W. A. Lucky, III, through his attorneys of record by service upon me at my office address above.

Please let me know if you have any questions. We appreciate your attention to this matter.

Yours very truly,

Curtis R. Shelton

CRS:hs

Encl.

cc:    Mr. R. Joseph Naus *via e-mail*

BSO 011

EXHIBIT H

**AYRES, SHELTON, WILLIAMS, BENSON & PAINE, LLC**

24838

| 9/5/2018 | Bossier Parish Sheriff | | | | | Check No. 24838 |

| Invoice Date | Invoice No. | Description | | | Matter ID | Amount |
| --- | --- | --- | --- | --- | --- | --- |
| 9/5/2018 | | Wrif If Fi.Fa. | | | 122103.5003 | 1,500.00 |

SCANNED

SEP 0 5 2018

Total:   1,500.00

FOR SECURITY PURPOSES, THE FACE OF THIS DOCUMENT CONTAINS A COLORED BACKGROUND AND MICROPRINTING IN THE BORDER

**AYRES, SHELTON, WILLIAMS, BENSON & PAINE, LLC**   REGIONS   24838
84-362/654

OPERATING ACCOUNT
333 TEXAS STREET
1400 REGIONS TOWER
SHREVEPORT, LA 71101

   



| | DATE | AMOUNT |
| --- | --- | --- |
| | 9/5/2018 | $ 1,500.00 |

PAY
TO THE   One Thousand, Five Hundred & No/100 Dollars
ORDER
OF   Bossier Parish Sheriff
P.O. Box 850
Benton, LA 71006

SECURITY FEATURES INCLUDED, DETAILS ON BACK

⑈024838⑈ ⑆065403626⑆ 0 131820743⑈

BSO 012
**EXHIBIT H**



JULIAN C. WHITTINGTON
SHERIFF
PH: (318) 965-2203
FAX: (318) 965-3505

BOSSIER PARISH SHERIFF'S OFFICE
POST OFFICE BOX 850
BENTON, LA 71006

September 6, 2018

Caddo Parish Sheriff's Office
ATTN: Civil Department
501 Texas Street, Room 101
Shreveport, LA  71101-5410

    RE: **Service for BARBARA MARIE CAREY CARR LOLLAR F/K/A BARBARA MARIE CAREY THROUGH MR. J. DAVIS POWELL & W.A. LUCKY, III THROUGH ATTORNEYS OF RECORD CURTIS R. SHELTON**

Dear Clerk,

In order to expedite the date of sale (per the attorney) please mail the returns in the self-addressed, stamped envelopes as soon as possible. Should you have any questions, please do not hesitate to contact me. You may reach me at (318) 935-2032. Thank you in advance!

Sincerely,

Kimberly D. Flournoy
Bossier Parish Sheriff's Office
Civil Department

**EXHIBIT**
9

**BSO 004**
**EXHIBIT H**

## Kim Flournoy

**From:** Kim Flournoy
**Sent:** Thursday, September 06, 2018 1:27 PM
**To:** 'curtisshelton@arklatexlaw.com'
**Subject:** SUIT # 127573
**Attachments:** SUIT # 127573.docx

**Importance:** High

Mr. Shelton please review the attached language and verbiage for the description in the above referenced suit and make any necessary changes. Also, once I receive your approval I will be sending a Notice of Seizure and Notice to Appoint Appraiser to Barbara Marie Carey Carr Lollar F/K/A Barbara Marie Carey Carr through Mr. J. Davis Powell, 330 Marshall Street, Suite 1114, Shreveport, LA 71101 and Notice to Appoint Appraiser to W.A. Lucky, III through attorneys of record Curtis R. Shelton, 333 Texas Street, 1400 Regions Tower, Shreveport, LA 71101. Once I receive the returns from Caddo Parish I will contact you immediately to send you an ad approval. Once approved, we will set for sale as I understand this is a time sensitive matter. Thank you and have a great day!

*Kimberly Flournoy*
Bossier Sheriff's Office
(318) 935-2032 Phone
(318) 965-3448 Fax



*This email, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited.*
*If you have received this email in error, please immediately notify me by telephone at 318-965-2203 and permanently delete the original and any copy or any printout thereof.*



EXHIBIT
10

1

**BSO 013**
**EXHIBIT H**

THAT CERTAIN ORIGINAL PROMISSORY NOTE DATED NOVEMBER 2, 2017 MADE BY RONALD WILLIAM LOLLAR PAYABLE TO BARBARA MARIE CAREY CARR LOLLAR OR HER ORDER IN THE PRINCIPAL AMOUNT OF ONE MILLION SEVEN HUNDRED THIRTY THOUSAND AND NO/100THS DOLLARS ($1,730,000.00) PLUS INTEREST THEREON AT THE RATE OF FOUR PERCENT (4.0%) PER ANNUM UNTIL PAID, PAYABLE IN FOUR (4) CONSECUTIVE ANNUAL INSTALLMENTS OF $ 100,046.00, THE FIRST SUCH INSTALLMENT BEING DUE AND PAYABLE ON NOVEMBER 1, 2018, AND A FINAL BALLOON PAYMENT EQUAL TO ALL REMAINING PRINCIPAL AND INTEREST THEN DUE HEREUNDER, DUE AND PAYABLE ON NOVEMBER 1, 2022.

BSO 014
EXHIBIT H

## Kim Flournoy

| | |
|---|---|
| **From:** | Curtis R. Shelton <CurtisShelton@arklatexlaw.com> |
| **Sent:** | Thursday, September 06, 2018 1:29 PM |
| **To:** | Kim Flournoy |
| **Subject:** | RE: SUIT # 127573 |

Dear Kimberly,

I have review this and it looks great to me. Thanks!

Curtis R. Shelton
Ayres, Shelton, Williams, Benson & Paine, LLC
14th Floor Regions Tower
333 Texas Street (71101)
P. O. Box 1764
Shreveport, LA  71166-1764
318-227-3500 work
318-227-3306 direct
318-470-9010 mobile
318-227-3806 facsimile
www.arklatexlaw.com

**IRS Circular 230 Disclosure:**  To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that any U.S. federal tax advice contained in this communication, including any appendices, is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under U.S. federal tax law, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**CONFIDENTIALITY STATEMENT**

This electronic message transmission contains information from the law firm of Ayres, Shelton, Williams, Benson & Paine, LLC and is confidential or privileged. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us by telephone (318-227-3306).

**From:** Kim Flournoy [mailto:kflournoy@bossiersheriff.com]
**Sent:** Thursday, September 6, 2018 1:27 PM
**To:** Curtis R. Shelton
**Subject:** SUIT # 127573
**Importance:** High

Mr. Shelton please review the attached language and verbiage for the description in the above referenced suit and make any necessary changes. Also, once I receive your approval I will be sending a Notice of Seizure and Notice to Appoint Appraiser to Barbara Marie Carey Carr Lollar F/K/A Barbara Marie Carey Carr through Mr. J. Davis Powell, 330 Marshall Street, Suite 1114, Shreveport, LA  71101 and Notice to Appoint Appraiser to W.A. Lucky, III through attorneys of record Curtis R. Shelton, 333 Texas Street, 1400 Regions Tower, Shreveport, LA  71101. Once I receive the returns from Caddo Parish I will contact you immediately to send you an ad approval. Once approved, we will set for sale as I understand this is a time sensitive matter. Thank you and have a great day!

*Kimberly Flournoy*



BSO 015
**EXHIBIT H**

# N O T I C E   O F   S E I Z U R E
## SHERIFF'S OFFICE

| | |
|---|---|
| **Suit No:** (08) 127573   **Serial #:** 50 | **JULIAN C. WHITTINGTON, SHERIFF** |
| **Date:**   Thursday, September 6, 2018 | P.O.Box 850 |
| W. A. LUCKY, III | BENTON, LA 71006 |
| VS | |
| BARBARA MARIE CAREY CARR | **Parish of Bossier** |
| | 26th Judicial District Court |
| | State of Louisiana |

TO:LOLLAR, BARBARA MARIE CAREY CARR F/K/A BARBARA MARIE CAREY THROUGH
   MR. J. DAVIS POWELL
   330 MARSHALL STREET, SUITE 1114
   SHREVEPORT, LA 71101

PLEASE TAKE NOTICE! That by virtue of a writ of FIERI FACIAS, issued in, the above mentioned suit, I have seized and taken into my official custody all the rights, title, interest and claims of <u>BARBARA MARIE CAREY CARR</u>, in and for the following named and described property, to wit:

THAT CERTAIN ORIGINAL PROMISSORY NOTE DATED NOVEMBER 2, 2017 MADE BY RONALD WILLIAM LOLLAR PAYABLE TO BARBARA MARIE CAREY CARR LOLLAR OR HER ORDER IN THE PRINCIPAL AMOUNT OF ONE MILLION SEVEN HUNDRED THIRTY THOUSAND AND NO/100THS DOLLARS ($1,730,000.00) PLUS INTEREST THEREON AT THE RATE OF FOUR PERCENT (4.0%) PER ANNUM UNTIL PAID, PAYABLE IN FOUR (4) CONSECUTIVE ANNUAL INSTALLMENTS OF $ 100,046.00, THE FIRST SUCH INSTALLMENT BEING DUE AND PAYABLE ON NOVEMBER 1, 2018, AND A FINAL BALLOON PAYMENT EQUAL TO ALL REMAINING PRINCIPAL AND INTEREST THEN DUE HEREUNDER, DUE AND PAYABLE ON NOVEMBER 1, 2022.

NOW, THEREFORE, unless you come forward, from the service of this notice, pay and satisfy the demands of: <u>W. A. LUCKY, III</u>, in the above-entitled suit, and all costs, or point out other property, I will proceed to advertise and sell the above described property, according to law.

This matter is tentatively scheduled for Sheriff's Sale on the first Wednesday, fourteen days from the date of the notice of seizure; however, you should contact the Sheriff's Office at (318)965-3404 for the actual sale date and any rescheduling.

| | |
|---|---|
| SHERIFF'S RETURN<br>DATE:<br>SERVED:<br>PERSONAL:( )<br>DOMICILIARY:( )<br>UNABLE TO LOCATE:( )<br>MOVED( )<br>NO SUCH ADDRESS( )<br>OTHER REASON:<br>DEPUTY:<br>BPSO-CIV-202-0402 | JULIAN C. WHITTINGTON-SHERIFF &<br>EX-OFFICIO TAX COLLECTOR<br>BOSSIER PARISH<br><br>BY:<br>KIM FLOURNOY |

**EXHIBIT**

N   **Return Copy**

**BSO 005**
**EXHIBIT H**

## Kim Flournoy

| | |
|---|---|
| **From:** | Kim Flournoy |
| **Sent:** | Friday, September 14, 2018 11:55 AM |
| **To:** | curtisshelton@arklatexlaw.com |
| **Subject:** | Suit # 127573 |
| **Attachments:** | doc02136020180914114832.pdf |

*9-14-18*

| | |
|---|---|
| **Importance:** | High |

Mr. Shelton, please see the attached advertisement. Once you sign the second form and send both pages I will set for sale. Thank you and have a good weekend!

*Kimberly Flournoy*
Bossier Sheriff's Office
(318) 935-2032 Phone
(318) 965-3448 Fax



*This email, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited.*

*If you have received this email in error, please immediately notify me by telephone at 318-965-2203 and permanently delete the original and any copy or any printout thereof.*



EXHIBIT

B

1

BSO 016
**EXHIBIT H**

**BOSSIER PARISH SHERIFF'S OFFICE**
JULIAN C. WHITTINGTON, SHERIFF
BOSSIER PARISH, LOUISIANA

September 14, 2018

*VIA FACSIMILE*:   (318) 227-3806

Curtis Shelton
P. O. Box 22260
Shreveport, LA 71120-2260

RE: Suit No. (08) 127573-
W. A. LUCKY, III
Vs.
BARBARA MARIE CAREY CARR

Mr. Shelton,

Please see attached Advertisement notice for your review. After reviewing, if all information is correct, please sign below and return to my attention. WE MUST HAVE YOUR SIGNATURE BEFORE WE CAN RUN THE AD AND SET A SALE DATE. Please return both pages.

If you have any further questions, please feel free to contact me at the number listed below.

BOSSIER PARISH SHERIFF'S OFFICE

BY _____
Kimberly D. Flournoy
CIVIL PROCESS DIVISION
(318) 935-2032 ph
(318) 965-3450 fax

_____
ATTORNEY FOR PLAINTIFF

BSO 017
**EXHIBIT H**

## SHERIFF'S SALE
## SHERIFF'S OFFICE

Suit No: (08) 127573-

Date:   Friday, September 14, 2018

W. A. LUCKY, III
VS
BARBARA MARIE CAREY CARR

JULIAN C. WHITTINGTON, SHERIFF
P.O.Box 850
BENTON, LA 71006

Parish of Bossier
26th Judicial District Court
State of Louisiana

By virtue of a Writ of FIERI FACIAS issued in the above numbered and entitled cause and to me directed, I have seized and will proceed to sell at public auction, to the last and highest bidder, for cash,  WITH the benefit of appraisement, and according to law, at the principal front door of the court house, in the town of Benton, LA, on WEDNESDAY, OCTOBER 24, 2018, between the hours of 10:00 AM and 4:00 PM the following described property, situated in parish of BOSSIER, Louisiana, to-wit::

THAT CERTAIN ORIGINAL PROMISSORY NOTE DATED NOVEMBER 2, 2017 MADE BY RONALD WILLIAM LOLLAR PAYABLE TO BARBARA MARIE CAREY CARR LOLLAR OR HER ORDER IN THE PRINCIPAL AMOUNT OF ONE MILLION SEVEN HUNDRED THIRTY THOUSAND AND NO/100THS DOLLARS ($1,730,000.00) PLUS INTEREST THEREON AT THE RATE OF FOUR PERCENT (4.0%) PER ANNUM UNTIL PAID, PAYABLE IN FOUR (4) CONSECUTIVE ANNUAL INSTALLMENTS OF $ 100,046.00, THE FIRST SUCH INSTALLMENT BEING DUE AND PAYABLE ON NOVEMBER 1, 2018, AND A FINAL BALLOON PAYMENT EQUAL TO ALL REMAINING PRINCIPAL AND INTEREST THEN DUE HEREUNDER, DUE AND PAYABLE ON NOVEMBER 1, 2022.

And from the proceeds of said sale to pay petitioners claims of: ONE MILLION SEVEN HUNDRED NINETY-NINE THOUSAND FOUR HUNDRED FIFTY AND 52 / 100 ($1,799,450.52) DOLLARS, along with interest, attorney's fees and all other costs of suit.

PUBLISH ON:

ATTORNEY FOR PLAINTIFF:
Curtis R Shelton
P. O. Box 22260
Shreveport, LA 71120-2260
318-221-6277

JULIAN C. WHITTINGTON, SHERIFF &
EX-OFFICIO AUCTIONEER
BOSSIER Parish

BPSO-CIV-209-0402

BSO 018
**EXHIBIT H**

## Kim Flournoy

| | |
|---|---|
| **From:** | Kim Flournoy |
| **Sent:** | Friday, September 14, 2018 1:33 PM |
| **To:** | 'Curtis R. Shelton' |
| **Subject:** | Sale Notice for  Suit # 127573 |
| **Attachments:** | doc02137020180914133128.pdf |

**Importance:** High

Please find attached sale notice for the above referenced sale.

*Kimberly Flournoy*
Bossier Sheriff's Office
(318) 935-2032 Phone
(318) 965-3448 Fax



*This email, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited.*
*If you have received this email in error, please immediately notify me by telephone at 318-965-2203 and permanently delete the original and any copy or any printout thereof.*

**From:** Curtis R. Shelton [mailto:CurtisShelton@arklatexlaw.com]
**Sent:** Friday, September 14, 2018 12:54 PM
**To:** Kim Flournoy
**Subject:** RE: Suit # 127573

Dear Kim,

Attached is the executed advertisement form. I will put the original in the mail.

Curtis R. Shelton
Ayres, Shelton, Williams, Benson & Paine, LLC
14th Floor Regions Tower
333 Texas Street (71101)
P. O. Box 1764
Shreveport, LA  71166-1764
318-227-3500 work
318-227-3306 direct
318-470-9010 mobile
318-227-3806 facsimile



1

BSO 019
**EXHIBIT H**


**BOSSIER PARISH SHERIFF'S OFFICE**
JULIAN C. WHITTINGTON, SHERIFF
BOSSIER PARISH, LOUISIANA

September 14, 2018

*VIA FACSIMILE*:   (318) 227-3806

Curtis Shelton
P. O. Box 22260
Shreveport, LA 71120-2260

RE: Suit No. (08) 127573-
W. A. LUCKY, III
Vs.
BARBARA MARIE CAREY CARR

Mr. Shelton,

Please see attached Advertisement notice for your review. After reviewing, if all information is correct, please sign below and return to my attention. WE MUST HAVE YOUR SIGNATURE BEFORE WE CAN RUN THE AD AND SET A SALE DATE. Please return both pages.

If you have any further questions, please feel free to contact me at the number listed below.

BOSSIER PARISH SHERIFF'S OFFICE

BY
Kimberly D. Flournoy
CIVIL PROCESS DIVISION
(318) 935-2032 ph
(318) 965-3450 fax

ATTORNEY FOR PLAINTIFF

BSO 020
EXHIBIT H

## SHERIFF'S SALE
### SHERIFF'S OFFICE

Suit No: (08) 127573-

Date:   Friday, September 14, 2018

W. A. LUCKY, III
VS
BARBARA MARIE CAREY CARR

JULIAN C. WHITTINGTON, SHERIFF
P.O.Box 850
BENTON, LA 71006

Parish of Bossier
26th Judicial District Court
State of Louisiana

By virtue of a Writ of FIERI FACIAS issued in the above numbered and entitled cause and to me directed, I have seized and will proceed to sell at public auction, to the last and highest bidder, for cash, WITH the benefit of appraisement, and according to law, at the principal front door of the court house, in the town of Benton, LA, on WEDNESDAY, OCTOBER 24, 2018, between the hours of 10:00 AM and 4:00 PM the following described property, situated in parish of BOSSIER, Louisiana, to-wit::

THAT CERTAIN ORIGINAL PROMISSORY NOTE DATED NOVEMBER 2, 2017 MADE BY RONALD WILLIAM LOLLAR PAYABLE TO BARBARA MARIE CAREY CARR LOLLAR OR HER ORDER IN THE PRINCIPAL AMOUNT OF ONE MILLION SEVEN HUNDRED THIRTY THOUSAND AND NO/100THS DOLLARS ($1,730,000.00) PLUS INTEREST THEREON AT THE RATE OF FOUR PERCENT (4.0%) PER ANNUM UNTIL PAID, PAYABLE IN FOUR (4) CONSECUTIVE ANNUAL INSTALLMENTS OF $ 100,046.00, THE FIRST SUCH INSTALLMENT BEING DUE AND PAYABLE ON NOVEMBER 1, 2018, AND A FINAL BALLOON PAYMENT EQUAL TO ALL REMAINING PRINCIPAL AND INTEREST THEN DUE HEREUNDER, DUE AND PAYABLE ON NOVEMBER 1, 2022.

And from the proceeds of said sale to pay petitioners claims of: ONE MILLION SEVEN HUNDRED NINETY-NINE THOUSAND FOUR HUNDRED FIFTY AND 52 / 100 ($1,799,450.52) DOLLARS, along with interest, attorney's fees and all other costs of suit.

PUBLISH ON:

ATTORNEY FOR PLAINTIFF:
Curtis R Shelton
P. O. Box 22260
Shreveport, LA 71120-2260
318-221-6277

JULIAN C. WHITTINGTON, SHERIFF &
EX-OFFICIO AUCTIONEER
BOSSIER Parish

BPSO-CIV-209-0402



BSO 021
**EXHIBIT H**

## Kim Flournoy

| | |
|---|---|
| **From:** | Kim Flournoy |
| **Sent:** | Monday, September 17, 2018 10:32 AM |
| **To:** | curtisshelton@arklatexlaw.com |
| **Subject:** | Suit # 127573 |
| **Importance:** | High |

Mr. Shelton it is my understanding the above referenced suit is with appraisal. In the event we have 2 appraisals that vary greatly and we have to get a third appraisal, do you have any recommendations as to whom appraises these type of notes? If possible could you give the names of at least two so we are not down to the wire trying to find one last minute. Thanks, Kim.

*Kimberly Flournoy*
Bossier Sheriff's Office
(318) 935-2032 Phone
(318) 965-3448 Fax



*This email, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited.*

*If you have received this email in error, please immediately notify me by telephone at 318-965-2203 and permanently delete the original and any copy or any printout thereof.*



EXHIBIT
16

**BSO 025**
**EXHIBIT H**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MAGNOLIA ISLAND PLANTATION, L.L.C. § | CIVIL ACTION NO: 5:18-cv-01526 |
| and BARBARA MARIE CAREY LOLLAR   § | |
| § | |
| Plaintiffs   § | |
| § | |
| VS.   § | DISTRICT JUDGE MAURICE HICKS |
| § | |
| LUCKY FAMILY, L.L.C., W.A. LUCKY, III, § | |
| And BOSSIER PARISH SHERIFF JULIAN § | |
| C. WHITTINGTON, in his official capacity § | |
| § | MAGISTRATE JUDGE KAREN HAYES |
| Defendants   § | |

**AFFIDAVIT OF KIM FLOURNOY**

**STATE OF LOUISIANA**

**PARISH OF BOSSIER**

BEFORE ME, the undersigned Notary Public, personally appeared KIM FLOURNOY who, after first being duly sworn, did depose and state as follows:

1.

This affidavit is based on my personal knowledge.

2.

I have been employed by Julian C. Whittington, Sheriff of Bossier Parish, (hereinafter "the Sheriff") since February 16, 2007.



EXHIBIT
tabbies
17

1

EXHIBIT B

**EXHIBIT H**

Case 5:18-cv-01526-SMH-KDM   Document 198-10   Filed 11/12/22   Page 19 of 68 PageID #:
Case 5:18-cv-01526-SMH-KLH   Document 123-2   Filed 02/03/20   Page 2 of 4 PageID #: 3730
4930

3.

From May 11, 2016 to June 5, 2019 I was employed in the civil department where I handled sheriff's sales.

4.

In September of 2018, I was preparing for the sheriff's sale of a promissory note in the suit titled *W.A. Lucky, III v. Barbara Marie Carey Carr,* Suit No. 08-127573.

5.

Both parties in the suit were noticed of their right to submit an appraisal of the seized property, the promissory note, in preparation for the sheriff's sale.

6.

The appraisals were due by October 19, 2018 for the Sheriff's sale that would take place on October 24, 2018.

7.

I was instructed that if there was great discrepancy between the two appraisals, the Sheriff would be required to appoint a third appraiser and obtain a third appraisal in time for the Sheriff's sale which would be only five days later.

8.

I then consulted with my supervisor Jean Horne, and we both consulted with legal counsel for the Sheriff regarding sheriff's sales, James Southerland.

EXHIBIT B

EXHIBIT H

Case 5:18-cv-01526-SMH-KDM   Document 198-10   Filed 11/12/22   Page 20 of 68 PageID #:
4931
Case 5:18-cv-01526-SMH-KLH   Document 123-2   Filed 02/03/20   Page 3 of 4 PageID #:  3731

9.

      James Southerland advised that he would look into the matter and see if he could recommend the appropriate appraiser to appraise the subject promissory note should the Sheriff be required to appoint a third appraiser.

10.

      Shortly after, James Southerland contacted me and advised that after looking into the matter he was unable to locate the appropriate appraiser for me to contact to obtain a third appraisal on behalf of the Sheriff should one be required.

11.

      James Southerland mentioned that I could contact Curtis Shelton, who he said he knew to be an experienced business attorney, and ask him to provide recommendations for a qualified appraiser that the Sheriff's office could appoint should a third appraisal become necessary.

12.

      I was advised to contact Curtis Shelton for a recommendation solely based on my conversations with James Southerland and Jean Horne, and not due to any policy, procedure or custom of the Sheriff's office.

13.

      It was the custom of the Sheriff's office for me to consult with my supervisor and legal counsel with any questions that I had in conducting the preparations for a sheriff's sale.

EXHIBIT B

3

**EXHIBIT H**

14.

I contacted Curtis Shelton for a recommendation and he provided me with the name of Patrick LaCour.

15.

I spoke with Patrick LaCour regarding performing the appraisal and to coordinate his appointment with the Sheriff's office to sign the Appraisement Sheet and provide the appraisal in accordance with his appointment by the Sheriff.

16.

His appointment is evidenced by the Appraisement sheet which was signed by both Patrick LaCour and myself (Rec. Doc. 84-16, pp. 18-19 of 32), Exhibit A hereto.

_____
KIM FLOURNOY

DONE AND SIGNED on this 3rd day of February, 2020.

_____
NOTARY PUBLIC

MARY A. KERRY, NOTARY PUBLIC
NOTARY ID # 62366
BOSSIER PARISH, LOUISIANA
MY COMMISSION IS FOR LIFE

EXHIBIT B

4

**EXHIBIT H**

**Jean Horne**

| | |
|---|---|
| **From:** | Kim Flournoy <kflournoy@bossiersheriff.com> |
| **Sent:** | Friday, September 21, 2018 9:26 AM |
| **To:** | Curtis R. Shelton |
| **Subject:** | RE: Suit # 127573 |

Thank you and have a great weekend!

*Kimberly Flournoy*
Bossier Sheriff's Office
(318) 935-2032 Phone
(318) 965-3448 Fax



*This email, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited.*
*If you have received this email in error, please immediately notify me by telephone at 318-965-2203 and permanently delete the original and any copy or any printout thereof.*

**From:** Curtis R. Shelton [mailto:CurtisShelton@arklatexlaw.com]
**Sent:** Friday, September 21, 2018 9:22 AM
**To:** Kim Flournoy
**Subject:** RE: Suit # 127573

Dear Kim,

Attached is the appointment of appraiser for the plaintiff, Mr. W. Al. Lucky. He is appointing Chad M. Garland.

I will look to see if I can find some other persons who would appraise the note.

Curtis R. Shelton
Ayres, Shelton, Williams, Benson & Paine, LLC
14th Floor Regions Tower
333 Texas Street (71101)
P. O. Box 1764
Shreveport, LA 71166-1764
318-227-3500 work
318-227-3306 direct
318-470-9010 mobile
318-227-3806 facsimile

1



**EXHIBIT**
18

BS**EXHIBIT H**

www.arklatexlaw.com

**IRS Circular 230 Disclosure:** To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that any U.S. federal tax advice contained in this communication, including any appendices, is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under U.S. federal tax law, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**CONFIDENTIALITY STATEMENT**

This electronic message transmission contains information from the law firm of Ayres, Shelton, Williams, Benson & Paine, LLC and is confidential or privileged. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us by telephone (318-227-3306).

**From:** Kim Flournoy [mailto:kflournoy@bossiersheriff.com]
**Sent:** Monday, September 17, 2018 10:32 AM
**To:** Curtis R. Shelton
**Subject:** Suit # 127573
**Importance:** High

Mr. Shelton it is my understanding the above referenced suit is with appraisal. In the event we have 2 appraisals that vary greatly and we have to get a third appraisal, do you have any recommendations as to whom appraises these type of notes? If possible could you give the names of at least two so we are not down to the wire trying to find one last minute. Thanks, Kim.

*Kimberly Flournoy*
Bossier Sheriff's Office
(318) 935-2032 Phone
(318) 965-3448 Fax



*This email, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited.*
*If you have received this email in error, please immediately notify me by telephone at 318-965-2203 and permanently delete the original and any copy or any printout thereof.*

2

BSO 450  **EXHIBIT H**

Jean Horne

**From:** Curtis R. Shelton <CurtisShelton@arklatexlaw.com>
**Sent:** Friday, October 12, 2018 8:53 AM
**To:** Kim Flournoy
**Subject:** Suit # 127573
**Attachments:** 10-12-18 – Sheriff Letter.pdf

Dear Kim,

Attached please find the executed oath and appraisement sheet for the plaintiff's appraisal. The originals of the attached will be delivered to you today.

Curtis R. Shelton
Ayres, Shelton, Williams, Benson & Paine, LLC
14th Floor Regions Tower
333 Texas Street (71101)
P. O. Box 1764
Shreveport, LA  71166-1764
318-227-3500 work
318-227-3306 direct
318-470-9010 mobile
318-227-3806 facsimile
www.arklatexlaw.com

**IRS Circular 230 Disclosure:**  To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that any U.S. federal tax advice contained in this communication, including any appendices, is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under U.S. federal tax law, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**CONFIDENTIALITY STATEMENT**

This electronic message transmission contains information from the law firm of Ayres, Shelton, Williams, Benson & Paine, LLC and is confidential or privileged. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us by telephone (318-227-3306).

1



**EXHIBIT**
1 ᵈ

BS 076  **EXHIBIT H**

AYRES, SHELTON, WILLIAMS, BENSON & PAINE, LLC
333 TEXAS STREET, 1400 REGIONS TOWER
SHREVEPORT, LOUISIANA 71101
TELEPHONE: 318-227-3500
FACSIMILE: 318-227-3980

Curtis R. Shelton

Direct: 318-227-3306
curtisshelton@arklatexlaw.com

Mailing address:

Post Office Box 1764
Shreveport, LA 71166

October 12, 2018

VIA E-MAIL AND HAND DELIVERY

Hon. Julian C. Whittington
Bossier Parish Sheriff
Bossier Parish Sheriff's Office
204 Burt Blvd
Benton, LA 71006

Attention:    Ms. Kimberly D. Flournoy
              Civil Division

Re:    W. A. Lucky, III vs. Barbara Marie Carey Carr; number 127,573; Section F; 26th Judicial
       District Court; Bossier Parish, Louisiana

Dear Kim:

       Enclosed please find the Oath of Appraiser and the Appraisement Sheet, each of which has
been sworn and signed by Mr. Chad M. Garland before a Notary Public.

       Please let me know if you have any questions. We appreciate your attention to this matter.

                                        Yours very truly,

                                        Curtis R. Shelton

CRS:hs

Encl.

**EXHIBIT H**

# OATH OF APPRAISER

| Suit No: | (08) 127573 | BENTON, LA |
| --- | --- | --- |
| | W. A. Lucky, III | 26ᵗʰ Judicial District |
| | vs | Parish of Bossier |
| | Barbara Marie Carey Carr | State of Louisiana |

STATE OF LOUISIANA
PARISH OF CADDO

BEFORE ME, the undersigned authority, personally came and appeared CHAD M. GARLAND, who, after being duly sworn, deposed and stated:

1.    I, Chad M. Garland, have been appointed by the plaintiff, W. A. Lucky, III, to value the following described property to be sold in the above captioned lawsuit, being the promissory note which is described as follows:

That certain original promissory note dated November 2, 2017 made by Ronald William Lollar payable to Barbara Marie Carey Carr Lollar or her order in the principal amount of One Million Seven Hundred Thirty Thousand and No/100ths Dollars ($1,730,000.00) plus interest thereon at the rate of four percent (4.0%) per annum until paid, payable in four (4) consecutive annual installments of $100,046.00, the first such installment being due and payable on November 1, 2018, and a final balloon payment equal to all remaining principal and interest then due hereunder, due and payable on November 1, 2022; and

2.    Further, I do hereby solemnly swear that I will make a true and just appraisal of the above described property, and that, in making said appraisement, I will act fairly and impartially and make a true value of what the above described property is worth in cash, to the best of my knowledge, information, and belief.

_____
CHAD M. GARLAND

SWORN TO AND SUBSCRIBED before me, Notary Public, this ____ day of _____, 2018.

_____
NOTARY PUBLIC, CADDO PARISH
Name: Elizabeth A. Parker
Notary I.D./Bar Roll No.: 64118
My commission expires: Life

ELIZABETH A. PARKER, NOTARY PUBLIC
BOSSIER PARISH, LOUISIANA
MY COMMISSION IS FOR LIFE
NOTARY ID # 64118

BS**EXHIBIT H**

# APPRAISEMENT SHEET

| | |
|---|---|
| Suit No:  (08) 127573 | BENTON, LA |
| W. A. Lucky, III | 26th Judicial District |
| vs | Parish of Bossier |
| Barbara Marie Carey Carr | State of Louisiana |

We, the undersigned, having been appointed to appraise the property advertised for sale by the Sheriff in the above entitled and numbered cause, do solemnly swear that in making said appraisement, we have acted fairly and impartially and have made a true value of what the said property is worth in cash, to the best of our knowledge, information, and belief.

_Chned A. Gne-land_
1.   Plaintiff (sheriff) Appraiser
Sworn to and subscribed before me this
___ day of _October_, 2018.

_Elizabeth A.Parken_
Notary Public
Name: _Elizabeth A. Parker_
Notary I.D./Bar Roll No.: _64118_
My commission expires: Life

2.   Defendant (sheriff) Appraiser
Sworn to and subscribed before me this
___ day of _____, 2018.

_____
Deputy Sheriff

3.   Third (sheriff) Appraiser
Sworn to and subscribed before me this
___ day of _____, 2018.

_____
Deputy Sheriff

That certain original promissory note dated November 2, 2017 made by Ronald William Lollar payable to Barbara Marie Carey Carr Lollar or her order in the principal amount of One Million Seven Hundred Thirty Thousand and No/100ths Dollars ($1,730,000.00) plus interest thereon at the rate of four percent (4.0%) per annum until paid, payable in four (4) consecutive annual installments of $100,046.00, the first such installment being due and payable on November 1, 2018, and a final balloon payment equal to all remaining principal and interest then due hereunder, due and payable on November 1, 2022.

_$ 173,000.—_
APPRAISEMENT

2/3 of Appraisement

_Chad W. Garland, CPA, ASA, ABV, CVA_       _$ 173,000.⁰⁰_
1.   Plaintiff (sheriff) Appraiser                         Appraisement

2.   Defendant (sheriff) Appraiser                    Appraisement
_____            _____

3.   Third (sheriff) Appraiser                          Appraisement
_____            _____

ATTORNEY:  CURTIS R. SHELTON
333 Texas street, Suite 1400
Shreveport, LA 71101
(318) 227-3500

ELIZABETH A. PARKER, NOTARY PUBLIC
BOSSIER PARISH, LOUISIANA
MY COMMISSION IS FOR LIFE
NOTARY ID # 64118

**BS** **EXHIBIT H**

**Kim Flournoy**

| | |
|---|---|
| **From:** | Curtis R. Shelton <CurtisShelton@arklatexlaw.com> |
| **Sent:** | Friday, October 12, 2018 9:14 AM |
| **To:** | Kim Flournoy |
| **Subject:** | Suit # 127573 |
| **Attachments:** | Patrick Lacour CV.pdf |

Dear Kim,

In the event a third appraisal is needed, I have located a person (Mr. Patrick Lacour) who can appraise for the sheriff. He is an accountant who also a CVA designation, which is a Certified Valuation Analyst designation from NACVA (National Association of Certified Valuators and Analysts). That is the same designation that Mr. Garland has and that Mr. Dean, who I understand has been appointed for the defendant, has. Here is Mr. Lacour's contact information:

Mr. Patrick Lacour
Whitehall Advisors, LLC
3820A Bayou Rapides Rd.
Alexandria, LA 71303
Phone: (318) 769-9711
Fax: (318) 473-0075
E-mail: patrick@whitehalladvisors.net

I am also attaching a copy of Mr. Lacour's CV.

I have provided Mr. Lacour information about the note and he has told me that he is willing to be an appraiser for the Sheriff if he is appointed. Mr. Lacour understands that he would be appraising for the Sheriff and not for either party.

If I can identify other persons who might be added to the Sheriff's list of appraisers, I will let you know.

Curtis R. Shelton
Ayres, Shelton, Williams, Benson & Paine, LLC
14th Floor Regions Tower
333 Texas Street (71101)
P. O. Box 1764
Shreveport, LA 71166-1764
318-227-3500 work
318-227-3306 direct
318-470-9010 mobile
318-227-3806 facsimile
www.arklatexlaw.com

**IRS Circular 230 Disclosure:** To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that any U.S. federal tax advice contained in this communication, including any appendices, is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under U.S. federal tax law, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**CONFIDENTIALITY STATEMENT**



**EXHIBIT**
2 0

1



BSO 026
**EXHIBIT H**

*Patrick Lacour, CIA, CVA*
*3820A Bayou Rapides Road*
*Alexandria, Louisiana 71303*

**EDUCATION**

Louisiana State University,                                                    1993
Baton Rouge, Louisiana; B.S. Accounting

**LICENSES AND ACCREDITATIONS**

Certified Internal Auditor                                                     1996
Certified Valuation Analyst                                                    2013

**PROFESSIONAL AFFILIATIONS - CURRENT**

Member of Institute of Internal Auditors
Member of National Association of Certified Valuation Analysts

**WORK EXPERIENCE**

Whitehall Advisors, L.L.C.                          2007 – Present
Co-Owner and Manager

Cleco Corporation                                  2000 – 2007
Sr. Internal Auditor / Director of Controls

Exxon Company, USA                                 1992 - 2000
Sr. Internal Auditor

**FORENSICS AND VALUATION EXPERIENCE**

Mr. Lacour has been admitted as an expert witness in the 4th, 9th and 12th judicial districts of the State of Louisiana and the U.S. District Court for the Middle District of Louisiana. He has performed valuations of:

- Federal Gift and Estate Taxes
- Community Property Settlements
- Automotive Dealers
- Construction and Contracting Companies
- Convenience Stores
- Oil and Gas Distribution Companies
- Oilfield Service Companies

- Professional Services Companies
- Medical Clinics
- Ambulatory Surgical Centers
- Mergers and Acquisitions
- Non-profit organizations
- Real Estate Investment Companies
- Rental Car Agencies



BSO 027
EXHIBIT H


*BARBARA MARIE CAREY CARR LOLLAR NOTE*
*DATED NOVEMBER 2, 2017; FACE AMOUNT $1,730,000*

Calculation of Note Value

John W. Dean, CPA, ABV
Business Valuation Consultants, L.L.C.

October 16, 2018

**EXHIBIT**

**EXHIBIT J**

**EXHIBIT H**

### BARBARA MARIE CAREY CARR LOLLAR NOTE
### DATED NOVEMBER 2, 2017; FACE AMOUNT $1,730,000

#### Table of Contents

|                                        | Page(s) / Exhibits |
|----------------------------------------|--------------------|
| Report on Calculation of Value         | Pages 1 – 4        |
| Promissory Note                        | Exhibit A          |
| Cash Sale Deed                         | Exhibit B          |
| Amortization Schedule – Original       | Exhibit C          |
| Amortization Schedule – Revised        | Exhibit D          |
| List of Documents Reviewed             | Exhibit E          |
| Curriculum Vitae of John W. Dean, CPA, ABV | Exhibit F      |

**EXHIBIT J**

**EXHIBIT H**



**BVC**
Business Valuation
Consultants ©

October 16, 2018

Mr. Davis Powell
Mr. Randy Davidson
Davison Summers, APLC
350 Marshall Street, Suite 1114
Shreveport, Louisiana 71101

           RE:    Barbara Marie Carey Carr Lollar Note
                     Dated November 2, 2017; Face Amount $1,730,000

Dear Sirs,

**INTRODUCTION**

I have been retained by Davidson Summers, APLC (representing Barbara Marie Carey Carr Lollar) to perform a calculation of value of a certain promissory note dated November 2, 2017 with a face amount of $1,730,000, payable from Ronald William Lollar (the "Maker"), to Barbara Marie Carey Carr Lollar (the "Payee"). In a calculation of value engagement, the valuation analyst executes specific valuation approaches and valuation methods in order to perform an estimate of the value of the subject interest. A calculation engagement does not include all the procedures required in a valuation engagement as that term is defined under the Statement of Standards for Valuation Services (SSVS).

**BACKGROUND**

This note (Exhibit A) originated in connection with a Credit Sale Deed executed on November 2, 2017 (Exhibit B). Property located in Bossier Parish was transferred for $1,800,000; a cash down payment in the amount of $70,000 was made; the remainder of the consideration was the $1,730,000 mortgage note ("Lollar Note"). On or about that same time, the property was conveyed by Mr. Lollar to Magnolia Island Plantation, LLC. The mortgage was assumed as part of this transaction.

**OTHER ISSUES**

There have been various disputes and proceedings relative to the above-mentioned transactions. I have been asked to perform a calculation of the note value as of October 16, 2018. In the course of my analysis, I have calculated value without giving any weight to these disputes and other circumstances. If an asset is involved in legal proceedings and/or disputes, this may affect value; the value for such an asset may be lower than the value of the same asset unencumbered with these complications depending on the specific facts and circumstances of the situation. Accordingly, my calculations assume the collateral for the note is "free and clear" as any other standard of value would be legal in nature and outside the scope of my expertise.

333 Texas Street, Suite 1325 | Shreveport, Louisiana 71101
ph (318) 213-7611 | fax (318) 429-2070 | www.bvccpa.com

1

**EXHIBIT J**

**EXHIBIT H**

## DISCUSSION OF NOTE VALUE

Fair market value (FMV) is generally defined as the price for which an asset would change hands between a willing buyer and willing seller, both parties having reasonable knowledge of the facts and circumstances, and neither being under any particular compulsion to buy or sell. For an economic valuation such as the note in question, the FMV generally equals the present value of the future economic benefits (cash flows) generated by the asset over its useful life.

The Lollar Note provides for a five-year term, 4% interest rate, four annual payments in the amount of $100,046.00, and a final balloon payment equal to all remaining principal and interest then thereunder. An amortization schedule is attached (Exhibit C).

The first payment under the note is due November 1, 2018. I have not been provided with any information which would lead me to believe that this payment and subsequent payments as required by the note will not be timely paid.

In a FMV analysis, the buyer and seller will consider a number of factors that generally can be broken down into three areas:

1. An investor must consider any risk that some, or all, of the payments required under the note will not be made on a timely basis.

2. The interest rate, or discount rate, which is required to compensate the buyer/seller.

3. Since the economic benefits (payments) will be made over a period of time, the note must also compensate its holder for the value associated with delaying receipt of cash over the term of the note. This is more commonly referred to as the time value of money.

To illustrate these factors, consider a five-year treasury obligation which was issued on October 31, 2017 (CUSIP #9128283C2). This obligation provides for a coupon rate of interest equal to 2% paid semi-annually with the principal/par amount of the note maturing on October 21, 2022. Since the treasury obligation is backed by the full faith and credit of the United States government, it is generally considered "risk free".

A hypothetical buyer of the Lollar Note would consider other investment alternatives such as the treasury obligation described above. The notes have very similar terms. However, any private mortgage note clearly involves more risk than a treasury obligation. Accordingly, the 4% interest rate on the Lollar Note was designed to compensate the holder for this additional risk.

In my opinion, it would be inappropriate to value the Lollar Note at October 16, 2018 at its face amount of $1,730,000 for three reasons:

1. The first payment under the note in the amount of $100,046 is due to be paid on November 1, 2018. Thus, the holder of the note only has to wait a few days in order to receive this first payment. Therefore, a hypothetical buyer would generally pay more than face value for the note to allow for the fact that the term on October 16, 2018 is four years and one half month instead of the five year term which existed on the date of creation.

2. Interest rates from November 2, 2017 through September 30, 2018 have increased slightly. This will serve to decrease the value of the note from face value to compensate

2

**EXHIBIT J**

**EXHIBIT H**

a hypothetical buyer for the fact that he/she could invest in other financial instruments with higher "coupon" yields than the Lollar Note. To illustrate this factor, consider the five-year Treasury note discussed above. The original coupon rate was 2%; however, the bond can be purchased for approximately 96% of face value. This will increase the yield to maturity to a little under 3%. Thus, the "price" of the treasury note and the Lollar Note must be reduced in order to increase the yields to current market rates.

3. Lack of marketability – Most valuation analysts would agree that a private mortgage bond is not as marketable as a U.S. Treasury obligation since the Treasury bill can be sold on established market exchanges and, therefore, converted to cash at any time. A mortgage note is much more difficult to market and sell and, accordingly, a higher yield (lower price) will be necessary to account for this factor. The exact amount of the discount for the lack of marketability is subject to much discussion and controversy. Most would argue, for a short-term obligation, that this discount is much smaller than it would be for a long-term obligation such as a thirty-year mortgage since the limitation on converting the Lollar Note to cash at maturity is slightly over four years. Others would also point out that this lack of marketability is an additional reason that the coupon rate on the U.S. Treasury was 2% while the interest rate on the mortgage is 4%, exactly double.

## CALCULATION OF VALUE

It is my opinion that the value of the Lollar Note can be calculated as follows:

| Description | Amount |
|---|---|
| Face amount | $ 1,730,000.00 |
| Current value | 1,478,048.68 |
| Ratio of current value to market value (rounded) | 85% |
| Implied discount (rounded) | 15% |

In arriving at this conclusion, I have anticipated that a willing buyer would expect a yield of 10% in order to be adequately compensated for the factors enumerated above. An amortization schedule calculating this value is attached as Exhibit D.

I was provided with appraisals of the property which serves as collateral for the mortgage. These appraisals indicate a combined value for the surface and minerals associated with the property which serve as security for the note at approximately $2.4 million. This produces a loan to value ratio of approximately 72%. It certainly indicates enough "equity" in the collateral to provide an investor with ample assurance that the risk of any forfeiture under the note is very remote unless there is a flaw in the title or other complication which would somehow put the value of this collateral in doubt.

It is also significant to note that these appraisals represent values in late 2016. With respect to the minerals in particular, the current values should have increased substantially from late 2016 until October 16, 2018, thereby providing additional equity in the note.

## CONCLUSION

It is my opinion that the current value of the Lollar Note is $1,478,048.68.

3

**EXHIBIT J**

**EXHIBIT H**

This report has been prepared based on my understanding of the facts and information made available to me.  I would like to respectfully reserve the right to supplement or modify this report should additional information or facts come to my attention.

Sincerely,

John W. Dean, CPA, ABV

JWD:krf
Enclosures

4

**EXHIBIT J**

**EXHIBIT H**

Exhibit A

## PROMISSORY NOTE

$1,730,000.00                                                      November 2, 2017

FOR VALUE RECEIVED, Ronald William Lollar (the "Maker"), promises to pay to Barbara Marie Carey Carr Lollar (the "Payee"), or his order, the full sum of ONE MILLION SEVEN HUNDRED THIRTY THOUSAND and NO/100 DOLLARS ($1,730,000.00), plus interest thereon at the rate of four percent (4.0%) per annum until paid as provided for herein. This Note shall be due and payable in four (4) consecutive annual installments of $100,046.00, and a final BALLOON PAYMENT equal to all remaining principal and interest then due hereunder. The first installment is due and payable on November 1, 2018, and subsequent annual installments shall be due on November 1st of each following calendar year, with the final balloon payment due and payable on November 1, 2022. Maker may prepay all or any portion of the principal due under this Note without penalty. If the note is prepaid in part, the prepayment amount will be applied to the installments due under the note in inverse order of maturity.

All payments due hereunder will be payable at 6225 Tributary Court, Bossier City, Louisiana 71112, or such other address as Payee shall direct in writing.

An Event of Default under this Note shall be deemed to have occurred if Maker fails to pay any payment due hereunder on or before the date such payment is due if such failure is not cured by Maker within fifteen (15) days of Maker's receipt of written notice of default. Upon the occurrence of an Event of Default, provided the default is not cured, the entire principal balance and interest due on this Note may at the option of Payee be declared due and owing if and if not paid in full. Upon such Event of Default, this Note may be placed in the hands of an attorney for collection, and if suit is filed hereon, Maker agrees and is to pay, in addition, to Payee or any holder, a reasonable attorneys' or collection fee not to exceed five percent (5%) of the principal amount of the Note. Any notice required or permitted by this Note may be delivered to Maker and Endorsers at 6225 Tributary Court, Bossier City, Louisiana 71112, or such other address as Maker shall direct in writing. The exclusive venue for collection of the Note or for any dispute arising with respect to the Note shall be Caddo Parish, Louisiana, and Maker and Payee consent to venue and jurisdiction in such forum for such purposes.

The makers, endorsers, guarantors, and sureties of this Note hereby severally waive presentment for payment, demand, notice of non-payment and protest, all pleas of division or discussion, and consent that time of payment may be extended without notice hereof.

Executed at Shreveport, Louisiana as of the date above written.

MAKER:

_Ronald William Lollar_
Ronald William Lollar

**EXHIBIT J**

**EXHIBIT H**

Jill M. Sessions
Bossier Parish Clerk of Court

**Exhibit B**

**1179265**

STATE OF LOUISIANA
PARISH OF BOSSIER

Recorded On: 11/03/2017 10:05 AM

### CREDIT SALE DEED WITH
### VENDOR'S LIEN AND SPECIAL MORTGAGE

BEFORE ME, the undersigned authority, came and appeared:

BARBARA MARIE CAREY CARR LOLLAR, formerly Barbara Marie Carey Carr, who is married to Ronald William Lollar but who is dealing herein with her separate property, whose address is 6225 Tributary Court, Bossier City, Louisiana 71112 ("Seller")

WHO DECLARED that Seller does by these presents GRANT, BARGAIN, SELL, CONVEY AND DELIVER, with full guarantee of title, and with complete transfer and subrogation of all rights and actions of warranty against all former proprietors of the Property herein conveyed, together with all rights of prescription, whether acquisitive or liberative, to which said Seller may be entitled, unto:

RONALD WILLIAM LOLLAR, who is married to Barbara Marie Carey Carr Lollar but who is acquiring the property set forth herein as his separate property, whose address 6225 Tributary Court, Bossier City, Louisiana 71112, ("Purchaser")

the immovable Property as more fully described on the property description attached hereto and made a part hereof as Exhibit "A" (the "Property").

TO HAVE AND TO HOLD the said described Property unto said Purchaser, Purchaser's successors and assigns, FOREVER.

The parties affirm and declare that the Property is in fact the separate property of Seller, having been acquired prior to marriage with her separate funds. The Note given in payment hereunder, being proceeds from the sale of Seller's separate property, shall likewise be and remain the separate property of Seller. The parties also affirm and declare the property is being acquired as the separate property of the Purchaser.

The parties further affirm and declare that the Purchaser is acquiring the property herein with his separate funds, and that the Property shall be held by Purchaser as his separate property.

This sale is made for and in consideration of the mutual obligations of the parties set forth herein, and the payment by Purchaser of the full sum of ONE MILLION EIGHT HUNDRED THOUSAND and No/100ths ($1,800,000.00), paid as follows:

(a)     Cash in the amount of Seventy Thousand Dollars ($70,000.00), paid at Closing, the receipt of which is hereby acknowledged; and

(b)     Delivery to Sellers of a promissory note from Purchaser to Sellers in the principal amount of One Million Seven Hundred Thirty Thousand and No/100ths Dollars ($1,730,000.00) plus interest thereon at the rate of four percent (4.0%) per annum until paid as provided for herein. This Note shall be due and payable in four (4) consecutive annual installments of $100,046.00, the first such installment being due and payable on November 1, 2018, and a final BALLOON PAYMENT equal to all remaining principal and interest then due hereunder, due and payable on November 1, 2022 (the "Note"). The Note may be prepaid by Purchaser without penalty.

The Note shall be secured by a vendor's lien and special mortgage, as follows:

State of Louisiana, Parish of Bossier
I hereby certify this to be a true and correct copy of an original instrument filed in my office on the date and hour and under the registry number assigned hereon
Conveyances - Volume _____ Page _____
to be recorded in
Mortgages _____ Volume _____ Page _____
Given under my hand and seal of office on this the _____ day of _____ 20__
_____
Deputy Clerk and Ex-Officio Deputy Recorder
Parish of Bossier, State of Louisiana

**EXHIBIT J**

**EXHIBIT H**

### VENDOR'S LIEN AND SPECIAL MORTGAGE

In order to secure the full prompt and punctual payment of said Note, together with interest, attorney fees charges and costs, according to the stipulations herein written, in addition to the Vendor's lien and privilege granted by law which is specifically retained by the Seller, said Purchaser does by these presents SPECIALLY MORTGAGE AND HYPOTHECATE unto and in favor of the Seller, or any future holder or holders of said Note, the above described Property ("Seller's Mortgage").

The Purchaser binds and obligates itself, its successors, and assigns not to sell, alienate, deteriorate, or encumber said Property to the prejudice of this Seller's Mortgage.  For so long as the Note is outstanding, Purchaser further agrees and covenants as follows:

**Insurance and Taxes**

Purchaser agrees to keep any existing buildings on the Property insured for all hazards for their appraised value, with a loss payable clause in favor of Seller's and to purchase.  Purchaser agrees that on default in payment of taxes or insurance premium at any time, any holder of the Note may pay said taxes or insurance premiums and charge same to Purchaser, and the amount so paid shall bear the same rate of interest as said Note and be enforceable as apart of the original obligation, including attorney fees.  The Seller, or other holder of the Note, shall, however, be under no obligation to pay said taxes or insurance premiums; interest past due shall draw the same rate of interest as the principal obligation.

**Default:**

An Event of Default shall be deemed in effect under this Seller's Mortgage upon the occurrence of any of the following events:

A.   Failure to pay any sum due under the Note secured by this Seller's Mortgage within fifteen (15) days of receipt by Purchaser of a written notice of default.

B.   A default under any provision of this Seller's Mortgage, other than a payment default, which is not cured by Purchaser within thirty (30) days of Mortgagor's receipt of a notice of default.

C.   Any sale of the Property prior to payment of the Note, unless the Seller consents in writing to the assumption of the Note and the Seller's Mortgage by the proposed purchaser as described below.

Upon an Event of Default, provided such default is not cured, Seller may accelerate all sums due under the Note by written notice to Purchaser and demand for payment in full of the Note, and if such amount is not paid in full within fifteen (15) days of Seller's written notice of acceleration and demand for payment, Seller may proceed to seek judgment on the Note as therein provided, and foreclosure under this mortgage for satisfaction of any judgment.

**Assumption:**

This Seller's Mortgage may not be assumed by any subsequent purchaser of the Property without the Seller's express written consent, which may be withheld for any reason.  Seller may require proof of credit worthiness and good standing or other evidence that the subsequent purchaser is fully authorized to purchase the Property and assume the Seller's Mortgage.

**Appointment of Keeper:**

Upon the occurrence of an Event of Default, Seller may cause a receiver or keeper to be appointed to take possession of the Property to manage, administer, operate and conserve the value thereof and collect the rents, issues, revenues, proceeds and profits thereof.  The receiver or keeper may also take possession of, and for these purposes use any and all licenses, permits and movable property contained in or on the premises and used by Purchaser in the operation thereof or any part thereof, whether or not the same is covered by this Seller's Mortgage.  After paying

2

**EXHIBIT J**

**EXHIBIT H**

costs of collection and any other expenses incurred, the proceeds shall be applied to the payment of the indebtedness represented by the Note in such order as Seller shall elect, and Seller shall not be liable to account to Purchaser for any loss, damage or neglect suffered to or by the Property, or Purchaser as a consequence thereof, except such as are caused by the willful misconduct or gross negligence of Seller's own employees or agents. Seller may designate any firm, person or corporation to be the receiver or keeper of the Property as provided by La. R.S. 9:5132 and similar statutes.

**General Provisions:**

Purchaser specially waives the notice and delay provided under article 2331 of the Louisiana Code of Civil Procedure.

The certificate of mortgage is hereby waived by the parties.

All 2017 ad valorem or property taxes asserted against the property will be paid by Seller.

Purchaser and Seller each acknowledge that the undersigned Notaries have not been asked to examine title to the Property and has not given any opinion or assurance with regard thereto except as may be expressly set forth in writing in a separate instrument.

All of the rights and obligations set forth herein shall inure to the benefit of and be binding upon Purchaser and Seller and their heirs, successors and assigns, as their rights and obligations may appear.

This instrument may be signed in counterpart originals and each signed original, taken together, shall constitute one and the same Agreement.

THUS DONE AND SIGNED in the presence of me, Notary, and the two undersigned competent witnesses on this 2nd day of November, 2017.

WITNESSES:                                  SELLER:

Printed Name ( _Nicholas O'Connor_ )        Barbara Marie Carey Carr Lollar

Printed Name ( _Veronica M. Ogle_ )

MY F. M. JOHNSON
Notary Public
State of Louisiana
Caddo Parish
Notary ID # 83070
My Commission is for Life

                                           NOTARY PUBLIC

THUS DONE AND SIGNED in the presence of me, Notary, and the two undersigned competent witnesses on this 2nd day of November, 2017.

WITNESSES:                                  PURCHASER:

Printed Name ( _Madelyn Bryan_ )            Ronald William Lollar

Printed Name ( _Lori WRIGHT_ )

                    NOTARY PUBLIC

                                           J. DAVIS POWELL
                                           Notary Public
                                           State of Louisiana
                                           Caddo Parish
                                           Bar Roll # 33091
                                           My Commission is for Life

3

**EXHIBIT J**

**EXHIBIT H**

## EXHIBIT "A"

### PROPERTY DESCRIPTION

BEING DESCRIBED AS A 365.135 ACRE (MORE OR LESS) TRACT OF LAND IN SECTION 19, SECTION 20 AND SECTION 29, TOWNSHIP 17 NORTH, RANGE 12 WEST, BOSSIER PARISH, LOUISIANA AND MORE PARTICULARLY DESCRIBED AS FOLLOWS:

Commence at the south quarter corner of said Section 20 which is monumented with a concrete monument;

Thence proceed North 00° 09' 03" East along the east line of the southwest quarter of said Section 20 for a distance of 1464.33 feet to the Point of Beginning of the tract herein described which is monumented with a ½" iron rod;

Thence proceed South 62° 29' 42" West for a distance of 428.94 feet;
Thence proceed South 61° 10' 43" West for a distance of 115.61 feet;
Thence proceed South 81° 54' 53" West for a distance of 471.62 feet;
Thence proceed South 04° 31' 33" East for a distance of 75.70 feet;
Thence proceed South 17° 34' 30" East for a distance of 95.15 feet;
Thence proceed South 48° 07' 35" West for a distance of 101.48 feet;
Thence proceed South 01° 42' 50" West for a distance of 702.23 feet;
Thence proceed South 28° 36' 24" West for a distance of 466.19 feet to the north right of way line of Sligo Road (LA Highway No. 612) and a ½" iron rod;

Thence proceed South 87° 29' 53" West along said right of way line for a distance of 247.38 feet to the centerline of Flat River;

Thence proceed North 32° 36' 01" East along said centerline for a distance of 332.70 feet;

Thence proceed North 34° 57' 31" East along said centerline for a distance of 147.14 feet;

Thence proceed North 07° 04' 02" East along said centerline for a distance of 146.17 feet;

Thence proceed North 14° 57' 03" West along said centerline for a distance of 205.32 feet;

Thence proceed North 39° 53' 26" West along said centerline for a distance of 244.73 feet;

Thence proceed North 76° 26' 13" West along said centerline for a distance of 324.67 feet;

Thence proceed North 84° 31' 20" West along said centerline for a distance of 134.99 feet;

Thence proceed South 80° 14' 35" West along said centerline for a distance of 309.37 feet;

Thence proceed South 68° 49' 51" West along said centerline for a distance of 340.47 feet;

Thence proceed South 80° 47' 53" West along said centerline for a distance of 370.00 feet;

Thence proceed South 82° 51' 53" West along said centerline for a distance of 851.25 feet;

1

**EXHIBIT J**

**EXHIBIT H**

EXHIBIT J

## EXHIBIT "A"

Thence proceed North 88° 00' 54" West along said centerline for a distance of 360.70 feet;

Thence proceed South 81° 45' 57" West along said centerline for a distance of 349.85 feet;

Thence proceed South 79° 15' 45" West along said centerline for a distance of 201.20 feet;

Thence proceed North 25° 16' 01" West for a distance of 2493.16 feet to the centerline of Flat River;

Thence proceed North 01° 14' 31" West along said centerline for a distance of 154.01 feet;

Thence proceed North 11° 50' 29" East along said centerline for a distance of 375.12 feet;

Thence proceed North 16° 49' 19" West along said centerline for a distance of 407.46 feet;

Thence proceed North 21° 35' 40" West along said centerline for a distance of 462.34 feet;

Thence proceed North 11° 40' 47" East along said centerline for a distance of 232.17 feet;

Thence proceed North 36° 28' 45" East along said centerline for a distance of 301.66 feet;

Thence proceed North 73° 51' 54" East along said centerline for a distance of 404.69 feet;

Thence proceed North 44° 46' 19" East along said centerline for a distance of 247.24 feet;

Thence proceed North 23° 01' 49" East along said centerline for a distance of 250.91 feet;

Thence proceed North 12° 44' 29" East along said centerline for a distance of 277.13 feet to the north line of said Section 19;

Thence proceed South 88° 47' 56" East along the north line of said Section 19 for a distance of 916.66 feet to a ½" iron rod;

Thence proceed South 46° 21' 57" East along north line for a distance of 158.55 feet to a ½" iron rod;

Thence proceed South 89° 13' 13" East along north line for a distance of 31.37 feet to the northwest corner of the northeast quarter of the northwest quarter of said Section 19 which is monumented with a ½" iron rod;

Thence proceed South 89° 34' 15" East along the south line of the northeast quarter of the northwest quarter of said Section 19 for a distance of 1360.00 feet to the east line of said Section 19 and a ½" iron rod;

Thence proceed South 00° 11' 53" West along the east line of said Section 19 for a distance of 1321.91 feet to the east quarter corner of said Section 19 which is monumented with a ½" iron rod;

Thence proceed South 89° 40' 10" East along the north line of the southwest quarter of said Section 20 for a distance of 2670.01 feet to the center quarter corner of said Section 20 which is monumented with a ½" iron rod;

Thence proceed South 00° 59' 03" West along the east line of the southwest quarter of said Section 20 for a distance of 1154.29 feet to the Point of Beginning of the tract herein described, containing 365.135 acres, more or less.

LESS AND EXCEPT:

A 9.999 acre tract (more or less) conveyed in Instrument No. 506956 and a 2.000 acre tract (more or less) conveyed in Instrument No. 497469 of the Conveyance Records of Bossier Parish, Louisiana.

Being the property described in that certain Credit Sale Deed by and between, Land Connection, Inc., as Seller, and Barbara Marie Carey Carr as Purchaser, dated April 14, 2003 and filed of record at Instrument No. 772311 of the Bossier Parish, Louisiana conveyance records.

2

EXHIBIT H

## EXHIBIT "A"

LESS AND EXCEPT:

BEING DESCRIBED AS AN 96.000 ACRE (MORE OR LESS) TRACT OF LAND IN
SECTION 19, TOWNSHIP 17 NORTH, RANGE 12 WEST, BOSSIER PARISH,
LOUISIANA AND MORE PARTICULARLY DESCRIBED AS FOLLOWS:

Commence at the northeast corner of said Section 19 which is monumented with a
½" iron rod;

Thence proceed South 00° 11' 53" West along the east line of said Section 19 for
a distance of 1321.91 feet to the Point of Beginning of the tract herein described which is
monumented with a ½" iron rod;

Thence proceed South 00° 11' 53" West along said east line for a distance of
1321.91 feet to the east quarter corner of said Section 19 which is monumented with a ½"
iron rod;

Thence proceed South 00° 11' 53" West for a distance of 139.95 feet;

Thence proceed North 67° 22' 35" West for a distance of 191.20 feet to the point
of curvature of a curve to the left;

Thence proceed along said curve (having a long chord bearing of North 77° 10'
53" West and a radius of 446.48 feet) for an arc distance of 152.81 feet;

Thence proceed North 86° 59' 11" West for a distance of 23.98 feet to the point of
curvature of a curve to the right;

Thence proceed along said curve (having a long chord bearing of North 81° 34'
29" West and a radius of 3894.61 feet) for an arc distance of 735.82 feet to a point of
compound curvature;

Thence proceed along said curve (having a long chord bearing of North 69° 37'
18" West and a radius of 500.00 feet) for an arc distance of 114.13 feet to a point of
compound curvature;

Thence proceed along said curve (having a long chord bearing of North 60° 43'
41" West and a radius of 2373.63 feet) for an arc distance of 195.06 feet to a point of
reverse curvature;

Thence proceed along said curve (having a long chord bearing of North 60° 00'
52" West and a radius of 500.00 feet) for an arc distance of 29.64 feet to a point of
reverse curvature;

Thence proceed along said curve (having a long chord bearing of North 53° 31'
46" West and a radius of 1312.96 feet) for an arc distance of 372.41 feet to a point of
compound curvature;

Thence proceed along said curve (having a long chord bearing of North 32° 48'
53" West and a radius of 250.00 feet) for an arc distance of 109.50 feet to a point of
reverse curvature;

Thence proceed along said curve (having a long chord bearing of North 39° 19'
40" West and a radius of 1065.55 feet) for an arc distance of 710.49 feet to a point of
reverse curvature;

Thence proceed along said curve (having a long chord bearing of North 54° 29'
06" West and a radius of 290.69 feet) for an arc distance of 34.42 feet to a point of
reverse curvature;

Being the property described in that certain Cash Sale Deed by and between, Barbara Marie Carey
Carr, as Seller, and Hummer and Son Honey Farm, L.L.C. as Purchaser, dated December 2, 2004
and filed of record at Instrument No. 821131 of the Bossier Parish, Louisiana conveyance records.

Said tract conveyed being further identified as Lot 2, Carr Subdivision on that certain Plat of
Survey, prepared by French Engineering, Inc., dated January 27, 2005 and recorded in Conveyance
Book 1207, Page 738, under Entry No. 834511 of the records of the office of the Clerk of Court
for Bossier Parish, Louisiana.

Leaving a balance of 280.135 acres, more or less, being conveyed herein.

3

**EXHIBIT J**

**EXHIBIT H**

**Exhibit C**

## LOLLAR NOTE

**Amortization Schedule – Nominal Annual Rate:  4.000%**

| Date | Payment | Interest | Principal | Balance |
|------|---------|----------|-----------|---------|
| 2017 Loan Balance | | | | 1,730,000.00 |
| 2018 Totals | 100,046.00 | 69,010.41 | 31,035.59 | 1,698,964.41 |
| 2019 Totals | 100,046.00 | 67,958.58 | 32,087.42 | 1,666,876.99 |
| 2020 Totals | 100,046.00 | 66,675.08 | 33,370.92 | 1,633,506.07 |
| 2021 Totals | 100,046.00 | 65,340.24 | 34,705.76 | 1,598,800.31 |
| 2022 Totals | 1,662,752.32 | 63,952.01 | 1,598,800.31 | 0.00 |
| Grand Totals | 2,062,936.32 | 332,936.32 | 1,730,000.00 | |

**EXHIBIT J**

**EXHIBIT H**

**Exhibit D**

**LOLLAR NOTE**

**Amortization Schedule – Nominal Annual Rate:  10.000%**

| Date | Payment | Interest | Principal | Balance |
|------|---------|----------|-----------|---------|
| 2017 Loan Balance | | | | 1,478,048.68 |
| 2018 Totals | 100,046.00 | 12,958.24 | 87,087.76 | 1,390,960.92 |
| 2019 Totals | 100,046.00 | 139,096.09 | 39,050.09- | 1,430,011.01 |
| 2020 Totals | 100,046.00 | 143,001.10 | 42,955.10- | 1,472,966.11 |
| 2021 Totals | 100,046.00 | 147,296.61 | 47,250.61- | 1,520,216.72 |
| 2022 Totals | 1,672,238.39 | 152,021.67 | 1,520,216.72 | 0.00 |
| Grand Totals | 2,072,422.39 | 594,373.71 | 1,478,048.68 | |

**EXHIBIT J**

**EXHIBIT H**

**Exhibit E**

### LIST OF DOCUMENTS REVIEWED

❖ Executed Promissory Note dated November 2, 2017 in the amount of $1,730,000.

❖ Cash Sale Deed with Vendor's Lien and Special Mortgage Recorded on November 3, 2017 at the Bossier Parish Clerk of Court office.

❖ Exchange Deed, with Assumption of Mortgage Recorded on November 3, 2017 at the Bossier Parish Clerk of Court office.

❖ Appraisal Report for the "Carr Property" Flat River Road, Bossier Parish, Louisiana, Prepared by Glenn A. Wilson, Jr., MAI and Glen A. Wilson, III with Appraiser Associates of Louisiana, Inc. dated September 12, 2013.

❖ Economic Evaluation and Fair Market Value Determination of the Mineral Interest of Carr Acreage in Producing and Undeveloped Properties; Sections 19, 20, and 29 of T17N-R12W; Bossier Parish, Louisiana; effective date - December 1, 2016; prepared by Mr. Buddy Lucky with Coutret and Associates, Inc. dated December 7, 2016.

**EXHIBIT J**

**EXHIBIT H**

**Exhibit F**

## CURRICULUM VITAE
### JOHN W. DEAN, CPA, ABV
333 Texas Street, 15th Floor
Shreveport, Louisiana 71101

### PROFESSIONAL QUALIFICATIONS

Certified Public Accountant (CPA) - Licensed to practice by the State Board of CPAs.
Certified Valuation Analyst (CVA) - Board tested and certified by the National Association of Certified
    Valuators and Analysts
Accredited in Business Valuation (ABV) - Board tested and certified by the American
    Institute of Certified Public Accountants (AICPA).

### EDUCATION

The University of Texas                             M.P.A./Specializing in Taxation
Austin, Texas 78712
    September 1977 – May 1979

Louisiana State University                     B.S./Accounting
Shreveport, Louisiana 71105
    September 1973 – May 1977

### EMPLOYMENT

Business Valuation Consultants, L.L.C. – 1995 - Present
    Partner Of Counsel:  Business Valuations

Heard, McElroy and Vestal, L.L.C. – June 1981 - Present
    Partner Of Counsel:  Concentration in areas of taxation, business valuations and litigation services.

Price Waterhouse and Co. – June 1979 - June 1981
    Staff Accountant:  Exposure to all areas of taxation with a concentration in real estate and small
    business.

### LITIGATION SERVICES

Qualified as an expert in federal and various state jurisdictions:
    Certified Valuation Analyst
    Accredited in Business Valuation

Areas of Experience:
    Business valuation
    Business interruption
    Personal injury
    Insurance defense
    Contract disputes
    Property settlements
    Lost profits
    Other commercial damages
    Consultation and analysis relative to cross examination of opposing expert

**EXHIBIT J**

**EXHIBIT H**

## COURTROOM TESTIMONY AND/OR DEPOSITIONS DURING LAST FOUR YEARS

Louisiana Department of Transportation and Development versus Kansas City Southern Railway Company; Docket Number 417,190-B; First Judicial District Court, Caddo Parish, Louisiana.

W. Patrick Aertker, Jr., et al vs. Placid Holding Company, et al, Case No. 3:07-cv-00473-CJB-AC, United States District Court for the Middle District of Louisiana, Baton Rouge Division.

Slattery Company, Inc., v. Chesapeake Louisiana, L.P., et al., Case No. 5:10-cv-01399, United States District Court for the Western District Court of Louisiana, Shreveport Division.

Ellerbe Energy, L.L.C., et al., v. Chesapeake Louisiana, L.P., et al., No. 14-3474; United States District Court for the Western District Court of Louisiana, Shreveport Division.

Top Dollar Pawn, Gun and Car Audio #5, L.L.C. v. Caddo Parish, Louisiana, et al, No. 5:12-cv-00577; Western District of Louisiana, Shreveport Division.

Encana Oil & Gas (USA), Inc. v. Westdale-RX, LLC; QuDo, LLC; and Rex L. Young and Sandra Young, No. 5:2017cv01224; Western District of Louisiana, Shreveport Division.

James C. Berry, III, et al. v. Chesapeake Louisiana L.P. and Chesapeake Operating L.L.C., No. 5:2017cv00297; Western District of Louisiana, Shreveport Division.

Marioneaux v. Lucien Harry Marioneaux, Sr., et al; Number: 555,685-A; First Judicial District Court; Caddo Parish, Louisiana

Rives Plantation, LLC v. BHP Billiton Petroleum Properties (N.A.), LP, No. 591,555-A; First Judicial District Court, Caddo Parish, Louisiana

J & L Family, LLC v. BHP Billiton Petroleum Properties (N.A.), LP, et al, No. 5:16-CV-01193; United States District Court, Western District of Louisiana, Shreveport Division

## ACTIVITIES

### Professional and Civic

Member – Louisiana Society of Certified Public Accountants, American Institute of Certified Public Accountants and Estate Planning Council
President – Grayson Foundation
Past Board Member – Holy Angels Residential Facility
Trustee – Zita Trust
Advisory Committee – Communities in Schools
President – Step Forward
Member and Chairman – LSU-S College of Business Board of Visitors
Past Board Member, Strategic Planning Committee - Christus Schumpert Health Systems
Past President, Government Committee – Committee of One Hundred
Past Board Chairman – Volunteers of America
Member – Southern University Chancellor's Advisory Council (2007-2008)
Past President – NACVA Louisiana State Chapter
Past Board of Directors – LSCPA
Past Chairman – LSCPA Strategic Planning Committee
Past President – Shreveport Society of Certified Public Accountants
Past President (1986-1987) – Ark-La-Tex Tax Institute
Past Vanguard Chairman – United Way
Past Board Member - LANO
Past President, Government Committee, Education Committee – Committee of One Hundred
Past Chairman of the Board – Greater Shreveport Chamber of Commerce
Past Board of Directors, Chairman - Greater Shreveport Economic Development Foundation, Inc.
Past Chairman – Volunteers of America
Past Vice-President – Holiday-In-Dixie
Past Board Member - Caddo Career & Technology Center Scholarship

**EXHIBIT J**

**EXHIBIT H**

## AWARDS

AICPA National Public Service Award – 2010
LSCPA Public Service Award – 2010
Greater Shreveport Chamber of Commerce Business Leader of the Year – 2010

**EXHIBIT J**

**EXHIBIT H**

AYRES, SHELTON, WILLIAMS, BENSON & PAINE, LLC
333 TEXAS STREET, 1400 REGIONS TOWER
SHREVEPORT, LOUISIANA 71101
TELEPHONE: 318-227-3500
FACSIMILE: 318-227-3980

Curtis R. Shelton

Direct: 318-227-3306
curtisshelton@arklatexlaw.com

Mailing address:

Post Office Box 1764
Shreveport, LA 71166

October 10, 2018

*VIA E-MAIL*

Mr. Patrick Lacour
Whitehall Advisors, LLC
3820A Bayou Rapides Rd.
Alexandria, LA  71303

Re:   Appraisal of Promissory Note

W. A. Lucky, III versus Barbara Marie Carey Carr, number 127,573 in the 26th Judicial District Court, Bossier Parish, Louisiana, Section F

Dear Patrick:

I intend to provide the Bossier Parish Sheriff your name and contact number as a person who can appraise a promissory note for the sheriff for the sheriff's sale in the above referenced lawsuit. The sheriff's sale is scheduled for Wednesday, October 24, 2018, at 10:00 a.m. Each of the plaintiff and defendant will submit an appraisal. If the appraisers do not agree and their appraisals cannot be averaged under Louisiana Revised Statutes 13:4365 as set forth hereinafter, the Sheriff will need to appoint a third appraiser to appraise the note. In those cases where the two appraisers do not agree and the values are not within the averaging limits, the Sheriff appoints a third appraiser, and the decision of the third appraiser shall be final.

If the sheriff elects to appoint you as a third appraiser, you will not be acting for either the plaintiff or the defendant to appraise the promissory note. If you are appointed, you will be the Sheriff's appraiser. In fact, it will not matter whether the payment of your fees or expenses are paid by the plaintiff or the defendant. In fact, when a judgment is enforced by a seizure of property and its sale, the Sheriff will require the plaintiff to advance funds to cover the costs incurred by the Sheriff in conducting the process. The law then provides the manner in which the plaintiff may recover those costs from the sale of the property by the Sheriff. Regardless of any requirement that the plaintiff, in this case W. A. Lucky, III, advance funds to cover the costs incurred by the Sheriff, you will still be the Sheriff's appraiser.

The process is set forth in Louisiana Revised Statutes 13:4363 and 13:4365.



EXHIBIT K

**EXHIBIT H**

AYRES, SHELTON, WILLIAMS, BENSON & PAINE, LLC

Mr. Patrick Lacour
October 10, 2018
Page 2

Louisiana Revised Statutes 13:4363 reads:

A. Not less than seven days, exclusive of holidays, before the sale of seized property, the sheriff shall serve written notice on the debtor and on the seizing creditor, in the manner provided for the service of a citation, directing each to name an appraiser to value the property and to notify the sheriff of his appointment prior to the time stated in the notice, which shall be at least four days, exclusive of holidays, prior to the time of the sale. The appraisal of the debtor and seizing creditor shall be made and delivered to the sheriff at least two days, exclusive of holidays, prior to the time of the sale.

B. If there are two or more debtors or seizing creditors and these parties cannot agree as to which should act as or appoint an appraiser, and in any case where an appraisal is required prior to the judicial sale and which is not otherwise provided for in this Section, on the ex parte application of the sheriff or of any interested party, the court shall designate the party to act as or appoint the appraiser, and the notice required by Sub-section A of this Section shall be served on the party so designated.

The Sheriff has already served the written notice on the debtor and on the seizing creditor, directing each to name an appraiser. I have already notified the Bossier Parish Sheriff of the plaintiff's appointment of Mr. Chad M. Garland to do the appraisal of the promissory note for the plaintiff. Mr. Garland's credentials include, among others, an ABV accreditation and CVA designation.

I am informed that the defendant has notified the Sheriff of the appointment of Mr. John Dean of Business Valuation Consultants of Shreveport to appraise for the defendant. I am also aware that Mr. Dean has an ABV accreditation and CVA designation.

While I am hopeful that the two appraisers will agree on the value of the promissory note, I recognize the possibility that they will not. Because the defendant's appraisal is could be required to be submitted as late as October 19, 2018, that could result in a third appraisal being needed by the following Monday or Tuesday, October 22, 2018, or October 23, 2018. Because of this possible time crunch, I thought I would provide you with relevant information in advance so that, if you are appointed, you will be able to meet the short time delay that you would have to appraise for the Sheriff.

Louisiana Revised Statutes 13:4365 reads:

A. The appraisers shall take an oath to make a true and just appraisal of the property.

EXHIBIT K

EXHIBIT H

AYRES, SHELTON, WILLIAMS, BENSON & PAINE, LLC

Mr. Patrick Lacour
October 10, 2018
Page 3

    B.  If the appraisers cannot agree, and (1) the difference in value between the two appraisals does not exceed two hundred and fifty thousand dollars, and (2) the value assigned by the lower of the two appraisers is at least ninety percent of the value assigned by the higher of the two appraisers, then the sheriff shall average the two figures and use the average as the appraised value for purposes of determining the opening bid.  In those cases where the two appraisers do not agree and the values are not within the averaging limits, then the sheriff shall appoint a third appraiser, who shall also be sworn, and whose decision shall be final.

    C.  The property seized must be appraised with such minuteness that it can be sold together or separately.

    D.  The appraisers shall reduce their appraisal to writing, sign it, and deliver it to the sheriff.

    E.  The appraisal of any appraiser appointed by the sheriff shall be made and delivered to the sheriff at a time prior to the sale.

The parts of the statute which will apply to you are paragraphs A and D. I will need you to do two things. The first is to take an oath to make a true and just appraisal of the property, in this case, the promissory note. The second is to appraisers shall reduce their appraisal to writing, sign it, and deliver it to the sheriff. The requirement that the appraisal be reduced to writing is not a requirement for any extensive appraisal report. It is a requirement that the appraisal amount be reduced to writing.

    I am sending two documents with this letter to illustrate the process. The first is titled "Oath of Appraiser." If you are appointed, you will need you to execute that before a Notary and get the original to the sheriff by the appraisal deadline.

    The second document is the appraisement sheet that you will sign and provide to the sheriff's office. As you can see, what are required are a signature and a figure for the appraised value. That is all of the detail the sheriff will require.

    Background

    Here is some background that I think you will find to be helpful to this potential task.

    As we discussed, our client, Mr. W.A. Lucky, III ("Mr. Lucky") has a judgment in the above referenced lawsuit against Barbara Marie Carey Lollar a/k/a f/k/a Barbara Marie Carey Carr ("Ms. Lollar"). The judgment is in the amount of One Million, Seven Hundred Ninety-Nine Thousand, Four Hundred Fifty And 52/100 Dollars ($1,799,450.52), plus judicial interest on the aforesaid amount from the date of judicial demand until paid in full and all costs associated with the proceeding. In this letter, I will call the above referenced lawsuit "Lucky-Carr I."

EXHIBIT K

**EXHIBIT H**

AYRES, SHELTON, WILLIAMS, BENSON & PAINE, LLC

Mr. Patrick Lacour
October 10, 2018
Page 4

The property that is to be offered at a sheriff's sale in Lucky-Carr I on October 24, 2018, is a **promissory note**, which is described as follows:

> That certain original promissory note dated November 2, 2017 made by Ronald William Lollar payable to Barbara Marie Carey Carr Lollar or her order in the principal amount of One Million Seven Hundred Thirty Thousand and No/100ths Dollars ($1,730,000.00) plus interest thereon at the rate of four percent (4.0%) per annum until paid, payable in four (4) consecutive annual installments of $100,046.00, the first such installment being due and payable on November 1, 2018, and a final balloon payment equal to all remaining principal and interest then due hereunder, due and payable on November 1, 2022.

The aforementioned promissory note is ostensibly secured under a "Credit Sale Deed with Vendor's Lien and Special Mortgage." A copy of this Credit Sale Deed with Vendor's Lien and Special Mortgage is being sent with this letter.

The circumstances under which the promissory note and the Credit Sale Deed with Vendor's Lien and Special Mortgage were executed by Mr. Ronald William Lollar are described in the petition filed in a second lawsuit which is pending as "W. A. Lucky, III versus Barbara Marie Carey Lollar, Ronald William Lollar, Tributary Properties, L.L.C., and Magnolia Island Plantation, L.L.C.," case number 155,382-A in the 26th Judicial District Court for Bossier Parish, Louisiana. This lawsuit is the second lawsuit by our client, Mr. Lucky, against Ms. Lollar. I will refer to it as "Lucky-Carr II." I am including a copy of the petition filed in Lucky-Carr II.

Lucky-Carr II was filed because of the attempt by Ms. Lollar to place the immovable property (real estate) described in the Credit Sale Deed with Vendor's Lien and Special Mortgage out of her name. Ms. Lollar transferred the property into Mr. Ronald William Lollar's name so that the judgment obtained by Mr. Lucky could not be collected by having the Sheriff seize and sell the real property. (Mr. Lollar is Ms. Lollar's husband, but we understand that they are separate in property.)

We caught onto Ms. Lollar's scam, and we filed Lucky-Carr II. We also filed a notice of *lis pendens* against the immovable property (real estate) so that third parties would clearly be on notice of Ms. Lollar and her husband's misdeeds. We believe that the notice of *lis pendens* makes the claims in the second lawsuit effective against the immovable property (real estate). A copy of the notice of *lis pendens* is being sent with this letter.

An overview of the claims made in Lucky-Carr II is that, while Judge A. Parker Self, was receiving briefs and considering his ruling in Lucky-Carr I, Ms. Lollar executed the note and the Credit Sale Deed with Vendor's Lien and Special Mortgage. (Ms. Lollar took action to put other property out of her name, but here we are concerned with this promissory note scheme.)

EXHIBIT K

**EXHIBIT H**

AYRES, SHELTON, WILLIAMS, BENSON & PAINE, LLC

Mr. Patrick Lacour
October 10, 2018
Page 5

Ms. Lollar had held the property that she transferred to her husband in her name since 2003. Ms. Lollar held the property in her name all the way through the trial in Lucky-Carr I. It is obvious that she knew that Judge Self was going to rule against her in Lucky-Carr I. She was not truthful in her testimony. Ms. Lollar knew that a judgment was coming. I am including a copy of Judge Self's Opinion in Lucky-Carr I under which the judgment was rendered.

As you can see from the petition in Lucky-Carr II, Ms. Lollar, aided and abetted by her lawyers who had unsuccessfully defended Lucky-Carr I, prepared and executed the Credit Sale Deed with Vendor's Lien and Special Mortgage. It was executed/notarized in her lawyers' office.

The claims made in Lucky-Carr II include that:

(a)   Ms. Lollar's acts (and the acts of the other defendants) were in furtherance of Ms. Lollar's breach of her duties as mandatary and fiduciary and by which Ms. Lollar, acting in concert with the other defendants, sought to thwart or frustrate Mr. Lucky's rights to obtain and enforce collection of the judgment in Lucky-Carr I.

(b)   Ms. Lollar's, her husband Ronald's, and the other defendants' actions were obviously intentional or willful, were the result of a conspiracy among them, and were designed to damage Mr. Lucky.

(c)   The Credit Sale Deed with Vendor's Lien and Special Mortgage is null, void, and of no effect whatsoever as a simulation.

(d)   The supposed transfer was illicit and made by a debtor (Ms. Lollar) to conceal property from her creditor (Mr. Lucky).

(e)   Ms. Lollar had never before transferred the property to her husband Ronald in all the years that the property had been in her name or during all the years in which Lucky-Carr I was pending. Ms. Lollar only did so on the eve of the Court's taking Lucky-Carr I under advisement to render a decision therein. It is obvious that Lollar knew and anticipated that her wrongful conduct would soon result in a judgment against her in Lucky-Carr I.

(f)   Further, from Ms. Lollar's complete lack of credibility at the trial on the merits in Lucky-Carr I, it must be concluded that no actual transfer of the property from Lollar was actually intended by the Credit Sale Deed with Vendor's Lien and Special Mortgage. Instead, the entire transaction is a sham obviously designed with the assistance of Ms. Lollar's attorneys.

(g)   In the alternative, if and to the extent that the Credit Sale Deed with Vendor's Lien and Special Mortgage is not null, void, and of no effect whatsoever as a simulation, then it is subject to revocation for the reason that the ostensible

EXHIBIT K

**EXHIBIT H**

AYRES, SHELTON, WILLIAMS, BENSON & PAINE, LLC

Mr. Patrick Lacour
October 10, 2018
Page 6

    transfer represented thereby caused or increased Ms. Lollar's insolvency rendering same subject to revocation under Louisiana Civil Code articles Louisiana Civil Code article 2037, *et seq.*

(h)    In the further alternative, the Credit Sale Deed with Vendor's Lien and Special Mortgage is an act of fraud and must be rescinded.

    I believe that you can evaluate the merits of the lawsuit filed as Lucky-Carr II when you look over the petition. The defendants have already tried to have the petition in Lucky-Carr II dismissed, and the Court has already ruled against them. I am sending a copy of that ruling, which was made by Judge Michael Craig. We are going to press forward with Lucky-Carr II to a trial and judgment. Mr. Lucky is resolute and unwavering, and he will pursue Lucky-Carr II to a conclusion.

    Although the property to be appraised and to be offered at the Sheriff's sale in Lucky-Carr I on October 24, 2018, is the promissory note, I am also sending an appraisal of the real property that Ms. Lollar transferred by the Credit Sale Deed with Vendor's Lien and Special Mortgage. The appraisal indicates that the property has a value of $4,000 per acre. The property that Ms. Lollar transferred was 280 acres, which would, therefore, have a value of $1,120,000.00. Nevertheless, what is relevant here is that the value of the promissory note must be determined based on the fact that a person who buys it will do so subject to the claims made against the property in Lucky-Carr II, which are protected by a *lis pendens.*

    Finally, I am sending a copy of the opinion of Coutret and Associates about the value of the mineral interest in the land. You will notice from Judge Self's ruling that he thought that it would be speculative to include an amount in his award for the value of the minerals to which Mr. McGowan testified. Like the land, it is not really the minerals that are to be appraised in this case, it is the promissory note. But, I wanted to include Coutret and Associates' opinion with this letter so that your information would be complete.

    If you have any questions, please do not hesitate to call.

            Yours very truly,

            Curtis R. Shelton

CRS:hs

Encls.

EXHIBIT K

EXHIBIT H

## WHITEHALL ADVISORS, LLC
JASON BAYOU RAPIDES RD • ALEXANDRIA, LA  71303

October 22, 2018

Hon. Julian C. Whittington
Bossier Sheriff's Office
204 Burt Boulevard
Benton, LA 71006

RE:   FMV of Promissory Note
      100% Interest

Dear Sheriff Whittington,

I have performed a calculation engagement in accordance with the Statement on Standards for Valuation Services ("SSVS") of the American Institute of Certified Public Accountants and the professional standards of the National Association of Certified Valuation Analysts.

I have performed certain calculation procedures to estimate the fair market value, as of October 19, 2018, of that certain original promissory note dated November 2, 2017 made by Ronald William Collar payable to Barbara Marie Carey Carr Collar or her order in the principal amount of One Million Seven Hundred Thirty Thousand and No/100ths Dollars ($1,730,000.00) plus interest thereon at the rate of four percent (4%) per annum until paid, payable in four (4) consecutive annual installments of $100,046.00, the first such installment being due and payable on November 1, 2018, and a final balloon payment equal to all remaining principal and interest then due hereunder, due and payable on November 1, 2022 ("said property").

My procedures and calculation were based on information drawn from public records recorded with the Bossier Parish clerk of court. The calculated value in this report is intended to be used for this public auction on or about Wednesday, October 24, 2018. A calculation engagement does not include all of the procedures required in a valuation engagement had a valuation engagement been performed, the results may have been different. While a calculation engagement was more appropriate given the abbreviated time schedule, I have acted fairly and impartially and do hereby offer my sincere opinion of true value of the said property in cash to the best of my knowledge, information, and belief.

> *Appraisement of said property:*            $ 157,009.22

> *2/3rds of Appraisement of said property:*   $ 104,672.81

I appreciate this opportunity to serve you. My worksheet of these calculations and my curriculum vitae are attached for your records. Should you have any questions with respect to the issues we have discussed, we encourage you to call me.

Patrick Lacour, CIA, CVA

EXHIBIT L

**EXHIBIT H**

*Attachment*

Worksheet - FMV for Public Auction
Promissory Note of Magnolia Island Plantation, LLC
26th JDC, Docket 127,578, Div "A" and 155,382, Div "A"
as of October 24, 2018

The fair market value of a promissory note was lower than the sum of unpaid principal and accrued interest.
To the lender, the fair market value of a promissory note equals the present value of future principal and
interest payments discounted at a risk-adjusted rate of return to the valuation date.

To value a debt instrument, the following are taken into consideration:
1.) the history of the debt instrument and
2.) the terms of the legal documents governing the obligation; and
3.) the financial position and credit risk of the debtor; and
4.) any assets that serve as collateral or otherwise affect the creditor's position; and
5.) the probability that the creditor will be repaid in full on time.

**Schedule of Required Yield for FMV Instrument**

| | | |
|---|---|---|
| Base yield | 7.5% | Current U.S. Prime 3.25% plus 3.75% |
| **Adjustments:** | | |
| 1.) Lack of liquidity | 10.0% | |
| 2.) Lack of marketability | 5.0% | |
| 3.) Quality of borrower | 10.0% | |
| 4.) Quality of collateral | 7.0% | |
| 5.) Coverage of collateral to note | 5.0% | |
| 6.) Loan duration/term | 4.0% | |
| 7.) Payment frequency | 0.5% | |
| 8.) Default provisions | 0.5% | |
| 9.) Protective covenants | 10.0% | |
| 10.) Restrictive covenants | 10.0% | |
| Monthly payoff rate | 64.5% | |
| Convert to annual conversion | 54.75% | |
| Required yield used | 25.0% | |

**Note Valuation Table**

| | | |
|---|---|---|
| Terms of the Note: | | |
| Principal Balance (face value) | $ | 1,730,000 |
| Annual interest rate | | 4.0% |
| Annual installment payment | | $100,046.07 |
| Required yield (market interest rate) | | 25.0% |
| Issue date | | 11/1/2017 |
| Maturity date | | 11/1/2022 |
| Valuation date | | 10/19/2018 |

| Year/Period | Rate | Beginning Principal | Principal Payment | Interest Payment | Ending Balance | FV Factor | PV of Cash Flow |
|---|---|---|---|---|---|---|---|
| 1 | 11/1/2018 | $ 1,730,000.00 | $ 30,246.07 | $ 69,200.00 | $ 1,699,153.93 | 0.513 | $51,205.48 |
| 2 | 11/1/2019 | 1,699,193.93 | 32,077.91 | 67,966.16 | 1,667,076.01 | 0.263 | $26,310.60 |
| 3 | 11/1/2020 | 1,667,076.01 | 33,363.11 | 66,682.96 | 1,633,710.96 | 0.319 | $12,493.62 |
| 4 | 11/1/2021 | 1,633,710.90 | 34,697.64 | 65,348.44 | 1,599,013.27 | 0.069 | $6,919.29 |
| 5 | 11/1/2022 | 1,599,013.27 | 1,599,013.27 | 63,960.53 | - | 0.085 | $51,061.29 |
| Totals | | | $ 1,730,000.00 | $ 333,160.00 | | | $157,000.22 |

**EXHIBIT L**

**EXHIBIT H**

**Patrick Lacour, CIA, CVA**
**3820A Bayou Rapides Road**
**Alexandria, Louisiana 71303**

**EDUCATION**

| | |
|---|---|
| Louisiana State University, Baton Rouge, Louisiana: B.S. Accounting | 1993 |

**LICENSES AND ACCREDITATIONS**

| | |
|---|---|
| Certified Internal Auditor | 1996 |
| Certified Valuation Analyst | 2013 |

**PROFESSIONAL AFFILIATIONS - CURRENT**

Member of Institute of Internal Auditors
Member of National Association of Certified Valuation Analysts

**WORK EXPERIENCE:**

| | |
|---|---|
| Whitehall Advisors, L.L.C. Co-Owner and Manager | 2007 – Present |
| Cleco Corporation Sr. Internal Auditor / Director of Controls | 2000 – 2007 |
| Bixon Company, USA Sr. Internal Auditor | 1992 - 2000 |

**FORENSICS AND VALUATION EXPERIENCE**

Mr. Lacour has been admitted as an expert witness in the 4th, 9th and 12th judicial districts of the State of Louisiana and the U.S. District Court for the Middle District of Louisiana. He has performed valuations of:

- Federal Gift and Estate Taxes
- Community Property Settlements
- Automotive Dealers
- Construction and Contracting Companies
- Convenience Stores
- Oil and Gas Distribution Companies
- Oilfield Service Companies
- Professional Services Companies
- Medical Clinics
- Ambulatory Surgical Centers
- Mergers and Acquisitions
- Non-profit organizations
- Real Estate Investment Companies
- Rental Car Agencies

**EXHIBIT L**

**EXHIBIT H**

# APPRAISEMENT SHEET

Suit No:          (08) 127573

W. A. LUCKY, III
vs.
BARBARA MARIE CAREY CARR

BENTON, LA

26th Judicial District

Parish of Bossier

State of Louisiana

We, the undersigned, having been appointed to appraise the property advertised for sale by the Sheriff in the above entitled and numbered cause, do solemnly swear that in making said appraisement we have acted fairly and impartially and have made a true value of what said property is worth in cash, to the best of our knowledge, information and belief.

1. Plaintiff (sheriff) Appraiser
Sworn to and subscribed before me this
_____ day of _____, 2018

_____
Deputy Sheriff

2. Defendant (sheriff) Appraiser
Sworn to and subscribed before me this
_____ day of _____, 2018

(Patrick Lacour)

_____
Deputy Sheriff

3. Third (sheriff) Appraiser
Sworn to and subscribed before me this
22 day of October 2018 , 2018

_____
Deputy Sheriff

## APPRAISEMENT

THAT CERTAIN ORIGINAL PROMISSORY NOTE DATED NOVEMBER 2, 2017 MADE BY RONALD WILLIAM LOLLAR PAYABLE TO BARBARA MARIE CAREY CARR LOLLAR OR HER ORDER IN THE PRINCIPAL AMOUNT OF ONE MILLION SEVEN HUNDRED THIRTY THOUSAND AND NO/100THS DOLLARS ($1,730,000.00) PLUS INTEREST THEREON AT THE RATE OF FOUR PERCENT (4.0%) PER ANNUM UNTIL PAID, PAYABLE IN FOUR (4) CONSECUTIVE ANNUAL INSTALLMENTS OF $ 100,046.00, THE FIRST SUCH INSTALLMENT BEING DUE AND PAYABLE ON NOVEMBER 1, 2018, AND A FINAL BALLOON PAYMENT EQUAL TO ALL REMAINING PRINCIPAL AND INTEREST THEN DUE HEREUNDER, DUE AND PAYABLE ON NOVEMBER 1, 2022.

**EXHIBIT L**

**EXHIBIT H**

2/3 of Appraisement

1. Plaintiff (sheriff) Appraiser _____    Appraisement

2. Defendant (sheriff) Appraiser _____    Appraisement

3. Third (sheriff) Appraiser    Patrick Lacour    $ 157,009.22
                                                 Appraisement

Attorney:   Curtis R. Shelton
            P. O. Box 22260

            Shreveport, LA 71120-2260
            318-221-6277

**EXHIBIT L**

**EXHIBIT H**

**Jean Horne**

| | |
|---|---|
| **From:** | Curtis R. Shelton <CurtisShelton@arklatexlaw.com> |
| **Sent:** | Friday, October 12, 2018 1:48 PM |
| **To:** | Kim Flournoy |
| **Subject:** | Suit # 127573 |
| **Attachments:** | 10-12-18 - Shelton to Sheriff with Motion for Order Authorizing Reduced Sheriff's Commission.pdf; Motion for Order Authorizing Reduced Sheriff's Commission.pdf; Ex Parte Motion to Fix Appraisers' Fees.pdf |

Dear Kim,

I am attaching three things to this message. The first two are a letter that I am mailing today with a Motion for Order Authorizing Reduced Sheriff's Commission. If the Sheriff will negotiate the commission that will be appreciated. I have prepared this in the same way that I usually prepare these for sheriff's sales. If something different needs to be done, please just let me know.

The third thing is an "Ex Parte Motion to Fix Appraisers' Fees." As we have discussed, it will likely not be possible to find someone to do the appraisal of the promissory note for the amount the Sheriff usually pays or even the $50 that the statute authorizes without court approval. So, I have prepared this motion so that approval could be obtained for up to $225 per hour. That is the amount the seizing creditor's appraiser charged, and I have no real doubt that Mr. Dean, appointed by the debtor, will charge that amount or more. (Mr. Dean is a senior partner in Heard, McElroy and Vestal.)

If the Ex Parte Motion to Fix Appraisers' Fees looks acceptable, I will sign it, mail a copy to the lawyers for the debtor, and have the original delivered to you. That will enable you to process it through and get the Court to sign the order before we run up toward the last minute.

Thank you very much for your time and diligence.

Curtis R. Shelton
Ayres, Shelton, Williams, Benson & Paine, LLC
14th Floor Regions Tower
333 Texas Street (71101)
P. O. Box 1764
Shreveport, LA  71166-1764
318-227-3500 work
318-227-3306 direct
318-470-9010 mobile
318-227-3806 facsimile
www.arklatexlaw.com

**IRS Circular 230 Disclosure:**  To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that any U.S. federal tax advice contained in this communication, including any appendices, is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under U.S. federal tax law, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**CONFIDENTIALITY STATEMENT**

This electronic message transmission contains information from the law firm of Ayres, Shelton, Williams, Benson & Paine, LLC and is confidential or privileged. If you are not the intended recipient, be aware that any disclosure, copying,

1



**EXHIBIT**

21

BSO 262   EXHIBIT H

distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us by telephone (318-227-3306).

BSO 63**EXHIBIT H**

**Jean Horne**

| | |
|---|---|
| **From:** | Kim Flournoy |
| **Sent:** | Tuesday, October 16, 2018 12:01 PM |
| **To:** | curtisshelton@arklatexlaw.com |
| **Subject:** | Suit # 127573 / W. A. LUCKY, III vs BARBARA MARIE CAREY CARR |
| **Importance:** | High |

Mr. Shelton, the Sheriff has signed your paperwork for the above referenced suit. Please advise when you would like to come by and pick up. Thanks, Kim.

*Kimberly Flournoy*
Bossier Sheriff's Office
(318) 935-2032 Phone
(318) 965-3448 Fax



*This email, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited.*
*If you have received this email in error, please immediately notify me by telephone at 318-965-2203 and permanently delete the original and any copy or any printout thereof.*

1



EXHIBIT
22

BSO 082    EXHIBIT H

**Jean Horne**

| | |
|---|---|
| **From:** | Patrick Lacour, CIA, CVA <patrick@whitehalladvisors.net> |
| **Sent:** | Monday, October 22, 2018 8:34 AM |
| **To:** | kflournoy@bossiersheriff.com |
| **Cc:** | Curtis R. Shelton; Patrick Lacour, CIA, CVA |
| **Subject:** | Re: Ex Parte Motion to Fix Appraisers' Fees |
| **Attachments:** | image001.jpg; Whitehall_Lollar_Note_Appraisement.PDF |

Kim,

Please see attached. I'll be driving up shortly.

Patrick Lacour, CIA, CVA
Whitehall Advisors
318-769-9711

On Fri, Oct 19, 2018 at 10:54 AM Kim Flournoy <kflournoy@bossiersheriff.com> wrote:

Mr. Shelton, I spoke with Mr. Lacour and he will be by our office on Monday to sign the form. Thank you both for your help and have a great weekend!

*Kimberly Flournoy*

Bossier Sheriff's Office

(318) 935-2032 Phone

(318) 965-3448 Fax



*This email, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited.*

1



BSO 004   **EXHIBIT H**

*If you have received this email in error, please immediately notify me by telephone at 318-965-2203 and permanently delete the original and any copy or any printout thereof.*

**From:** Curtis R. Shelton [mailto:CurtisShelton@arklatexlaw.com]
**Sent:** Friday, October 19, 2018 7:46 AM
**To:** Kim Flournoy; Patrick Lacour
**Subject:** Re: Ex Parte Motion to Fix Appraisers' Fees

Mr. Lacour has reported he can have an appraisal by noon Tuesday. I am copying him with this message. Can he perhaps sign the appraiser's oath before a notary in Alexandria and email you a copy and then give you the original with the appraisal? Or is there something else you need him to come sign or do today? If you reply all to this message, Mr. Lacour will also receive it.

Curtis R. Shelton

14th Floor Regions Tower, 333 Texas Street (71101)

P.O. Box 1764

Shreveport, LA 71166

(318) 227-3306

Cell: (318) 470-9010

On Oct 18, 2018, at 3:04 PM, Kim Flournoy <kflournoy@bossiersheriff.com> wrote:

> Mr. Shelton, I have the Sheriff's signature on the Ex Parte Motion to Fix Appraisers' Fees. Would you like a runner to pick up to file with the Clerks office? Also, is Mr. Lacour going to be able to come by tomorrow and sign the Appraiser form? We need to have it ASAP. Thank you so much for your help!
>
> *Kimberly Flournoy*
>
> Bossier Sheriff's Office
>
> (318) 935-2032 Phone

2

BSO EXHIBIT H

(318) 965-3448 Fax

<image001.jpg>

*This email, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited.*

*If you have received this email in error, please immediately notify me by telephone at 318-965-2203 and permanently delete the original and any copy or any printout thereof.*

3

BSO 386

EXHIBIT H

**Jean Horne**

| | |
|---|---|
| **From:** | Kim Flournoy <kflournoy@bossiersheriff.com> |
| **Sent:** | Tuesday, October 23, 2018 8:05 AM |
| **To:** | Curtis R. Shelton |
| **Subject:** | RE: Suit # 127573 |

Thank you so much for your help in everything. I apologize for being so needy, this suit has been a learning experience for me. Have a great day!

*Kimberly Flournoy*
Bossier Sheriff's Office
(318) 935-2032 Phone
(318) 965-3448 Fax



*This email, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited.*
*If you have received this email in error, please immediately notify me by telephone at 318-965-2203 and permanently delete the original and any copy or any printout thereof.*

**From:** Curtis R. Shelton [mailto:CurtisShelton@arklatexlaw.com]
**Sent:** Monday, October 22, 2018 5:49 PM
**To:** Kim Flournoy
**Subject:** RE: Suit # 127573

Kim,

He said he will send an invoice tomorrow.

Curtis R. Shelton
Ayres, Shelton, Williams, Benson & Paine, LLC
14th Floor Regions Tower
333 Texas Street (71101)
P. O. Box 1764
Shreveport, LA 71166-1764
318-227-3500 work
318-227-3306 direct
318-470-9010 mobile
318-227-3806 facsimile
www.arklatexlaw.com

1



BSO 090
**EXHIBIT H**

**IRS Circular 230 Disclosure:** To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that any U.S. federal tax advice contained in this communication, including any appendices, is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under U.S. federal tax law, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**CONFIDENTIALITY STATEMENT**

This electronic message transmission contains information from the law firm of Ayres, Shelton, Williams, Benson & Paine, LLC and is confidential or privileged. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us by telephone (318-227-3306).

**From:** Kim Flournoy [mailto:kflournoy@bossiersheriff.com]
**Sent:** Monday, October 22, 2018 4:28 PM
**To:** Curtis R. Shelton
**Subject:** Suit # 127573
**Importance:** High

Mr. Shelton, would you please ask Mr. Lacour to get me an invoice ASAP so I can build it into my suit cost? Thank and have a great day!

*Kimberly Flournoy*
Bossier Sheriff's Office
(318) 935-2032 Phone
(318) 965-3448 Fax



*This email, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited.*
*If you have received this email in error, please immediately notify me by telephone at 318-965-2203 and permanently delete the original and any copy or any printout thereof.*

2

BSO 091
EXHIBIT H

# WHITEHALL ADVISORS, LLC

| | |
|---|---|
| Date | Invoice No. |
| 10/23/2018 | 1129 |
| Terms | Due Date |
| Due on receipt | 11/22/2018 |

**Bill To**

Hon. Julian C. Whittington
Bossier Sheriff's Office
204 Burt Boulevard
Benton, LA 71006

| Amount Due | Enclosed |
|---|---|
| $1,682.50 | |

Re: Promissory Note Appraisement

| Date | Activity | Hours | Amount |
|---|---|---|---|
| 10/18/2018 | Review 12/19/18 opinion of Judge Self (Luck v. Carr) #127,573 | 0.50 | $92.50 |
| 10/18/2018 | Review Glenn A. Wilson, Jr., MAI real estate appraisal 9/12/16 | 0.25 | $46.25 |
| 10/18/2018 | Review 2/20/18 Petition (Lucky v. Collar et al) #155,382 | 1.75 | $323.75 |
| 10/18/2018 | Review 2/20/18 Notice of Lis Pendens (#118S201) | 0.50 | $92.50 |
| 10/18/2018 | Review 8/13/18 opinion from Judge Craig | 0.25 | $46.25 |
| 10/19/2018 | Develop worksheet for note discount | 1.25 | $231.25 |
| 10/19/2018 | Build schedule of required yield based on document review | 2.00 | $370.00 |
| 10/19/2018 | Develop report cover letter | 0.75 | $138.75 |
| 10/22/2018 | Verify calculations, print report & e-mail copy to Kim Flournoy | 0.75 | $138.75 |
| 10/22/2018 | Drive from Alex to Benton to deliver report & sign appraisement | 4.50 | $202.50 |

OCT 23 2018

Service dates reflect date of task completion.
All billable hours rounded up to nearest quarter hour.
Rate is $185 per hour.
Travel time on 10/22/18 was billed at $45/hour.

| | |
|---|---|
| Subtotal | $1,682.50 |
| Discount | |
| Total | $1,682.50 |
| Deposit | |
| Balance due | $1,682.50 |

**EXHIBIT**
**27**

**BSO 030**

**EXHIBIT H**