

FILED

OCT 19 2018

_Dana Halphen_
DEPUTY CLERK
26TH JUDICIAL DISTRICT COURT
BOSSIER PARISH, LOUISIANA

W.A. LUCKY, III

VERSUS

BARBARA MARIE CAREY CARR

NUMBER: 127,573; SECTION F

26TH JUDICIAL DISTRICT COURT

BOSSIER PARISH, LOUISISANA

### *EX PARTE* MOTION TO FIX APPRAISERS' FEES

NOW INTO COURT comes the HONORABLE JULIAN C. WHITTINGTON, IN HIS

CAPACITY AS SHERIFF OF BOSSIER PARISH (the "Sheriff"), who respectfully moves the

Court as follows:

1.

The Sheriff has received a writ of *fieri facias* herein is in the principal amount of One

Million, Seven Hundred Ninety-Nine Thousand, Four Hundred Fifty and 52/100 Dollars

($1,799,450.52), plus judicial interest on the aforesaid amount from the date of judicial demand

until paid in full and all costs associated with this proceeding.

2.

Pursuant to the writ of *fieri facias* issued in the above captioned lawsuit, the Sheriff has

seized and is advertising for sale the following described property, hereinafter referred to as the

"Promissory Note":

> That certain original promissory note dated November 2, 2017 made by Ronald
> William Lollar payable to Barbara Marie Carey Carr Lollar or her order in the
> principal amount of One Million Seven Hundred Thirty Thousand and No/100ths
> Dollars ($1,730,000.00) plus interest thereon at the rate of four percent (4.0%) per
> annum until paid, payable in four (4) consecutive annual installments of
> $100,046.00, the first such installment being due and payable on November 1,
> 2018, and a final balloon payment equal to all remaining principal and interest
> then due hereunder, due and payable on November 1, 2022.

3.

Under paragraph A of Louisiana Revised Statutes 13:4363, the Sheriff served written

notice on the debtor and on the seizing creditor directing each to name an appraiser to value the

Promissory Note and to notify the Sheriff of such appointment.

4.

Each of the debtor and on the seizing creditor notified the Sheriff of the appointment of

an appraiser. The Sheriff received notice that the following persons were being appointed by the

debtor and the seizing creditor:



NON-CERTIFIED COPY

**EXHIBIT L**

A.   The debtor, Barbara Marie Carey Carr, appointed Mr. John Dean of Business Valuation Consultants of Shreveport; and

B.   The seizing creditor, W.A. Lucky, III, appointed Mr. Chad M. Garland.

5.

Each of Mr. John Dean and Mr. Chad M. Garland is a certified public accountant who has an ABV accreditation and CVA designation. ABV is an Accredited in Business Valuation credential from the AICPA (American Institute of Certified Public Accountants). CVA is a Certified Valuation Analyst designation from NACVA (National Association of Certified Valuators and Analysts).

6.

It is possible that the appraisers appointed by the debtor and the seizing creditor will agree on the value of the Promissory Note. It is also possible that they will not. Paragraph B of Louisiana Revised Statutes 13:4365 provides for situations in which the appraisers appointed by the debtor and the seizing creditor do not agree. It reads:

> B.  If the appraisers cannot agree, and (1) the difference in value between the two appraisals does not exceed two hundred and fifty thousand dollars, and (2) the value assigned by the lower of the two appraisers is at least ninety percent of the value assigned by the higher of the two appraisers, then the sheriff shall average the two figures and use the average as the appraised value for purposes of determining the opening bid. In those cases where the two appraisers do not agree and the values are not within the averaging limits, then the sheriff shall appoint a third appraiser, who shall also be sworn, and whose decision shall be final.

7.

The Sheriff will appoint a third appraiser if: (a) the appraisers appointed by the debtor and the seizing creditor do not agree on the value of the Promissory Note, and (b) the appraisals are not subject to being averaged under paragraph B of Louisiana Revised Statutes 13:4365. It may also be necessary for the Sheriff to appoint an appraiser if the debtor or the seizing creditor does not timely deliver an appraisal.

8.

The Sheriff intends that any appraiser he appoint be a person who is qualified by education, skill or experience to appraise the Promissory Note. Such person may be a certified public accountant, may hold an ABV accreditation and/or CVA designation, or may be otherwise qualified by education, skill or experience. In any event, the Sheriff foresees that such a person

2

NON-CERTIFIED COPY

EXHIBIT L

will require payment of more than the flat fee of fifty dollars allowed by paragraph A of Louisiana Revised Statutes 13:4366 for appraisals of movable property.

9.

Louisiana Revised Statutes 13:4366 reads:

A.(1) The fees of the appraisers shall be fixed by the sheriff at not more than fifty dollars on movables, and not less than one hundred dollars nor more than three hundred fifty dollars on immovable property for each appraiser.

**(2) On *ex parte* motion of the sheriff, the court may order a fee to be paid in excess of fifty dollars on movable items and in excess of three hundred fifty dollars on immovable property if, in the court's judgment, the property cannot be adequately appraised at the fees established in Paragraph (1) of this Subsection.** The sheriff shall attach to the motion a statement of the reasons for requesting payment of the excess fees before the court can authorize a payment in excess of the established fees.

(3) A party to an action or proceeding who acts as an appraiser is not entitled to a fee.

B. The fees of appraisers shall be taxed as costs.

(Emphasis added).

10.

For the reasons stated herein and in Exhibit A attached hereto, the Sheriff believes that it is necessary that a fee or more than fifty dollars be paid to any appraiser appointed by the Sheriff herein to appraise the Promissory Note. The Sheriff believes that it is necessary that any such appraiser be paid a fee calculated on an hourly rate basis of up to $225.00 per hour, which is the amount that the Sheriff has been informed is being charged by the seizing creditor's appraiser.

11.

Paragraph A of Louisiana Revised Statutes 13:4363 requires that the appraisal of the debtor and seizing creditor shall be made and delivered to the Sheriff at least two days, exclusive of holidays, prior to the time of the sale.

12.

The sale of the Promissory Note is presently scheduled herein for October 24, 2018, at 10:00 a.m. That means that the appraisals of the debtor and the seizing creditor are required to be delivered to the Sheriff by Friday, October 19, 2018. Upon receipt of the debtor's and seizing creditor's appraisals, the Sheriff will have two business days in which to appoint any appraiser

NON-CERTIFIED COPY

EXHIBIT L

who is required to be appointed by the Sheriff. Therefore, the Sheriff believes that this motion is both necessary and timely.

13.

Because the seizing creditor shall be required to advance the costs of any appraiser who is required to be appointed by the Sheriff, the seizing creditor has joined in this motion.

WHEREFORE, THE HONORABLE JULIAN C. WHITTINGTON, IN HIS CAPACITY AS SHERIFF OF BOSSIER PARISH prays that, under Louisiana Revised Statutes 13:4366 ¶A(2), the Sheriff be authorized to pay a fee calculated on an hourly rate basis of up to $225.00 per hour to any appraiser appointed by the Sheriff herein to appraise the Promissory Note described in paragraph 2, and with such fees to be taxes as costs under Louisiana Revised Statutes 13:4366 ¶B.

JULIAN C. WHITTINGTON, IN HIS CAPACITY
AS SHERIFF OF BOSSIER PARISH

AYRES, SHELTON, WILLIAMS, BENSON & PAINE, LLC

By:_____
    Curtis R. Shelton
    La. Bar Roll No. 17137
Suite 1400, Regions Tower
333 Texas Street (71101)
P. O. Box 1764
Shreveport, LA 71166-1764
(318) 227-3500
(318) 227-3306 - Direct Dial
(318) 227-3806 - Direct Facsimile
(318) 470-9010 - Cell Phone
E-mail: curtisshelton@arklatexlaw.com

ATTORNEYS FOR W.A. LUCKY, III, SEIZING CREDITOR

NON-CERTIFIED COPY

EXHIBIT L

## CERTIFICATE

I HEREBY CERTIFY that a copy of this *Ex Parte* Motion to Fix Appraisers' Fees, along with the order prepared to be submitted thereon, was served upon Barbara Marie Carey Carr Lollar f/k/a Barbara Marie Carey Carr, by depositing same in the United States mail properly addressed as follows and with adequate first-class postage thereon:

> Mr. James Davis Powell
> Davidson Summers
> 330 Marshall St., Suite 1114
> Shreveport LA 71101.

Shreveport, Louisiana, this 17th day of October, 2018.

_____
OF COUNSEL

NON-CERTIFIED COPY

EXHIBIT L

## ORDER

CONSIDERING THE FOREGOING *Ex Parte* Motion to Fix Appraisers' Fees and Exhibit A attached thereto,

IT IS HEREBY ORDERED THAT, in accordance with Louisiana Revised Statutes 13:4366 ¶A(2), the Sheriff be and is hereby authorized to pay a fee calculated on an hourly rate basis of up to $225.00 per hour to any appraiser appointed by the Sheriff herein to appraise the Promissory Note described in paragraph 2 of the aforesaid motion, and with such fees to be taxed as costs under Louisiana Revised Statutes 13:4366 ¶B.

READ AND SIGNED at Benton, Bossier Parish, Louisiana, this 22 day of October, 2018.

_____
DISTRICT JUDGE          PARKER SELF

FILED

OCT 22 2018

*Dale S. Halphen*
DEPUTY CLERK
26TH JUDICIAL DISTRICT COURT
BOSSIER PARISH, LOUISIANA

6

NON-CERTIFIED COPY

EXHIBIT L

FILED

OCT 19 2018

*[signature]*
DEPUTY CLERK
26TH JUDICIAL DISTRICT COURT
BOSSIER PARISH, LOUISIANA

**EXHIBIT A**

## STATEMENT OF THE REASONS FOR
## REQUESTING PAYMENT OF EXCESS FEES

RE:   W. A. LUCKY, III VERSUS BARBARA MARIE CAREY CARR, NUMBER: 127,573, 26TH JUDICIAL DISTRICT COURT, BOSSIER PARISH, LOUISIANA

1. The undersigned, the Honorable Julian C. Whittington, in his capacity as Sheriff of Bossier Parish (the "Sheriff"), has received a writ of *fieri facias* in the above referenced lawsuit. The writ is in the principal amount of One Million, Seven Hundred Ninety-Nine Thousand, Four Hundred Fifty and 52/100 Dollars ($1,799,450.52), plus judicial interest on the aforesaid amount from the date of judicial demand until paid in full and all costs associated with this proceeding.

2. Pursuant to the writ of *fieri facias*, the Sheriff has seized and is advertising for sale the following described property, hereinafter referred to as the "Promissory Note":

> That certain original promissory note dated November 2, 2017 made by Ronald William Lollar payable to Barbara Marie Carey Carr or her order in the principal amount of One Million Seven Hundred Thirty Thousand and No/100ths Dollars ($1,730,000.00) plus interest thereon at the rate of four percent (4.0%) per annum until paid, payable in four (4) consecutive annual installments of $100,046.00, the first such installment being due and payable on November 1, 2018, and a final balloon payment equal to all remaining principal and interest then due hereunder, due and payable on November 1, 2022.

3. The Sheriff has served written notice on the debtor and on the seizing creditor directing each to name an appraiser to value the Promissory Note and to notify the Sheriff of his appointment.

4. Each of the debtor and the seizing creditor notified the Sheriff of the appointment of an appraiser. The Sheriff received notice that the following persons were being appointed by the debtor and on the seizing creditor:

A.   The debtor, Barbara Marie Carey Carr, appointed Mr. John Dean of Business Valuation Consultants of Shreveport; and

B.   The seizing creditor, W.A. Lucky, III, appointed Mr. Chad M. Garland.

5. Each of Mr. John Dean and Mr. Chad M. Garland is a CPA and has an ABV accreditation and CVA designation. ABV is an Accredited in Business Valuation credential from the AICPA (American Institute of Certified Public Accountants). CVA is a Certified Valuation Analyst designation from NACVA (National Association of Certified Valuators and Analysts).



NON-CERTIFIED COPY

**EXHIBIT L**

6. It is possible that the appraisers appointed by the debtor and the seizing creditor will agree on the value of the Promissory Note. It is also possible that they will not.

7. The Sheriff will appoint a third appraiser if: (a) the appraisers appointed by the debtor and the seizing creditor do not agree on the value of the Promissory Note, and (b) the appraisals are not subject to being averaged under paragraph B of Louisiana Revised Statutes 13:4365. It may also be necessary for the Sheriff to appoint an appraiser if the debtor or the seizing creditor do not timely deliver an appraisal.

8. If it is necessary for the Sheriff to appoint an appraiser, the Sheriff intends to appoint a person who would be qualified by education, skill or experience to appraise the Promissory Note. Such person may be a certified public accountant, may hold an ABV accreditation and/or CVA designation, or may be otherwise qualified by education, skill or experience. In any event, the Sheriff foresees that such a person will require payment of more than the flat fee of fifty dollars allowed by paragraph A of Louisiana Revised Statutes 13:4366 for appraisals of movable property.

9. The property described in paragraph 2 (a promissory note) is not of the kind routinely appraised by persons who appraise property for the Sheriff for a flat fee. Therefore, the Sheriff believes that it is necessary that a fee or more than fifty dollars be paid to any appraiser appointed by the Sheriff to appraise the Promissory Note. The Sheriff believes that it is necessary that any such appraiser be paid a fee calculated on an hourly rate basis of up to $225.00 per hour. The Sheriff has been informed that $225.00 per hour is the amount being charged by the seizing creditor's appraiser. Mr. Chad M. Garland. The Sheriff would believe that Mr. John Dean would charge an hourly fee of at least $225.00 per hour.

10. In any and all events, the seizing creditor will be required to advance the costs of any appraiser who is required to be appointed by the Sheriff.

JULIAN C. WHITTINGTON,
Sheriff, Bossier Parish, Louisiana

2

NON-CERTIFIED COPY

EXHIBIT L