UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MAGNOLIA ISLAND PLANTATION, L.L.C., ET AL. | CIVIL ACTION NO. 5:18-CV-1526 |
| | DISTRICT JUDGE: S. MAURICE HICKS, JR. |
| V. | MAG. JUDGE: KAYLA D. MCCLUSKY |
| LUCKY FAMILY, L.L.C., ET AL. | JURY TRIAL DEMANDED |

**MEMORANDUM IN SUPPORT OF
DEFENDANT W. A. LUCKY, III'S MOTION TO DISMISS
FOR FAILURE TO STATE CIVIL RIGHTS CLAIMS**

**I.   Introduction.**

Plaintiffs have asserted multiple federal and state claims against the defendants. This motion deals with a subset of those claims: plaintiffs' federal and state civil rights claims against a private citizen, W. A. Lucky, III ("Mr. Lucky").  Because Mr. Lucky is a private party and was not acting under of color of law, plaintiffs' have not pleaded a claim for relief on their federal and state civil rights claims against Mr. Lucky, and plaintiffs' federal and state civil rights claims asserted against Mr. Lucky should be dismissed with prejudice.

**II.   Applicable law.**

"Private individuals generally are not considered to act under color of law." *Moody v. Farrell*, 868 F.3d 348, 352 (5th Cir. 2017), *quoting Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005). However, "private action may be deemed state action when the defendant's conduct is 'fairly attributable to the State.'" *Id., quoting Priester v. Lowndes County*, 354 F.3d 414, 423 (5th Cir. 2004). "To establish fair attribution,

>the plaintiff must show: (1) that the deprivation was caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may fairly be said to be a state actor.

*Id., quoting Priester*, *supra*.

"One way a private citizen may be a state actor is if she 'is involved in a conspiracy or participates in a joint activity with state actors.'" *Id., citing Ballard*, 413 F.3d at 518. "Deciding whether a deprivation of a protected right is fairly attributable to the State 'begins by identifying the specific conduct of which plaintiff complains.'" *Id., quoting Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 550 (5th Cir. 2005). "It is well-established that '[a] private party does not act under color of state law when she merely elicits but not join in an exercise of official state authority.'" *Id., quoting Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988).

A private individual may be liable under Section 1983 if he is "engaged in a conspiracy or willfully engages in joint activity with one or more persons acting under color of state law." *Todd v. City of Natchitoches*, 238 F.Supp.2d 793, 803 (W.D.La. 2002), quoting *Bayou Fleet, Inc. v. Alexander*, 68 F.Supp.2d 734, 745 (E.D.La 1999). "To establish a conspiracy under Section 1983, the plaintiff must show the defendants had a 'unity of purpose, common design, and understanding, or meeting of the minds in an unlawful arrangement' to violate the plaintiff's constitutional rights." *Id., quoting Hale v. Townley*, 19 F.3d 1068, 1075 (5th Cir. 1994) (*superseded on other grounds*, 45 F.3d 914 (5th Cir. 1995). **"In addition, to establish the existence of a conspiracy, a plaintiff 'must show that the defendants agreed to commit an illegal act.'"** *Manton v. Strain*, 2010 WL 4364552 (E.D.La. 2010)(*quoting Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)(emphasis added). In *Arsenaux v. Roberts*, the court affirmed the district court's dismissal of plaintiff's section 1983 conspiracy claim for failure to state any factual basis to support an alleged agreement.

"Allegations that are merely conclusory, without reference to specific facts, will not suffice." *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004).

"Under the Supreme Court's 'public function' test, a private entity acts under color of state law 'when that entity performs a function which is traditionally the exclusive province of the state.'" *Rosborough v. Management & Training Corp.*, 350 F.3d 459, 460 (5th Cir. 2003), *quoting Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). "The Supreme Court has explained that 'when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations.'" *Id.*, *quoting Evans v. Newton*, 382 U.S. 296, 299, 86 S.Ct. 486, 15 L.Ed.2d 373 (1966). "While many functions have been traditionally performed by governments, very few have been 'exclusively reserved to the State.'" *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 158; 98 S.Ct. 1729, 1734; 56 L.Ed.2d 185, ___ (1978). Proving that a function has been exclusively reserved to the state "is a demanding standard, and the plaintiff has the burden to meet it." *The Real Estate Bar Association for Mass, Inc. v. National Real Estate Information Services*, 608 F.3d 110, 121 (1st Cir. 2010). "When considering whether private action should be attributed to the state under the public function test, the court conducts a historical analysis to determine whether the party has engaged in an action traditionally reserved to the state, and the plaintiff bears the burden of making that showing." *Marie v. American Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014).

**III.     Facts alleged by plaintiffs relating to civil rights claims against Mr. Lucky.**

Plaintiffs make the following allegations regarding Mr. Lucky's purported violations of their civil rights (all emphases added):

- "The Sheriff, his office and Ms. Flournoy *allowed* Mr. Lucky, through counsel, to select and improperly influence the purported third appraiser whose appraisal would be final under state law." [Doc. 186, ¶ 6];

- "Ms. Flournoy, acting as 'Deputy Sheriff', falsely represented that Lacour was the Sheriff's appointed appraiser on Lacour's Appraisement Sheet despite the reality that the Sheriff, his office, and Ms. Flournoy, *enabled and allowed* Lucky and his counsel to select Mr. Lacour." [Doc. 186, ¶ 45];

- "The timing, amount and circumstances of the Garland and Lacour appraisals *is strongly indicative of* a scheme by Lucky and Lucky Family, L.L.C. to subvert the statutory appraisal process in order to artificially diminish the sale price of the Note to the detriment of the Plaintiffs." [Doc. 186, ¶ 46];

- "The selection of and communications with the third appraiser on behalf of Lucky occurred long before it was even known a third appraiser would be required. Such communications clearly indicate that Lucky sought to artificially deflate the value of the Note and *improperly influence* the third appraisal with knowingly false and inaccurate statements about Mrs. Lollar and the value of the collateral securing the repayment of the Note." [Doc. 186, ¶ 48];

- "Instead, the Sheriff and his office abdicated their duty in favor *of allowing* Lucky and Lucky Family, L.L.C. to manipulate the seizure, appraisal and sale of Mrs. Lollar's Note. Lucky, a party in the matter, *was allowed* to serve as his own judge in the valuation of Mrs. Lollar's property." [Doc. 186, ¶ 52];

- "***By allowing*** Lucky and/or Lucky Family L.L.C., to de facto select a third appraiser whose valuation would be decisive for the purposes of the Sheriff's Sale, Ms. Flournoy ***delegated to*** Lucky and/or Lucky Family, L.L.C., a function exclusively reserved to the State; the administration of a sheriff's sale." [Doc. 186, ¶ 77);

- "In exercising a function traditionally exclusively reserved to the State, Lucky and/or Lucky Family L.L.C., acted under color of state law." [Doc. 186, ¶ 78);

- "In depriving Mrs. Lollar of her property without due process, Lucky and Lucky Family L.L.C., acted intentionally and in bad faith." [Doc. 186, ¶ 80);

- "The Sheriff's office and Mrs. Flournoy ***actively facilitated*** Lucky and Lucky Family LLC's intentional and bad faith deprivation of Mrs. Lollar's property by ***knowing and intentionally delegating*** the administration of the sale disposing of Mrs. Lollar's seized property to Lucky and Lucky Family, LLC." [Doc. 186, ¶ 81).

IV. **The alleged conclusions are insufficient to state a federal or state civil rights claim against Mr. Lucky.**

In this case, under the allegations made by plaintiffs, Mr. Lucky cannot be fairly said to be a state actor.

"Allegations that are merely conclusory, without reference to specific facts, will not suffice." *Priester*, 354 F.3d at 420.

As to any agreement or conspiracy between Mr. Lucky and the Sheriff, plaintiffs have not alleged specific facts that show that Mr. Lucky and the Sheriff had a "meeting of the minds in an unlawful arrangement," *Todd, supra*, or "agreed to commit an illegal act." *Manton, supra.*

First, plaintiffs did not specifically allege any sort of agreement between Mr. Lucky and the Sheriff, nor did they allege facts that would lead one to conclude that there was such an

5

agreement. Second, the allegations themselves paint a picture of something other than an agreement. Plaintiffs use the words "allowed," "enabled," "influence," "delegated," "facilitated," "strongly indicative of," *etc., etc.* These are merely the plaintiffs' allegations that are conclusory, and, in any event, none of these verbs are "meeting of the minds" verbs. Simply put, there is a vast, critical difference between the state allowing or enabling a private party to act and an actual agreement between a private party and the state with intention to commit an illegal act.

As it relates to the public function test, plaintiffs do not allege that conducting an auction to sell private property is "a function which is traditionally the *exclusive* province of the state." Because it is not, and plaintiff have alleged no facts that would support any conclusion otherwise. There are very few cases in which plaintiffs have succeeded in using the public function exception to a civil rights claim, but plaintiffs do not cite and defendants have been unable to find, any case that holds that conducting auctions of private property is a function which is traditionally the exclusive province of the state.

**V.     Because plaintiffs cannot establish a federal constitutional claim against Mr. Lucky, they likewise cannot establish a state constitutional claim against him.**

"Louisiana courts have generally held that state due process . . . claims must, like federal claims, involve state action." *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994). Thus, if plaintiffs' federal constitutional claims fall, so do their state constitutional claims.

**VI.    Conclusion.**

Because the plaintiffs' have not alleged a violation of due process under the federal and state constitutions, plaintiffs' civil rights claims under 42 U.S.C. § 1983 based thereon must be dismissed with prejudice.

### VII. Conclusion.

Accordingly, defendant W. A. Lucky, III respectfully prays that this motion be granted and that plaintiffs' civil rights claims based on alleged violations of federal and state constitutional law be dismissed with prejudice.

                    AYRES, SHELTON, WILLIAMS,
                    BENSON & PAINE, LLC


                    By: /s/ Curtis R. Shelton
                        Curtis R. Shelton
                    La. Bar Roll No. 17137
                    333 Texas Street, Suite 1400 (71101)
                    P. O. Box 1764
                    Shreveport, LA 71166
                    Telephone: (318) 227-3500
                    Facsimile: (318) 227-3806
                    Email: curtisshelton@arklatexlaw.com

                    WIENER, WEISS & MADISON
                    A Professional Corporation
                       R. Joseph Naus, #17074
                       Marjorie Frazier, #32991
                    330 Marshall Street, Suite 1000 (71101)
                    P. O. Box 21990
                    Shreveport, LA 71120-1990
                    Telephone: (318) 226-9100
                    Facsimile: (318) 424-5128
                    E-mail: rjnaus@wwmlaw.com
                    E-mail mfrazier@wwmlaw.com

                    ATTORNEYS FOR W. A. LUCKY, III