UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **MAGNOLIA ISLAND PLANTATION L.L.C. and BARBARA MARIE CAREY LOLLAR** | : | **CIVIL ACTION NO. 5:18-CV-01526** |
| **VERSUS** | : | **CHIEF JUDGE S. MAURICE HICKS, JR.** |
| **LUCKY FAMILY, L.L.C., W.A. LUCKY, III, and BOSSIER PARISH SHERIFF JULIAN C. WHITTINGTON** | : | **MAGISTRATE JUDGE KAYLA D. McCLUSKY** |

## RESPONSE TO BARBARA MARIE LOLLAR AND MAGNOLIA ISLAND PLANTATION, L.L.C.'S MEMORANDUM IN OPPOSITION TO LUCKY FAMILY, L.L.C. AND W.A. LUCKY, III'S MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 56

NOW INTO COURT, through undersigned counsel, comes Lucky Family, L.L.C. ("Lucky Family"), which files this reply memorandum to *Barbra Marie Lollar and Magnolia Island Plantation, L.L.C.'s Memorandum in Support to Lucky Family, L.L.C.'s Motion for Partial Summary Judgment* (the "Opposition")[1], as follows:

### I.   INTRODUCTION

On November 30, 2022, Lucky Family, L.L.C. ("Lucky Family") filed *Lucky Family, L.L.C.'s Motion for Partial Summary Judgment*[2] (the "MPSJ"), which addressed a very narrow issue: "whether the alleged failure to formally appoint a third-party appraiser under La. R.S. 13:4365 is a "fundamental defect" which could invalidate the [judicial] sale?"[3] The answer

---
[1] R. Doc. 225.
[2] R. Doc. 208.
[3] R. Doc. 208-1 at 2.

1

remains a resounding "No." To counter this inescapable conclusion, Barbra Marie Lollar and Magnolia Island Plantation, L.L.C. (collectively, "Plaintiffs") present via their Opposition an in-depth, but unnecessary, exegesis of the differences between a judicial sale via executory process and a judicial sale pursuant to a writ of fieri facias (colloquially, a "writ of fifa"). However, the explanation is wholly irrelevant as La. R.S. 13:4365 applies to both judicial sales via executory process as well as pursuant to a writ of fifa. As discussed herein and in the MPSJ, the caselaw surrounding La. R.S. 13:4365 clearly supports Defendants' argument that a failure to make a formal appointment under La. R.S. 13:4365 is merely a technical flaw which cannot invalidate[4] a sheriff's sale. Accordingly, the MPSJ should be granted.

## II. LAW AND ARGUMENT.

### A. La. R.S. 13:4365 Is Applicable to Judicial Sales Via Executory Process and Via Writ of Fifa; Therefore, The Substantial Compliance Test Applies.

Plaintiffs spent a great deal of their Opposition discussing the difference in a sale made pursuant to La. R.S. 31:4106 via executory process and property sold pursuant to a writ of fifa after an ordinary proceeding. While these discussions present some enlightening intricacies of judicial sales, they miss the point entirely. Under a sale pursuant to either executory process or pursuant to a writ of fifa, the Sheriff follows the procedure for appointment of third appraisers pursuant to La. R.S. 13:4365. Plaintiffs recognized that La. R.S. 13:4365 is the source of the Sheriff's obligation of appointment, irrespectively of judicial sale category, in Opposition.[5] The procedure under either type of sale is the same insofar as the appraisal process, specifically the

---

[4] In Opposition, Plaintiffs take Lucky Family's use of the word "invalidate" as an admission that a sheriff's sale could be annulled due to a violation of La. R.S. 13:4365. R. Doc. 225 at 5, n.2. Lucky Family specifically used the term "invalidate" instead of "annul" when discussing the effects of a fundamental violation of La. R.S. 13:4365 because the two words have separate meaning. Thus, Lucky Family is in no way conceding that even a fundamental violation of La. R.S. 13:4365 can result in annulment.

[5] R. Doc. 225 at 9 ("The appraisal and sales procedure for judicial sales, whether under ordinary or executory process, is laid out in La. R.S. 13:4350, *et seq.*")

selection of third appraisers, the appointment thereof, and the oath they must take. Thus, Plaintiffs' supposition that Defendants' arguments only apply to executory proceedings is clearly wrong. *See, Baumann v. Fields,* 332 So.2d 885, 888 (La. App. 2 Cir. 1976) (applying La. R.S. 13:4365 to a judicial sale pursuant to a writ of fifa).

Moreover, to accept as valid Plaintiffs' framing of Louisiana judicial sales law would create a bifurcation of jurisprudence with respect to La. R.S. 13:4365 where one heretofore has not existed. As presented in the MPSJ and the cases cited therein, courts have consistently interpreted La. R.S. 13:4365 as having a substantial compliance standard.[6] Conversely, Plaintiffs have cited to zero (0) cases which hold that La. R.S. 13:4365 should be interpreted different for the purpose of one form of judicial sale over another. Therefore, the substantial compliance test should apply.

**B.     The Caselaw Supports Defendants' Position Under the Substantial Compliance Test.**

After determining the appropriate legal standard to apply to this matter, the outcome becomes an apparent natural consequence—the Sheriff and Mr. Lacour substantially complied with the requirements of La. R.S. 13:4365. To rebut this natural outcome, Plaintiffs have cited two cases, which as discussed below, are distinguishable.

First, Plaintiffs cite to the relatively short case of *Ardoin v. Fontenot*, 374 So.2d 1273 (La. App. 3 Cir. 1979) as being analogous to the matter *sub judice*. Predictably, *Ardoin* involved a challenge to a judicial sale, specifically a challenge to an appraiser under La. R.S. 13:4365. The *Ardoin* opinion contained scant facts; however, there were two major sticking points for the Court: (1) the written appraisal did not conform with the requirements of La. R.S. 13:4365 as it "consists of a blank appraisement form, bearing the signatures of the sheriff and two appraisers," and (2)

---

[6]     R. Doc. 208-1 at 3-7.

there was "no description of the property, nor is there a value assigned to it." *Id*. at 1274. The sheriff did complete the proces verbal, which stated that the automobile was appraised. However, the Court found that the "actions of the sheriff, in preparing his proces verbal, cannot be substituted for those required of the appraisers in the last two paragraphs of LSA-R.S. 13:4365. In fact, the presence of the incompleted [*sic*] appraisement form in the record refutes the statement made in the sheriff's proces verbal." *Id*. at 1275. For these reasons, the Court found *Ardoin* was not analogous to *Plauche-Locke Securities, Inc. v. Johnson*, 187 So.2d 178 (La.App. 3rd Cir. 1966), as substantial compliance with La. R.S. 13:4365 was not present.[7]

At every turn, *Ardoin* is clearly factually distinguishable from the case *sub judice*. Chiefly, Mr. Lacour presented a completed and signed (as opposed to just signed) appraisal form to Deputy Flournoy.[8] Unlike in *Ardoin*, the appraisal form signed by Mr. Lacour and Deputy Flournoy had a complete description of the property to be sold and the appraised value of the property to be sold.[9] Thus, the "serious deficiencies in the appraisal" that were present in *Ardoin*, are not present here, and the case is clearly distinguishable.

Second, Plaintiffs also cited the case of *Ford Motor Credit Co. v. Blackwell*, 295 So.2d 522 (La.App. 4th Cir. 1974) in Opposition. Like before, *Blackwell* is readily distinguishable. *Blackwell* involved the judicial sale of a truck, which had substantial aftermarket upgrades, including a full instrument panel, full-view mirrors, automatic transmission, a heater, a heavy duty equipment bumper (the cost of which was about $125), a specially cut plywood bed for the back of the vehicle and a tow chain. *Id*. at 524. There were two appraisers in the matter, each of whom consulted the "National Automobile Dealers Association Used Car Guide." Notably, neither appraiser ever

---

[7] A full discussion of *Plauche* and its applicability to this matter is found in memorandum in support of the MPSJ. *See*, R. Doc 208-1 at 7-8.
[8] R. Doc. 186-14.
[9] R. Doc. 186-14.

4

physically inspected the vehicle, which the Court noted, "in itself, [] may not be fatal to the validity of their procedure." *Id*. However, "in the light of defendant's testimony that the vehicle had extra equipment installed on it and that the condition of the vehicle was better than average, their failure to inspect the vehicle rendered them incapable of contradicting defendant's testimony." *Id*. Accordingly, because the Court found that the appraisers' failed to inspect the vehicle, "the appraisers did not substantially comply with the law set forth in [La.] R.S. 13:4365 so as to make 'a true and just appraisement of the' defendant's truck."

Again, *Blackwell* is readily distinguishable. Pertinently, it was of great import that the item to be judicially sold was a motor vehicle. Indeed, in Judge Redmann's concurrence in refusing rehearing, he noted "that appraisal of a **motor vehicle** cannot be sustained where *neither* appraiser has personally inspected the car." *Ford Motor Credit Co. v. Blackwell*, 295 So.2d 522, 525 (La. App. 4 Cir. 1974) (Bold emphasis added; italic emphasis in original). This varies from the case *sub judice* as the property which was seized was a promissory note, not a vehicle. Promissory notes are not susceptible to the same aftermarket alterations as were present in *Blackwell*. Indeed, promissory notes are not even of the same classification of property as automobiles as promissory notes are incorporeal immovables. La. C.C. art. 473; *Succession of Franklin*, 968 So.2d 811, 42,496 (La. App. Cir. 10/17/07); La. C.C. art. 1550, comment (c).

As presented in the MPSJ, this case is far more analogous to *John Deere Co. v. Loewer*, 505 So.2d 973 (La. App. 3 Cir. 1987) and *Plauche-Locke Secur., Inc. v. Johnson*, 187 So.2d 178 (La. App. 3 Cir. 1966). In both cases, the lack of a formal oath was not a fundamental defect under La. R.S. 13:4365; Similarly, the lack of facts pointing to a formal appointment have been urged by Plaintiffs. In an attempt to distance itself from the holdings of *Loewer* and *Plauche*, Plaintiffs

5

argued, "nothing real would have changed in the case had the oaths been correctly performed."[10] This statement exemplifies the Defendants' argument—nothing would have changed had there been direct evidence of the ritualistic step of a formal appointment. Mr. Lacour would still have performed the appraisal. Sheriff Whittington, through Deputy Flournoy, would still have accepted Mr. Lacour's appraisal. Sheriff Whittington still would have paid Mr. Lacour for his services as the third appraiser. The promissory note which was sold at the Sheriff's sale still would have been sold to Lucky Family. The foregoing statements of material fact were filed in support of the MPSJ.[11] These material facts do not change whether there was a ceremonial knighting of Mr. Lacour as third appraiser or if he merely did the job of a third appraiser.

In sum, the case of *Loewer* and *Plauche* are directly on point as presented in the MPSJ. The few cases cited in the Opposition are easily factually distinguishable on multiple grounds. Moreover, the Opposition failed to discuss the "heavy" or "substantial" burden of proof to overcome the presumption that judicial sales are presumed to be valid. *See, First Bank & Tr. v. Tedesco,* 2012-0774 (La. App. 4 Cir. 12/05/12); 106 So. 3d 653, 662; *Nat'l Info. Servs. ex rel. Resolution Tr. Corp. v. Gottsegen*, 98-528 (La. App. 5 Cir. 06/01/99); 737 So.2d 909, 919 (citing *American Bank and Trust Co. v. Price*, 28,018 (La.App. 2 Cir. 4/3/96) 688 So. 2d 536, 543). Although never discussed in Opposition, another factor weighing in favor of granting the MPSJ is Plaintiffs have not shown the failure to formally appoint a third appraiser is a fundamental defect which could invalidate a sale.

---

[10] R. Doc. 225 at 11.
[11] R. Doc. 208-2.

### C. The Spirit of the Law Was Followed.

Plaintiffs' Opposition section titled "Spirit of the Law" contains a dearth of actual caselaw. The chief position taken by Plaintiffs in this section is that the spirit of the law was not followed because Mr. Lacour had communications with Mr. Shelton, W.A. Lucky III's attorney. Ironically, "there is no requirement in law that sheriff-appointed appraisers be disinterested persons." *Loewer*, 505 So.2d 973, 975 (La. App. 3 Cir. 1987) (citing *Plauche*, 187 So.2d 178 (La. App. 3rd Cir. 1966)). It seems apparent, in this section and otherwise throughout the Opposition, Plaintiffs' idea of the law and the text or spirit of the law rarely align.

### D. Plaintiffs' Remaining Allegations.

Plaintiffs' final section of the Opposition details various other grounds for relief and general gripes that they have with the entire sheriff's sale process. Address of each and every argument is not necessary. Defendants filed this as a motion for partial summary judgment on a narrow issue. Therefore, of course, the document did not cover every theory advanced by Plaintiffs. In sum, Defendants have contended and supported their argument that pursuant to La. R.S. 13:4365, Plaintiffs do not have a right of action for failure by the Sheriff to appoint Mr. Lacour as a third appraiser because the same is not a fundamental defect.

### III. CONCLUSION

Plaintiffs spend a great deal of their Opposition discussing how they believe the law should work for their benefit, which thereby ignores the paucity of statutory or case law supporting their self-serving interpretations. As presented herein and in the MPSJ, only fundamental defects can invalidate a sheriff's sale. Here, it has been clearly shown that the alleged failure to formally appoint Mr. Lacour was not a fundamental defect which could invalidate the Sheriff's sale.

Respectfully submitted,

DOWNER, JONES, MARINO & WILHITE
401 Market Street, Suite 1250
Shreveport, LA 71101
Tel: 318-213-4444
Fax: 318-213-4445

Allison A. Jones, Bar No. 16990, T.A.
Marcus D. Sandifer, Bar No. 39326

By:   */s/ Allison A. Jones*
ATTORNEYS FOR LUCKY FAMILY, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was this date filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent electronically to all counsel of record by operation of the Court's CM/ECF system.

Thus done and signed in Shreveport, Louisiana, this 21st day of December, 2022.

*/s/ Allison A. Jones*
OF COUNSEL