UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MAGNOLIA ISLAND PLANTATION, L.L.C.; and BARBARA MARIE CAREY LOLLAR | CIVIL ACTION NO. 5:18-cv-1526 |
| | CHIEF JUDGE S. MAURICE HICKS, JR |
| V. LUCKY FAMILY, L.L.C.; W.A. LUCKY, III; BOSSIER PARISH SHERIFF JULIAN C. WHITTINGTON, ET AL | MAG. JUDGE KAYLA D. McCLUSKY |
| | JURY TRIAL DEMANDED |

**AFFIRMATIVE DEFENSES AND ANSWER OF
BARBARA MARIE CAREY LOLLAR AND
MAGNOLIA ISLAND PLANTATION, L.L.C.
TO COUNTERCLAIM FILED BY W.A. LUCKY, III**

NOW INTO COURT, through undersigned counsel, comes the Plaintiffs Barbara Marie Carey Lollar (hereafter "Mrs. Lollar") and Magnolia Island Plantation, L.L.C. ("Magnolia") who respond to the counterclaim [**Rec. Doc. 206**][1] of W.A. Lucky, III (hereinafter "Lucky"), referred to hereinafter as the "Counterclaim," as follows:

**A.      Affirmative Defenses to Counterclaim by W. A. Lucky, III:**

1.

Plaintiffs assert that the responsive pleadings by W.A. Lucky, III were made more than two months after the filing and service of Plaintiffs Second Amended and Restated Complaint at

---

[1] W.A. Lucky, III's Answer to the Second Amended and Restated Complaint, Defenses and Counterclaims was filed in this matter on November 30,2022, which was the deadline of our current scheduling order the filing of dispositive motions (**Rec. Doc.185**) for and was filed concurrently with the filing of W.A. Lucky's Motion for Partial Summary Judgment (**Rec. Doc. 212**).

**Rec. Doc. 186**.  Further, the claims of Lucky at paragraphs 2-5 of Lucky's Counterclaim have been previously addressed by this Court in its Memorandum Ruling in this matter on November 20, 2020 (**Rec. Doc. 158** at p. 20-22) wherein this Court found that such a claim was without merit under our facts.  Plaintiffs further assert that the timing of Lucky's Counterclaim occurred on the afternoon of November 30, 2022, the same day upon which dispositive motions were due in this matter under this Court's Order at **Rec. Doc. 185**, and that to the extent the counter claims asserted by Lucky are subject to dismissal, Plaintiffs have been prevented by Lucky's timing, and under the current schedule, from addressing the same in that manner.

2.

Plaintiffs assert that the claims of Lucky are barred or precluded, in whole or in part, by the defenses of waiver, estoppel and unclean hands.  Without limitation, Lucky sought to have the Mrs. Lollar's promissory note ("Note") at issue in in this matter seized and sold based solely upon a monetary judgment against Mrs. Lollar in the matter of *W.A. Lucky, III vs. Barbara Marie Carey Carr*, No. 127,573, Section F ("Lucky I Judgment" at **Rec. Doc. 186-4**).  Lucky sought the seizure and sale of the Note so that it may occur during the pendency of the appeal of the Lucky I Judgment.  The Lucky I Judgment was reversed by the Louisiana Second Circuit Court of Appeal wherein that court noted that the existence of the Lucky I Judgment was only by way of "prejudicial legal error" (See **Rec. Doc. 186-5** for the Appellate reversal, and **Rec. Doc. 186-6** for denial of Mr. Lucky's writ to the Louisiana Supreme Court).

Mrs. Lollar's Second Amended and Restated Complaint (**Rec. Doc.186**) in this matter presents allegations that the sale of the Promissory Note was invalid and null due to a number of procedural issues and other improprieties with the sale and as set forth more fully therein.  Among these are the fact that Mr. Lucky utilized judicial process to cloud title to the Note's collateral and sow doubt regarding the effectiveness of the Note itself.  Mr. Lucky previously filed suit in state court during the pendency of the appeal claiming that the transactions which created the Promissory Note were null and of no effect. Lucky also filed two (2) improper Lis Pendens against the immovable property which served as the collateral for the Note.  Mr. Lucky thereafter improperly influenced a third appraisal of the Note prior to Sheriff's Sale in order to heavily discount the Note's value based on his own actions in filing the lis pendens and Lucky II. Further facts regarding Lucky's attempts to devalue the Note are set forth more fully in Mrs. Lollar's Second Amended and Restated Complaint in this matter at **Rec. Doc. 186**.

The alleged purchaser of the Promissory Note at the Sheriff's Sale was none other than Lucky Family, L.L.C., in which Lucky was shown to be a member at the time of the Sheriff's Sale according to the records of the Louisiana Secretary of State, and also being his family L.L.C. which Mr. Lucky exerts authority over.  Lucky's actions intended to have the Note sold to his family LLC for a severely discounted value before the appeal of the Lucky I Judgment could reverse the Lucky I Judgment.   Thereafter, Mr. Lucky dismissed the claims in Lucky II and cancelled both lis pendens filings which he had utilized to devalue the Note for sale.

3.

Plaintiffs assert that any claims or damages alleged by Lucky are the result, whether in whole or in part, of Lucky's own fault, negligence or failure to mitigate the same. Plaintiffs also assert in particular that the consideration purportedly paid by Lucky Family, L.L.C. was completely inadequate and the sale is void or voidable as a result. Further, Plaintiffs assert that the Sheriff's Sale of her Note is void or voidable based on the failures of the Sheriff and his office to follow the law in conducting the seizure, appraisal process and sale, all as set forth in the Plaintiffs' Second Amended and Restated Complaint at **Rec. Doc. 186**.

4.

Plaintiffs asserts that the claims alleged in their Complaint were made in good faith.

5.

Plaintiffs show that the Judgment upon which the seizure and sale of the Note at issue was based has been reversed by the Louisiana Second Circuit Court of Appeal on January 16, 2019, with writ denied by the Louisiana Supreme Court on April 8, 2019, and that the Sheriff's Sale of the Note is void or voidable as a result with Mrs. Lollar being entitled to restitution of her Note.

6.

Plaintiffs reserve the right to assert additional affirmative or other defenses should further defenses be identified during the course of this matter.

**B.**    <u>**Answer to Counterclaim by W.A. Lucky, III.:**</u>

1.

Plaintiffs admit they have been named as defendants in the Counterclaim by Lucky.

2.

Plaintiffs deny the characterization that counsel for Mrs. Lollar "demanded" the amounts

stated and are without sufficient information provided by Lucky with his counterclaim to admit

this allegation. To the extent a response is required, this allegation is denied.

3.

Lucky has not provided sufficient information with his Counterclaim in order to admit or deny

this allegation.  To the extent a response is required, this allegation is denied as written.

4.

Lucky has not provided sufficient information with his Counterclaim in order to admit or deny

this allegation.  To the extent a response is required, this allegation is denied.

5

The claim in paragraph 5 contains legal conclusions and require no answer, but to the extent

one is required, paragraph 5 is denied.

6.

The claim in paragraph 6 contains legal conclusions and require no answer, but to the extent

one is required, paragraph 6 is denied.

7.

The claim in paragraph 7 does not require a response as it is expressing a desired outcome by Counterclaimant, but to the extent one is required, paragraph 7 is denied.

8.

Plaintiffs reserve their right to amend and/or supplement the foregoing affirmative defenses and answers should additional information become available.

WHEREFORE, Barbara Marie Carey Lollar and Magnolia Island Plantation, L.L.C. pray that these Affirmative Defenses and Answer to W. A. Lucky, III's Counterclaim be deemed good and sufficient and after due proceedings are had, that the demands of W. A. Lucky, III presented in his Counterclaim be denied at his cost and that there be judgment rendered in favor of Plaintiffs. on all claims asserted.   Plaintiffs also pray for all general and equitable relief to which they are entitled.

Respectfully submitted by,

_____/s/ J. Davis Powell_____
Randall S. Davidson, LSBA No. 4715, TA
J. Davis Powell, LSBA 33631
Andrew D. Martin, LSBA 34947
DAVIDSON SUMMERS, APLC
330 Marshall Street, Suite 1114
Shreveport, Louisiana 71101
Ph: (318) 424-4342 | (318) 226-0168
E:     rsdav@davidsonsummers.com
        dpowell@davidsonsummers.com
        dmartin@davidsonsummers.com
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF filing system and notice of the same will be sent by operation of the court's electronic noticing system to all counsel of record.

Shreveport, Louisiana, this 29th day of December 2022.

/s/    J. Davis Powell
        Counsel