UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| MAGNOLIA ISLAND PLANTATION, L.L.C. | § | CIVIL ACTION NO: 5:18-cv-01526 |
| and BARBARA MARIE CAREY LOLLAR | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | DISTRICT JUDGE MAURICE HICKS |
| | § | |
| LUCKY FAMILY, L.L.C., W.A. LUCKY, III, | § | |
| And BOSSIER PARISH SHERIFF JULIAN | § | |
| C. WHITTINGTON, in his official capacity | § | |
| | § | MAGISTRATE JUDGE KAREN HAYES |
| Defendants | § | |

## REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT

BSO Defendants submit this Reply Memorandum in further support of their Motion for

Summary Judgement as follows:

### A. Procedural Issue

Plaintiff raises the issue that BSO Defendants failed to file an Answer to Plaintiff's

Second Amended Complaint. However, federal courts have stated "[t]he Federal Rules reject the

approach that pleading is a game of skill in which one misstep by counsel may be decisive to the

outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on

the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957), quoted in *Pepper v. Vill. Of Oak Park*,

F.3d 805, 812 (7th Cir. 2005) (granting summary judgement against the plaintiff despite the

defendant's failure to file an answer responding to a new, related claim in the plaintiff's amended

complaint). Plaintiff's cite the decision in *Modrowski v. Pigatto*, 712 F.3d 1166 (7th Cir. 2013),

however, that case is inapposite to the present case. *Modrowski* merely noted that the defendants

in that case may have admitted all of the allegations against them by not filing an answer to the

plaintiff's amended complaint and filing a motion for summary judgement instead. Id. at 1170. But unlike BSO Defendants here, the *Modrowski* defendants never filed a responsive pleading at all.

The purpose of a responsive pleading is to put everyone on notice of what the defendant admits and what it intends to contest. *Edelman v Belco Title & Escrow, LLC*, 754 F.3d 389 (7th Cir. 2014). BSO Defendants have undoubtably done this by answering Plaintiff's Original and First Amended Complaint (Doc. 5 & 109). The plaintiffs cannot claim that they were prejudiced by the oversight as "this is clearly a no harm no foul situation." *Isby v. Clark*, 100 F.3d 502, 504 (7th Cir. 1996) (finding no abuse of discretion in the district court's not imposing a default judgement against defendants who failed to file a new answer after the plaintiff amended his complaint).

### B. Ms. Flournoy is entitled to Qualified Immunity

Plaintiff's state that this Court has recognized that the "challenged conduct" violated clearly established law. However, this Court only implicitly found that the challenged conduct violated clearly established law. There has been no such express determination by this Court or the Fifth Circuit. This Court stated in its ruling on the prior Summary Judgement Motions, that "no case law exists describing precisely what duties are imposed upon a sheriff under this appointment clause," and "this necessarily implies that a sheriff must perform some active duties with respect to appointment. . ." Doc. 158 p. 11. Therefore, even the language that Plaintiff's rely upon for the proposition that the clearly established prong is satisfied is only an implication, and insufficient to carry their burden.

### 1. There is a clearly established requirement in this case.

The Plaintiff relies on *Douthit v. Jones*, 619 F.2d 527 (5th Cir. 1980) for the proposition that the "clearly established" prong of the qualified immunity test is not needed in this case. However, the test used in *Douthit*, and relied upon by the Plaintiff, is no longer used as discussed in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). The Court in Harlow describes the danger and pitfalls of continuing the subjective inquiry of qualified immunity. *Id*. at 815. The Court states that the subjective inquiry of qualified immunity, by its very nature as a fact question, often prevented qualified immunity cases from being decided at the summary judgement stage which led to increased cost and allowed insubstantial claims to reach trial. *Id*. at 816. The Harlow Court left us with their holding "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights which a reasonable person would have known. *Id*. at 818.

### 2. Kim Flournoy did not violate clearly established law.

When considering a defendant's entitlement to qualified immunity, a court must ask whether the law so clearly and unambiguously prohibited his conduct that "every reasonable official would understand what he is doing violates the law." *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011). To answer that question in the affirmative, a court must be able to point to controlling authority or a "robust consensus of persuasive authority that defines the contours of the right in question with a high degree of particularity." *Id*. at 371-72. Where no controlling authority specifically prohibits a defendant's conduct, and when the federal circuit courts are split on the issue, the law cannot be said to be clearly established. *Id*. at 372. Government officials cannot fairly be subject to money damages where judges disagree on a constitutional question. *Id*. Further, clearly established law cannot be applied at a high level of generality. *Id*.

The right to due process is clearly established but if clearly established law is applied at that level of generality, it would bear no relationship to the "object legal reasonableness that is the touchstone of qualified immunity." *Id*. In order to be clearly established it must provide fair warning. *Id*. Courts must ask whether the right " has been defined with sufficient clarity to enable a reasonable official to assess the lawfulness of his conduct." *Id*.

Plaintiff cites to *Mitchell v. W.T. Grant Co*., 416 U.S. 600 (1974) in support of their contention that the law here is clearly established. However, Mitchell concerns sequestration under Articles 3501 and 3574. Id. at 607. When the Court in Mitchell discusses the conflicting interest of the parties, it is in context of these articles, not 13:4365 as is relevant to the current case. This is precisely the type of high level of generality that "bears no relationship to the object legal reasonableness that is the touchstone of qualified immunity." See *Morgan*, 659 F.3d at 372.

Moreover, Plaintiffs cannot provide the specific form or manner in which a sheriff is to appoint a third appraiser because 13:4365(B) itself fails to provide any specific requirements. There is nothing in the statute that illustrates whether the appointment should be made in writing. See La. R.S. 13:4363-4365. The only form requirements are that the appraisers take an oath to make a true and just appraisal of the property, and each appraiser reduce his appraisal to writing, sign it, and deliver it to the sheriff. La. R.S. 13:4365(A) & (D). It is without question that the evidence shows that Mr. Lacour did each of these things. Plaintiff's argument and characterization of the facts of this case is in complete contradiction to the fact that Mr. Lacour did take an oath to make a true and just appraisal of the property, he reduced his appraisal to writing, he signed it, and delivered it to the Sheriff, satisfying all requirements of La. R.S. 13:4365. The qualified immunity determination must be made "in light of the specific context of the case, not as a broad general proposition" as Plaintiff has made here. *Brosseau v. Haugen*, 543

U.S. 194, 198 (2004) (per curiam) (internal quotation omitted). Plaintiff has failed to provide any

case law whatsoever that "squarely governs" the particular facts at issue here in light of the

specific context of the case with sufficient specificity to place a reasonable official on notice that

the alleged conduct is unlawful. Therefore, Flournoy is entitled to qualified immunity as Plaintiff

has failed to overcome their burden of showing Flournoy violated clearly established law.

   C.  Sheriff Whittington is entitled to *Monell* immunity.

   Plaintiff attempts to assert that Sheriff Whittington failed to implement a policy

implementing guardrails in context of La. R.S. 13:4365. As discussed above, Plaintiffs failed to

establish a violation of Lollar's constitutional rights. Because Plaintiffs cannot show a genuine

issue of material fact regarding whether her constitutional rights were violated Plaintiff's *Monell*

claims must also fail. However, even if Plaintiffs had established a constitutional violation,

Plaintiffs have failed to show that a municipal policy was the moving force behind the violation.

In order to survive summary judgement, Plaintiffs are required to show that a genuine issue of

material fact exists as to whether Defendants' actions were taken pursuant to an official

municipal policy and whether the actions caused Plaintiffs' injury. Therefore, Plaintiff must

establish that (1) an official policy; (2) promulgated by the municipal policymaker; (3) was the

moving force behind the violation of a constitutional right. See *Hicks-Fields v. Harris Cty. Tex.*,

860 F.3d 803, 808 (5th Cir. 2017).

   For a municipality to be held liable under Section 1983 on account of its policy, the

plaintiff must show, among other things, either (1) that the policy itself violated federal law or

authorized or directed the depravation of federal rights or (2) the policy was adopted or

maintained by the municipality's policy makers with deliberate indifference to its known or

obvious consequences; a showing of simple or even heightened deliberate indifference will not

suffice. *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 308 (5th Cir. 2004). A direct causal connection "must exist between the policy and the alleged constitutional depravation," and must be more than "a mere 'but for' coupling between cause and effect." *Johnson*, 379 F.3d at 310. To form the basis of liability under Section 1983, a municipal policy must be affirmatively linked to the constitutional violation and be the moving force behind it. Id.

Plaintiff cannot show that BSO maintained policies and procedures that were adopted with deliberate indifference. Moreover, Plaintiff cannot show that the need was "so obvious, and the inadequacy so likely to result in the violation of constitutional rights" that BSO could reasonably be said to have been deliberately indifferent to the need. As has been stated throughout this litigation, the appraisal of a promissory note was unique to the BSO and therefore no prior instance could have made the need for different policies obvious to the BSO that would rise to the level of deliberate indifference.

## Conclusion

For these reasons, BSO Defendant's Summary Judgement Motion should be granted.

Respectfully submitted by:

LANGLEY, PARKS LLC

By:   S / Glenn L. Langley
    Glenn L. Langley, Bar Roll No. 8019
    Julianna P. Parks, Bar Roll No. 30658

4444 Viking Drive, Suite 100
Bossier City, Louisiana 71111
(318) 383-6422 Telephone
(318) 383-6405 Telefax
glangley@langleyparks.com

*Attorney for Julian C. Whittington,*
*Sheriff of Bossier Parish and Kimberly Flournoy*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing Reply to

Plaintiff's Opposition to BSO Defendants' Motion for Summary Judgement has been served on

each party by electronic notification through the CM/ECF system on this 5th day of January,

2023.


_____S / Glenn L. Langley_____
OF COUNSEL