UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| MAGNOLIA ISLAND PLANTATION L.L.C. and BARBARA MARIE CAREY LOLLAR | : | CIVIL ACTION NO. 5:18-CV-01526 |
| | | |
| VERSUS | : | HONORABLE JUDGE MAURICE S. HICKS, JR. |
| | | |
| LUCKY FAMILY, L.L.C., W.A. LUCKY, III, and BOSSIER PARISH SHERIFF JULIAN C. WHITTINGTON | : | MAGISTRATE JUDGE KAYLA D. McCLUSKY |

**ANSWER AND AFFIRMATIVE DEFENSES TO**
**SECOND AMENDED AND RESTATED COMPLAINT**
**AND AMENDED AND RESTATED COUNTERCLAIM**

NOW INTO COURT, through undersigned counsel, comes Lucky Family, L.L.C. ("Lucky Family"), which files affirmative defenses and this answer and denies each and every allegation contain therein except as admitted below to the *Seconded [sic] Amended and Restated Complaint to Annul Sheriff's Sale and for Other Relief* (the "Second Amended Complaint")[1], as follows:

**ANSWER**

1.      The allegations contained in paragraph 1 of the Second Amended Complaint are denied.

2.      The allegations contained in paragraph 2 of the Second Amended Complaint are admitted in part and denied in part. It is admitted that Magnolia is a Louisiana limited liability company, domiciled in the State of Louisiana, which is represented by its Manager, Ronald

---

[1]      R. Doc. 186.

1

William Lollar. For lack of sufficient information upon which to form a belief as to the truthfulness thereof, the remaining allegations are denied.

3.       The allegations contained in paragraph 3 of the Second Amended Complaint are admitted in part and denied in part. It is admitted that the Sheriff is defined as a political subdivision under Louisiana Revised Statutes 13:5102. However, it is denied that the Sheriff is defined as a political subdivision of Bossier Parish. The remaining allegations of paragraph 3 of the Second Amended Complaint are admitted.

4.       The allegations contained in paragraph 4 of the Second Amended Complaint are admitted.

5.       The allegations contained in paragraph 5 of the Second Amended Complaint are admitted.

6.       The multiple paragraphs of allegations under Paragraph 6, which is entitled "Preliminary Statement," are individually addressed below:

       a.       In paragraph 1 of the Preliminary Statement, it is denied that there was an "improper seizure, appraisal, and Sheriff's Sale of a promissory note." It is admitted that the Sheriff conducted a sheriff's sale on October 24, 2018, at the Bossier Parish Courthouse. It is admitted that the sale was in fact of the Note under an executory judgment of the State Court from which no suspensive appeal had been taken. It is admitted that the aforementioned judgment was later reversed on appeal and writs to the Louisiana Supreme Court were denied. Unless otherwise specifically admitted herein, all other allegations in Paragraph 1 of the Preliminary Statement are denied.

       b.       In paragraph 2 of the Preliminary Statement, it is admitted that Mr. Lucky filed two notices of lis pendens. It is admitted that Mr. Lucky filed "W. A. Lucky, III vs.

2

Barbara Marie Carey Lollar, et al.," number 155,382; Section A ("Lucky II") in the State Court seeking a judgment that the *Credit Sale Deed with Vendor's Lien and Special Mortgage*, and the *Exchange Deed, with Assumption of Mortgage*, and the ostensible transfers of the property described therein were null, void, and of no effect. Unless specifically admitted herein, all other allegations in paragraph 2 of the Preliminary Statement are denied.

      c.     In paragraph 3 of the Preliminary Statement, it is admitted that Lucky Family purchased the Note at the sheriff's sale, but it is denied that Lucky Family is "Lucky's own family company" as Lucky Family is managed by Vicki Lucky, and W.A. Lucky, III ("Mr. Lucky") has no interest in the same. Unless specifically admitted herein, all other allegations in paragraph 3 of the Preliminary Statement are denied.

      d.     Paragraph 4 of the Preliminary Statement is a conclusory request for relief to which no response is required but is denied out of an abundance of caution.

      e.     Paragraph 5 of the Preliminary Statement is a conclusory request for relief to which no response is required but is denied out of an abundance of caution.

      f.     Paragraph 6 of the Preliminary Statement is a conclusory alternative request for relief to which no response is required but is denied out of an abundance of caution.

7.     The allegations contained in paragraph 7 are denied as written. Further answering, Exhibit A of the Second Amended Complaint is the best evidence of its contents.

8.     The allegations contained in paragraph 8 are denied as written. Further answering, Exhibit B of the Second Amended Complaint is the best evidence its contents.

9.     The allegations of paragraph 9 of the Second Amended Complaint are denied for lack of sufficient information to form a belief as to the truthfulness thereof.

10.     The allegations contained in paragraph 10 of the Second Amended Complaint are denied as written. Further answering, Exhibit C of the Second Amended Complaint is the best evidence of its contents.

11.     The allegations contained in paragraph 11 of the Second Amended Complaint are admitted in part and denied in part. It is admitted that that Mr. Lucky is licensed as a real estate broker. It is admitted that Mr. Lucky filed the original petition in the lawsuit referred to as Lucky I on September 10, 2008, seeking monetary damages for Ms. Lollar's breach of her fiduciary duties to Mr. Lucky. It is admitted that a trial was held on beginning on August 28, 2017. That trial was concluded on August 30, 2017, and a briefing schedule was established such that the case would be deemed submitted for a decision on November 3, 2017. Further answering, on December 19, 2017, the State Court rendered its Opinion in Lucky I. On January 5, 2018, the State Court signed a Judgment on its Opinion in favor of Mr. Lucky and against Ms. Lollar in the principal amount of $1,799,450.52, plus judicial interest on the aforesaid amount from the date of judicial demand until paid in full and all costs associated with the proceedings. It is admitted that a copy of the judgment is attached as Exhibit D to the Second Amended Complaint although said documents is the best evidence of its contents. It is admitted that the judgment was reversed on January 16, 2019, as set forth in Exhibit D-2, and that the Louisiana Supreme Court denied Mr. Lucky's writ application as set forth in Exhibit D-3, and the best evidence of their best evidence of their contents is the documents themselves. The remaining allegations in paragraph 11 of the Second Amended Complaint are denied.

12.     The allegations contained in paragraph 12 of the Second Amended Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the truth of the matter therein.

4

13.     The allegations contained in paragraph 13 of the Second Amended Complaint are denied. Further answering, Exhibit E of the Second Amended Complaint is the best evidence of its contents.

14.     The allegations contained in paragraph 14 of the Second Amended Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the truth of the matter therein.

15.     The allegations contained in paragraph 15 of the Second Amended Complaint are admitted.

16.     The allegations contained in paragraph 16 of the Second Amended Complaint are denied as written. Exhibit F of the Second Amended Complaint is the best evidence of its contents.

17.     The allegations contained in paragraph 17 of the Second Amended Complaint are admitted in part and denied in part. It is admitted that Mr. Lucky dismissed his claims in Lucky II after the *Judgment* in Lucky I had been reversed. It is admitted that both the reversal of the State Court's *Judgment* in Lucky I and the dismissal of Mr. Lucky's claims in Lucky II were after the Note had been sold at the sheriff's sale. Any other allegations in paragraph 17 of the Second Amended Complaint are denied.

18.     The allegations contained in paragraph 18 of the Second Amended Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the truth of the matter therein.

19.     The allegations contained in paragraph 19 of the Second Amended Complaint are denied as written. The document referenced therein is the best evidence of its contents.

20.     The allegations contained in paragraph 20 of the Second Amended Complaint are admitted in part and denied in part. It is admitted that Ms. Lollar opposed Mr. Lucky's right to

seek ex parte relief. The remainder of the allegations contained in paragraph 20 are denied. Further answering, the document referenced therein is the best evidence of its contents.

21.     The allegations contained in paragraph 21 of the Second Amended Complaint are denied as written. Further answering, the document referenced therein is the best evidence of its contents.

22.     The allegations contained in paragraph 22 of the Second Amended Complaint are admitted.

23.     The allegations contained in paragraph 23 of the Second Amended Complaint are admitted in part and denied in part. It is admitted that Mr. Lucky requested a subpoena duces tecum for the original Note to be produced in court on July 5, 2019, which was served on Ms. Lollar through her attorney, and that the hearing set by the State Court on the issue whether the Note could be seized was still pending. Otherwise, the allegations of paragraph 23 are denied.

24.     The allegations contained in paragraph 24 of the Second Amended Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the truth of the matter therein.

25.     The allegations contained in paragraph 25 of the Second Amended Complaint are admitted insofar as the State Court ordered the Note to be seized on July 5, 2018. The remaining allegations in paragraph 25 of the Second Amended Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the truth of the matter therein.

26.     The allegations contained in paragraph 26 are denied insofar as the same contains legal conclusions and interpretation of Louisiana law. It is admitted that a subpoena duces tecum was issued for Ms. Lollar to bring the Note with her to court as there were proceedings pending concerning the Note and the State Court ordered that the Note be seized.

27.     The allegations contained in paragraph 27 of the Second Amended Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the truth of the matter therein.

28.     The allegations contained in paragraph 28 of the Second Amended Complaint are denied as written. Further answering, the document referenced is the best evidence of its contents.

29.     The allegations contained in paragraph 29 of the Second Amended Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the truth of the matter therein.

30.     The allegations contained in paragraph 30 of the Second Amended Complaint related to the "Notice to Appoint Appraiser" are denied as written. The document referenced therein is the best evidence of its contents. Further answering, the remainder of the allegations contained in paragraph 30 of the Second Amended Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the truth of the matter therein.

31.     The allegations contained in paragraph 31 of the Second Amended Complaint which related to the Garland Appraisement Sheet are denied as written. The document referenced therein is the best evidence of its content. Further answering, the remainder of the allegations contained in paragraph 31 of the Second Amended Complaint are denied as for lack of sufficient knowledge or information to justify a belief as to the truth of the matter therein.

32.     The allegations contained in paragraph 32 of the Second Amended Complaint are denied as written. The document referenced therein is the best evidence of its contents.

33.     The allegations contained in paragraph 33 of the Second Amended Complaint are admitted insofar as the discrepancy between the two appraisals was great enough to necessitate the appointing of a third appraiser. The remaining allegations in paragraph 33 are a block quotation of

La. R.S. 13:4365(B) for which no response is required, and to the extent the quotation differs from the text of the actual statute, it is denied.

34.     The allegations contained in paragraph 34 of the Second Amended Complaint are admitted in part and denied in part. It is admitted that the Sheriff in fact appointed Mr. Patrick Lacour as the third appraiser in accordance with Louisiana Revised Statutes 13:4365(B). Any other allegations of paragraph 34 of the Second Amended Complaint are denied.

35.     The allegations contained in paragraph 35 of the Second Amended Complaint are admitted in part and denied in part. It is admitted that Mr. Lucky's counsel, Curtis Shelton, wrote the letter, Exhibit K, to Mr. Lacour on October 10, 2018, and that it was not then known whether a third appraiser would be appointed. The remainder of the allegations contained in paragraph 35 of the Second Amended Complaint are denied as written. The document referenced therein is the best evidence of its contents.

36.     The allegations contained in paragraph 36 of the Second Amended Complaint are denied as written. The document referenced therein is the best evidence of its contents.

37.     The allegations contained in paragraph 37 of the Second Amended Complaint are denied as written. The document referenced therein is the best evidence of its contents.

38.     The allegations contained in paragraph 38 of the Second Amended Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the truth of the matter therein.

39.     The allegations contained in paragraph 39 of the Second Amended Complaint are admitted in part and denied in part. It is admitted that the letter, Exhibit K, was drafted by Mr. Shelton while he was acting as attorney for Mr. Lucky. It is denied that the letter, Exhibit K, was

drafted on behalf of Lucky Family. Further answering, the document referenced is the best evidence of its contents.

40.    The allegations contained in paragraph 40 of the Second Amended Complaint are admitted in part and denied in part. It is admitted that the Sheriff himself had no communications with Mr. Lacour. It is further admitted that the Sheriff and his deputies, including Ms. Flournoy, performed all of their lawful statutory duties. The remainder of the allegations contained in paragraph 40 of the Second Amended Complaint are denied for lack of sufficient knowledge or information to justify a belief as to the truth of the matter therein.

41.    The allegations contained in paragraph 41 of the Second Amended Complaint are admitted in part and denied in part. It is admitted that Mr. Lacour did not look at the physical Note. Further answering, Mr. Lacour knew all of the relevant terms of the Note, including its amount, interest rate, and payment terms. The remainder of the allegation in paragraph 40 of the Second Amended Complaint are denied.

42.    The allegations contained in paragraph 42 of the Second Amended Complaint are denied.

43.    The allegations contained in paragraph 43 of the Second Amended Complaint are denied. Further answering, the allegations contained in paragraph 43 of the Second Amended Complaint contain legal conclusions for which no response is required but, in any event, are denied.

44.    The allegations contained in paragraph 44 of the Second Amended Complaint are denied as written. The document referenced therein is the best evidence of its contents.

45.     The allegations contained in paragraph 45 of the Second Amended Complaint are denied.

46.     The allegations contained in paragraph 46 of the Second Amended Complaint state conclusions for which no response is required. However, out of an abundance of caution, the allegations contained in paragraph 46 are denied.

47.     The allegations contained in paragraph 47 of the Second Amended Complaint are admitted in part and denied in part. It is admitted that Mr. Lucky has dismissed Lucky II and cancelled both Lis Pendens. The remainder of the allegations contained in paragraph 47 of the Second Amended Complaint is denied for lack of sufficient knowledge or information to justify a belief as to the truth of the matter therein.

48.     The allegations contained in paragraph 48 of the Second Amended Complaint are admitted in part and denied in part. It is admitted that Mr. Lucky's counsel communicated by letter with Mr. Lacour before it was known if a third appraisal was necessary. The remainder of the allegations contained in paragraph 48 of the Second Amended Complaint are denied.

49.     The allegations contained in paragraph 49 of the Second Amended Complaint are admitted in part and denied in part. It is admitted that Ms. Lollar filed a Petition for Preliminary Injunctive Relief on October 22, 2018, just two days before the Sheriff's sale, requesting a stay of the same. Further answering, it is admitted that said petition was denied as moot. The remainder of the allegations contained in paragraph 49 of the Second Amended Complaint are denied.

50.     The allegations contained in paragraph 50 of the Second Amended Complaint are denied as written. The document referenced therein is the best evidence of its contents.

51.     The allegations contained in paragraph 51 of the Second Amended Complaint are admitted in part and denied in part. It is admitted that at the time of the sheriff's sale, Mr. Lucky was shown by the records of the Louisiana Secretary of State's office to be a member of Lucky Family. Further answering, the Louisiana Secretary of State's records has not yet been updated as Mr. Lucky was no longer a member of Lucky Family, nor had he been for many years. It is specifically denied that a the time of the sheriff's sale that Mr. Lucky was a member of Lucky Family. The remainder of the allegations contained in paragraph 51 of the Second Amended Complaint are denied.

52.     The allegations contained in paragraph 52 of the Second Amended Complaint are denied.

53.     The allegations contained in paragraph 53 of the Second Amended Complaint are admitted in part and denied in part. It is admitted that Lucky Family is entitled to enforce the Note at its face value and to enforce the mortgage that secures the Note pursuant to the provisions of those documents. Otherwise, the allegations contained in paragraph 53 of the Second Amended Complaint are denied.

54.     The allegations contained in paragraph 54 of the Second Amended Complaint are denied.

55.     The allegations contained in paragraph 55 of the Second Amended Complaint require no response.

56.     The allegations contained in paragraph 56 of the Second Amended Complaint are statements of law for which no response is required; to the extent that Plaintiffs' characterization of the law is incorrect, it is denied.

57.     The allegations contained in paragraph 57 of the Second Amended Complaint are denied.

58.     The allegations contained in paragraph 58 of the Second Amended Complaint are denied.

59.     The allegations contained in paragraph 59 of the Second Amended Complaint are denied.

60.     The allegations contained in paragraph 60 of the Second Amended Complaint are denied.

61.     The allegations contained in paragraph 61 of the Second Amended Complaint are denied.

62.     The allegations contained in paragraph 62 of the Second Amended Complaint are denied.

63.     The allegations contained in paragraph 63 of the Second Amended Complaint are admitted in part and denied in part. It is admitted that La. R.S. 13:4365 provides the applicable legal standard.  Otherwise, the allegations of paragraph 63 of the Second Amended Complaint are legal arguments for which no response is required but, in any event, is denied.

64.     The allegations contained in paragraph 64 of the Second Amended Complaint are denied.

65.     The allegations contained in paragraph 65 of the Second Amended Complaint are legal conclusions for which no response is required but, in any event, is denied.

66.     The allegations contained in paragraph 66 of the Second Amended Complaint are legal conclusions for which no response is required but, in any event, is denied.

67.     The allegations contained in paragraph 67 of the Second Amended Complaint are legal conclusions in the alternative for which no response is required but, in any event, is denied.

68.     The allegations contained in paragraph 68 of the Second Amended Complaint are legal conclusions for which no response is required but, in any event, is denied.

69.     The allegations contained in paragraph 69 of the Second Amended Complaint are admitted in part and denied in part. It is admitted that Lucky Family purchased the Note at the sheriff's sale; otherwise, the allegations contained in paragraph 69 of the Second Amended Complaint are denied.

70.     The allegations contained in paragraph 70 of the Second Amended Complaint are legal conclusions for which no response is required but, in any event, is denied.

71.     The allegations contained in paragraph 71 of the Second Amended Complaint are legal conclusions for which no response is required but, in any event, is denied.

72.     The allegations contained in paragraph 72 of the Second Amended Complaint are legal conclusions for which no response is required but, in any event, is denied.

73.     The allegations contained in paragraph 73 of the Second Amended Complaint are legal conclusions for which no response is required but, in any event, is denied.

74.     The allegations contained in paragraph 74 of the Second Amended Complaint are legal conclusions for which no response is required but, in any event, is denied.

75.     The allegations contained in paragraph 75 of the Second Amended Complaint are legal conclusions for which no response is required but, in any event, is denied.

76.     The allegations contained in paragraph 76 of the Second Amended Complaint are legal conclusions for which no response is required but, in any event, is denied.

77.     The allegations contained in paragraph 77 of the Second Amended Complaint are denied.

78.     The allegations contained in paragraph 78 of the Second Amended Complaint are legal conclusions for which no response is required but, in any event, is denied.

79.     The allegations contained in paragraph 79 of the Second Amended Complaint are legal conclusions for which no response is required but, in any event, is denied.

80.     The allegations contained in paragraph 80 of the Second Amended Complaint are denied.

81.     The allegations contained in paragraph 81 of the Second Amended Complaint are legal conclusions for which no response is required but, in any event, is denied.

82.     The allegations contained in paragraph 82 of the Second Amended Complaint are legal conclusions for which no response is required but, in any event, is denied.

83.     The allegations contained in paragraph 83 of the Second Amended Complaint are denied.

84.     The allegations contained in paragraph 84 of the Second Amended Complaint are legal conclusions for which no response is required but, in any event, is denied.

85.     The allegations contained in paragraph 85 of the Second Amended Complaint are legal conclusions for which no response is required but, in any event, is denied.

86.     The allegations contained in paragraph 86 of the Second Amended Complaint are legal conclusions for which no response is required but, in any event, is denied.

87.     The allegations contained in paragraph 87 of the Second Amended Complaint are legal conclusions for which no response is required but, in any event, is denied.

88.     The allegations contained in paragraph 88 of the Second Amended Complaint are legal conclusions for which no response is required but, in any event, is denied.

89.     The allegations contained in paragraph 89 of the Second Amended Complaint require no response.

90.     The allegations contained in paragraph 90 of the Second Amended Complaint are denied.

91.     The allegations contained in paragraph 91 of the Second Amended Complaint are denied.

92.     The allegations contained in paragraph 92 of the Second Amended Complaint are admitted in part and denied in part. It is admitted that the Note was seized for the purpose of satisfying the Judgment in Lucky I and sold for the purpose of satisfying the Judgment in Lucky I; otherwise, the allegations contained in paragraph 92 of the Second Amended Complaint are denied.

93.     The allegations contained in paragraph 93 of the Second Amended Complaint are denied.

94.     The allegations contained in paragraph 94 of the Second Amended Complaint are denied.

95.     The allegations contained in paragraph 95 of the Second Amended Complaint are legal conclusions for which no response is required but, in any event, is denied.

96.     The allegations contained in paragraph 96 of the Second Amended Complaint are legal conclusions for which no response is required but, in any event, is denied. Further answering, this Court has already denied a motion requesting the same relief as in paragraph 96 of the Second Amended Complaint, which is essentially a preliminary injunction. *See,* R. Doc. 63.

15

97.     The allegations contained in paragraph 97 of the Second Amended Complaint is a request for a jury trial for which no response is required.

98.     The remaining allegation contained in the Second Amended Complaint are the requests for relief for which no response is required but, in any event, is denied.

## AFFIRMATIVE DEFENSES

AND NOW further answering, Lucky Family asserts the following affirmative defenses:

### First Affirmative Defense

The Second Amended Complaint fails to state a federal law or state law claim against the Defendants upon which relief can be granted.

### Second Affirmative Defense

Lucky Family asserts that the incidents, injuries and/or damages alleged in the Second Amended Complaint (which are disputed) were solely caused and/or contributed by the liability, fault, and/or intentional acts of Plaintiffs or parties, persons and/or entities other than Defendants, and that as a result, any award or relief to Plaintiffs is barred or should be reduced in proportion to the extent of that fault.

### Third Affirmative Defense

To the extent Plaintiffs have suffered any damages relating to the claims alleged in the Second Amended Complaint (which are disputed), Plaintiffs should be denied any relief because Plaintiffs do not have clean hands and any relief is precluded by the clean hands doctrine. As set forth more fully hereinafter, Plaintiffs are attempting to evade the consequences of their efforts to frustrate the enforcement of a lawful judgment rendered, signed, and filed by the 26th Judicial District Court, Bossier Parish, Louisiana ("State Court") in the lawsuit (referred to herein as "Lucky I") captioned as "W. A. Lucky, III versus Barbara Marie Carey Carr," number 127,573 in

the State Court. Plaintiffs engaged in a scheme to try to place the property of Ms. Lollar against whom the aforementioned judgment had been rendered in the principal amount of $1,799,450.52, plus judicial interest on the aforesaid amount from the date of judicial demand until paid in full and all costs associated with the proceedings. Ms. Lollar did not take a suspensive appeal from the judgment. Instead, on the eve of Lucky I being submitted for a decision by the State Court, Ms. Lollar executed a conveyance of her property to her husband, Ronald William Lollar ("Mr. Lollar"), who formed, and then transferred the property to, Magnolia Island Plantation, L.L.C. ("Magnolia"). But, the scheme hatched by Ms. Lollar, her husband, and Magnolia did not work because Ms. Lollar had received the promissory note (hereinafter the "Note"), Exhibit A to the Second Amended Complaint, which Mr. Lucky lawfully caused to be seized and sold in execution of the aforementioned judgment. Ms. Lollar, her husband, Magnolia, and their counsel had the theory that the Note could not be executed upon. However, that theory was legally incorrect, and the State Court so ruled. Now, Plaintiffs have filed this civil rights action seeking to avoid the consequences of their devious, but ill-advised, misdeeds.

### Fourth Affirmative Defense

To the extent Plaintiffs have suffered any damages relating to the claims alleged in the Second Amended Complaint (which are disputed), Plaintiffs should be denied any relief for failure to mitigate their damages.

### Fifth Affirmative Defense

At all relevant times relating to Plaintiffs' claims alleged in the Second Amended Complaint (which are disputed), Defendants' conduct, and specifically the conduct of Lucky Family, was innocent, in good faith and justified by legitimate purposes. Defendants acted lawfully, reasonably, and in good faith at all times relevant to this litigation.

17

**Sixth Affirmative Defense**

Plaintiffs do not have a constitutionally protected property right that has been taken or damaged by the Defendants.

**Seventh Affirmative Defense**

Defendants have not violated any constitutional or statutory right of Plaintiffs.

**Eighth Affirmative Defense**

Ms. Lollar demanded, received, and has retained the proceeds from the Sheriff's sale. Ms. Lollar has thereby ratified the sale. Ms. Lollar has thereby made a judicial admission of the legality of the sale.

**Ninth Affirmative Defense**

Lucky Family is a good faith third party purchaser for value of the promissory note at the Sheriff's sale, and thus, entitled to all payments under the Note, regardless of any fault of Co-Defendants.

**Tenth Affirmative Defense**

Upon information and belief, the Sheriff took all necessary and appropriate steps to complete a lawful sale of a seized property.

**Eleventh Affirmative Defense**

To the extent that Lucky Family owes damages to Plaintiffs, which is denied, said damages are offset by the amount demanded and received by Plaintiffs for the value of the Note.

**Twelfth Affirmative Defense**

Lucky Family's investigation of the claims asserted in the Second Amended Complaint is continuing, and Lucky Family reserves the right to assert additional affirmative defenses, third-party claims, and counterclaims that may now exist or in the future may be available based on discovery and further factual investigation of this case.

### COUNTERCLAIM BY LUCKY FAMILY, L.L.C. AGAINST BARBARA MARIE CAREY LOLLAR, MAGNOLIA ISLAND PLANTATION, L.L.C., AND RONALD WILLIAM LOLLAR

1.

Previously named in Lucky Family's counterclaims are Barbara Lollar, Ronald William Lollar, and Magnolia Island Plantation, L.L.C. (collectively, "Counter-Defendants")

2.

Lucky Family has previously brought a counterclaim against Counter-Defendants,[2] which was based on that certain promissory note (the "Promissory Note") which was attached as Exhibit B to the original complaint filed in this matter.[3]

3.

Additionally, Lucky Family brought a counterclaim for attorney's fees against Counter-Defendants based on 42 U.S.C. § 1988.[4]

4.

The two previously counterclaims' allegations and claims for relief are hereby incorporated by reference.

---

[2]   R. Doc. 7, as amended by R. Doc. 26.
[3]   R. Doc. 1-3.
[4]   R. Doc. 73.

19

5.

The Note was purchased by, and is now owned and held by, Lucky Family.

6.

Lucky Family is a holder in due course of the Note.

7.

The Promissory Note became due and payable on November 1, 2022 for the total amount remaining due upon the Note.

8.

Counter-Defendants waived presentment for payment, demand, and notice of non-payment.

9.

Since the filing of the two previous counterclaims, the final payments balloon payment of the Note, for all remaining principal and interest, have become fully due.

10.

Counter-Defendants have not made any payments upon the Note.

11.

Because Counter-Defendants have failed to make payment upon the Note, an Event of Default has been deemed to have occurred, and Counter-Defendants should be declared to be due and owing in principal and interest[5], and with Lucky Family being entitled to attorney's fees up to five percent (5%) of the principal amount of the Note.

---

[5]      Interest should be calculated at 4% per annum from November 2, 2017, until paid in full.

20

WHEREFORE, LUCKY FAMILY, L.L.C. PRAYS:

I.      That the above and foregoing answer be deemed good and sufficient, and after due proceedings, there be judgment rendered in Defendants' favor and against Plaintiffs, dismissing Plaintiffs' claims, with prejudice, and at Plaintiffs' costs;

II.      That there be judgment in favor of Lucky Family, L.L.C. and against Barbara Marie Carey Lollar in the amount of any prepayment made to her on the Note, legal interest thereon, and for all costs of Court;

III.      That there be judgment in favor of Lucky Family, L.L.C. and against Ronald William Lollar and Magnolia Island Plantation, L.L.C., as follows:

 A)      declaring that the Promissory Note held by Lucky Family, L.L.C. is in default, and that Ronald William Lollar and Magnolia Island Plantation, L.L.C. are liable, *in solido*, in the principal amount of $1,730,000.00, together with interest thereon from November 2, 2017, at the rate of 4% per annum until paid in full, and with attorney's fees in the amount of 5% of the aforesaid principal amount; and

 B)      recognizing, maintaining, and preserving Lucky Family, L.L.C's rights under the Credit Sale Deed, Vendor's Lien, and Special Mortgage and decreeing that the amounts owed to Lucky Family, L.L.C are secured under the Credit Sale Deed, Vendor's Lien, and Special Mortgage and by the property conveyed and mortgaged therein;

21

IV.     That Lucky Family, L.L.C. recover all costs of this action, including reasonable attorney's fees pursuant to 42 U.S.C. §1988;

V.      For all other and further relief as this Court deems appropriate.

Respectfully submitted,

DOWNER, JONES, MARINO & WILHITE
401 Market Street, Suite 1250
Shreveport, LA 71101
Tel: 318-213-4444
Fax: 318-213-4445


Allison A. Jones, Bar No. 16990, T.A.
Marcus D. Sandifer, Bar No. 39326

By:     /s/ Allison A. Jones
ATTORNEYS FOR LUCKY FAMILY, L.L.C.


The Touchstone Law Firm

  /s/ David M. Touchstone
David M. Touchstone, LA Bar No. 12874
2708 Village Lane
Bossier City, Louisiana 71112
Phone: (318) 752-8080
Facsimile: (318) 752-8426
Email: dmtouchstone@firstcommercetitle.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing was this date filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent electronically to all counsel of record by operation of the Court's CM/ECF system.

Thus done and signed in Shreveport, Louisiana, this 30th day of January, 2023.

/s/ Allison A. Jones

OF COUNSEL