# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| MAGNOLIA ISLAND PLANTATION, LLC, ET AL. | CIVIL ACTION NO. 18-1526 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LUCKY FAMILY, LLC, ET AL. | MAGISTRATE JUDGE MCCLUSKY |

## MEMORANDUM RULING

Before the Court is a Motion for Reconsideration (Record Document 260) filed by Plaintiffs Magnolia Island Plantation, LLC ("Magnolia Island") and Barbara Marie Carey Lollar ("Mrs. Lollar") (collectively, "Plaintiffs"). Plaintiffs ask this Court to reconsider its November 18, 2024 Memorandum Ruling and Order (Record Documents 244 & 245), which dismissed their state and federal civil rights claims against Defendants W.A. Lucky, III ("Mr. Lucky") and Lucky Family, LLC ("Lucky Family"). If the Court denies their Motion for Reconsideration, Plaintiffs provide two alternative motions. In their first alternative motion, Plaintiffs request the opportunity to amend their Second Amended Complaint. See Record Document 260 at 2. In their second alternative motion, Plaintiffs ask this Court to certify its November 18, 2024 Order (Record Document 245), as well as any order denying this Motion for Reconsideration, for immediate interlocutory appeal. See id. at 3. Mr. Lucky, Lucky Family, Sheriff Julian Whittington ("Sheriff Whittington") and Deputy Kimberly Flournoy ("Deputy Flournoy") (collectively, "Defendants") opposed. See Record Documents 264, 265, & 266. Plaintiffs replied. See Record Document 267. For the reasons stated below, Plaintiffs' Motion for Reconsideration, is **DENIED**. Plaintiffs'

alternative Motion to Amend and alternative Motion to Certify for Interlocutory Appeal are also **DENIED**.

## BACKGROUND

This suit arises from the alleged improper seizure, appraisal, and Sheriff's sale of Mrs. Lollar's promissory note (the "Note"). See Record Document 186 at 3. Plaintiffs claim the sale of the Note was tainted with impropriety by Sheriff Whittington, his office, Deputy Flournoy, as well as the other Defendants named herein. See id. at 4. On November 18, 2024, this Court issued a Memorandum Ruling granting Mr. Lucky and Lucky Family's Motions to Dismiss, which dismissed with prejudice all state and federal civil rights claims asserted by Plaintiffs against Mr. Lucky and Lucky Family. See Record Document 244. Plaintiffs now seek reconsideration of this Memorandum Ruling.

## LAW AND ANALYSIS

**I. Legal Standard.**

(a) Motion for Reconsideration.

While the Federal Rules of Civil Procedure do not formally recognize the existence of motions for reconsideration, district courts generally consider such motions under Rule 60(b) or Rule 59(e). See Miller Pharmacy Servs., L.L.C. v. AmerisourceBergen Drug Corp., No. 21-00207, 2021 WL 2627452, at *3 (W.D. La. 2021). Because Plaintiffs in the instant case have moved to reconsider an interlocutory order, the instant Motion is controlled by Rule 54(b) of the Federal Rules of Civil Procedure. See id. Under this rule, any order or decision that adjudicates fewer than all the claims may be revised at any

time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. See FED. R. CIV. P. 54(b).

While the district court enjoys broad discretion in deciding a Rule 54(b) motion to reconsider and the standard imposed is less exacting, courts largely consider factors that inform the Rule 59 and Rule 60 analysis. See Miller, 2021 WL 2627452, *2; see also McClung v. Gautreaux, No. 11-263, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011). The district court weighs whether there are "manifest errors of law or fact upon which judgment is based[,]" whether "new evidence" is available, whether there is a need "to prevent manifest injustice," or whether there has been "an intervening change in controlling law." Miller, 2021 WL 2627452, at *3. Pursuant to Rule 54(b), a district court has the power to reconsider an interlocutory order "for cause seen by it to be sufficient." Id. Yet a motion for reconsideration is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of the order. See Templet v. HydroChem Inc., 367 F. 3d 473, 478-79 (5th Cir. 2004). Reconsideration is "an extraordinary remedy that should be used sparingly." Jackson v. Standard Mortg. Corp., No. 18-00927, 2020 WL 133550, at *2 (W.D. La. Jan. 10, 2020).

(b) Motion to Amend.

"After the period for amendment as a matter of course elapses, 'a party may amend its pleading only with the opposing party's written consent or the court's leave' and the 'court should freely give leave when justice so requires.'" Varnado v. Carboni, No. 24-133, 2025 WL 479391, at *1 (M.D. La. Feb. 12, 2025) (quoting FED. R. CIV. P. 15(a)(2)). Even though "leave to amend should not be automatically granted, '[a] district court must possess a substantial reason to deny a request for leave to amend[.]'" Id. (quoting Jones

3

v. Robinson Prop. Grp., L.P., 427 F. 3d 987, 994 (5th Cir. 2005) (quotations omitted)). Several factors may be considered when deciding whether to grant leave to amend, including "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the oppositive party by virtue of allowance of the amendment, [and] futility of the amendment….'" Id.

A court has the discretion "'to deny a motion to amend if it is futile.'" Id. at *2 (quoting Stripling v. Jordan Prod. Co., LLC, 234 F. 3d 863, 872–73 (5th Cir. 2000) (citations omitted)). Futility can be measured "by whether 'the amended complaint would fail to state a claim upon which relief could be granted' under 'the same standard of legal sufficiency as applies under Rule 12(b)(6).'" Id.

(c) Motion to Certify for Interlocutory Appeal.

Under 28 U.S.C. § 1292(b), a court must find three things before certifying an interlocutory appeal: "(1) a controlling issue of law is involved; (2) the question is one where there is substantial ground for difference of opinion; and (3) an immediate appeal materially advances the ultimate termination of the litigation." Bobbys Country Cookin LLC v. Waitr Holdings Inc., No. 19-00552, 2022 WL 21680582, at *1 (W.D. La. Sept. 12, 2022) (citing In re Ichinose, 946 F. 2d 1169, 1177 (5th Cir. 1991)). "The decision to certify an order for interlocutory appeal is committed to the sound discretion of the district court." Id. When deciding whether to grant certification, the Fifth Circuit has held:

> "[the court] must necessarily rely upon the would-be appellant to supply…a statement of the precise nature of the controlling question of law involved, together with a brief argument showing the grounds for the asserted difference of opinion

4

> and the way in which the allowance of the petition would 'materially advance the ultimate termination of the litigation.'"

Id. (quoting Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Const. Co., 702 F. 2d 67, 68 (5th Cir. 1983) (quoting In re Heddendorf, 263 F. 2d 887, 889 (1st Cir. 1959))).

**II. Summary of the Arguments.**

In their Motion for Reconsideration, Plaintiffs argue the Court erred in its application of the public function test because the test does not require that the delegating state actor intend to deprive the plaintiff of property. See Record Document 260-1 at 8. Additionally, Plaintiffs assert that their Second Amended Complaint sets forth a plausible claim for relief under the public function test when applied correctly. See id. Specifically, they point to page eight of the Memorandum Ruling, in which the Court stated that the Plaintiffs were correct that the administration of a judicial sale is traditionally a function exclusively exercised by the state, but their Second Amended Complaint did not set forth adequate allegations that Sheriff Whittington and Deputy Flournoy "intentionally acted with Mr. Lucky to deprive Plaintiffs of their property without due process." See Record Document 260 at 2 (quoting Record Document 244 at 8).

In the alternative, if the Court does not grant reconsideration, Plaintiffs request the opportunity to amend their Second Amended Complaint. See id. Plaintiffs contend new evidence adduced after the filing of the Second Amended Complaint further bolsters the existing claims. See Record Document 260-1 at 16. Specifically, they submit that Deputy Flournoy's deposition illuminates their claims. See id. Plaintiffs state that if the Court requires more specificity in pleading, they can provide more specificity. See id. at 18.

Should the Court deny reconsideration and deny Plaintiffs' request to further amend its Complaint, then in the alternative, they move to certify the November 18, 2024

5

Order and the Court's order denying reconsideration for interlocutory appeal. See id. at 19. Plaintiffs assert that ruling on the November 18, 2024 Memorandum Ruling and Order would dismiss the federal claims against Mr. Lucky and Lucky Family, leaving an absurdity whereby those defendants could be found to have exercised a state function but not be subject to any liability for deprivation of rights under § 1983. See id. Plaintiffs argue these issues qualify for interlocutory appeal under § 1292(b), as a substantial ground for difference of opinion would exist regarding the public function test and the viability of well-pleaded allegations under Rule 12(b)(6) scrutiny. See id. at 20.

Defendants oppose the Motion for Reconsideration and the two alternative motions. See Record Documents 264, 265, & 266. With respect to the Motion for Reconsideration, Mr. Lucky submits that the Court correctly applied the public function test because it did not add an intent-to-deprive element. See Record Document 264 at 7. Moreover, Mr. Lucky contends that none of the cases cited by Plaintiffs contradicts the Court's ruling. See id. at 15. He reiterates that the conclusions contained in the Second Amended Complaint fall short of stating a claim for relief under § 1983. See id. at 19.

Additionally, Mr. Lucky opposes Plaintiff's alternative motion for leave to amend their Complaint again. See id. He points out that Plaintiffs have not submitted a proposed amended complaint, so it is difficult to imagine what new allegations might be asserted. See id. Furthermore, Mr. Lucky asserts that the deadline for amended pleadings has passed. See id. Mr. Lucky also opposes Plaintiff's second alternative motion for an appeal certification under § 1292(b). See id. at 20. He argues Plaintiffs do not explain how an immediate appeal may materially advance the ultimate termination of this litigation or whether these proceedings should be stayed while such an appeal was pending. See id.

6

at 21. Lucky Family, Sheriff Whittington, and Deputy Flournoy adopt and incorporate Mr. Lucky's opposition. See Record Documents 265 & 266.

Plaintiffs respond, asserting that their Second Amended Complaint sufficiently states a claim under the public function test. See Record Document 267 at 2. Regarding their first alternative motion, they contend that amending their Second Amended Complaint would more specifically allege the facts shown in new evidence adduced after the filing of the Second Amended Complaint. See id. at 8. They submit that the primary new evidence is Deputy Flournoy's deposition. See id. Plaintiffs state they were not able to depose Deputy Flournoy earlier because of the Sheriff's Office, so they have good cause for amendment. See id. at 8–9. With respect to their second alternative motion, they argue an appellate decision will materially advance the ultimate termination of the litigation because the lawsuit may be dismissed if the public function test is rejected. See id. at 10.

**III. Analysis.**

    (a) Motion for Reconsideration.

Plaintiffs only dispute the Court's application of the public function test, and their dispute centers around the Court's use of the word "intentional" in its Memorandum Ruling. After reviewing the arguments on reconsideration, the Court finds Plaintiffs' Second Amended Complaint fails to plead sufficient allegations to support their state and federal civil rights claims against Mr. Lucky and Lucky Family. Plaintiffs misunderstand the Court's previous Memorandum Ruling. The Court's use of the word "intentional" was simply a restatement of Plaintiffs' use of the word "intentional" in their Second Amended

7

Complaint. The Court is aware of the pleading requirements when asserting state and federal civil rights claims under § 1983.

Plaintiffs' Second Amended Complaint contains insufficient, conclusory, and speculative allegations with respect to their state and federal civil rights claims against Mr. Lucky and Lucky Family. As to Plaintiffs' state law claims, they merely allege that Mr. Lucky and Lucky Family "deprived Mrs. Lollar in the Note and/or the value thereof without due process of law, in violation of the Louisiana Constitution" and "acted intentionally and in bad faith." See Record Document 186 at ¶¶ 73, 74. These are legal conclusions that do not overcome dismissal.

As to their federal law claims, Plaintiffs state that Mr. Lucky and Lucky Family "deprived Mrs. Lollar of her property without due process of law in violation of the Fourteenth Amendment of the Federal Constitution" and "acted intentionally and in bad faith." See id. at ¶¶ 79, 80. Again, these are legal conclusions that do not overcome dismissal. Plaintiffs claim the Sheriff's Office and Deputy Flournoy "actively facilitated" Mr. Lucky and Lucky Family's "intentional and bad faith deprivation of Mrs. Lollar's property by knowingly and intentionally delegating the administration of the sale disposing of Mrs. Lollar's seized property" to Mr. Lucky and Lucky Family. See id. at ¶ 81. Plaintiffs assert that Mr. Lucky and Lucky Family's "intentional and bad-faith conduct…is imputable to [Sheriff Whittington], his Office, and [Deputy] Flournoy." See id. at ¶ 82.

While Plaintiffs are not required to put forth evidence of intent at the pleading stage, they must support their allegations with something "to raise a right to relief above the speculative level." See Gordon v. Brown, No. 12-2440, 2013 WL 870528, at *1 (E.D. La. Mar. 7, 2013). They have failed to do so with respect to their state and federal civil rights

8

claims against Mr. Lucky and Lucky Family. In its previous Memorandum Ruling and Order, the Court did not dismiss these claims because Plaintiffs could not prove intent; rather, the Court dismissed these claims because Plaintiffs' factual allegations were conclusory, speculative, and failed to state a claim upon which relief could be granted. Therefore, Plaintiffs' Motion for Reconsideration is **DENIED**.

(b) Motion to Amend.

Plaintiffs' first alternative motion is a Motion for Leave to Amend their Complaint. See Record Document 260-1 at 16. Plaintiffs' Second Amended Complaint was filed on September 21, 2022, and they deposed Deputy Flournoy on October 26, 2022. See id. They claim new evidence from Deputy Flournoy's deposition bolsters their existing claims. See id. The Court disagrees. Amending to include her deposition would be futile because the Second Amended Complaint fails to state a claim upon which relief can be granted, as outlined in the Court's previous Memorandum Ruling and Order. See Price-Bedi v. Dep't of Justice, No. 21-2161, 2022 WL 3130254, at *8 (E.D. La. June 29, 2022). Additionally, Plaintiffs listed deposition quotes that could be included in an amendment instead of attaching a proposed amended complaint. These quotes do not provide enough to sufficiently plead their state and federal civil rights claims. See Harris v. Drax Blomass Inc., No. 18-0709, 2018 WL 4225056, at *3 (W.D. La. Aug. 20, 2018).

This Court afforded Plaintiffs two opportunities to amend their Original Complaint, and these amendments did not cure the insufficient allegations underlying their state and federal civil rights claims against Mr. Lucky and Lucky Family. Plaintiffs point to an email exchange with the Sheriff's Office in November 2019, where the Sheriff's Office informed Plaintiffs that Jean Horne was the appropriate person to depose, not Deputy Flournoy.

<u>See</u> Record Document 198-3. Plaintiffs claim the Sheriff's Office prevented a timely deposition of Deputy Flournoy. <u>See</u> Record Document 267 at 8.

Plaintiffs had three years before they filed their Second Amended Complaint to re-urge the importance of deposing Deputy Flournoy to the Sheriff's Office and this Court. It is unclear as to whether any further efforts by Plaintiffs were made to depose Deputy Flournoy before filing their Second Amended Complaint. Even though they claim her deposition testimony was previously unavailable, they fail to adequately explain why they could not obtain her deposition before filing their Second Amended Complaint. <u>See</u> <u>Fin. Acquisition Partners LP v. Blackwell</u>, 440 F. 3d 278, 291–92 (5th Cir. 2006).

The Fifth Circuit has found that a district court did not abuse its discretion when it "den[ied] [the plaintiffs] a third chance to offer more details, either in camera or in an amended complaint." <u>ABC Arbitrage Plaintiffs Grp. v. Tchuruk</u>, 291 F. 3d 336, 362 (5th Cir. 2002) (italics omitted). This Court has the discretion to manage its docket, and in exercising its discretion, Plaintiffs are not granted leave to amend their Second Amended Complaint. <u>See</u> <u>Blackwell</u>, 440 F. 3d at 291 (citing <u>Schiller v. Physicians Res. Grp., Inc.</u>, 342 F. 3d 563, 566 (5th Cir. 2003) (holding no abuse of discretion after plaintiff had three opportunities to correct any deficiencies in its complaint)). Therefore, Plaintiffs' alternative Motion to Amend is **DENIED**.

<u>(c) Motion to Certify for Interlocutory Appeal.</u>

The Court finds that Plaintiffs have failed to meet the three requirements for certification under § 1292(b). Plaintiffs assert that because the Court added an intent element in its previous Memorandum Ruling and Order, a substantial ground for

10

difference of opinion on the law was created. See Record Document 260-1 at 20. As the Court addressed above, Plaintiffs misunderstand the Court's previous ruling because it never held that Plaintiffs are required to plead intent under the public function test. Thus, there is no question presented where there is a substantial ground for difference of opinion on the law. Additionally, since the Court has not ruled on Defendants' pending Motion to Dismiss (Record Document 256), there is no guarantee this litigation will be terminated by that motion. The Court may choose to exercise supplemental jurisdiction on the remaining claims.

Additionally, with respect to the Court's denial of reconsideration, Plaintiffs have failed to meet the requirements set forth in § 1292(b) for the same reasons. Therefore, their alternative Motion to Certify for Interlocutory Appeal is **DENIED**. Plaintiffs are not granted certification to appeal the Court's previous Order (Record Document 245) or the Court's instant Order denying their Motion for Reconsideration.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration (Record Document 260) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' alternative Motion to Amend (Record Document 260) and alternative Motion to Certify for Interlocutory Appeal (Record Document 260) are **DENIED**.

An Order consistent with this Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 28th day of February, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE