UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MAGNOLIA ISLAND PLANTATION LLC, ET AL. | CIVIL ACTION NO. 18-1526 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LUCKY FAMILY LLC, ET AL. | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss filed by Defendants Sheriff Julian Whittington ("Sheriff Whittington"), Deputy Kimberly Flournoy ("Deputy Flournoy"), Lucky Family, LLC ("Lucky Family"), and W.A. Lucky, III ("Mr. Lucky") (collectively, "Defendants"). See Record Document 256. Specifically, Defendants move to dismiss the entire case without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1). See Record Document 256 at 1. Plaintiffs Magnolia Island Plantation, LLC ("Magnolia Island") and Barbara Marie Carey Lollar ("Mrs. Lollar") (collectively, "Plaintiffs") opposed. See Record Document 268. Defendants did not reply. For the reasons set forth below, the Motion to Dismiss (Record Document 256) is **DENIED**. The Court, in its wide discretion, will retain supplemental jurisdiction over the remaining state law claims asserted by Plaintiffs against Defendants.

**BACKGROUND**

Since the facts of this matter are detailed and complex, the Court will only provide a summary of the pertinent facts for the purposes of the instant Motion. A more detailed recitation of the facts can be found in the Court's previous Memorandum Ruling (Record Document 242). This suit arises from the alleged improper seizure, appraisal, and

Sheriff's sale of Mrs. Lollar's promissory note (the "Note"). See Record Document 186 at 3.

On November 18, 2024, the Court issued a Memorandum Ruling and Order dismissing the federal civil rights claims filed by Plaintiffs against Mr. Lucky and Lucky Family. See Record Documents 244 & 245. On November 25, 2024, the Court issued a Memorandum Ruling and Order dismissing the federal civil rights claims filed by Plaintiffs against Sheriff Whittington and Deputy Flournoy. See Record Document 247 & 248. On December 13, 2024, Plaintiffs filed a Motion for Reconsideration of the November 18 Memorandum Ruling and Order. See Record Document 260. In the alternative, Plaintiffs moved for leave to amend their Complaint and for certification for an interlocutory appeal. See id. On February 28, 2025, this Court denied their Motion for Reconsideration and alternative motions. See Record Documents 270 & 271. Since there are no remaining claims that present a federal question in this case, Defendants filed the instant Motion to Dismiss pursuant to Rule 12(b)(1). See Record Document 256.

**LAW AND ANALYSIS**

**I. Legal Standards.**

"Under Federal Rule of Civil Procedure 12(b)(1), a claim is '"properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" the claim.'" Turner v. Scott, No. 18-00998, 2019 WL 3771751, at *1 (M.D. La. Aug. 9, 2019) (quoting In re FEMA Trailer Formaldehyde Prods. Liab. Litig., 668 F. 3d 281, 286 (5th Cir. 2012) (quoting Home Builders Ass'n v. City of Madison, 143 F. 3d 1006, 1010 (5th Cir. 1998))). Furthermore, "[a] motion to dismiss under Rule 12(b)(1) is

2

analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)." Id. (citing Benton v. U.S., 960 F. 2d 19, 21 (5th Cir. 1992)). The party asserting jurisdiction has the burden of proof under Rule 12(b)(1). Wells v. Dep't of Children and Family Servs., No. 23-354, 2024 WL 3319925, at *2 (M.D. La. Jan. 24, 2024). See Celestine v. TransWood. Inc., 467 Fed. Appx. 317, 318 (5th Cir. 2012).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings." Colle v. Brazos Cnty., Tex., 981 F. 2d 237, 243 (5th Cir. 1993). Additionally, courts must accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. However, courts do not have to accept legal conclusions as facts. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standards to survive such a motion. See id. at 678–79, 1949–50. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id.

The rules on supplemental jurisdiction are found in 28 U.S.C. § 1367. In a civil action where a district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the Constitution." 28 U.S.C. § 1367(a). A district court has the discretion to decline exercising supplemental jurisdiction over a claim under subsection (a) if:

(1) the claim raises a novel or complex issue of State law,

3

> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "These factors must be considered on a case-by-case basis, and no single factor is dispositive." Yazdi v. Lafayette Parish Sch. Bd., No. 18-00510, 2019 WL 4853961, at *5 (W.D. La. Sept. 30, 2019) (citing Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rouge Parish, 373 Fed. Appx. 438, 442 (5th Cir. 2010)).

In addition to the four statutory factors, a district court "should consider judicial economy, convenience, fairness, and comity, and especially whether a scheduling order has been issued, whether hearings have been held, the relative convenience of the relevant state and federal courthouses, and whether it will prejudice either party to have the state law claims heard in state court." Id. (citing Hicks v. Austin Indep. Sch. Dist., 564 Fed. Appx. 747, 749 (5th Cir. 2014)). Generally, "a district court 'should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute.'" Id. (quoting Brookshire Bros. Holding v. Dayco Prod., Inc., 554 F. 3d 595, 602 (5th Cir. 2009)).

**II. Summary of Arguments.**

In their Motion to Dismiss, Defendants argue that all federal claims have been dismissed with prejudice; therefore, this Court no longer retains original subject matter jurisdiction pursuant to 28 U.S.C. § 1331. See Record Document 256-1 at 8. Since the only claims remaining arise under state law, Defendants contend these claims can only be before this Court by virtue of supplemental jurisdiction under § 1367. See id.

4

Defendants assert that the instant action should be dismissed pursuant to § 1367(c). See id. They analyze the relevant § 1367(c) factors and their application in the Fifth Circuit and to the instant case. See id. at 10–16. Defendants provide that significant federal judicial resources will still have to be devoted to what are limited remaining state law claims. See id. at 12. Thus, they submit that the judicial economy factor favors remand. See id. at 13.

Additionally, Defendants assert that it is not inconvenient for the remaining state law claims to be heard in a nearby state court where all parties are subject to personal jurisdiction. See id. They argue it is fair that the purely Louisiana state law claims be heard in a Louisiana state court, and there is nothing to indicate that Plaintiffs will be prejudiced. See id. Moreover, Defendants contend that Plaintiffs' arguments attack the dignity of Louisiana's state courts, which goes against the principles of comity and federalism. See id. at 13–14. Since there is no federal interest in this case, Defendants submit that dismissal is proper. See id. at 16–17.

Plaintiffs oppose, arguing that the supplemental jurisdiction factors support retaining jurisdiction. See Record Document 268 at 3. Plaintiffs contend that while the central state law claim in this case might be novel in the sense that it has never been directly decided on, it is not complex. See id. at 4. They assert that if the Court believes a jury is capable of deciding the issue, it is straightforward enough that it should not count against Plaintiffs in the supplemental jurisdiction analysis. See id. Plaintiffs further contend that even if the Court believes that the state law issues are novel or complex, the fairness and judicial economy factors are in favor of retaining jurisdiction. See id.

Furthermore, Plaintiffs submit that the exceptional circumstances factor strongly favors them because it asks whether there are exceptional circumstances or other compelling reasons for declining jurisdiction rather than for exercising it. See id. at 6. They argue nothing in this case presents an exceptional reason to "jettison" a case that has been pending in this Court since 2018. See id. Furthermore, Plaintiffs contend that dismissing the case at this stage would be uneconomical. See id. They point out that the Court has ruled on at least eleven dispositive motions, is intimately familiar with the parties' claims, and has expended enormous amounts of judicial resources on the case. See id. at 8. Plaintiffs argue that the parties could not pick up where they left off if forced to litigate in a different forum because there would be inefficiencies, redundancies, and numerous discovery proceedings that would need to be repeated and refiled. See id.

Plaintiffs state that the convenience factor is neutral since the Court is located in Caddo Parish, which would be the proper venue for Plaintiffs' state law claims due to the forum selection clause in the Note. See id. at 9. They concede that, at present, the comity factor favors Defendants because only state law claims currently remain. See id. Moreover, Plaintiffs find that the fairness factor favors this Court retaining jurisdiction because the parties have litigated in this Court for more than six years. See id. at 10. Plaintiffs argue that forcing them to start over would be disproportionately unfair to them because they have the overall burden of proving their case. See id. For all these reasons, Plaintiffs submit that Defendants' Motion should be denied, and the Court should, in its broad discretion, exercise supplemental jurisdiction. See id.

**III. Analysis.**

The Fifth Circuit has held that "'[d]istrict courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed.'" Damond v. City of Rayville, 127 F. 4th 935, 941 (5th Cir. 2025) (quoting Noble v. White, 996 F. 2d 797, 799 (5th Cir. 1993)). In exercising this wide discretion, the Court will retain supplemental jurisdiction over Plaintiffs' remaining state law claims asserted against Defendants. Considerations of judicial economy, convenience, and fairness weigh in favor of retaining supplemental jurisdiction.

The instant case has been pending in this Court since 2018. The parties have conducted countless discovery, and this Court has ruled on several dispositive motions, such as motions to dismiss, motions for summary judgment, and motions for partial summary judgment. Additionally, certain issues have been appealed to and ruled on by the Fifth Circuit. See Record Document 170. The Fifth Circuit and this Court's rulings should not be disturbed by state court proceedings, as that could cause potential unfairness to the parties.

This case resembles Newport, Ltd. v. Sears, Roebuck & Co., which "had been pending for four years, produced thousands of pages of records, hundreds of depositions, thousands of pages of discovery production, and a pretrial order over 200 pages...." Henry v. Sw. Airlines Co., No. 22-0944, 2022 WL 4365878, at *2 (E.D. La. Sept. 21, 2022) (citing Newport, 941 F. 2d 302, 307–08 (5th Cir. 1992)). Like Newport, the instant case is not in the early stages of litigation, so judicial economy is best served by retaining supplemental jurisdiction. Additionally, the parties will likely "have to perform [some] redundant or particularly burdensome work in order to litigate in state court." Briley v.

7

Barreca, No. 20-907, 2021 WL 269767, at *4 (E.D. La. Jan. 27, 2021). Requiring the parties to reproduce documents and arguments that have already been analyzed by this Court is inconvenient and favors retaining supplemental jurisdiction. This Court is very familiar with the merits of the instant case; therefore, retaining supplemental jurisdiction is in the best interest of judicial economy, convenience, and fairness. See Zaunbrecher v. Wiley, No. 13-511, 2015 WL 1757846, at *7 (M.D. La. Apr. 17, 2015).

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Record Document 256) is **DENIED**. The Court, in its wide discretion, will retain supplemental jurisdiction over the remaining state law claims asserted by Plaintiffs against Defendants. The Court finds its decision serves the best interest of judicial economy, convenience, and fairness.

An Order in accordance with this Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 4th day of March, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE